Markus H. Meier, D.C. Bar No. 459715
Alden F. Abbott, D.C. Bar No. 938688
Bradley S. Albert, Md. Bar
Armine E. Black, N.Y. Bar
Daniel W. Butrymowicz, N.Y. Bar
Rebecca L. Egeland, D.C. Bar No. 489645
Elizabeth R. Hilder, D.C. Bar No. 940296
D. Bruce Hoffman, D.C. Bar No. 495385
Gail F. Levine, D.C. Bar No. 454727
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3759; (202) 326-3384 (fax)
*mmeier@ftc.gov*

*Attorneys for Amicus Curiae Federal Trade Commission*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| STALEY, *et al.*<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., *et al.*<br><br>    Defendants. | Case No. 3:19-cv-02573-EMC<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* FEDERAL TRADE COMMISION**<br><br>Hearing:    Jan. 16, 2020<br>Time:       9:00 a.m.<br>Courtroom: 5 – 17th Floor<br>Judge:      Honorable Edward M. Chen |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Federal Trade Commission ("FTC") hereby moves the Court for leave to file a brief as *amicus curiae*. The proposed *amicus* brief is attached to this motion as Attachment A. A proposed order granting this motion is attached as Attachment B. Plaintiffs and Defendants Gilead Sciences, Bristol-Myers Squibb, Janssen R&D Ireland, and Johnson & Johnson consent to the FTC's filing of an *amicus* brief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Federal Trade Commission respectfully moves for leave to file an *amicus curiae* brief in the above-captioned matter in connection with Defendant Gilead's pending motion to dismiss (Gilead's Mot. Dismiss, ECF. No. 143).

In the consolidated complaint, plaintiffs allege that "at least two types of markets are relevant here" because the challenged conduct "impair[ed] competition in multiple ways." Corrected Consolidated Compl. ¶¶ 376-77, ECF No. 118. In its motion to dismiss, Gilead argues that the alleged product markets are "contradictory" and therefore "legally deficient." ECF No. 143 at 32.

The FTC seeks leave to submit a brief as *amicus curiae* to clarify the purpose of defining relevant markets in antitrust cases and the importance of considering relevant market definition in light of the anticompetitive harm alleged in the particular case. Because market definition is only a tool to understand whether a challenged behavior has the potential to cause genuine adverse effects on competition, a single antitrust case may involve multiple relevant markets.

The FTC is an independent agency charged by Congress with protecting the interests of consumers by enforcing competition and consumer protection laws. 15 U.S.C. §§ 41-58. It exercises primary responsibility over federal antitrust enforcement in the pharmaceutical industry. The agency routinely analyzes market definition issues in its investigations and enforcement actions across a wide range of industries. The FTC's unique perspective as a government agency may aid the court in its analysis of the market definition issues in this case.

**I.       District Courts Have Broad Discretion to Appoint an *Amicus Curiae***

"[A] district court has broad discretion in the appointment of *amici curiae*." *California v. U.S. Dep't of Labor*, No. 2:13-CV-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995)). Because there is "no statute or rule which provides standards as to when a party should be granted leave to appear as *amicus curiae* at the district court level," *Dible v. City of Chandler*, No. CV 03-00249-PHX-JAT, 2004 WL 7336848, at *1 (D. Ariz. Dec. 23, 2004) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)), some district courts in the Ninth Circuit have turned to the Federal Rules of Appellate Procedure for guidance. *See, e.g.*, *id.* Rule 29 of the Federal Rules of Appellate Procedure distinguishes between *amicus* briefs filed by federal government agencies and those filed by private parties. Unlike private *amici* briefs, *see* Fed. R. App. P. 29(a)(2), (b)(2), *amicus* briefs from federal agencies are accepted by Courts of Appeals as a matter of right. *See* Fed. R. App. P. 29(a)(2). *Amici* from federal agencies offer a distinctive perspective because "governmental bodies, acting as *amicus curiae*, possess unparalleled institutional expertise and constitute a valuable means of determining how the court's decision may affect the world outside its chambers." Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 Am. U. L. Rev. 1243, 1261-62 (1992) (citing Comment, The Amicus Curiae, 55 Nw. U. L. Rev. 469, 480 (1960)).

