| | |
|---|---|
| Daralyn J. Durie (SBN 169825)<br>DURIE TANGRI LLP<br>ddurie@durietangri.com<br>217 Leidesdorff Street<br>San Francisco, CA 94111<br>Telephone: (415) 362-6666<br>Facsimile: (415) 236-6300<br><br>Steve D. Shadowen (*pro hac vice*)<br>HILLIARD & SHADOWEN LLP<br>steve@hilliardshadowenlaw.com<br>1135 W. 6th Street, Suite 125<br>Austin, TX 78703<br>Telephone: (855) 344-3298<br>Facsimile: (361) 882-3015<br><br>Steve W. Berman (*pro hac vice*)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>steve@hbsslaw.com<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile: (206) 623-0594<br><br>*Interim Co-Lead Counsel for Plaintiffs*<br><br>(Additional Counsel for Plaintiffs Listed on Signature Page) | Heather M. Burke (SBN 284100)<br>WHITE & CASE LLP<br>hburke@whitecase.com<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA 94306<br>*Attorney for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*<br><br>Daniel B. Asimow (SBN 165661)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>daniel.asimow@arnoldporter.com<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 9411<br>*Attorney for Defendants Bristol-Myers Squibb Company and E. R. Squibb & Sons, L.L.C.*<br><br>Ashley L. Shively (SBN 264912)<br>HOLLAND & KNIGHT LLP<br>ashley.shively@hklaw.com<br>50 California St., Ste 2800<br>San Francisco, CA 94111<br>*Attorney for Defendant Japan Tobacco Inc.*<br><br>Paul J. Riehle (SBN 115199)<br>DRINKER BIDDLE & REATH LLP<br>paul.riehle@dbr.com<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>*Attorney for Defendants Janssen R&D Ireland and Johnson & Johnson*<br><br>(Additional Counsel for Defendants Listed on Signature Page) |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-02573-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    January 16, 2020<br>Time:   12:30 p.m.<br>Ctrm:   5-17th Floor<br>Judge:  Honorable Edward M. Chen |

Pursuant to Civil Local Rules 16-9 and 16-10, in advance of the Case Management Conference set by the Court for Thursday, January 16, 2020, at 12:30 p.m., the Parties submit this Joint Case Management Statement.

## I. PENDING MOTIONS

Defendants' Motions to Dismiss the Complaint were filed on September 4, 2019, ECF Nos. 143, 149, and on September 6, 2019, ECF Nos. 158–159. Plaintiffs filed their Opposition to the Motions to Dismiss on October 18, 2019. ECF No. 179.

On November 7, 2019, the Court granted leave to file two amicus curiae briefs, ECF Nos. 199–200: one by the Federal Trade Commission, ECF No. 180, and one by various HIV research, policy, and advocacy organizations, ECF No. 181.

Defendants' Replies in support of the Motions to Dismiss were filed on November 21 and 22, 2019. ECF Nos. 216–219. The Motions to Dismiss are set for hearing on January 16, 2020, at 12:30 p.m. Defendants appreciate having the Motions to Dismiss specially set. But in light of the breadth of the case, including its various theories concerning multiple HIV treatments and varying claims against four seperate Defendant groups, Defendants are concerned that one hour for oral argument may not not be sufficient to address the Court's questions in full. Should the Court find it helpful, Defendants are amenable to allotting additional time for argument, or to a second hearing scheduled at the Court's convenience.

## II. STIPULATED DISCOVERY ORDERS

On November 7, 2019, the Court entered a Stipulated Protective Order, ECF No. 196; a Stipulated Privilege Order, ECF No. 197; and a Stipulation and Order Regarding the Non-Disclosure of Certain Information Regarding Expert Witnesses, ECF No. 198. On January 7, 2020, the Court entered a Joint Stipulated Protocol for the Discovery of Electronically Stored Information and Hard Copy Documents ("ESI Protocol"). ECF No. 245.

