1   DURIE TANGRI LLP
    DARALYN J. DURIE (SBN 169825)
2   ddurie@durietangri.com
    MARK A. LEMLEY (SBN 155830)
3   mlemley@durietangri.com
    217 Leidesdorff Street
4   San Francisco, CA 94111
    Telephone: (415) 362-6666
5   Facsimile: (415) 236-6300

6   HILLIARD & SHADOWEN LLP
    STEVE D. SHADOWEN (*pro hac vice*)
7   steve@hilliardshadowenlaw.com
    1135 W. 6th Street, Suite 125
8   Austin, TX 78703
    Telephone: (855) 344-3298
9   Facsimile: (361) 882-3015

10  HAGENS BERMAN SOBOL SHAPIRO LLP
    STEVE W. BERMAN (*pro hac vice*)
11  steve@hbsslaw.com
    1301 Second Avenue, Suite 2000
12  Seattle, WA 98101
    Telephone: (206) 623-7292
13  Facsimile: (206) 623-0594

14  *Interim Co-Lead Class Counsel*

15  (Additional Counsel for Plaintiffs Listed on Signature Page)

16

17                    IN THE UNITED STATES DISTRICT COURT

18                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

19                          SAN FRANCISCO DIVISION

20

21  PETER STALEY, et al.                    Case No. 3:19-cv-02573-EMC

22                          Plaintiffs,     **PLAINTIFFS' NOTICE OF MOTION AND
                                            MOTION FOR LEAVE TO FILE MOTION
23          v.                              FOR RECONSIDERATION BASED ON
                                            NEWLY DISCOVERED EVIDENCE**
24  GILEAD SCIENCES, INC., et al.
                                            Ctrm:   5-17th Floor
25                          Defendants.     Judge:  Honorable Edward M. Chen

26

27  **REDACTED VERSION OF DOCUMENT PROVISIONALLY FILED UNDER SEAL**

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Civil Local Rule 7-9(b)(2), Plaintiffs hereby move this Court to grant them leave to file a motion for reconsideration of this Court's March 3, 2020 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (hereinafter "Order") based on newly discovered evidence.  This motion is based on this Notice of Motion and Motion for Leave to File a Motion for Reconsideration, the Memorandum of Points and Authorities, the Declaration of Eamon P. Kelly ("Kelly Decl.") and the exhibits attached hereto, the papers on file in this action, the arguments of counsel, and any other matter the Court may properly consider.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2       Yesterday the Court issued a comprehensive, carefully reasoned opinion rejecting the majority of

3 the Defendants' arguments in support of their motions to dismiss the Plaintiffs' Complaint.  Plaintiffs

4 bring this motion for the limited purpose of asking the Court to reconsider its decision to dismiss *with*

5 *prejudice* their antitrust claims against Japan Tobacco ("JT") and Gilead for their agreement to restrict

6 competition for HIV products.  In dismissing Plaintiffs' claims, the Court noted that Gilead and JT

7 "entered into one agreement only," the March 2005 License Agreement concerning EVG, and reasoned

8 that Plaintiffs' allegations based solely on this exclusive license were insufficient to state a violation of

9 the antitrust laws because the agreement at issue does not include an "express provision containing a No-

10 Generics Restraint."  Order at 32-33 (ECF No. 273).  The Court dismissed Plaintiffs' claims with

11 prejudice because Plaintiffs didn't provide a basis to cure the deficiency.

12       However, since argument on the Defendants' motions to dismiss, JT has produced new evidence

13 that would allow Plaintiffs to amend the Complaint and cure the precise deficiency identified by the

14 Court.  Through a careful review of Japanese documents, Plaintiffs were able to identify discussion of the

15 terms of a separate agreement, signed in July 2003, pursuant to which Gilead granted JT an exclusive

16 license to develop and commercialize TDF, FTC, TAF, and Truvada (TDF/FTC) in Japan (the "July

17 2003 Agreement").  This agreement, which was produced on February 21, 2020, features the same type

18 of express No-Generics Restraint that is pervasive in Gilead's agreements with its other competitor co-

19 defendants, and which the Court found sufficient to state a claim with respect to Janssen and BMS.

