HOLLAND & KNIGHT LLP
Neal N. Beaton (*pro hac vice*)
Email: neal.beaton@hklaw.com
31 West 52nd Street
New York, NY 10019
Telephone (212) 513-3470
Facsimile (212) 385-9010

*Additional Counsel Listed on Signature Page*

Attorneys for Defendant
JAPAN TOBACCO INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PETER STALEY; *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC.; *et al*,<br><br>    Defendants. | Case No. 3:19-cv-02573-EMC<br><br>**JAPAN TOBACCO INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Declaration of A. Shively filed concurrently]<br><br>Judge:    Honorable Edward M. Chen |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Pursuant to Local Rule 79-5(e)(1) of the U.S. District Court for the Northern District of California, Japan Tobacco Inc. ("JT") respectfully submits this response and declaration in support of Plaintiffs' Administrative Motion to Seal [Dkt. 276] and seeks an order filing under seal, or redacting portions of, Plaintiffs' Motion for Leave to Seek Reconsideration [Dkt. 277] and the 2003 License between Gilead and JT, which was filed as Exhibit 2 to the Declaration of Eamon Kelly in support of Plaintiffs' Motion for Leave [Dkt. 276-5].

JT seeks to seal the 2003 License, and Plaintiffs' discussion of the terms of that document in their Motion for Leave, as it reveals highly confidential information, including proprietary material, non-public commercial strategy, and sensitive pricing information. Importantly, the 2003 License is <u>not</u> a basis for Plaintiffs' allegations against JT or Gilead in the operative complaint. JT's request to seal is supported by a declaration from Ashley Shively ("Shively Decl."), a person knowledgeable about the contents of the document.

## ARGUMENT

The Court may enter an order sealing court records upon a request that "establishes that the document, or portions thereof, are privileged, protectable as trade secret, or otherwise entitled to protection under the law" and that is "narrowly tailored." Local Rule 79-5(b). The Ninth Circuit starts with a "presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this right is not absolute, and courts must balance the interests of the public and the party seeking to keep certain judicial records under seal. *Id.* at 1178-79. A party can overcome the presumption of access to judicial records by providing "compelling reasons" for sealing. *Id.* at 1179. In the Ninth Circuit, "[c]ompelling reasons to seal may exist when sealing prevents judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing,' such as 'the pricing terms, royalty rates, and guaranteed minimum payment terms' of a licensing agreement." *Regents of the Univ. of Cal. v. Chen*, No. 16-cv-7396-EMC, 2018 U.S. Dist. LEXIS 71360, at *3 (N.D. Cal. Apr. 27, 2018) (Chen, J.) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569-70 (9th Cir. 2008).

The 2003 License between Gilead and JT is not a basis for any of the allegations in Plaintiffs' Corrected Consolidated Class Action Complaint ("Complaint"). On March 3, 2020, the Court issued

-1-

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss. That Order largely disposed of Plaintiffs' claims against JT. *See* Dkt. 273. The next day, Plaintiffs filed a Motion for Leave to Seek Reconsideration and point to the 2003 License as supporting the relief they seek. JT will oppose reconsideration by the deadline set by the Court.

Public disclosure of the 2003 License is inappropriate at this juncture, while Plaintiffs' Motion is pending and the 2003 License is not at issue in the case. In any event, disclosure of the terms of the 2003 License could cause JT (and Gilead) competitive harm by giving competitors and other parties an advantage in product pricing, regulatory strategies, or future license negotiations. *See*, *e.g.*, *Hadley v. Kellogg Sales Co.*, No.16-cv-04955-LHK, 2018 U.S. Dist. LEXIS 224314, at *6-7 (N.D. Cal. Sept. 5, 2018) (granting motion to seal information regarding "business strategies and internal decision making, product formulations, and confidential finances"); *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 U.S. Dist. LEXIS 176826, at *11 (N.D. Cal. Dec. 20, 2016) ("The Court finds that the need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing specific pricing and cost information.").

## **CONCLUSION**

For the foregoing reasons, JT respectfully requests that the Court grant Plaintiffs' Administrative Motion to Seal, place the 2003 License under seal in its entirety and also seal the narrowly-tailored portions of Plaintiffs' Motion for Leave. Plaintiffs have indicated that they take no position as to the sealing. Dkt. 276 at 1.

Dated: March 9, 2020

HOLLAND & KNIGHT LLP

By: /s/ Ashley L. Shively
Ashley L. Shively (*pro hac vice*)
Attorneys for Defendant
JAPAN TOBACCO INC.

*Additional Counsel for Defendant Japan Tobacco Inc.:*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

| | |
|---|---|
| Jerome W. Hoffman (*pro hac vice*) <br> Email: jerome.hoffman@hklaw.com <br> 50 N. Laura Street, Suite 3900 <br> Jacksonville, FL 32202 <br> Telephone (904) 353-2000 <br> Facsimile (904) 358-1872 | Thomas J. Yoo (SBN 175118) <br> Email: thomas.yoo@hklaw.com <br> 400 S. Hope St., 8th Floor <br> Los Angeles, CA 90071 <br> Telephone (213) 896-2400 <br> Facsimile (415) 896-2450 |

John Kern (SBN 206001)
Email: john.kern@hklaw.com
Ashley L. Shively (SBN 264912)
Email: ashley.shively@hklaw.com
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone (415) 742-6970
Facsimile (415) 743-6910

JAPAN TOBACCO INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 3:19-cv-02573-EMC