Daralyn J. Durie (SBN 169825)
DURIE TANGRI LLP
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Steve D. Shadowen (*pro hac vice*)
HILLIARD & SHADOWEN LLP
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298
Facsimile: (361) 882-3015

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

(Additional Counsel for Plaintiffs on Signature Page)

Francis O. Scarpulla (Cal. Bar 41059)
Patrick B. Clayton (Cal. Bar 240191)
**LAW OFFICES OF FRANCIS O. SCARPULLA**
456 Montgomery St., 17th Floor
San Francisco, California 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Dianne M. Nast (*Pro Hac Vice*)
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
dnast@nastlaw.com

Michael L. Roberts (*Pro Hac Vice*)
ROBERTS LAW FIRM, PA
1920 McKinney Avenue, Suite 700
Dallas, Texas  75204
Telephone: (501) 952-8558
Email: mikeroberts@robertslawfirm.us

*Counsel for Plaintiff KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc.*

Heather M. Burke (SBN 284100)
**WHITE & CASE** LLP
hburke@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306
*Attorney for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*

Daniel B. Asimow (SBN 165661)
ARNOLD & PORTER KAYE SCHOLER LLP
daniel.asimow@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 9411
*Attorney for Defendants Bristol-Myers Squibb Company and E. R. Squibb & Sons, L.L.C.*

Paul J. Riehle (SBN 115199)
FAEGRE DRINKER BIDDLE & REATH LLP
paul.riehle@dbr.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
*Attorney for Defendants Janssen R&D Ireland, Janssen Products, LP and Johnson & Johnson*

(Additional Counsel for Defendants Listed on Signature Page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al.<br><br>                    Plaintiffs,<br><br>   v.<br><br>GILEAD SCIENCES, INC., et al.<br><br>                    Defendants. | Case No. 3:19-cv-02573-EMC (lead case)<br>Case No. 3:20-cv-00737-EMC<br>Case No. 3:20-cv-00880-EMC<br><br>**JOINT STATUS REPORT**<br><br>Date:    May 7, 2020<br>Time:    10:30 a.m.<br>Ctrm:   5-17th Floor<br>Judge:  Honorable Edward M. Chen |

Pursuant to the Court's Order on April 20, 2020 (ECF No. 302), Plaintiffs Peter Staley, Ivy Kwan Arce, Steve Fuller, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Andrew R. Spieldenner, PhD, Robert J. Vazquez, Jason Walker, Michael Warner, Jacob Zydonis, Michael Snipe, John Carroll, Josh McDonald, John Doe, Gabriel Molina, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Service Employees International Union, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (collectively, the "*Staley* Plaintiffs"), MSP Recovery Claims, Series LLC, ("MSP"), KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., ("KPH"), and Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, Gilead Sciences Ireland UC ("Gilead"), Bristol-Myers Squibb Company, E. R. Squibb & Sons, L.L.C. ("BMS"), Janssen R&D Ireland, Janssen Products, LP and Johnson & Johnson ("Janssen") (collectively, "Defendants"), and Japan Tobacco Inc. ("JT") (together, the "Parties") hereby submit this joint status report.

I.      **STATUS OF COORDINATED CASES**

A.      ***Staley* Action**

On August 22, 2019, the *Staley* Plaintiffs filed a Corrected Consolidated Class Action Complaint. ECF No. 118 (the "*Staley* Action").

On September 9, 2019, the Court appointed interim co-lead counsel on behalf of the *Staley* Plaintiffs and the proposed class of end-payor plaintiffs.  ECF No. 163.

On March 3, 2020, the Court issued an Order Granting in Part and Denying in Part Defendants' Motions to Dismiss.  The Court upheld the majority of the claims asserted in the Complaint, although it dismissed with prejudice Plaintiffs' antitrust claims based on an alleged "No-Generics Restraint" in an agreement between Gilead and JT and dismissed the "over-arching conspiracy" claims as against all Defendants with leave to amend.

On March 4, 2020, Plaintiffs sought reconsideration of the portion of the Court's March 3 Order dismissing Defendant JT from the *Staley* Action with prejudice.  ECF No. 277.

On March 31, 2020, the Court denied Plaintiffs' Motion to Reconsider, construing it as a Motion for Leave to Amend.  ECF No. 293.

On April 2, 2020, Plaintiffs filed a Motion for Leave to File First Amended Class Action Complaint.

1   ECF No. 294.

2       On April 4, 2020, Plaintiffs filed a Notice of Errata including Plaintiffs' corrected proposed First

3   Amended Consolidated Class Action Complaint ("FAC") enclosed as Attachment A.  ECF No. 297-1.

4       On April 16, 2020, Defendants filed a Statement of Non-Opposition to Plaintiffs' Motion for Leave

5   to File First Amended Class Action Complaint, indicating that Defendants will challenge the sufficiency

6   of Plaintiffs' FAC in forthcoming motion(s) to dismiss.  ECF No. 300.

