UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STALEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02573-EMC(LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 403, 404 |

## INTRODUCTION

The parties have two discovery disputes: (1) the defendants' request for production of medical information about the named plaintiffs, which the plaintiffs contest on relevancy and privacy grounds, and (2) the defendants' subpoenas to 27 third-party health insurers and managed-care providers for information about their respective drug formularies, evaluation of HIV drugs, general policies regarding therapeutic drug substitution, reimbursement and rebates for HIV drugs, and patient-assistance program funding, which the plaintiffs move to quash as improper absent-class-member discovery.[1] The court held a hearing on August 27, 2020 and denies production of the medical information and allows the third-party discovery.

---

[1] Letters – ECF Nos. 403–404. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-02573-EMC (LB)

**ANALYSIS**

**1. Letter Brief – ECF No. 403**

As discussed at the August 27 hearing, the information (at least conceptually) is relevant to the typicality of the plaintiffs as class representatives and their antitrust injury. *Cf. Plumlee v. Pfizer, Inc.*, 13-cv-00414-LHK (PSG), 2013 WL 12149694, at *1 (N.D. Cal. Dec. 20, 2013) (in a case challenging efficacy of anti-depressant Zoloft, Judge Grewal ordered narrowed discovery into the named plaintiff's medical history relating to use of Zoloft); *id.*, 2014 WL 690511 at *4 (Feb. 21, 2014) (Judge Koh denied the plaintiffs' motion for relief from Judge Grewal's order, holding that the "[p]laintiff's medical history is directly relevant to class certification . . . [including] determin[ing] if plaintiff is a typical and adequate class representative") (cleaned up).

The issue is the scope of the production. The plaintiffs do not resist production of the prescription and the insurance information. There is no dispute that the named plaintiffs are HIV positive. The defense wants medical-record information about the reasons for the particular HIV treatment and thus insight into whether the plaintiffs could have chosen substitute treatments.[2] While relevance is a broad standard, the connection between the individual medical information and the market-wide inquiry about the interchangeability of drugs is attenuated. Given the privacy implications, the court does not order the discovery. The court recognizes the defendants' arguments that the privacy issues are addressed by a production based on attorneys' eyes only but does not think that a protective order changes the outcome.

For the reasons stated on the record, the medical records are not relevant to the product markets.

**2. Letter Brief – ECF No. 404**

The plaintiffs object to the defendants' third-party subpoenas as intrusive and burdensome, as improper absent-class-member discovery, and as unnecessary because the relevant-market analysis

---

[2] Letter – ECF No. 403 at 2.

1   must be based on readily available market-wide information.[3]

2   Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not
3   a party to the action." *Miller v. Ghirardelli Chocolate Co.*, C 12-4936-LB, 2013 WL 6774072, at
4   *2 (N.D. Cal. Dec. 20, 2013). Courts do consider plaintiffs' challenges to third-party subpoenas
5   directed to absent class members. *McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-
6   06450-MMC (KAW), 2017 WL 4798048, at *3–6 (granting in part plaintiffs' request to quash
7   subpoenas directed at absent class members); *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491
8   SC (JSL), 1992 WL 330411, at *1 (N.D. Cal. July 9, 1992) (same). The court assumes standing
9   and allows the discovery. "[T]here is no blanket rule barring discovery with respect to absent class
10  members." *Mas v. Cumulus Media Inc.*, C 10-1396-EMC, 2010 WL 4916402, at *3–4 (N.D. Cal.
11  Nov. 22, 2010). Discovery is appropriate "where the information sought is relevant, not readily
12  obtainable from the representative parties or other sources, and the request is not unduly
13  burdensome and made in good faith." *Id.* at *3 (cleaned up). The subpoenas seek relevant
14  information relating to the interchangeability of the drugs (a theory advanced by the plaintiffs) and
15  related cost information. Plus, relevancy is a low threshold. The plaintiffs assert burden, but they
16  did not explain why in the letter brief. At the hearing, they made a proportionality argument about
17  how the defendants ought to proffer some evidence to back their assertion of relevance, given the
18  burdens that document production and related depositions impose on the plaintiffs. But according
19  to the defendants, they are working productively with the insurers, who are producing information
20  and have not moved to quash. Also, the defendants will work with the insurers to narrow requests
21  to address any burden. Also according to the defendants, the document production is modest: two
22  or three hundred pages per third party. And they anticipate modest depositions: perhaps an
23  illustrative deposition or two limited to a few hours.

24  The defendants' representations defeat the contentions that burden and proportionality militate
25  against discovery. The court allows the discovery.

---

[3] Letter Brief – ECF No. 404 at 2–4.

ORDER – No. 19-cv-02573-EMC (LB)                3

**CONCLUSION**

The court denies production of the medical information and allows the third-party discovery. This disposes of ECF Nos. 403 and 404.

**IT IS SO ORDERED.**

Dated: August 28, 2020

_____
LAUREL BEELER
United States Magistrate Judge