District courts in this Circuit "frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (quoting *Cobell*, 246 F. Supp. 2d at 62). "Even when a party is very well represented, an *amicus* may provide important assistance to the court." *Jamul Action*

1  *Comm. v. Stevens*, No. 2:13–cv–01920–KJM–KJN, 2014 WL 3853148, at *5 (E.D. Cal. Aug. 5,
2  2014) (quoting *Neonatology Associates*, P.A. v. C.I.R., 293 F.3d 128, 132 (3d Cir. 2002) (Alito,
3  J.)). "The touchstone is whether the *amicus* is 'helpful,' and there is no requirement 'that *amici*
4  must be totally disinterested.'" *California*, 2014 WL 12691095, at *1 (quoting *Hoptowit*, 682
5  F.2d at 1260); *see also Funbus Sys., Inc. v. State of Cal. Pub. Utils. Comm'n*, 801 F.2d 1120,
6  1125 (9th Cir. 1986) (noting that there is no requirement for *amici* to "be totally disinterested").

## II.     This Court Should Exercise Its Discretion to Accept the FTC's *Amicus* Brief

This Court should exercise its discretion to accept the FTC's *amicus* brief because (1) the Court's decision on the viability of the market definition allegations here has potential ramifications for other antitrust cases; and (2) the FTC's extensive experience analyzing antitrust markets gives it a unique perspective that can help the Court beyond that of the parties' counsel.

The issue of whether, as a matter of law, one class of products may involve multiple different relevant antitrust markets has serious implications for antitrust enforcement generally and thus for consumer welfare, not just the private litigants in this matter. Market definition is an important issue in many antitrust cases, including cases brought by the government on behalf of harmed consumers. Correctly interpreting the aims of market definition is essential for the vibrancy of competition and consumer welfare.

As a government agency charged by Congress with enforcing competition laws on behalf of the public, the FTC has a special interest in the interpretation and application of the legal and economic principles governing the definition of relevant product markets. The FTC's interest, and the interest of consumers in general, may not be adequately represented by the private parties to this litigation because each of the parties is charged with representing its own interests. Unlike the parties, whose interests are focused on the outcome of this particular case, the FTC has broader interests in the application of antitrust law's consideration of relevant product markets and the potential ramifications for consumer welfare. The FTC's unique perspective as a government agency may aid the Court in its analysis of the market definition issues in this case.

Finally, while the FTC is interested in the development of the law in this area, it takes no

position on the ultimate outcome in this case. The FTC's *amicus* brief is based entirely on its views of the relevant legal principles. While the FTC is "partial" in the sense of its clearly expressed interest in protecting consumers, it is not partial in the sense of expressing a view on which party should ultimately prevail.

**Conclusion**

The FTC respectfully requests that the Court grant the FTC leave to file an *amicus curiae* brief.

Dated: October 25, 2019          Respectfully submitted,


D. BRUCE HOFFMAN
*Director, Bureau of Competition*

GAIL F. LEVINE
*Deputy Director, Bureau of Competition*

ALDEN F. ABBOTT
*General Counsel, Federal Trade Commission*


*/s Markus H. Meier*
MARKUS H. MEIER
BRADLEY S. ALBERT
ARMINE E. BLACK
DANIEL W. BUTRYMOWICZ
REBECCA L. EGELAND
ELIZABETH R. HILDER
*Bureau of Competition*

*Attorneys for Amicus Curiae Federal Trade Commission*

# CERTIFICATE OF SERVICE

On this 25th day of October, 2019, I hereby certify that I caused the foregoing document entitled Notice of Motion and Motion for Leave to File Brief of *Amicus Curiae* Federal Trade Commission to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

Dated: October 25, 2019                            Respectfully submitted,

D. BRUCE HOFFMAN
*Director, Bureau of Competition*

GAIL F. LEVINE
*Deputy Director, Bureau of Competition*

ALDEN F. ABBOTT
*General Counsel, Federal Trade Commission*


*/s Markus H. Meier*
MARKUS H. MEIER
BRADLEY S. ALBERT
ARMINE E. BLACK
DANIEL W. BUTRYMOWICZ
REBECCA L. EGELAND
ELIZABETH R. HILDER
*Bureau of Competition*

*Attorneys for Amicus Curiae Federal Trade Commission*