## III. STATUS OF DISCOVERY

### A. Plaintiffs' Statement

Since the last Case Management Conference held on November 7, 2019, ECF No. 201, Plaintiffs moved to compel complete responses to their Requests for Production ("RFPs") from Defendants Gilead, Bristol-Myers Squibb ("BMS"), and Janssen, *see* ECF No. 208. On November 21, 2019, Magistrate Judge

Beeler granted the motion, ordering Defendants to provide Plaintiffs by December 12, 2019, (1) their full objections and responses to Plaintiffs' RFPs as to what they will produce, without objections that the requests are "premature"; (2) their lists of proposed custodians and search terms for ESI searches; and (3) a description of their processes for collecting the results of ESI searches, including how long it would take compile a "hit list" with respect to proposed custodians and search terms.  ECF No. 215.

On December 12, 2019, Defendants Gilead, BMS, and Janssen served amended objections and responses to Plaintiffs' RFPs, proposed lists of search terms and custodians, and correspondence outlining their proposed discovery plans.  Gilead suggested that it would take approximately four months to collect and process email for their proposed custodians, five to six months to collect non-email ESI and hard copy documents, and six to seven months to collect documents from non-custodial sources.  *See* ECF No. 221.  Defendants BMS and Janssen proposed shorter but similar collection timelines.  *Id.*  Instead of agreeing to provide full hit count reports for their proposed custodians and search terms, Defendants proposed to conduct limited hit count "sampling" for "representative" custodians.  *Id.*  Plaintiffs considered this proposed timeline to be unworkable, and accordingly requested a follow-up status conference before Magistrate Judge Beeler.

Magistrate Judge Beeler held a second discovery hearing on December 19, 2019.  ECF No. 229.  Judge Beeler directed Gilead, BMS, and Janssen to provide Plaintiffs hit counts for their initial custodians by January 14, 2020, to collect and process emails from their other custodians in parallel, and to propose search strings to Plaintiffs.  *Id.*  Plaintiffs and Defendant Japan Tobacco have agreed to a separate plan for the production of certain non-custodial documents, search terms, and custodians.  Japan Tobacco has agreed to provide search terms in early January 2020.

The Parties have been meeting and conferring regarding production of certain non-custodial documents during the pendency of the motions to dismiss.  Gilead, Japan Tobacco, and BMS have begun producing non-custodial documents, and Janssen has provided Plaintiffs an Excel spreadsheet with reporting information for its initial set of proposed custodians.  Plaintiffs will continue to meet and confer with Defendants regarding these initial productions.

In an effort to facilitate and expedite the negotiation of search terms and custodians, Plaintiffs have proposed the following procedure and timeline to Defendants:

1. On or before January 15, 2020, Defendants will provide a preliminary hit count report for each proposed search term and on a custodian-by-custodian basis. The report should disclose (a) the number of unique documents hits per search term (i.e., non-duplicative) and the overall number of unique document hits on a custodian level, (b) any date restrictions, and (c) whether the hit counts reflect deduplication within the custodian's results or across all custodians.

2. On or before January 22, 2020, Plaintiffs may identify additional search terms and propose modifications to Defendants' proposed search terms. To the extent that Plaintiffs propose additional search terms or other modifications to the search terms, Defendants will then provide a revised hit count report, consistent with the format above, no later than January 29, 2020.

3. The Parties will then continue to meet and confer regarding any disputed custodians and search terms promptly and in good faith. If the Parties reach an impasse, they should submit any disputes to the Court in the form of a joint discovery letter on or before March 2, 2020.

Plaintiffs intend to prompty meet and confer individually with each Defendant regarding their amended responses to Plainitffs' First Set of RFPs, to engage in an expeditious meet-and-confer process regarding search terms and custodians, and to continue meeting and conferring with Defendants in an effort to expedite initial non-custodial productions.

**B.     Defendants' Statement**

Since the last Case Management Conference held on November 7, 2019, ECF No. 201, Defendants have provided Plaintiffs with (1) their full objections and responses to Plaintiffs' RFPs; (2) their lists of proposed custodians and search terms for ESI searches; (3) a description of their processes for collecting the results of ESI searches, including how long it would take to compile a "hit list" with respect to proposed custodians and search terms; and (4) over one million of pages of non-custodial documents.