20 Order at 22-31, 33-36 (denying motions to dismiss claims against BMS and Janssen based on the No-

21 Generics Restraints).  This newly discovered evidence, which directly contradicts statements made by

22 JT's counsel at the hearing on the motions to dismiss, had not been previously produced and was

23 unavailable and unknown to Plaintiffs during the briefing and argument of the motions.  In light of this

24 new evidence, Plaintiffs respectfully ask the Court to reconsider its order and grant leave to amend the

25 allegations against JT.

26     **A.**    **Plaintiffs Have Diligently Pursued Discovery from Japan Tobacco and Expeditiously**

27             **Seek Reconsideration Based on the Newly Discovery Evidence.**

28       Under Civil Local Rule 7-9, a party seeking reconsideration of an interlocutory order must

request leave of the Court, "specifically show[ing] reasonable diligence in bringing the motion" and, as relevant here, "[t]he emergence of new material facts or a change of law occurring after the time of such order." Civ. L.R. 7-9(a)-(b)(2); *cf. Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (district courts may grant a motion for reconsideration when "presented with newly discovered evidence").

Despite diligently seeking discovery from JT, Plaintiffs only learned of the July 2003 Agreement *after* submitting their opposition brief and after oral argument on January 16, 2020. Plaintiffs served requests for production in September 2019, but only began receiving substantial document productions from JT in December 2019. Kelly Decl. ¶ 3. On January 8, 2020, just days before the hearing, JT produced almost 2,000 pages of documents, including numerous documents in Japanese. *Id.* ¶ 4. Plaintiffs conducted a review of the Japanese language documents and discovered what appeared to be a summary of the terms of the July 2003 Agreement, including references to non-compete provisions. *Id.* Plaintiffs obtained a translation of the summary of terms on February 6. *Id.* ¶ 5. During a telephonic meet and confer on February 11, Plaintiffs requested that JT produce the final, executed version of the July 2003 Agreement in English. *Id.* ¶ 6. JT finally agreed to produce the agreement on February 21. *Id.* ¶ 7. Plaintiffs are presenting this new evidence just days after obtaining it and seek reconsideration *the day* after the Order was issued. There should be no dispute that Plaintiffs have satisfied the requirements of Local Rule 7-9.[1]

> **B.      New Evidence Directly Contradicts JT's Statements to the Court and Provides a Basis to Amend the Complaint That Was Not Previously Available to the Plaintiffs or the Court.**

JT's motion to dismiss was premised, first and foremost, on the notion that JT is different than its co-defendants because it didn't sign a No-Generics Restraint promising not to compete with Gilead's

---

[1] Even if Gilead or JT could argue that the requirements of Local Rule 7-9 are not satisfied, the Court of course retains discretion to *sua sponte* reconsider its order. *See Tsyn v. Wells Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 7635883, at *1 (N.D. Cal. June 27, 2016) (Beeler, J.) (noting that Local Rule 7-9 "does not restrict the court's ability to revisit its previous orders" because "for as long as it has jurisdiction of a case, a trial court has the 'inherent . . . power' to 'reconsider, rescind, or modify' its interlocutory decisions.") (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)); *Wilkins-Jones v. Cty. of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *4 (N.D. Cal. July 31, 2012) (Chen, J.) ("[a] district court may reconsider and revise a previous interlocutory decision for any reason it deems sufficient") (citation omitted).

1    drugs even after they went off patent.  JT leads off with that assertion on page one of its motion.  *See*

2    ECF No. 158 at 1 ("Plaintiffs allege that Gilead entered into a 'No-Generics Restraint' with JT and the

3    other defendants. Compl. ¶ 4, *passim*.  But the only agreement to which Plaintiffs refer involving JT is

4    the License which contains no such restriction.").  This theme continues in Japan Tobacco's reply brief.