7       On April 20, 2020, the Court granted Plaintiffs' motion for leave to file the FAC (ECF No. 303),

8   and the *Staley* Plaintiffs filed the FAC on April 21, 2020.  ECF No. 304.  The FAC does not name JT as a

9   Defendant in the *Staley* Action.

10      **B.** *MSP* Action[1]

11      MSP asserts that it has the right to pursue the claims at issue in this case based on its assignments

12  with various Medicare Advantage Health Plans.  On January 15, 2020, MSP filed a class-action Complaint

13  on behalf of end-payors in the Southern District of Florida.  *MSP Recovery Claims, Series LLC v. Gilead*

14  *Sciences, Inc., et al.*, 3:20-cv-00737-EMC (N.D. Cal.) (the "*MSP* Action"), ECF No. 1.  On January 31,

15  2020, the MSP action was transferred to the Northern District of California.

16      On February 7, 2020, at the request of the parties, the *MSP* Action was consolidated with the *Staley*

17  Action after the Court found that MSP asserts "substantially similar claims against substantially the same

18  Defendants,"[2] and seeks "to represent similar putative classes of purchasers," as Plaintiffs in the *Staley*

19  Action.  ECF No. 265.

20      On February 11, 2020, MSP and Defendants (and Defendant JT) stipulated (ECF No. 267) that they

21  would be bound by the briefing on the motion to dismiss in the *Staley* Action and any order that resulted.

22  As a result, the parties to the *MSP* Action were bound by the Court's March 3, 2020 Order Granting in Part

23  and Denying in Part Defendants' Motions to Dismiss, including the Court's deadline of April 2, 2020 to

24  file any amended complaint, if needed.  MSP did not file an amended complaint and is not a named Plaintiff

25  in the FAC (ECF Nos. 397-1, 304).

26

27  [1] JT has a separate position regarding its status in the MSP case.  *See* Section VIII, *infra*.

28  [2] Janssen Products, LP is not named as a Defendant in the *MSP* Action or *KPH* Action and, as such, is
    not included in references to "Defendants" in any discussion herein of either of those two actions.

In an April 15, 2020 meet and confer, MSP proposed to stay the *MSP* Action to avoid duplicative litigation.  Defendants disagreed, proposing to proceed with discovery and a motion to dismiss on an individual basis on a schedule similar to the *KPH* and *Staley* Actions.  MSP responded that it was okay with the concept, generally, as to the *MSP* Action proceeding individually, absent a stay.  However, after internal discussion, MSP advised Defendants that it did not make sense to continue to litigate the *MSP* Action, either on a class or individual basis, in light of the overlapping issues with the *Staley* Action. Defendants disagree that a stay of the *MSP* Action is warranted, given that the parties are even now working to coordinate discovery in the *Staley* and *KPH* Actions over the next several months.

MSP requests a stay through and until a decision as to class certification in the *Staley* Action. Despite seeking a stay, MSP also proposes to produce the assignments underlying MSP's claims.  MSP agrees to produce these assignments on or before May 21, 2020.  MSP and Defendants have not reached any other agreements as to the *MSP* Action.

Defendants' proposed schedule (as submitted to Magistrate Judge Beeler, as discussed in Section VII below and attached as Exhibit A) includes dates certain for MSP to catch the *MSP* Action up with the *Staley* Action—including the production of any and all assignments on which MSP purports to base its claims (*see MSP* Compl. ¶ 22), service of their initial disclosures, and responses to requests for production.

C.    *KPH* Action[3]

KPH Healthcare Services operates, among other things, retail and online pharmacies mostly in the Northeast United States under the name Kinney Drugs, Inc.  On February 5, 2020, KPH filed a putative class action Complaint on behalf of direct purchasers of various cART drugs.  Class Action Compl. ¶¶ 1, 382, *KPH Healthcare Services, Inc. v. Gilead Holdings, LLC et al.*, 3:20-cv-00880-EMC (N.D. Cal.) (the "*KPH* Action"), ECF No. 1.

On February 19, 2020, Defendants moved the Court to relate the *Staley* Action and the *KPH* Action. ECF No. 268.  Counsel for KPH agreed that the two cases were related and should be coordinated.  *See id.* at 3.  On February 21, 2020, the Court related the *KPH* Action to the *Staley* Action.  ECF No. 269.

On April 27, 2020, based on the stipulation of certain Defendants and KPH (the "April 27

---

[3] JT has a separate position regarding its status in the KPH case.  *See* Section VIII, *infra*.

Stipulation"), the Court coordinated the *KPH* Action with the *Staley* Action, while reserving its right "to modify the stipulation if necessary" after the status conference on May 7, 2020. ECF No. 306.

As part of the April 27 Stipulation (ECF No. 306), the parties thereto agreed that the domestic Gilead, BMS, and Janssen Defendants would waive service of process and file their motions to dismiss and to compel arbitration on June 5, 2020. *See id.* at 1-2. Additionally, Defendant Gilead Ireland Sciences UC has since confirmed to KPH that it agrees to this April 27 Stipulation, and will waive formal service of process, such that service to all Gilead Defendants has been resolved.