Additionally, in early December, Gilead, BMS and Janssen each agreed to provide hit reports to Plaintiffs before the January 16 Case Management Conference for a sample set of custodians and in parallel continue collecting emails from their other proposed custodians. Without meeting and conferring, Plaintiffs requested a discovery hearing before Magistrate Judge Beeler asking Defendants to provide hit reports for *all* proposed custodians by the CMC. Discovery Letter Br. 2, ECF No. 221; Dec. 19, 2019 Hrg. Tr. 6:24-7:10. During that December 19, 2019 hearing, Magistrate Judge Beeler agreed with Defendants'

approach and stated that she did not see the approach proposed by Defendants as "stalling on the Defendants' part. To the contrary." Dec. 19, 2019 Hrg. Tr. at 13:23.

Plaintiffs and Defendant Japan Tobacco agreed to a separate plan for the production of certain non-custodial documents, search terms, and custodians. Japan Tobacco has agreed to provide search terms in early January 2020. Magistrate Judge Beeler agreed with Japan Tobacco that her December 19 Order as to the other Defendants would not alter Japan Tobacco's separate discovery agreements with Plaintiffs. ECF No. 229. Japan Tobacco has provided Plaintiffs with a list of proposed custodians and began producing non-custodial documents on November 15, 2019.

On December 6, 2019, Defendants served their first set of RFPs to Plaintiffs. Defendants agreed to extend Plaintiffs' deadline to respond until January 13, 2020.

Plaintiffs have only met and conferred once with each Defendant over two months ago to discuss non-custodial documents, and the parties held one meet and confer on January 8, 2020, to discuss the case schedule, but have not otherwise met to discuss RFP responses, search terms, custodians, or the discovery plans that were served on Plaintiffs on December 12, 2019.

## IV.   PROPOSED MODIFICATIONS TO DISCOVERY RULES

The parties agree that modifying limitations on the number of depositions, interrogatories, and requests for admissions set forth in the Federal Rules of Civil Procedure is necessary and appropriate in this case. The parties have agreed on the number of party depositions and interrogatories as set forth below, and have agreed to meet and confer and seek leave of the Court, if necessary, to increase these limitations. The parties have not reached agreement on the requests for admissions and have set forth their positions below, but are continuing to meet and confer on this issue.

### A.   Depositions

Plaintiffs (as a group) will be entitled to one 7-hour deposition of each Defendant group pursuant to Rule 30(b)(6), as well as an additional thirty-five 7-hour depositions and five 2-hour depositions of party deponents. Defendants (as a group) will be entitled to one 7-hour deposition of each institutional Plaintiff pursuant to Rule 30(b)(6), as well as an additional thirty-five 7-hour depositions and five 2-hour depositions of party deponents.

### B. Interrogatories

Plaintiffs will be entitled to serve 35 interrogatories on each Defendant group (with 10 being substantially the same across the Defendants), and Defendants will be entitled to serve 35 interrogatories on each institutional Plaintiff (with 10 being substantially the same across those plaintiffs), and 15 interrogatories on each individual Plaintiff (with 10 being substantially the same across those plaintiffs).

### C. Requests for Admission

**Plaintiffs' Position.** Plaintiffs propose relieving the parties from numerical limits on the number of requests for admission for purposes of establishing evidentiary foundations for documents. Although Plaintiffs will meet and confer in good faith regarding evidentiary stipulations, Plaintiffs believe that the proposed modification is appropriate should the parties fail to reach an agreement.

**Defendants' Position**. Defendants are committed to working with Plaintiffs to resolve any legitimate evidentiary questions regarding produced documents prior to trial, including by stipulation. However, Defendants believe that Plaintiffs' proposal allowing an unlimited amount of requests for admission as to evidentiary questions will be unnecessarily burdensome to the parties and ripe for potential abuse. Rather, Defendants propose that after the close of document discovery, the parties commit to a good faith meet and confer process regarding evidentiary stipulations. Because there is no need to use requests for admission as an evidentiary failsafe, Defendants propose that each of Plaintiffs (as a group) and Defendants (as a group) will be entitled to 50 total requests for admission (whether for evidentiary purposes or otherwise).