5    *See* ECF No. 219 at 7 ("In this case, JT did nothing unlawful or anticompetitive.  JT merely exercised its

6    right to license its rights to EVG exclusively to Gilead in exchange for upfront payments and royalties.").

7    And it was a central theme hammered by JT's counsel at argument:

8                   There was no language in the [EVG] agreement that prevents Japan
                   Tobacco from developing any other drug, generic or branded, to compete
9                   with anything that Gilead has in the marketplace. [¶] *Japan Tobacco could
                   use any other drug to compete with Gilead, in combination with any other*
10                  *manufacturers' drugs. So there was no restriction on what Japan Tobacco*
                   *could do in the marketplace.*
11

12   Kelly Decl. ¶ 2, Ex. 1 at 23:17-24:3. (emphasis added).  The Court found this argument dispositive,

13   reasoning that "an exclusive license without more is not an antitrust violation" and noting that "Plaintiffs

14   have not been able to point to any actual provision in the license agreement that is a No-Generics

15   Restraint."  Order at 32.

16        We now know that JT's representations regarding the absence of any express restraint on their

17   ability to compete with Gilead, on which this Court relied, were inaccurate.  The July 2003 Agreement

18   between JT and Gilead contains the very No-Generics Restraints that JT told this Court JT had not

19   entered into with Gilead.  Notably, those No-Generics Restraints, like those signed by other defendants in

20   this case, ███████████████████████████████████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████

23   ████████████████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ██████████████████████████████████████

26        Pursuant to the July 2003 agreement, Gilead granted JT an exclusive license to develop and

27   commercialize TDF, FTC, TAF, and Truvada (TDF/FTC) in Japan for use in treating HIV infection. ██

28   ████████████████████████████████████████████████████████████

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION BASED ON NEWLY DISCOVERED EVIDENCE / CASE NO. 3:19-CV-02573-EMC

1  ████████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  █████

13       The 2003 Agreement's anticompetitive provisions go well beyond those inherent in JT's decision

14  to grant Gilead an exclusive license to EVG. ██████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ████████   This restraint applies *worldwide* and *extends beyond the expiration of Gilead's patents*.

18  Accordingly, under this agreement, even if JT had never granted Gilead an exclusive license to EVG, JT

19  would still be restrained from developing or commercializing numerous anti-HIV drugs.  This new

20  evidence undermines JT's central argument in its motion to dismiss—that its agreements are different

21  than those Gilead entered into with other companies.  That argument falls apart once it is clear that JT

22  has signed the same No-Generics Restraint extending beyond the expiration of Gilead's patents that

23  pervades each of the co-defendants' agreements with Gilead.

24       This new evidence provides a clear basis upon which Plaintiffs could seek leave to amend that

25  was not available when they filed their opposition brief on October 18, 2019, nor at oral argument on

26  January 16, 2020.  Consistent with the Ninth Circuit's policy of "extreme liberality" in permitting

27  pleading amendments, *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003),

28  Plaintiffs respectfully request that the Court reconsider its Order solely insofar as it dismisses *with*

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION BASED ON NEWLY DISCOVERED EVIDENCE / CASE NO. 3:19-CV-02573-EMC

1   *prejudice* Plaintiffs' claims based on the agreement between Gilead and JT.  Plaintiffs merely seek a fair

2   opportunity to amend the Complaint and cure the deficiency identified by the Court.