Defendants will be seeking a full dismissal of KPH's claims, and to compel arbitration of certain of KPH's claims. While retailer KPH does not allege that it directly purchased any cART drugs from Defendants, KPH seeks to bring its action based on assignments from McKesson Corporation. *See id.* ¶¶ 26, 400. The Gilead and BMS Defendants have notified KPH that each of their relevant Distribution and Sales Agreements ("DSAs") with McKesson contain non-assignment clauses and pre-dispute mediation provisions. Gilead and BMS have notified KPH of their assertion that KPH and McKesson have failed to comply with the requirements of the DSAs, such that KPH cannot proceed with the *KPH* Action. Additionally, Janssen asserts that its sales to McKesson are similarly governed by a Distribution Agreement that contains a non-assignment clause and also a broad arbitration clause. Janssen asserts that it has invoked the arbitration provisions. Contending that the clauses on which Defendants rely do not prevent the *KPH* Action from proceeding, KPH will be fully prepared to present its arguments in response to Defendants' Motions.

In their April 27 Stipulation, KPH and Defendants reached agreement on other dates, including for initial disclosures (May 11, 2020), productions of the assignments on which KPH relies (May 11, 2020), production of the documents produced in the *Staley* Action (May 11 as to the Gilead Defendants and BMS Defendants; as to Johnson & Johnson, two weeks after decision on its motions to compel arbitration and enforce anti-assignment provisions, if both motions denied), and the date for Gilead and BMS Defendants to serve initial document requests on KPH (May 18, 2020). Additionally, as part of their recent meet and confers, the parties have agreed that KPH shall serve its initial document requests on or before May 18.

Additionally, Defendants and KPH agree that, for future filings, consistent with the Court's earlier Order establishing the *Staley* Action docket as a Master Docket (ECF No. 92) parties to the *KPH* Action

shall file all papers on the consolidated *Staley* docket, No. 3:19-cv-02573, and not on the docket for the *KPH* Action, No. 3:20-cv-00880-EMC, so that for the convenience and clarity of the Court and the parties there is a single Master Docket.

## II.    STIPULATED DISCOVERY ORDERS

*Staley* **Action.**   On November 7, 2019, the Court in the *Staley* Action entered (1) a Stipulated Protective Order; (2) a Stipulated Privilege Order; and (3) a Stipulation and Order Regarding the Non-Disclosure of Certain Information Regarding Expert Witnesses.  ECF Nos. 196, 197, 198.  On January 7, 2020, the Court in the *Staley* Action entered an Order granting the Joint Stipulated Protocol for the Discovery of Electronically Stored Information and Hard Copy Documents ("ESI Protocol").  ECF No. 245.

*MSP* **Action.**   MSP and Defendants entered into a stipulation, which was so ordered by the Court (ECF No. 267), whereby MSP agreed to coordinate any discovery with the *Staley* Plaintiffs and not to seek any discovery beyond what Defendants are providing to the *Staley* Plaintiffs.  MSP also agreed to be bound by each of the above-described four discovery orders.

*KPH* **Action.**   KPH and Defendants have agreed, and the Court ordered, that Plaintiff KPH shall be bound by the Stipulated Protective Order (ECF No. 196), Stipulated Privilege Order (ECF No. 197), and Order Regarding the Non-Disclosure of Certain Information Regarding Expert Witnesses (ECF No. 198), as if entered in the *KPH* Action.  ECF No. 306 at 2.  The parties have not reached agreement on the application of the ESI Protocol to the *KPH* Action.

### A.    KPH's Position as to the ESI Protocol for the *KPH* Action

Defendants' position expressed below is hyperbolic.  KPH agrees with the language of the ESI Protocol, except for one discrete, single item.  The ESI Protocol excludes from preservation "Logs of calls made from cellular or landline phones." (see ESI Protocol (paragraph II. (c). (8). (Page 7)).  KPH does not agree that the Defendants should have the right to destroy documents which are related to this litigation. (KPH has not suggested that Defendants are destroying documents, but the ESI Protocol paragraph as currently written permits them to do so.)

KPH contends that call logs are relevant if written communications were missing concerning the agreements between co-conspirators, and concerning Gilead's pricing, degradation of certain products, and

attempts to move patients onto certain drugs.  In its Complaint, KPH alleges that Gilead and its co-conspirators entered into agreements not to compete with one another with generic versions of branded HIV drugs.  *See* Compl. ¶¶ 13-17, 19, 85-89.  In some cases, there is written correspondence to prove defendants' illegal intent in entering into such anticompetitive agreements, but in others, defendants attempt to conceal their illegal conduct by making phone calls and avoiding written communications. These telephonic discussions may include analyses of the patents at issue, plans to launch new products, marketing, manufacturing, and other key issues relating to and affected by these agreements.  It is too early in KPH's case to know whether defendants communicated with each other and internally about these agreements primarily via written correspondence or by phone.  Also, if they communicated by phone, call logs will be important for connecting the dots of their illegal conduct.  KPH also alleges that Gilead raised its list prices by 4.9% on the "bulk of its best-selling HIV medications."  Compl. ¶ 12. Discussions of pricing, both internally at Gilead and externally with coconspirators, can often occur via telephone.  Again, call logs would be important if that is the case here.  KPH further alleges that Gilead degraded some of its key products and held back innovative products so that potential competitors were forced to conduct their own expensive clinical trials and to push patients to certain drugs, including by encouraging doctors to switch patients' prescriptions.  Compl. ¶¶ 18, 95.  Like the other allegations discussed above, call logs may show Gilead's internal discussions and external discussions with co-conspirators regarding these decisions.