## V. SCHEDULING

### A. Plaintiffs' Statement

At the last Case Management Conference on November 7, 2019, the Court had a colloquy with counsel regarding Plaintiffs' initial proposed case schedule, which provided for a trial date in June 2021. Plaintiffs' counsel acknowledged that the June 2021 date likely could not hold, but that, given the importance of injunctive relief in this case, the Plaintiffs "would dearly love to keep the trial in 2021." Hrg. Tr. at 20. Defendants countered that a four-year schedule, rather than the two-year schedule that Plaintiffs proposed, would be appropriate. *Id.* The Court ordered the parties to meet and confer on the matter, but noted that the schedule is "not going to be four years. I can tell you that right now. And a two-year time

frame even in a complicated case is not unreasonable. So whether it's June 14th or some later part of the fall or some other point, my initial reaction, no matter how complicated the case is, we don't need three to four years to get this case to trial." *Id*. at 20-21.

On January 6, 2019, Plaintiffs offered the following proposed case schedule to Defendants, leading to trial in November 2021:

| EVENT | DATE |
|---|---|
| Hearing on Defendants' motions to dismiss | January 16, 2020 |
| Substantial completion of document production | March 20, 2020 |
| Fact discovery cut-off | September 24, 2020 |
| Parties serve expert reports as to any issue on which they bear the burden of proof[1] | November 24, 2020 |
| Parties serve rebuttal expert reports | January 5, 2021 |
| Parties serve reply expert reports (if any) | February 3, 2021 |
| Expert discovery cut-off (each expert to be deposed one time) | March 3, 2021 |
| Deadline for (a) Plaintiffs to file class certification motion; (b) all Rule 56 motions; and (c) any *Daubert* motions | April 14, 2021 |
| Parties file oppositions to motions for (a) class certification, (b) Rule 56, and (c) *Daubert* | May 26, 2021 |
| Parties file replies in support of motions for (a) class certification, (b) Rule 56, and (c) *Daubert* | June 30, 2021 |
| Hearing on (a) class certification, (b) Rule 56, and (c) *Daubert* motions | July 28, 2021 |
| Parties meet and confer | September 11, 2021 |
| Parties file joint pretrial brief and trial briefs | October 2, 2021 |
| Parties file objections to trial briefs | October 23, 2021 |
| Pretrial conference | November 2, 2021 |
| Trial | November 29, 2021 |
| Plaintiffs serve opening expert reports regarding | 90 days after liability verdict |

---

[1] The initial round of expert reports will not include opinions with respect to specific forms of injunctive relief sought by Plaintiffs.

| injunctive relief | |
| --- | --- |
| Defendants serve rebuttal expert reports | 21 days after Plaintiffs' opening reports |
| Plaintiffs serve reply expert reports (if any) | 14 days after Defendants' reports |

In addition to disagreeing over the trial date, the deadline for substantial completion of discovery, and the deadline for completing fact discovery, the parties do not agree on the sequencing of expert discovery for class certification and for merits. Plaintiffs propose that the Court adopt the increasingly more common approach in antitrust class actions of having a single round of expert reports, addressing both class certification and "merits" issues, after the close of fact discovery. *See, e.g.*, *In re Celebrex (Celecoxib) Antitrust Litig.*, Case 2:14-cv-00361-AWA-DEM (E.D. Va. Nov. 14, 2016), ECF No. 108; *In re Asacol Antitrust Litig.*, Case 1:15-cv-12730-DJC (D. Mass. Aug. 12, 2016), ECF No. 119; *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, Case 1:14-md-02503-DJC (D. Mass. Oct. 14, 2015), ECF No. 227. Given the very substantial potential overlap between class and "merits" expert reports, Plaintiffs' proposed approach eliminates likely disputes as to what does or does not constitute a merits issue relevant to class certification and reduces the number and expense of expert reports (including duplicative depositions). By contrast, Defendants' proposal of two rounds of expert reports simply adds cost and delay, unnecessarily increasing the number (and expense) of expert reports and associated expert depositions, and unduly complicates and extends the schedule. Although class certification and "merits" are often separated, that is generally not because courts order it but rather the product of horse trading in scheduling negotiations. Consolidating class certification and "merits" is warranted here to reduce costs and facilitate a two-year schedule.

The Parties met and conferred on January 8 and 9, 2020 regarding the case schedule, including a potential compromise entailing a trial date in February 2022. However, the parties were unable to reach agreement on whether class certification and "merits" should be consolidated or separated, nor on the dates for substantial completion of document production and the fact discovery cut-off deadline. Plaintiffs are willing to continue to meet and confer on these matters in advance of the Joint Case Management Conference on January 16, 2020.