3

4           Respectfully submitted,

5

6   Dated:  March 4, 2020                          DURIE TANGRI LLP

7                                        By:  */s/ Mark A. Lemley*
                                             MARK A. LEMLEY (SBN 155830)
8                                            mlemley@durietangri.com
                                             DARALYN J. DURIE (SBN 169825)
9                                            ddurie@durietangri.com
                                             DAVID McGOWAN (SBN 154289)
10                                           dmcgowan@durietangri.com
                                             LAURA E. MILLER (SBN 271713)
11                                           lmiller@durietangri.com
                                             ADITYA V. KAMDAR (SBN 324567)
12                                           akamdar@durietangri.com
                                             217 Leidesdorff Street
13                                           San Francisco, CA 94111
                                             Telephone:  (415) 362-6666
14                                           Facsimile:  (415) 236-6300

15                                           DURIE TANGRI LLP
                                             W. HENRY HUTTINGER (SBN 312843)
16                                           hhuttinger@durietangri.com
                                             953 East 3rd Street
17                                           Los Angeles, California 90013
                                             Telephone: (213) 992-4422
18                                           Facsimile:  (415) 236-6300

19                                           HILLIARD & SHADOWEN LLP
                                             STEVE D. SHADOWEN (*pro hac vice*)
20                                           steve@hilliardshadowenlaw.com
                                             ROBERT C. HILLIARD (*pro hac vice*)
21                                           bob@hilliardshadowenlaw.com
                                             RICHARD BRUNNELL (*pro hac vice*)
22                                           rbrunell@hilliardshadowenlaw.com
                                             MATTHEW C. WEINER (*pro hac vice*)
23                                           matt@hilliardshadowenlaw.com
                                             FRAZAR W. THOMAS (*pro hac vice*)
24                                           fraz@hilliardshadowenlaw.com
                                             NICHOLAS W. SHADOWEN (*pro hac vice*)
25                                           nick@hilliardshadowenlaw.com
                                             1135 W. 6th Street, Suite 125
26                                           Austin, TX 78703
                                             Telephone:  (855) 344-3298
27                                           Facsimile:  (361) 882-3015

28

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
KRISTEN A. JOHNSON (*pro hac vice* pending)
kristenj@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003


*Interim Co-Lead Counsel for Plaintiffs*

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jgoldstein@sfmslaw.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@sfmslaw.com
MICHAEL OLS (*pro hac vice*)
mols@sfmslaw.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com

6

ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

GUSTAFSON GLUEK PLLC
DANIEL C. HEDLUND (*pro hac vice* pending)
dhedlund@gustafsongluek.com
MICHELLE J. LOOBY (*pro hac vice* pending)
mlooby@gustafsongluek.com
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

GLANCY PRONGAY & MURRAY
KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GLANCY PRONGAY & MURRAY
LEE ALBERT (*pro hac vice* pending)
lalbert@glancylaw.com
BRIAN P. MURRAY (*pro hac vice* pending)
bmurray@glancylaw.com
GREGORY B. LINKH (*pro hac vice* pending)
glinkh@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice* pending)
bcohen@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

MILBERG PHILLIPS GROSSMAN LLP
MICHAEL J. GALLAGHER, JR. (*pro hac vice*)
mgallagher@milberg.com
One Pennsylvania Plaza, 19th Floor
New York, New York 10119
Telephone: (212) 594-5300

SPECTOR ROSEMAN & KODROFF P.C.
EUGENE SPECTOR (*pro hac vice* pending)
espector@srkattorneys.com
JEFFREY KODROFF (*pro hac vice* pending)
jkodroff@srkattorneys.com
WILLIAM CALDES (*pro hac vice* pending)
bcaldes@srkattorneys.com
JEFFREY SPECTOR (*pro hac vice* pending)
jspector@srkattorneys.com
2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION BASED ON NEWLY DISCOVERED EVIDENCE / CASE NO. 3:19-CV-02573-EMC

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, W. Henry Huttinger, attest that concurrence in the filing of this document has been obtained.

Dated: March 4, 2020

*/s/ W. Henry Huttinger*

W. HENRY HUTTINGER

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION BASED ON NEWLY DISCOVERED EVIDENCE / CASE NO. 3:19-CV-02573-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2020 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ W. Henry Huttinger*

W. HENRY HUTTINGER

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION BASED ON NEWLY DISCOVERED EVIDENCE / CASE NO. 3:19-CV-02573-EMC