Regarding the ESI Protocol, there were apparently negotiations between the parties in the *Staley* Action beginning well before the KPH action was filed.  KPH was not notified of these negotiations or any other negotiations, was not invited to them, and has not been made aware of decisions or trade-offs. Nonetheless, the only objection that KPH has raised is the destruction of the call-logs permitted by the ESI Protocol.  KPH certainly does not seek to reopen the lengthy negotiations concerning these four Orders. KPH has already agreed to three of the four Orders without requesting any further revision.  It is only one line of the twenty-eight page ESI Protocol that KPH seeks to discuss with Defendants to slightly modify.

### B.    Defendants' Position as to the ESI Protocol for the *KPH* Action

Defendants' position is that as part of the coordination of the three actions, which involve virtually identical substantive allegations, KPH should be governed by the same ESI Protocol as the *Staley* and *MSP* Actions.  KPH has indicated it wishes to renegotiate an element of the ESI Protocol regarding preservation

of call logs, justifying their request with a range of speculation regarding *potential* conspiratorial communications between the Defendants and, apparently, internal calls between Gilead employees. As for the first category, they appear to rely on a theory of an overarching conspiracy between Defendants in their Complaint; a theory that this Court of course rejected in dismissing (with leave to replead) those allegations in the initial *Staley* Complaint. As to the second category, it is not clear how the existence of a call between two Gilead employees reflected on a call log has any relevance to the issues raised by Plaintiffs.

Defendants' view is that KPH has not provided any justifications for seeking to reopen the lengthy negotiations that resulted in the compromise that is the ESI Protocol. Nor has it provided any justification for imposing differing obligations and new burdens on Defendants in the two cases, or to apply different terms to its late-arriving claims. Moreover, there is no substance to their claims of "relevance" based on the operative *KPH* Complaint that would justify the substantial burden on Defendants of preserving, reviewing, and producing years of cellular and landline call logs. Defendants are prepared to present this discovery issue to Magistrate Judge Beeler.

## III. SERVICE OF COMPLAINTS

*Staley* **Action.** In the *Staley* Action, all parties were served except Janssen Products LP, a newly named defendant under the FAC. Counsel for Johnson & Johnson, Janssen R&D Ireland, and Janssen Products LP confirmed Janssen Products LP has waived formal service of process under Rule 4 of the Federal Rules of Civil Procedure.

*MSP* **Action.** All Defendants have been served in the *MSP* Action.[4]

*KPH* **Action.** Pursuant to the April 27 Stipulation, a subset of Defendants (termed the "Domestic Defendants" in the April 27 Stipulation) have agreed to waive service of the Complaints. As noted above, Gilead Sciences Ireland UC has also confirmed it waives formal service of process. Because Janssen R&D Ireland has notified KPH that it asserts that the operative distribution agreement contains a binding

---

[4] MSP agreed to voluntarily dismiss Defendants Japan Tobacco International U.S.A., Inc. and Akros Pharma Inc., without prejudice, in exchange for Defendant Japan Tobacco Inc.'s waiver of service of summons under Rule 4(d), Federal Rules of Civil Procedure. *See* ECF No. 267 at 2. However, those dismissals have not yet been filed. MSP expects to file those dismissals shortly after obtaining local counsel to make those filings.

arbitration agreement covering the claims KPH seeks to bring, Janssen R&D Ireland declines to waive formal service of process.  KPH has initiated formal service of process on JT and Janssen R&D Ireland.

## IV.   RESPONSES TO COMPLAINTS

*Staley* **Action.**  Defendants will be filing Motions to Dismiss the FAC in the *Staley* Action on May 4, 2020.  The parties have agreed to the following briefing schedule:

> Motion to Dismiss Filed: May 4, 2020
>
> Plaintiffs' Opposition to be Filed: May 26, 2020
>
> Defendants' Replies to be Filed: June 8, 2020

Defendants propose a hearing on the motion to dismiss the FAC in the *Staley* Action on June 25, 2020.

*KPH* **Action.**  Per the April 27 Stipulation, KPH and the Domestic Defendants (as defined in the April 27 Stipulation) have agreed that the Domestic Defendants will file their motions to dismiss and motions to compel arbitration as to the KPH Complaint on or before June 5, 2020.  ECF No. 306.  Gilead Sciences Ireland UC has also subsequently agreed to file its motions on this schedule.  KPH and Defendants have agreed that KPH will file its opposition to the motions on June 26, 2020, three weeks after the filing of the motions to discuss and motions to compel arbitration, and that Defendants will have until July 10 (two weeks later) to file their replies. The parties have agreed that Defendants' answers to the KPH Complaint will be due 30 days after any Order that does not grant in full Defendants' motions to dismiss and, as to Johnson & Johnson, its motion to compel arbitration.

If there is to be a hearing, the parties propose a hearing on the motions to dismiss and/or motions to compel arbitration in the *KPH* Action (together with any motion filed in the *MSP* Action) on July 30, 2020.