**B. Defendants' Statement**

Defendants acknowledge this Court's statement from the last Case Management Conference suggesting that even complex cases can go to trial in under three or four years. Although Plaintiffs' complaint names four Defendant Groups, involves more than twelve different products, spans a time period of over eighteen years, and contains allegations including multiple generic companies and other litigations, Defendants believe that a February 2022 trial date is feasible with a few assumptions. First, a February 2022 trial assumes of course that the case is not complicated by additional parties, including opt-outs who might further complicate discovery.

Second, a February 2022 trial assumes that the total number of Defendants' custodians and the total number of documents to be reviewed is reasonably limited to allow the parties to complete document discovery in the timeframe contemplated by such a condensed schedule without imposing extreme undue burden. Defendants suggest that the parties confer on a discovery plan to ensure reasonable limitations on discovery.

Third, a February 2022 trial date assumes that Plaintiffs will engage Defendants in a timely fashion so that the parties can discuss issues and efficiently resolve their differences, if any. For instance, despite their focus on an early trial date, in the past month Plaintiffs have not scheduled a meet and confer about any of their 124 RFPS to Gilead that they demanded be amended by December 12 and which Defendants provided on schedule. Nor have Plaintiffs met and conferred regarding any of the custodians or search strings proposed by each Defendant Group, again as requested by Plaintiffs by December 12. Plaintiffs admitted that such a negotiation process could take four to five months. Nov. 7, 2019 Hrg. Tr. at 15:17-18. Magistrate Judge Beeler stated that she did not see the approach proposed by Defendants as "stalling on the Defendants' part. To the contrary." Dec. 19, 2019 Hrg. Tr. at 13:23.

Although the the Parties met and conferred regarding the case schedule, including a potential compromise entailing a trial date in February 2022, the parties were unable to reach agreement on other dates. Namely, Plaintiffs propose that Defendants substantially complete document production within three months, by April 2020. This proposal is neither reasonable nor feasible and is contrary to Plaintiffs' own agreement that custodial productions would not take place before the motions to dismiss are decided and contrary to their acknowledgement that search term and custodian negotiations could take four to five months. Nov. 7, 2019 Hrg. Tr. at 15:17-18. Defendants propose that the parties have until October 2, 2020

to finalize their document productions

Defendants also propose that Plaintiffs serve their class certification motion and expert reports for class certification by Feburary 2021, a much earlier point in the case schedule. Advancing class certification would provide additional efficiency and will relieve the burden on the Court considering motions for both class certification and summary judgment concurrently, as contemplated by Plainitffs' schedule. It will also provide time for class notice if any class is certified. Defendants are willing to work with Plaintiffs to prioritize discovery needed for class certification, to the extent necessary.

Finally, Defendants believe it is important that *merits* expert reports (and related discovey) occur subsequent to class certification. Plaintiffs' proposed schedule combines class and merits expert reports into a single expert discovery phase. Contrary to Plaintiffs' contention, this creates significant inefficiencies. First, there is nothing about filing all the reports at once that inherently reduces the number of expert reports. Second, if no class is certified, the substantial expense of merits expert discovery may be avoided. Third, even if a class is certified, the scope and contour of a case often changes as a result of the class certification process. For instance, a different class may be ceritifed than that proposed in the complaint, or a class may only be certified as to certain theories of liability. It is impractical for merits experts to finalize their reports prior to the class certification decision. Fourth, it backloads the class certification, summary judgment, and *Daubert* briefing (as to all experts on both motions) so it all piles into Chambers at the same time, rather than arriving in a manageable flow over time.

Plaintiffs' reliance on three examples (*Asacol, Solodyn, Celebrex*) to say this consolidated approach is "more common" ignores numerous examples—including in *Lidoderm*[2]—where the phased approach is clearly more common (*see also, Doryx, Effexor, Contact Lens*),[3] and that the most recent case, *Loestrin*,[4]

---

[2] Stipulation & Order Amending Schedule, *In re Lidoderm Antitrust Litig.*, No. 14-md-2521 (N.D. Cal. May 4, 2016), ECF No. 461; Stipulation & Order Amending Schedule, *In re Lidoderm Antitrust Litig.*, No. 14-md-2521 (N.D. Cal. Oct. 11, 2016), ECF No. 584.