*MSP* **Action.**  No agreement has been reached regarding the response to the MSP Complaint, as MSP's position is there should be stay of the *MSP* Action, and Defendants oppose a stay.  Defendants have proposed to file any motions to dismiss or other responsive pleadings on the same date as Defendants have stipulated to with KPH—June 5, 2020.  And Defendants have proposed the same briefing schedule for MSP as for KPH: that MSP would have two weeks for its opposition, until June 26, and that Defendants would have 2 weeks for their opposition, until July 10.  Defendants propose to answer on the same schedule

1    as KPH, namely 30 days after any Order that does not grant in full Defendants' motions to dismiss.

2    **V.    STATUS OF DISCOVERY**

3           **A.    *Staley* – Document Discovery Status**

4           **Plaintiffs' Discovery of Defendants.**  The *Staley* Plaintiffs served separate requests for production

5    of documents ("RFPs") on Gilead, BMS, and Janssen on September 19, 2019.  Defendants served initial

6    responses to the RFPs on October 21, 2019, and served supplemental responses and objections on

7    December 12, 2019.  During the pendency of Defendants' motions to dismiss, Gilead, BMS, and Janssen

8    began producing certain categories of documents, while the parties continued to negotiate over the RFPs.

9    On January 14, 2020, the Defendants provided their initial hit count reports.  Since that time, Plaintiffs

10   have engaged each Defendant in a meet and confer process to negotiate search terms and hit counts,

11   custodians, and the scope of the RFPs at issue, with the meet and confers starting in earnest after the Court's

12   March 3, 2020 Order on the motions to dismiss.  As the parties anticipated, the negotiation of search terms

13   and RFPs has taken a substantial amount of time.  For instance, with respect to Gilead, the parties finalized

14   their search term negotiations, and reached resolution or dispute as to nearly all the RFPs, only this past

15   week (and the process is ongoing with respect to Janssen and BMS).  Plaintiffs anticipate seeking the

16   Court's resolution from Magistrate Judge Beeler on discrete RFPs in the near future.

17          **Defendants' Discovery of Plaintiffs.**  Defendants served separate sets of RFPs on the individual

18   Plaintiffs and the third-party payor Plaintiffs on December 6, 2020.  Plaintiffs served their responses and

19   objections to Defendant's RFPs on January 13, 2020.  Defendants initially followed up in writing regarding

20   Plaintiffs' responses and objections on February 10, 2020, and Plaintiffs responded in turn on February 28,

21   2020.  The parties have made substantial progress on discrete issues since that time, including the

22   identification of search terms for Plaintiffs' document review process and identification of the data that

23   would be requested by TPPs from their pharmacy benefit managers.

24          In parallel, the parties have been negotiating Defendants' RFPs to the individual and third-party

25   payor Plaintiffs—including to date four lengthy meet and confer calls.  Despite that progress, there is still

26   substantial negotiation to be done and, potentially, motion practice to be heard before Magistrate Judge

27   Beeler regarding issues that have arisen in the meet and confer process.

28

1

      **B.**      **Coordinated Discovery in *KPH* and *MSP* Actions**

2

          **1.**     **Plaintiffs' Position**

3

      ***MSP* Action.**  MSP seeks to stay its action pending the Court's resolution of the *Staley* Plaintiffs'

4

class certification motion. However, MSP agrees to produce to the Defendants the assignments on which

5

its claims are based.

6

      ***KPH* Action.**   As noted herein, KPH has agreed to abide by three of the same fundamental

7

discovery orders as the *Staley* and *MSP* Actions. Pursuant to the April 27 Stipulation, KPH will serve its

8

Initial Disclosures and assignments on which its claims are based on May 11, 2020.

9

      The length of time that the Staley Complaint was public is unrelated to this dispute.  KPH did not

10

know and was not informed about the ongoing discovery negotiations, and therefore, could not request to

11

participate.  Despite that, KPH does not seek to undo any progress made in discovery negotiations.  KPH

12

has simply requested to know the results of those negotiations, so that it knows what it is being asked to

13

agree to, when it agrees to be bound by the results of those discovery negotiations.  Up to this point, the

14

only question KPH has raised is the potential permitted destruction of Defendants' call-logs, under the

15

*Staley* ESI Protocol.

16

      KPH has requested Defendants to agree to have discovery in the KPH Action proceed in

17

coordination with the *Staley* Action immediately, and in parallel throughout the process of Motions to

18

Dismiss. Gilead Defendants agree with KPH. Janssen R&D Ireland and Johnson & Johnson Defendants

19

have declined such an agreement because they contend that an arbitration clause in a separate contract

20

precludes this litigation.  KPH understands that Johnson and Johnson asserts that KPH is subject to

21

arbitration and that discovery should be conducted in arbitration, under arbitration rules.  Whether or not

22

this is accurate will be determined by this Court after Johnson and Johnson files its motion concerning the

23

arbitration clause and the matter is briefed.