[3] *See* Amended Scheduling Order, *In re Effexor XR Antitrust Litig.*, No. 11-cv-5479 (D.N.J. July 13, 2018), ECF No. 548; Order, *In re Disposable Contact Lens Antitrust Litig.*, No. 15-md-2626 (M.D. Fla. Nov. 17, 2016), ECF No. 361; Case Management Order, *Mylan Pharm., Inc. v. Warner Chilcott plc* ("*Doryx*"), No. 12-cv-3824 (E.D. Pa. Aug. 24, 2012), ECF No. 71.

[4] Interim Case Management Order 13, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.), ECF No. 480; Interim Case Management Order 14, *In re Loestrin 24 Fe Antitrust Litig.*, No. 13-md-2472 (D.R.I.), ECF No. 562.

used the phased approach of class, then merits reports. Further Plaintiffs' reliance on *Asacol* for an example of handling class and merits at the same time underscores the problem of the approach—the class decision was issued under tight time constraints just before trial and was reversed by the First Circuit on an interlocutory appeal. *In re Asacol Antitrust Litig.*, 907 F.3d 42 (1st Cir. 2018). Defendants' proposed schedule below allows separate phases for class and merits expert discovery. Defendants are willing to continue to meet and confer on these matters in advance of the Joint Case Management Conference on January 16, 2020.

| EVENT | Defendants' DATE | Plaintiffs' DATE |
|---|---|---|
| Hearing on Defendants' motions to dismiss | January 16, 2020 | January 16, 2020 |
| **Fact Discovery Schedule** | | |
| Substantial completion of document production | October 2, 2020[5] | March 20, 2020 |
| Fact discovery cut-off | January 15, 2021 | September 24, 2020 |
| **Class Cert Schedule** | | |
| Plaintiffs file motion for class certification and serve class cert expert reports[6] | February 15, 2021 | November 24, 2021 and April 14, 2021 |
| Defendants file opposition to motion for class certification, any *Dauberts* of the class cert experts and serve rebuttal class cert expert reports | March 22, 2021 | January 5, 2021 and May 26, 2021 |
| Plaintiffs file reply brief for class certification, oppositions to class cert expert *Dauberts, Dauberts* as to Defendants' class cert experts, and serve reply class cert expert reports (if any) | April 19, 2021 | February 3, 2021 and June 30, 2021 |
| Defendants respond to Plaintiffs' class *Daubert* motions, and serve *Daubert* motions as to Plaintiffs class reply reports | May 10, 2021 | |
| Hearing on class certification and class cert *Daubert* motions | June 17, 2021 | July 28, 2021 |
| **Merits Schedule** | | |
| Plaintiffs serve opening merits expert reports | April 9, 2021 | November 24, 2020 |
| Defendants serve responsive merits expert | May 21, 2021 | January 5, 2021 |

---

[5] The substantial completion date of course assumes that the Motions to Dismiss are decided in the Spring of 2020 and the parties are aware of which issues, if any, remain in the case.

[6] Parties to make experts available within 20 days of serving reports.

| | | |
|---|---|---|
| reports | | |
| Plaintiffs serve rebuttal merits reports (if any) | June 18, 2021 | February 3, 2021 |
| Defendants serve surrebuttal expert reports (if any) | July 16, 2021 | |
| Expert discovery cut-off | July 30, 2021 | March 3, 2021 |
| Deadline for all Rule 56 motions; and any *Daubert* motions on merits experts | August 6, 2021 | April 14, 2021 |
| Parties file oppositions to motions for Rule 56 and *Daubert* on merits experts | September 17, 2021 | May 26, 2021 |
| Parties file replies in support of motions for Rule 56 and *Daubert* on merits experts | October 15, 2021 | June 30, 2021 |
| Hearing on Rule 56 and *Daubert* motions on merits experts | November 11, 2021 | July 28, 2021 |
| **Trial Schedule** | | |
| Parties meet and confer | December 3, 2021 | September 11, 2021 |
| Parties file joint pretrial brief and trial briefs | January 3, 2022 | October 2, 2021 |
| Parties file objections to trial briefs | January 21, 2022 | October 23, 2022 |
| Pretrial conference | February 1, 2022 | November 2, 2021 |
| Trial | February 28, 2022 | November 29, 2021 |