24

          **2.**     **Defendants' Position**

25

      ***MSP* Action.**  Pursuant to the February 12, 2020 Order of the Court, MSP agreed that it must

26

coordinate discovery with the *Staley* Plaintiffs and not seek any discovery beyond that sought by the *Staley*

27

Plaintiffs.  ECF No. 267.  Defendants have proposed a schedule for MSP to produce its discovery and to

28

bring the *MSP* Action into line with the *Staley* Action, so that there is no further delay from the *MSP*

1   Action.  It is most efficient to conduct any discovery as to MSP at the same time as the *Staley* Action.

2   Defendants have proposed the same schedule for MSP for discovery.

3   *KPH* **Action.**  The Gilead and BMS Defendants proposed to coordinate discovery in the *KPH*

4   Action as much as reasonably possible.  Johnson & Johnson's position is that it is participating fully in

5   discovery in the *Staley* Action, but the claims in the *KPH* Action are subject to the arbitration agreement

6   and that discovery should be conducted in arbitration in accordance with the rules governing the arbitration.

7   It is also the Gilead and BMS Defendants' position that KPH should be required to coordinate with

8   EPPs as to the *scope* of the discovery sought from Defendants.  The KPH Complaint is substantially similar

9   to the *Staley* Plaintiffs' previous class action complaint, ECF No. 118, and identical as to many allegations.

10  Both Complaints purport to assert class allegations on behalf of purchasers of certain HIV drugs in the

11  United States for the time period of May 14, 2015 to the present.  *Compare* ECF No. 118 ¶¶ 416-17, *with*

12  *KPH* Action Compl. ¶¶ 382-83.  And both Complaints claim that the same conduct by Defendants

13  concerning HIV drugs gives rise to antitrust violations.  *Compare* ECF No. 118 ¶¶ 439-543, *with KPH*

14  Action Compl. ¶¶ 392-441.

15  The *Staley* Complaint was public for nine months before KPH filed its complaint.  And since KPH

16  filed its complaint, it has not taken steps to participate in the ongoing discovery.  KPH should not be

17  permitted to now seek to undo the progress made in discovery negotiations.  KPH stipulated, and the Court

18  so ordered, that the *KPH* Action shall be coordinated with the *Staley* Action.  ECF No. 306 at 1.  It would

19  be inefficient for the parties to duplicate discovery negotiations and efforts already conducted by the parties

20  to the *Staley* Action.

21  **VI.   PENDING DIRECT-PURCHASER LEADERSHIP MOTION**

22  Currently pending before the Court is Plaintiff KPH's unopposed Motion for Appointment of

23  Interim Co-Lead and Liaison Counsel for the Direct Purchaser Class (the "*KPH* Motion"), filed on April

24  17, 2020.

25  In response to the *KPH* Motion, Defendants take no position on whether the designation of "interim

26  counsel" (or "interim co-lead counsel" or an "interim executive committee") for a putative direct purchaser

27  class is necessary or appropriate under Rule 23(g)(3) of the Federal Rules of Civil Procedure or whether

28  Plaintiffs have carried their burden under Rule 23(g)(2) as to which counsel should fill those roles.  In

doing so, Defendants otherwise expressly reserve all of their rights, privileges, defenses, and immunities.

## VII.   SCHEDULING

As directed by the Court at the January 16, 2020 Status Conference, the parties met and conferred on April 28 about a case schedule, were not able to reach an agreement, and submitted their competing proposals to Magistrate Judge Beeler today (attached hereto as Exhibit A).

## VIII.   SEPARATE STATEMENT AS TO JAPAN TOBACCO INC.

### A.   *MSP* Action – Joint Statement of JT and MSP

On February 11, 2020, Defendants, JT and Plaintiff MSP Recovery Claims, Series LLC (hereinafter "MSP") entered a Stipulation that was ratified and adopted by the Court on February 12, 2020 and which ordered that MSP would be "bound by the Court's rulings on the Motions to Dismiss in the *Staley* Action (ECF Nos. 143, 149, 158-59)." ECF 267 at ¶ 2. In addition, the Court ordered MSP to "voluntarily dismiss, without prejudice, Defendants Japan Tobacco International U.S.A., Inc. and Akros Pharma Inc. from the MSPRC Complaint." *Id*. at ¶ 5.

On March 3, 2020, the Court granted, with prejudice, JT's Motion to Dismiss as to the claims that its Exclusive License with Gilead violated Section 1 of the Sherman Act and analogous state antitrust and unfair competition laws. ECF 273. It granted JT's Motion to Dismiss as to the remaining claims against it with leave to amend, and ordered an amended complaint be filed by April 2, 2020. ECF 273. Under the Court's February 12, 2020 Order, MSP is bound by that Order; all of MSP's claims against JT have been dismissed. However, MSP has not voluntarily dismissed its claims against Japan Tobacco International U.S.A., Inc. and Akros Pharma Inc.

Counsel for JT and MSP have conferred and MSP has acknowledged that JT is no longer a party to the MSP action. MSP has also confirmed that it will file notices of voluntary dismissal of Japan Tobacco International U.S.A., Inc. and Akros Pharma Inc. by May 7, 2020 or shortly thereafter. Those filings will conclude JT's involvement in the MSP action.

### B.   *KPH* Action

#### 1.   JT's Statement

KPH Healthcare Services, Inc. ("KPH") filed its complaint on February 5, 2020 in the Northern District of California. In all material respects, the allegations in the *KPH* Complaint as to JT are the same

as the allegations in the original *Staley* complaint which was dismissed as to JT on March 3, 2020. ECF 273. On February 21, 2020, the *KPH* Action was related to the *Staley* Action ECF 269 in *Staley* and ECF 23 in *KPH.*

On February 28, 2020 KPH sent JT's counsel a request to waive service of the summons and complaint. JT did not respond to that request because just four days later the Court issued its March 3, 2020 Order in the *Staley* Action dismissing all claims against JT. In light of that ruling, it was unclear whether KPH would pursue its claims against JT.