Respectfully submitted,

Dated: January 9, 2020                    DURIE TANGRI LLP

                                By:   */s/ Daralyn J. Durie*
                                      DARALYN J. DURIE
                                      ddurie@durietangri.com
                                      MARK A. LEMLEY (SBN 155830)
                                      mlemley@durietangri.com
                                      DAVID McGOWAN (SBN 154289)
                                      dmcgowan@durietangri.com
                                      LAURA E. MILLER (SBN 271713)
                                      lmiller@durietangri.com
                                      W. HENRY HUTTINGER (SBN 312843)
                                      hhuttinger@durietangri.com
                                      ADITYA V. KAMDAR (SBN 324567)
                                      akamdar@durietangri.com
                                      217 Leidesdorff Street
                                      San Francisco, CA 94111
                                      Telephone:  (415) 362-6666
                                      Facsimile:  (415) 236-6300

HILLIARD & SHADOWEN LLP
STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
ROBERT C. HILLIARD (*pro hac vice*)
bob@hilliardshadowenlaw.com
RICHARD BRUNNELL (*pro hac vice*)
rbrunell@hilliardshadowenlaw.com
MATTHEW C. WEINER (*pro hac vice*)
matt@hilliardshadowenlaw.com
FRAZAR W. THOMAS (*pro hac vice*)
fraz@hilliardshadowenlaw.com
NICHOLAS W. SHADOWEN (*pro hac vice*)
nick@hilliardshadowenlaw.com
DONALD SEAN NATION (*pro hac vice*)
sean@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone:  (855) 344-3298
Facsimile:  (361) 882-3015

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second AvenueSuite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
KRISTEN A. JOHNSON (*pro hac vice* pending)
kristenj@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Interim Co-Lead Counsel for Plaintiffs*

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jgoldstein@sfmslaw.com

1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@sfmslaw.com
MICHAEL OLS (*pro hac vice*)
mols@sfmslaw.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

GUSTAFSON GLUEK PLLC
DANIEL C. HEDLUND (*pro hac vice* pending)
dhedlund@gustafsongluek.com

|   |   |
|---|---|
| 1 | MICHELLE J. LOOBY (*pro hac vice* pending) |
|   | mlooby@gustafsongluek.com |
| 2 | 120 South 6th Street, Suite 2600 |
|   | Minneapolis, MN 55402 |
| 3 | Telephone: (612) 333-8844 |
|   | Facsimile: (612) 339-6622 |

GLANCY PRONGAY & MURRAY
KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

GLANCY PRONGAY & MURRAY
LEE ALBERT (*pro hac vice* pending)
lalbert@glancylaw.com
BRIAN P. MURRAY (*pro hac vice* pending)
bmurray@glancylaw.com
GREGORY B. LINKH (*pro hac vice* pending)
glinkh@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice* pending)
bcohen@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

MILBERG PHILLIPS GROSSMAN LLP
MICHAEL J. GALLAGHER, JR. (*pro hac vice*)
mgallagher@milberg.com
One Pennsylvania Plaza, 19th Floor
New York, New York 10119
Telephone: (212) 594-5300

SPECTOR ROSEMAN & KODROFF P.C.
EUGENE SPECTOR (*pro hac vice* pending)
espector@srkattorneys.com
JEFFREY KODROFF (*pro hac vice* pending)
jkodroff@srkattorneys.com
WILLIAM CALDES (*pro hac vice* pending)
bcaldes@srkattorneys.com
JEFFREY SPECTOR (*pro hac vice* pending)
jspector@srkattorneys.com

|   |   |   |
|---|---|---|
| 1 |  | 2001 Market Street, Suite 3420 |
| 2 |  | Philadelphia, Pennsylvania 19103 |
|   |  | Telephone: (215) 496-0300 |
| 3 |  | Facsimile: (215) 496-6611 |

*Counsel for Plaintiffs*

Dated:  January 9, 2020          WHITE & CASE LLP

By:  */s/ Heather M. Burke*
    Heather M. Burke (SBN 284100)
    Jeremy K. Ostrander (SBN 233489)
    **WHITE & CASE** LLP
    3000 El Camino Real
    2 Palo Alto Square, Suite 900
    Palo Alto, CA  94306-2109
    Telephone:  (650) 213-0300
    Facsimile: (650) 213-8158
    hburke@whitecase.com
    jostrander@whitecase.com