Then, on April 17, 2020, KPH re-sent its February 28, 2020 request to JT to waive service. JT responded on April 17, 2020 stating that it declined to waive service of the summons and complaint. Because the KPH allegations in the *KPH* Action against JT are the same as the now-dismissed Staley allegations,  JT believes that KPH's claims against JT are subject to dismissal on the same grounds as in the *Staley* Action, especially given the Court's March 31, 2020 Order denying the Staley Plaintiffs' Motion for Reconsideration/Leave to Amend. (ECF 293).

In any event, JT has not yet been served with a complaint by KPH and until it is served under the Hague Convention procedures, JT reserves all rights and does not consent to jurisdiction of the Court to consider KPH's claims against JT.

Because KPH had not agreed until April 27, 2020 to be bound by the Court's Stipulated Protective Order (ECF 196) and had never requested that JT provide KPH counsel with any documents, counsel for KPH  may not have had all of the information needed to make an informed evaluation of the claims against JT. On April 29, 2020 counsel for KPH requested that JT provide counsel for KPH with un-redacted copies of the Court's March 31, 2020 Order denying the *Staley* Plaintiffs' Motion for Reconsideration/Leave to Amend (ECF 293) and a copy of the 2003 License between JT and Gilead which was also filed under seal. On April 30, 2020 JT provided those documents, as well as the underlying briefing by the *Staley* plaintiffs, JT and Gilead, to counsel for KPH on an attorneys' eyes only basis.

Based on its recent  discussions with counsel for KPH, JT is hopeful that once counsel for KPH has an opportunity to review these materials, KPH will promptly dismiss JT from the *KPH* Action, which would then end JT's involvement in these consolidated proceedings.

2. <b>KPH Plaintiffs' Statement</b>

After meeting and conferring, JT is now aware that KPH has had only very limited access to some unredacted documents that were apparently critical to the Court's decision of March 31, 2020.  On April 30, 2020, JT provided KPH with unredacted copies of the Gilead/JT licensing agreements, the unredacted March 31, 2020 Court's Order, as well as the legal memoranda filed in the Staley action regarding JT.  KPH will promptly analyze those documents, and will make a determination whether or not JT will be voluntarily dismissed.

Although JT has demonstrated its willingness to work collegially with plaintiff's counsel, there is one issue. In JT's argument, it states it "believes that KPH's claims against JT are subject to dismissal on the same grounds as in the Staley case."  However, this is the Court's determination to make, after considering such a motion filed by JT and the response, thereto.  It is not a conclusion for JT.  The Staley Complaint is premised on state law, whereby the KPH Complaint is brought under Federal statutes and law.

On the service issue, KPH has informed JT that KPH has hired a process service company to serve JT in Japan.

Respectfully submitted,


Dated:  April 30, 2020                             HILLIARD & SHADOWEN LLP

                                            By:  _/s/_ Steve Shadowen_____
                                                 STEVE D. SHADOWEN (*pro hac vice*)
                                                 steve@hilliardshadowenlaw.com
                                                 ROBERT C. HILLIARD (*pro hac vice*)
                                                 bob@hilliardshadowenlaw.com
                                                 RICHARD BRUNNELL (*pro hac vice*)
                                                 rbrunell@hilliardshadowenlaw.com
                                                 MATTHEW C. WEINER (*pro hac vice*)
                                                 matt@hilliardshadowenlaw.com
                                                 FRAZAR W. THOMAS (*pro hac vice*)
                                                 fraz@hilliardshadowenlaw.com
                                                 NICHOLAS W. SHADOWEN (*pro hac vice*)
                                                 nick@hilliardshadowenlaw.com
                                                 1135 W. 6th Street, Suite 125
                                                 Austin, TX 78703
                                                 Telephone:  (855) 344-3298
                                                 Facsimile:  (361) 882-3015

                                                 DARALYN J. DURIE (SBN 169825)

14

ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com

DAVID McGOWAN (SBN 154289)
dmcgowan@durietangri.com
LAURA E. MILLER (SBN 271713)
lmiller@durietangri.com
ADITYA V. KAMDAR (SBN 324567)
akamdar@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 362-6666
Facsimile:  (415) 236-6300

DURIE TANGRI LLP
W. HENRY HUTTINGER (SBN 312843)
hhuttinger@durietangri.com
953 East 3rd Street
Los Angeles, California 90013
Telephone: (213) 992-4422
Facsimile:  (415) 236-6300

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Interim Co-Lead Counsel for Plaintiffs*

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jgoldstein@sfmslaw.com

15

1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@sfmslaw.com
MICHAEL OLS (*pro hac vice*)
mols@sfmslaw.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

GUSTAFSON GLUEK PLLC
DANIEL C. HEDLUND (*pro hac vice* pending)
dhedlund@gustafsongluek.com

16

MICHELLE J. LOOBY (*pro hac vice* pending)
mlooby@gustafsongluek.com
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