    Christopher M. Curran (*pro hac vice*)
    Peter J. Carney (*pro hac vice*)
    **WHITE & CASE** LLP
    701 Thirteenth Street, NW
    Washington, District of Columbia 20005-3807
    Telephone:  (202) 626-3600
    Facsimile: (202) 639-9355
    ccurran@whitecase.com
    pcarney@whitecase.com

    Heather K. McDevitt (*pro hac vice*)
    Bryan D. Gant (*pro hac vice*)
    **WHITE & CASE** LLP
    1221 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 819-8200
    Facsimile: (212) 354-8113
    hmcdevitt@whitecase.com
    bgant@whitecase.com

    Attorneys for Defendants
    Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC

| | |
|---|---|
| Dated:  January 9, 2020 | ARNOLD & PORTER KAYE SCHOLER LLP |
| | By:  */s/ Daniel B. Asimow* |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Daniel B. Asimow (SBN 165661) |
| | daniel.asimow@arnoldporter.com |
| | Three Embarcadero Center, 10th Floor |
| | San Francisco, CA 94111-4024 |
| | |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| | Laura S. Shores (*pro hac vice*) |
| | laura.shores@arnoldporter.com |
| | Cindy Y. Hong (*pro hac vice*) |
| | cindy.hong@arnoldporter.com |
| | 601 Massachusetts Ave. NW |
| | Washington, DC 20001 |
| | |
| | Attorneys for Defendants |
| | Bristol-Myers Squibb Company |
| | and E. R. Squibb & Sons, L.L.C. |
| | |
| Dated:  January 9, 2020 | HOLLAND & KNIGHT LLP |
| | By:  */s/ Jerome W. Hoffman* |
| | HOLLAND & KNIGHT LLP |
| | Ashley L. Shively (SBN 264912) |
| | ashley.shively@hklaw.com |
| | John P. Kern (SBN 206001) |
| | John.kern@hklaw.com |
| | 50 California St., Ste 2800 |
| | San Francisco, CA 94111 |
| | |
| | HOLLAND & KNIGHT LLP |
| | Jerome W. Hoffman (*pro hac vice*) |
| | jerome.hoffman@hklaw.com |
| | 50 N Laura St., Ste 3900 |
| | Jacksonville, FL 32202 |
| | |
| | HOLLAND & KNIGHT LLP |
| | Neal N. Beaton (*pro hac vice*) |
| | neal.beaton@hklaw.com |
| | 31 West 52nd St. |
| | New York, NY 10019 |
| | |
| | HOLLAND & KNIGHT LLP |
| | Thomas J. Yoo (SBN 175118) |
| | thomas.yoo@hklaw.com |
| | 400 S. Hope Street, 8th Floor |
| | Los Angeles, CA 90071 |

16
JOINT CASE MANAGEMENT STATEMENT / CASE NO. 3:19-CV-02573-EMC

HOLLAND & KNIGHT LLP
Brianna R. Howard (SBN 314642)
brianna.howard@hklaw.com
One Embarcadero Center
32nd Floor
San Francisco, CA 94111

Attorneys for Defendants
Japan Tobacco Inc.


Dated:  January 9, 2020                 DRINKER BIDDLE & REATH LLP

                                    By:  */s/ Paul H. Saint-Antoine*
                                    DRINKER BIDDLE & REATH LLP
                                    Paul J. Riehle (SBN 115199)
                                    paul.riehle@dbr.com
                                    Four Embarcadero Center, 27th Floor
                                    San Francisco, CA 94111

                                    DRINKER BIDDLE & REATH LLP
                                    Paul H. Saint-Antoine (*pro hac vice*)
                                    paul.saint-antoine@dbr.com
                                    Joanne C. Lewers (*pro hac vice*)
                                    joanne.lewers@dbr.com
                                    One Logan Square, Ste. 2000
                                    Philadelphia, PA 19103

                                    Attorneys for Defendants Janssen R&D Ireland and
                                    Johnson & Johnson

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, Heather M. Burke, attest that concurrence in the filing of this document has been obtained.

Dated: January 9, 2020         */s/ Heather. M. Burke*
                                              Heather M. Burke

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2020 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Heather M. Burke*
Heather M. Burke