GLANCY PRONGAY & MURRAY
KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

GLANCY PRONGAY & MURRAY
LEE ALBERT (*pro hac vice* pending)
lalbert@glancylaw.com
BRIAN P. MURRAY (*pro hac vice* pending)
bmurray@glancylaw.com
GREGORY B. LINKH (*pro hac vice* pending)
glinkh@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice* pending)
bcohen@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

MILBERG PHILLIPS GROSSMAN LLP
MICHAEL J. GALLAGHER, JR. (*pro hac vice*)
mgallagher@milberg.com
One Pennsylvania Plaza, 19th Floor
New York, New York 10119
Telephone: (212) 594-5300

SPECTOR ROSEMAN & KODROFF P.C.
EUGENE SPECTOR (*pro hac vice* pending)
espector@srkattorneys.com
JEFFREY KODROFF (*pro hac vice* pending)
jkodroff@srkattorneys.com
WILLIAM CALDES (*pro hac vice* pending)
bcaldes@srkattorneys.com
JEFFREY SPECTOR (*pro hac vice* pending)
jspector@srkattorneys.com

17

2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for Plaintiffs*

Dated:  April 30, 2020                    LAW OFFICES OF FRANCIS O. SCARPULLA

By:  _____*/s/* Francis Scarpulla_____

Francis O. Scarpulla (Cal. Bar 41059)
Patrick B. Clayton (Cal. Bar 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery St., 17th Floor
San Francisco, California 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

Dianne M. Nast
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

Michael L. Roberts
ROBERTS LAW FIRM
1920 McKinney Avenue, Suite 700
Dallas, Texas  75204
Telephone: (501) 952-8558
Email: mikeroberts@robertslawfirm.us

*Counsel for Plaintiff KPH Healthcare Services, Inc.*
*a/k/a Kinney Drugs, Inc.*

Dated:  April 30, 2020                    RIVERO MESTRE LLP

*/s/*    Charles Whorton_____
Jorge A. Mestre (*pro hac forthcoming*)
jmestre@riveromestre.com
Charles E. Whorton (*pro hac forthcoming*)
cwhorton@riveromestre.com

18

1

2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505

2

3

4

*Attorneys for Plaintiff MSP Recovery Claims,*
*Series LLC*

5

Dated:  April 30, 2020                              WHITE & CASE LLP

6

By: _____*/s/* Heather Burke_____

7

WHITE & CASE LLP
Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)

8

9

10

3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

11

12

13

14

Christopher M. Curran (*pro hac vice*)
Peter J. Carney (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005-3807
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
pcarney@whitecase.com

15

16

17

18

19

20

Heather K. McDevitt (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
Kristen O'Shaughnessy (*pro hac vice*)
Holly Tao (*pro hac vice*)
Gabriella E. Bensur (*pro hav vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com
kristen.oshaughnessy@whitecase.com
holly.tao@whitecase.com
gabriella.bensur@whitecase.com

21

22

23

24

25

26

27

28

1

2

3

4    Dated:  April 30, 2020

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21    Dated:  April 30, 2020

22

23

24

25

26

27

28

*Attorneys for Defendants*
*Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead*
*Sciences, LLC, and Gilead Sciences Ireland UC*

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/* Dan Asimow
ARNOLD & PORTER KAYE SCHOLER LLP
Daniel B. Asimow (SBN 165661)
daniel.asimow@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024

ARNOLD & PORTER KAYE SCHOLER LLP
Laura S. Shores (*pro hac vice*)
laura.shores@arnoldporter.com
Cindy Y. Hong (*pro hac vice*)
cindy.hong@arnoldporter.com
601 Massachusetts Ave. NW
Washington, DC 20001

ARNOLD & PORTER KAYE SCHOLER LLP
Ada Victoria Añon (*pro hac vice*)
ada.anon@arnoldporter.com
Travis W. Clark (*pro hac vice* pending)
travis.clark@arnoldporter.com
250 West 55th Street
New York, NY 10019

*Attorneys for Defendants*
*Bristol-Myers Squibb Company*
*and E. R. Squibb & Sons, L.L.C.*

FAEGRE DRINKER BIDDLE & REATH LLP

By:   */s/* Paul Riehle
Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111

FAEGRE DRINKER BIDDLE & REATH LLP
Paul H. Saint-Antoine (*pro hac vice*)
paul.saint-antoine@faegredrinker.com
Joanne C. Lewers (*pro hac vice*)
joanne.lewers@faegredrinker.com
One Logan Square, Ste. 2000

1

Philadelphia, PA 19103

2

*Attorneys for Defendants Janssen R&D Ireland,*
*Janssen Products LP, and Johnson & Johnson*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, W.

Heather Burke, attest that concurrence in the filing of this document has been obtained.

Dated: April 30, 2020                                          */s/* Heather Burke

                                                                          HEATHER BURKE

1

## <u>CERTIFICATE OF SERVICE</u>

2

    I hereby certify that on April 30, 2020 the within document was filed with the Clerk of the Court

3

using CM/ECF which will send notification of such filing to the attorneys of record in this case.

4

                                            */s/* Heather Burke

5

                                            HEATHER BURKE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28