1
Heather M. Burke (SBN 284100)
**WHITE & CASE**LLP
hburke@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109

2

3

4
Attorney for Defendants Gilead Sciences, Inc.,
Gilead Holdings, LLC, Gilead Sciences, LLC, and
5
Gilead Sciences Ireland UC

6
Daniel B. Asimow (SBN 165661)
7
**ARNOLD & PORTER KAYE SCHOLER LLP**
daniel.asimow@arnoldporter.com
Three Embarcadero Center, 10th Floor
8
San Francisco, CA 94111-4024

9
Attorney for Defendants Bristol-Myers Squibb
Company and E. R. Squibb & Sons, L.L.C.
10

11
*Additional Counsel for Defendants Listed on*
*Signature Page*
12

13
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
14
SAN FRANCISCO DIVISION

15
| | |
|---|---|
| STALEY, *et al.*, | Case No. 3:19-cv-02573-EMC (lead case) |
| Plaintiffs, | **GILEAD AND BMS DEFENDANTS'** **NOTICE OF MOTION, MOTION FOR** **COSTS AND A STAY OF** **PROCEEDINGS PURSUANT TO** **RULE 41(d), AND MEMORANDUM IN** **SUPPORT THEREOF** |
| v. | |
| GILEAD SCIENCES, INC., *et al.*, | |
| Defendants. | |

16

17

18

19

20
THIS DOCUMENT RELATES TO :

21
KPH Healthcare Services, Inc. v. Gilead
Sciences, Inc., *et al.*, No. 3:20-cv-06961-EMC
22

Hrg:          January 7, 2021
Time:        1:30 p.m.
Ctrm:       5 – 17th Floor
Judge:      Honorable Edward M. Chen

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR COSTS AND A STAY**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2021, at 1:30 p.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, in Courtroom 5 on the 17th Floor, before the Honorable Edward M. Chen, Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC (collectively, "Gilead"), and Bristol-Myers Squibb Company and E. R. Squibb & Sons, LLC (collectively, "BMS") will, and hereby do, move the Court for an award of costs, inclusive of attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(d). Gilead and BMS further move the Court to stay these proceedings until KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. ("KPH") has paid Defendants such costs. The Motion is based on this Notice of Motion and Motion for Costs and a Stay, the Memorandum of Points and Authorities, the Declaration of Heather M. Burke in Support of Rule 41(d) Motion ("Burke Decl."), the Declaration of Daniel B. Asimow in Support of Rule 41(d) Motion ("Asimow Decl."), all other pleadings and papers on file in this action, any matters upon which the Court may take judicial notice, the arguments of counsel, and any other matter the Court may properly consider. For purposes of the Memorandum of Points and Authorities, "Defendants" refers to Gilead and BMS, as defined above. "Janssen" refers to Janssen R&D Ireland and Johnson & Johnson, and "JT" refers to Japan Tobacco, Inc.

**RELIEF SOUGHT**

Defendants Gilead and BMS seek an order awarding certain costs, inclusive of attorneys' fees, for work incurred during KPH's earlier suit, which KPH voluntarily dismissed. Defendants also seek a stay of this litigation until KPH pays such costs, including fees.

1

## **TABLE OF CONTENTS**

2

**Page(s)**

3

STATEMENT OF ISSUES TO BE DECIDED .....................................................................1

4

INTRODUCTION ...............................................................................................................1

5

BACKGROUND .................................................................................................................2

6

        A. KPH Files and Voluntarily Dismisses its First Suit—February through June 2020 ......2

7

        B. KPH Fails to Engage in the Required Pre-Suit ADR .......................................................4

8

        C. KPH Files its Second Suit—October 2020.....................................................................4

9

ARGUMENT.......................................................................................................................6

10

I.     DEFENDANTS SHOULD BE AWARDED COSTS INCURRED DEFENDING
        KPH'S FIRST SUIT .................................................................................................7

11

12

     A. Defendants' Awarded Costs Should Include Reasonable Attorneys' Fees ...................8

13

     B. Defendants Seek an Order for Costs Incurred in KPH's First Suit that Are Not
        Useful in this Second Suit.................................................................................................9

14

II.    KPH'S SUIT SHOULD BE STAYED UNTIL KPH HAS COMPLIED WITH THE
        COURT'S ORDER ON COSTS..........................................................................................11

15

CONCLUSION....................................................................................................................11

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ali v. Chex Sys.*,
2017 U.S. Dist. LEXIS 130966 (E.D. Cal. Aug. 16, 2017) ........................................................9, 10

*Azizian v. Federated Dep't Stores, Inc.*,
499 F.3d 950 (9th Cir. 2007) ......................................................................................................9

*Esquivel v. Arau*,
913 F. Supp. 1382 (C.D. Cal. 1996) ...............................................................................7, 8, 9, 11

*Holt v. Kormann*,
2012 U.S. Dist. LEXIS 164339 (C.D. Cal. Nov. 15, 2012).........................................................11

*Johnson v. Gonzalez*,
2017 U.S. Dist. LEXIS 74572 (E.D. Cal. May 16, 2017)..........................................................11

*Jurin v. Google, Inc.*,
695 F. Supp. 2d 1117 (E.D. Cal. Mar. 1, 2010) .........................................................................6, 7

*KPH Healthcare Servs. v. Mylan N.V.*,
2020 U.S. Dist. LEXIS 106808 (D. Kan. June 18, 2020)..............................................................5

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
2019 U.S. Dist. LEXIS 40912 (N.D. Cal. Mar. 13, 2019)...........................................................9

*Marek v. Chesny*,
473 U.S. 1 (1985)..........................................................................................................................9

*Millman v. Wilmington Sav. Fund Soc'y, FSB*,
2018 U.S. Dist. LEXIS 73663 (N.D. Cal. May 1, 2018) (Chen, J.) ...........................................1, 6

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
2008 U.S. Dist. LEXIS 116462 (N.D. Cal. Sept. 29, 2008) ....................................................6, 8, 9

*Van v. Language Line Servs.*,
2015 U.S. Dist. LEXIS 6395 (N.D. Cal. Jan. 16, 2015), *vacated in part on other grounds*, 2015 U.S. Dist. LEXIS 167773 (N.D. Cal. Dec. 14, 2015)...................................6, 7, 11

### STATUTES

15 U.S.C. § 15..................................................................................................................................9

**RULES**

Fed. R. Civ. P. 1 ................................................................................................................7

Fed. R. Civ. P. 11(b)(1) .....................................................................................................7

Fed. R. Civ. P. 41(a) .................................................................................................4, 8, 9

Fed. R. Civ. P. 41(d) ................................................................................................. passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1      ## MEMORANDUM OF POINTS AND AUTHORITIES

2      ## STATEMENT OF ISSUES TO BE DECIDED

3      Whether Defendants BMS and Gilead are entitled to (1) an award of costs, including attorneys'

4      fees, under Rule 41(d) of the Federal Rules of Civil Procedure where KPH voluntarily dismissed its

5      earlier complaint against Defendants and refiled this nearly identical action, and (2) a stay under

6      Rule 41(d) until the award of costs, including attorneys' fees, is paid.

7      ## INTRODUCTION

8      Federal Rule of Civil Procedure 41(d) contemplates the award of costs, including attorneys'

9      fees, to discourage forum shopping and vexatious litigation where a plaintiff voluntarily dismisses a

10     first action, only to refile a substantively identical second action in order to gain some tactical advantage.

11     *See Millman v. Wilmington Sav. Fund Soc'y, FSB*, 2018 U.S. Dist. LEXIS 73663, at *7 (N.D. Cal. May

12     1, 2018) (Chen, J.).  KPH's conduct here is precisely the sort of behavior that Rule 41(d) was designed

13     to discourage.

14     First, during the initial suit that KPH filed in February 2020, Defendants identified numerous

15     fatal flaws in KPH's complaint.  These included the defective assignment on which KPH relied for

16     standing, and the fact that the proper forum for KPH's suit was first mediation between business

17     executives under binding alternative-dispute-resolution ("ADR") provisions, and then in mandatory

18     arbitration under the AAA Commercial Rules.  Defendants asked KPH to voluntarily dismiss its

19     complaint to remedy these defects.  KPH declined to respond substantively or to voluntarily dismiss at

20     that time.  Instead, KPH forced Defendants to file motions to dismiss and to compel arbitration in June

21     2020—at substantial expense and burden.  Only then did KPH voluntarily dismiss its complaint rather

22     than file an opposition.

23     Second, although in the *Staley* litigation this Court dismissed claims concerning the Gilead-JT

24     agreement, despite Defendants' multiple requests, and without providing a basis, KPH refused to

25     dismiss identical claims until the Court ordered it to explain what it intended to do.  ECF Nos. 319, 334.

26     KPH is an experienced antitrust plaintiff, actively litigating several putative class actions in

27     federal court.  KPH understood that its conduct would cause Defendants substantial expense and

28     unnecessary inconvenience.  Due to KPH's conduct in the first suit, Defendants incurred several

- 1 -

1    hundred thousand dollars of unnecessary expenses that are neither useful nor necessary for their present

2    motion to dismiss.  Defendants incurred those wasted expenses directly and exclusively as a result of

3    KPH's unreasonable conduct.

4         In order to deter KPH's vexatious approach to avoiding its ADR and arbitration obligations, and

5    to prevent prejudice to Defendants, BMS and Gilead seek an order confirming that they are entitled to

6    an award of litigation costs, including attorneys' fees, as to two specific categories of work in KPH's

7    first suit that are not useful in this second suit.  Additionally, as provided by Rule 41(d), Defendants

8    seek a stay of the instant litigation until KPH has paid these costs.

9                              **BACKGROUND**

10       **A.  KPH Files and Voluntarily Dismisses its First Suit—February through June 2020**

11            On February 5, 2020, KPH filed its first putative direct-purchaser class action complaint against

12    Gilead, BMS, Janssen, and JT alleging violations of §§ 1 and 2 of the Sherman Act.  Case No. 3:20-cv-

13    00880-EMC (N.D. Cal. Feb. 5, 2020), ECF No. 1 ("First Compl.").  Copying heavily from the

14    allegations of the earlier-filed *Staley* litigation, KPH claimed that, "[a]s a result of Defendants'

15    anticompetitive conduct, Plaintiff and Members of a putative Direct Purchaser Class ('Class Members')

16    paid more for cART regimen drugs than they otherwise would have paid in the absence of Defendants'

17    unlawful conduct and sustained damages in the form of overcharges for their cART regimen drugs

18    requirements."  *Id.* ¶ 4.  KPH's first complaint requested certification of a direct-purchaser class,

19    permanent injunctive relief, adjudication that Defendants' alleged conduct violated the Sherman Act,

20    joint and several damages against Defendants (including treble damages), pre-judgment and post-

21    judgment interest, costs of suit, and "other and further relief as the Court deems just and proper."  *Id.* at

22    113-14.

23            Meanwhile, in the *Staley* litigation, the Court on March 3 granted in part Defendants' motion to

24    dismiss, including dismissing the claims against JT and Gilead concerning their agreement to develop

25    new HIV treatments.  ECF No. 273 at 32-33.[1]  And on March 31, 2020, this Court denied the *Staley*

26    Plaintiffs' motion for reconsideration as to the Gilead-JT agreement.  ECF No. 293.  As a result, KPH's

27    first complaint was clearly based on an outdated and superseded complaint.  Based on the Court's

28
_____
[1] All ECF cites are to the *Staley* docket, No. 3:19-cv-02573, unless otherwise indicated.

1  rulings, counsel for Gilead and JT repeatedly asked KPH to amend its complaint to drop the claims the

2  Court had already dismissed in the *Staley* litigation.  KPH declined, opting to rather "stand[] firm on the

3  Complaint as filed."  Apr. 20, 2020 e-mail at 8:02 a.m., Burke Decl. in Supp. Mot. to Dismiss Ex. P,

4  ECF No. 460-17.  It was only after the Court at the May 7, 2020 conference instructed KPH to "take

5  into consideration . . . this Court's ruling on the merits" concerning the Gilead-JT agreement, to

6  "consider the potential consequences of keeping [JT] in [the case]," and to make a decision on whether

7  it planned to proceed against JT, that KPH voluntarily dismissed its Gilead-JT agreement claim on May

8  14.  Teleconf. Proceedings Tr. at 42:17-44:17, ECF No. 334; *see* Notice of Voluntary Dismissal ¶ 1,

9  ECF No. 327 ("This Court directed Plaintiff *via* Minute Entry, dated May 7, 2020 (Doc. #319) to state

10  its intention as to whether it will pursue claims against Defendant Japan Tobacco, Inc. in this case.").

11      Defendants and Janssen also repeatedly alerted KPH as to the numerous additional deficiencies

12  in its first complaint, including that: (1) McKesson was required to fulfill its pre-suit ADR obligations;

13  (2) McKesson/KPH was required to arbitrate its claims after complying with those mandatory pre-suit

14  ADR obligations; and (3) KPH lacked standing due to its defective assignment.  *See* Apr. 9, 2020 Ltr.

15  from BMS to McKesson & KPH, Burke Decl. in Supp. Mot. to Dismiss Ex. I, ECF No. 460-10; Mar.

16  26, 2020 Ltr. from Gilead to KPH, Burke Decl. in Supp. Mot. to Dismiss Ex. N, ECF No. 460-15; Mar.

17  27, 2020 Ltr. from Janssen to KPH, Burke Decl. in Supp. Mot. to Dismiss Ex. O, ECF No. 460-16; Apr.

18  20, 2020 e-mail at 8:02 a.m., Burke Decl. in Supp. Mot. to Dismiss Ex. P, ECF No. 460-17.  Ultimately,

19  KPH refused to amend or voluntarily dismiss its complaint, or to even provide any substantive response

20  or explanation for why KPH's claims were not subject to ADR.  *See* Apr. 20, 2020 e-mail at 8:02 a.m.,

21  Burke Decl. in Supp. Mot. to Dismiss Ex. P, ECF No. 460-17.  At the May 7, 2020 status conference,

22  Defendants raised with the Court the arbitration requirement that KPH was seeking to ignore, and the

23  Court stayed discovery as to Janssen until after the resolution of the arbitration issues.  *See* Teleconf.

24  Proceedings Tr. at 24:5-29:5, ECF No. 334; May 7, 2020 Minute Entry, ECF No. 319.

25      On June 5, 2020, Defendants filed a motion to dismiss KPH's complaint for failure to state a

26  claim and lack of standing, as well as a separate motion to compel arbitration.  ECF Nos. 358, 359.  The

27  stipulated date for KPH's opposition was June 26, 2020.  *See* ECF No. 311 at 8.  Instead of filing an

28

1    opposition, KPH voluntarily dismissed its complaint on June 23, 2020, pursuant to Rule 41(a)(1).  *See*

2    Notice of Voluntary Dismissal, ECF No. 369.

3            In its Voluntary Notice of Dismissal, KPH claimed it planned to "participate in settlement

4    negotiations," and to resolve the matter "as referred to in the Gilead and BMS Distributor Agreements."

5    *Id.*  KPH thus ultimately did what Defendants had been requesting for months—it dismissed the

6    complaint.  But it did so only after putting Defendants to the considerable expense of filing multiple

7    motions.  And KPH still has not yet complied with the contractual pre-litigation ADR procedures.

8            **B.   KPH Fails to Engage in the Required Pre-Suit ADR**

9            Contrary to its representations in its notice of dismissal, KPH did not comply with the contractual

10   pre-litigation ADR procedures.  As set forth in Defendants' Motion to Dismiss filed contemporaneously

11   with this Motion, KPH never even attempted to have McKesson executives meet with Gilead executives

12   or BMS executives, as required by the respective ADR provisions.  *See* Mem. in Supp. of Mot. to

13   Dismiss KPH & FWK's Class Action Compls. § I, ECF No. 460.  Counsel for McKesson explicitly took

14   the position that McKesson would not participate in such discussions, disclaiming the applicability of

15   those provisions.  *See* June 25, 2020 e-mail at 7:34 p.m. from S. Winick, counsel for McKesson, Burke

16   Decl. in Supp. Mot. to Dismiss Ex. T, ECF No. 460-21 ("To be clear, it is McKesson's position that the

17   dispute resolution provisions of the distribution agreements are not triggered by generic delay antitrust

18   cases.  We do not deem these to be covered disputes.").

19           **C.   KPH Files its Second Suit—October 2020**

20           On October 6, 2020, KPH filed a second putative direct-purchaser class action complaint against

21   Defendants.  Case No. 3:20-cv-06961-EMC (N.D. Cal. Oct. 6, 2020), ECF No. 1 ("Second Compl.").

22   KPH's second complaint challenges the same conduct, based on the same underlying facts.  *See, e.g.*,

23   Second Compl. ¶ 4 ("As a result of Defendants' anticompetitive conduct, Plaintiff and Members of a

24   putative Direct Purchaser Class ('Class Members') paid more for cART regimen drugs than they

25   otherwise would have paid in the absence of Defendants' unlawful conduct and sustained damages in

26   the form of overcharges for their cART regimen drugs requirements.").

27           KPH's new complaint brings substantially similar causes of action pursuant to §§ 1 and 2 of the

28   Sherman Act against nearly identical parties.  *Compare* First Compl. ¶¶ 392-441, *with* Second Compl.

- 4 -

1   ¶¶ 436-72.  In fact, the only difference in parties is that KPH dropped Janssen as a defendant in a blatant

2   attempt to side-step the mandatory arbitration provision.  And despite its omission of Janssen as a

3   Defendant, KPH still includes the same factual allegations throughout its second complaint regarding

4   Gilead's collaborations with Janssen, which KPH now categorizes as a "non-party co-conspirator."  *See,*

5   *e.g.*, Second Compl. ¶¶ 128-63, 458-64.  KPH's second complaint also seeks the same relief as its first

6   complaint:   certification of a direct-purchaser class, permanent injunctive relief, adjudication that

7   Defendants' alleged conduct violated §§ 1 and 2 of the Sherman Act, joint and several damages against

8   Defendants (including treble damages), pre-judgment and post-judgment interest, costs of suit, and

9   "other and further relief as the Court deems just and proper."  *Id.* at 123-24.

10       Essentially, KPH re-filed the complaint that it voluntarily dismissed on June 23, 2020, making

11   slight changes in an attempt to stave off Defendants' motions to dismiss and to compel arbitration.  In

12   particular, KPH secured from McKesson a new assignment that purports to remedy the many problems

13   of its original assignment—including that the original assignment only assigned to KPH claims as to

14   one Gilead entity and failed entirely to assign any claims regarding BMS and Janssen (not to mention

15   that it was executed well after KPH filed its first complaint).  *See* ECF No. 358 at 8-10.  While KPH's

16   new assignment purports to assign claims as to BMS, Defendants have again made KPH aware of the

17   glaring deficiencies still present in its second complaint, including McKesson's continuing failure to

18   engage in the mandatory pre-suit ADR procedures.  *See* Oct. 26, 2020 Ltr. from BMS to McKesson,

19   Burke Decl. in Supp. Mot. to Dismiss Ex. L, ECF No. 460-13; Nov. 3, 2020 Ltr. from Gilead to KPH &

20   McKesson, Burke Decl. in Supp. Mot. to Dismiss Ex. K, ECF No. 460-12; *see also* Mem. in Supp. of

21   Mot. to Dismiss KPH & FWK's Class Action Compls. § I, ECF No. 460.

22       KPH also alleges in its complaint that the pre-dispute ADR provisions do not apply to this case.

23   *See* Second Compl. ¶¶ 42-46; June 25, 2020 e-mail at 7:34 p.m. from Steve Winick, counsel for

24   McKesson, Burke Decl. in Supp. Mot. to Dismiss Ex. T, ECF No. 460-21.  But KPH does not disclose

25   that, earlier this year, another district court rejected KPH's argument that similar antitrust claims for

26   overcharges did not "arise from" assignor McKesson's distribution agreement in that case.  *See KPH*

27   *Healthcare Servs. v. Mylan N.V.*, 2020 U.S. Dist. LEXIS 106808, at *14, *17 (D. Kan. June 18, 2020)

28   ("All of these purchases by [KPH's assignor] McKesson—made '*under this Agreement*'—provide the

1  foundation for [KPH's] antitrust claims," and thus KPH's "antitrust claims in this lawsuit arise from the

2  Agreement").  And, once again KPH has refused to dismiss its suit or provide anything other than

3  promises to respond at some later date.  *See* November 9, 2020 e-mail at 12:00 p.m., Burke Decl. in

4  Supp. Mot. to Dismiss Ex. S, ECF No. 460-20 (KPH will respond "reasonably promptly").

5  **ARGUMENT**

6  Pursuant to Federal Rule of Civil Procedure 41(d), district courts have the authority to award

7  "costs" incurred by a defendant during a prior litigation after a plaintiff dismisses its action and then

8  "files an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d).

9  Courts may also "stay the proceedings until the plaintiff has complied." *Id.*; *see Nuance Commc'ns,*

10  *Inc. v. Abbyy Software House*, 2008 U.S. Dist. LEXIS 116462, at *11 (N.D. Cal. Sept. 29, 2008),

11  *adopted*, No. 3:08-cv-02912-JSW (N.D. Cal. Nov. 6, 2008), ECF No. 65.

12  "Rule 41(d) endows federal courts with 'broad discretion' to order stays and the payment of costs

13  to deter 'forum shopping and vexatious litigation.'"  *Millman*, 2018 U.S. Dist. LEXIS 73663, at *7

14  (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996)). "Rule 41(d) is intended to prevent

15  attempts to gain any tactical advantage by dismissing and re-filing the suit."  *Id.*  Rule 41(d) is also

16  meant "to protect defendants from the harassment of repeated lawsuits by the same plaintiff on the same

17  claims." *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. Mar. 1, 2010); *see also Van v.*

18  *Language Line Servs.*, 2015 U.S. Dist. LEXIS 6395, at *18 (N.D. Cal. Jan. 16, 2015) ("An award of

19  reasonable costs under Rule 41(d) serves the dual purposes of deterring forum shopping and vexatious

20  litigation, as well as compensating a party for 'the preparation of work product rendered useless by the

21  dismissal of [plaintiff's previous action].'"), *vacated in part on other grounds*, 2015 U.S. Dist. LEXIS

22  167773 (N.D. Cal. Dec. 14, 2015).

23  Notably, there is no "bad faith" requirement to receive costs under Rule 41(d).  *See Nuance*,

24  2008 U.S. Dist. LEXIS 116462, at *11 (citing *Esquivel*, 913 F. Supp. at 1391 n.14).  In deciding a motion

25  for costs under Rule 41(d), this Court has held that "[t]he court should simply assess whether the

26  plaintiff's conduct satisfies the [rule's] requirements" and grant the motion if "the circumstances of the

27  case warrant an award . . . to prevent prejudice to the defendant."  *Millman*, 2018 U.S. Dist. LEXIS

28  73663, at *7 (quoting *Esquivel*, 913 F. Supp. at 1388).

- 6 -

1    **I.    DEFENDANTS SHOULD BE AWARDED COSTS INCURRED DEFENDING KPH'S**

2           **FIRST SUIT**

3           KPH's conduct indisputably satisfies the requirements of Rule 41(d).  KPH voluntarily

4    dismissed its first action after Defendants filed motions to dismiss and to compel arbitration in June

5    2020, apparently recognizing the merits of Defendants' arguments.  KPH did so even though Defendants

6    pointed out all of the defects to KPH in correspondence and requested that KPH voluntarily dismiss as

7    early as March and April 2020.  But rather than observe its duty to promote the "just, speedy, and

8    inexpensive determination of every action" (Fed. R. Civ. P. 1), and avoid filings that "harass, cause

9    unnecessary delay, or needlessly increase the cost of litigation" (Fed. R. Civ. P. 11(b)(1)), KPH forced

10   Defendants to incur the expense of filing multiple motions directed to the first complaint.  KPH then

11   filed a second complaint containing nearly identical causes of action against two of the same Defendants

12   pursuant to §§ 1 and 2 of the Sherman Act, based on the same underlying facts, seeking the same relief.

13   *Compare* First Compl. at 103-14, *with* Second Compl. at 115-24; *see Esquivel*, 913 F. Supp. at 1387

14   ("Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly

15   identical, claim and has requested identical, or nearly identical, relief.").

16          KPH "has simply re-filed an amended version of [its] earlier suit" and should not be permitted

17   to "voluntarily dismiss [its] original suit only to further harass Defendant with renewed allegations of

18   the same claims." *Jurin*, 695 F. Supp. 2d at 1123.  Indeed, even when a plaintiff makes minor changes

19   or adds new theories, Rule 41(d) applies.  For instance, in *Esquivel*, the Court found that "Esquivel's

20   new action in the Central District incorporates all the claims previously brought in the Southern District

21   Action," and awarded costs and fees, even though the new action included a range of additional legal

22   theories, including unfair competition. *Esquivel*, 913 F. Supp. at 1387.  The Court in *Esquivel* observed

23   that "the operative facts alleged are essentially the same," and thus held that "under the standard of Rule

24   41(d), plaintiff has 'commenced an action based upon or including the same claim[s] [as brought in a

25   previously dismissed action] against the same defendant.'"  *Id.*  Just as in *Esquivel*, here the "operative

26   facts" are the same, and KPH "has failed to present a persuasive explanation for the course of litigation

27   described above, and it is clear that Defendants have incurred needless expenditures as a result." *Id.* at

28   1388; *see also Van*, 2015 U.S. Dist. LEXIS 6395, at *13-15 (awarding costs under Rule 41(d) where

- 7 -

1   the plaintiff filed a new action that was "virtually interchangeable" with the action she voluntarily

2   dismissed and had "engaged in vexatious litigation tactics").

3                   **A.  Defendants' Awarded Costs Should Include Reasonable Attorneys' Fees**

4           Although "[t]he Ninth Circuit has not explicitly addressed the question of attorneys' fees under

5   Rule 41(d) . . . it has repeatedly suggested that payment of attorneys' fees may be ordered as a condition

6   to voluntary dismissal under Rule 41(a)(2)." *Esquivel*, 913 F. Supp. at 1389 (citing *Koch v. Hankins*,

7   8 F.3d 650, 652 (9th Cir. 1993); *Stevedoring Servs. of Am. v. Armilla Int'l*, 889 F.2d 919, 921 (9th Cir.

8   1989); *Lau v. Glendora Unified School Dist.*, 792 F.2d 929 (9th Cir. 1986); *Unioil, Inc. v. E.F. Hutton*

9   *& Co., Inc.*, 809 F.2d 548, 556 (9th Cir. 1986), *cert. denied*, 484 U.S. 822 (1987)).  The fact that the

10  Ninth Circuit has imposed an award of attorneys' fees as a "condition" to dismissal under Rule 41(a)(2)

11  "lends support to the proposition that Rule 41(d) 'costs' awards should also include attorneys' fees."

12  *See Esquivel*, 913 F. Supp. at 1391 ("Given that the purpose of Rule 41(d) is to discourage indiscriminate

13  and vexatious litigation and unnecessary expenditures by defending parties, it would be inconsistent to

14  conclude that a court has discretion to condition Rule 41(a)(2) voluntary dismissal without prejudice on

15  payment of attorneys' fees, but that a court does *not* have discretion to exact the same payment from a

16  plaintiff who has noticed a Rule 41(a)(1) dismissal in a previous case.").  An award of fees serves to

17  "prevent undue prejudice to [D]efendant[s] from unnecessary or vexatious litigation." *Nuance*, 2008

18  U.S. Dist. LEXIS 116462, at *11-12 (awarding attorneys' fees as costs under Rule 41(d)); *see Esquivel*,

19  913 F. Supp. at 1391 ("[I]f Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from

20  unnecessary or vexatious litigation, there does not seem to be a clear reason why Rule 41(d) would

21  provide only for an award of costs *exclusive* of attorneys' fees, since the typical defendant cannot

22  adequately defend a case without incurring such fees.").

23          Under the circumstances of this case, the Court did not "have an opportunity to prevent possible

24  prejudice to the [D]efendant[s] by conditioning [KPH's] dismissal on payment of costs and fees under

25  Rule 41(a)(2)." *Esquivel*, 913 F. Supp. at 1392; *see* Notice of Voluntary Dismissal ¶ 3, ECF No. 369

26  ("The effect of this filing under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure is an

27  immediate dismissal.").  Rule 41(d) authorizes the Court to now "step in and assume that role by

28  preventing the second litigation from proceeding until payment of costs and fees is made." *Esquivel*,

913 F. Supp. at 1392.  Indeed, an award of costs exclusive of fees under Rule 41(d) would be particularly inadequate in a case like this, where Defendants "ha[ve] undertaken to file a lengthy motion to dismiss," *id.* at 1391, but the taxable court costs are *de minimis*.  Thus, consistent with the Ninth Circuit's application of Rule 41(a)(2) and the purposes of Rule 41(d), this Court should award Defendants costs inclusive of reasonably incurred attorneys' fees. *See Nuance*, 2008 U.S. Dist. LEXIS 116462, at *11-14 (following *Esquivel* and awarding attorneys' fees under Rule 41(d)).[2]

**B. Defendants Seek an Order for Costs Incurred in KPH's First Suit that Are Not Useful in this Second Suit**

Defendants request that the Court award only those costs and attorneys' fees expended by Defendants during KPH's first action that will *not* be useful in the instant suit and are reasonable under the "lodestar" calculation method. *See Ali v. Chex Sys.*, 2017 U.S. Dist. LEXIS 130966, at *8-10 (E.D. Cal. Aug. 16, 2017) (plaintiffs were properly charged with defendant's costs associated with the first case under Rule 41(d)).  Taking a conservative approach, Defendants will forgo an award of fees for work that may be recycled, even in part, from the motions directed to the first complaint for use in a second motion.  Nonetheless, Defendants estimate that combined they have collectively incurred several hundred thousand dollars in attorneys' fees for work in the first suit that is not useful in this second suit. As detailed in the accompanying declarations, these efforts fall into two general categories:

First, Defendants seek attorneys' fees for work on the earlier motion to dismiss as to (1) deficiencies in the now-superseded assignment from McKesson, and (2) KPH's refusal in its first complaint to conform to the Court's March 3 Order in the *Staley* case.  These aspects of Defendants' work on the previous motion to dismiss (ECF No. 358) will not be useful in these proceedings because KPH has obtained a new assignment and because KPH has now, belatedly, addressed the March 3 Order. *See* Burke Decl. ¶¶ 13-14; Asimow Decl. ¶¶ 5-10.

---

[2] Moreover, the underlying substantive statute in this matter, the Clayton Act, 15 U.S.C. § 15, defines "costs" to include attorneys' fees, which further supports awarding attorneys' fees under Rule 41(d) in this case. *See LegalForce, Inc. v. LegalZoom.com, Inc.*, 2019 U.S. Dist. LEXIS 40912, at *4-5 (N.D. Cal. Mar. 13, 2019) (holding attorneys' fees available under Rule 41(d) when underlying substantive statute defines "costs" to include attorneys' fees); *see also Marek v. Chesny*, 473 U.S. 1, 8 (1985) (Clayton Act includes attorney's fees as part of awardable "costs"); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 959 (9th Cir. 2007) ("We agree that Section 4 [of the Clayton Act] includes attorney's fees as costs." (citing *Marek*, 473 U.S. at 8)).

- 9 -

1   Second, Defendants are entitled to attorneys' fees for unnecessary time spent drafting,

2   negotiating, and re-drafting the Stipulation and Proposed Order on Coordination specific to the timing

3   and allegations of the first action (ECF No. 305).  During negotiation of this stipulation, KPH repeatedly

4   indicated that it would amend its complaint given the Court's rulings in *Staley* dismissing certain claims

5   that KPH also brought.  *See* Burke Decl. ¶ 8.  Weeks later, however, KPH unexpectedly changed course

6   and required Defendants to expend time and resources revising the draft stipulation.  *See id.* ¶¶ 9-10.

7   The Stipulation and Proposed Order on Coordination ultimately filed in April 2020 (ECF No. 305)

8   included nothing on dismissing claims that this Court had already dismissed in *Staley*.  *See* Burke Decl.

9   ¶¶ 8-12.

10   KPH's refusal to stipulate to dismiss its claims regarding the Gilead-JT agreement—claims that

11   were already dismissed in the *Staley* case—required Defendants to raise the issue at the May 7, 2020

12   status conference.  *See id.* ¶ 11.  As a result, during the conference, the Court asked KPH whether it still

13   planned to pursue claims against JT.  *See* Teleconf. Proceedings Tr. at 42:17-22, ECF No. 334.  KPH

14   could provide no substantive response as to whether it would maintain such claims, and the Court

15   ordered KPH to report in 7 days as to whether it planned to proceed against JT.  *See id.* at 43:4-44:15;

16   Minute Entry (May 7, 2020), ECF No. 319 ("Counsel for KPH shall file a statement by 5/14/2020 as to

17   whether it intends to proceed with litigation against Japan Tobacco.").  After all of these attempts by

18   Defendants to resolve this issue in a cost-effective and amicable manner, on May 14, 2020, KPH finally

19   filed a Notice of Voluntary Dismissal of its JT-related claims.  ECF No. 327.

20   Neither of these categories of work has been or will be useful in the current litigation, and the

21   costs and fees associated with such work should be awarded under Rule 41(d).  *See* Burke Decl. ¶ 16;

22   Asimow Decl. ¶ 11; *Ali*, 2017 U.S. Dist. LEXIS 130966, at *8-10 (awarding costs to the defendants

23   under Rule 41(d) where the work associated with such costs were not useable in the current litigation).

24   Accordingly, Defendants seek an order awarding reasonable attorneys' fees for each of these two

25   categories of unnecessary work from KPH's first suit.  Defendants propose to submit, on a schedule to

26   be set by the Court, declarations and supporting materials to demonstrate the exact amount of the fees

27   sought, and the reasonableness of those fees.  *See Holt v. Kormann*, 2012 U.S. Dist. LEXIS 164339, at

28   *15 (C.D. Cal. Nov. 15, 2012) (granting Rule 41(d) motion and holding: "Fee awards are calculated

- 10 -

1    using the 'lodestar' method, which is obtained by multiplying the number of hours reasonably expended

2    on litigation by a reasonable hourly rate").  Alternatively, Defendants propose that the Court appoint a

3    special master to determine the amount of recoverable fees.

4    **II.    KPH'S SUIT SHOULD BE STAYED UNTIL KPH HAS COMPLIED WITH THE**

5    **COURT'S ORDER ON COSTS**

6    Rule 41(d) also provides the Court with authority to "stay the proceedings until the plaintiff has

7    complied" with the Court's order to pay Defendants' costs.  Fed. R. Civ. P. 41(d).  Courts in the Ninth

8    Circuit routinely grant stays where costs are awarded under Rule 41(d).  *See, e.g.*, *Johnson v. Gonzalez*,

9    2017 U.S. Dist. LEXIS 74572, at *7 (E.D. Cal. May 16, 2017); *Van*, 2015 U.S. Dist. LEXIS 6395, at

10   *27; *Esquivel*, 913 F. Supp. at 1393.

11   Here, a stay is particularly warranted due to the vexatious approach to KPH's litigation.  For

12   example, in its first suit, KPH refused to voluntarily dismiss claims that this Court had already dismissed

13   in the *Staley* litigation.  *See* Burke Decl. ¶ 10; Apr. 20, 2020 e-mail at 8:02 a.m., Burke Decl. in Supp.

14   Mot. to Dismiss Ex. P, ECF No. 460-17.  KPH only voluntarily dismissed its claims as to the Gilead-

15   JT agreement that the Court had already dismissed in the *Staley* action when the Court "directed

16   [KPH] . . . to state its intention as to whether it will pursue claims against Defendant [JT]."  Notice of

17   Voluntary Dismissal ¶ 1, ECF No. 327; *see* ECF Nos. 319, 334.  Likewise, Defendants repeatedly raised

18   the numerous fatal flaws as to KPH's first complaint, but only after Defendants expended substantial

19   time and resources filing dispositive motions did KPH voluntarily dismiss.  ECF No. 369.  KPH has

20   demonstrated that it will only respond to specific, court-ordered deadlines.  Accordingly, a stay of this

21   suit is particularly apt until KPH complies with any order awarding costs, including fees.

22   **CONCLUSION**

23   For the foregoing reasons, Defendants respectfully request that this Court issue an order

24   (1) directing KPH to pay Defendants Gilead and BMS's costs, including fees, incurred in connection

25   with the above-identified aspects of the previously dismissed action; and (2) setting a schedule for

26   submissions by the parties as to the amount of costs, including fees, that KPH should pay.  The Court

27

28

- 11 -

1    should also stay this action under Rule 41(d) until KPH has complied with the Court's order of payment

2    to Defendants.

3                                                    Respectfully submitted,

4     Dated:    November 25, 2020               WHITE & CASE LLP

5

6                                          By:   */s/ Heather M. Burke*
                                                 Heather M. Burke (SBN 284100)
                                                 Jeremy K. Ostrander (SBN 233489)
7                                                **WHITE & CASE**LLP
                                                 3000 El Camino Real
8                                                2 Palo Alto Square, Suite 900
                                                 Palo Alto, CA  94306-2109
9                                                Telephone:  (650) 213-0300
                                                 Facsimile: (650) 213-8158
10                                               hburke@whitecase.com
                                                 jostrander@whitecase.com
11
                                                 Christopher M. Curran (*pro hac vice*)
12                                               Peter J. Carney (*pro hac vice*)
                                                 **WHITE & CASE**LLP
13                                               701 Thirteenth Street, NW
                                                 Washington, District of Columbia 20005-3807
14                                               Telephone:  (202) 626-3600
                                                 Facsimile: (202) 639-9355
15                                               ccurran@whitecase.com
                                                 pcarney@whitecase.com
16
                                                 Heather K. McDevitt (*pro hac vice*)
17                                               Bryan D. Gant (*pro hac vice*)
                                                 Kristen O'Shaughnessy (*pro hac vice*)
18                                               Alison Hanstead (*pro hac vice*)
                                                 **WHITE & CASE**LLP
19                                               1221 Avenue of the Americas
                                                 New York, New York 10020
20                                               Telephone: (212) 819-8200
                                                 Facsimile: (212) 354-8113
21                                               hmcdevitt@whitecase.com
                                                 bgant@whitecase.com
22                                               kristen.oshaughnessy@whitecase.com
                                                 ahanstead@whitecase.com
23
                                                 Attorneys for Defendants Gilead Sciences, Inc.,
24                                               Gilead Holdings, LLC, Gilead Sciences, LLC, and
                                                 Gilead Sciences Ireland UC
25

26    Dated:    November 25, 2020               ARNOLD & PORTER KAYE SCHOLER LLP

27
                                           By:   */s/ Daniel B. Asimow*
28                                               ARNOLD & PORTER KAYE SCHOLER LLP

1    Daniel B. Asimow (SBN 165661)
     daniel.asimow@arnoldporter.com
2    Three Embarcadero Center, 10th Floor
     San Francisco, CA 94111-4024

3    ARNOLD & PORTER KAYE SCHOLER LLP
     Laura S. Shores (*pro hac vice*)
4    laura.shores@arnoldporter.com
     James L. Cooper (*pro hac vice*)
5    james.cooper@arnoldporter.com
     Anne P. Davis (*pro hac vice*)
6    anne.davis@arnoldporter.com
     Allison P. Gardner (*pro hac vice*)
7    allison.gardner@arnoldporter.com
     Michael A. Rubin (*pro hac vice*)
8    michael.rubin@arnoldporter.com
     601 Massachusetts Ave. NW
9    Washington, DC 20001

10   ARNOLD & PORTER KAYE SCHOLER LLP
     Ada Victoria Añon (*pro hac vice*)
11   ada.anon@arnoldporter.com
     Travis W. Clark (*pro hac vice*)
12   travis.clark@arnoldporter.com
     250 West 55th Street
13   New York, NY 10019

14   *Attorneys for Defendants*
     *Bristol-Myers Squibb Company*
15   *and E. R. Squibb & Sons, L.L.C.*

16

17

18

19

20

21

22

23

24

25

26

27

28

GILEAD AND BMS DEFENDANTS' NOTICE OF MOTION, MOTION FOR COSTS AND
A STAY OF PROCEEDINGS PURSUANT TO RULE 41(d), AND MEMORANDUM IN SUPPORT THEREOF
CASE NO: 3:19-CV-02573-EMC / RELATED CASE NO: 3:20-CV-06961-EMC

1

## **FILER'S ATTESTATION**

2      Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Heather M. Burke, attest that

3   concurrence in the filing of this document has been obtained.

4

      Executed:      November 25, 2020          /s/                    *Heather M. Burke*
5                                                                    Heather M. Burke

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GILEAD AND BMS DEFENDANTS' NOTICE OF MOTION, MOTION FOR COSTS AND
A STAY OF PROCEEDINGS PURSUANT TO RULE 41(d), AND MEMORANDUM IN SUPPORT THEREOF
CASE NO: 3:19-CV-02573-EMC / RELATED CASE NO: 3:20-CV-06961-EMC

1

## <u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on November 25, 2020, the within document was filed with the Clerk of the

3    Court using CM/ECF, which will send notification of such filing to the attorneys of record in this case.

4

Executed:          November 25, 2020          /s/                    *Heather M. Burke*

5                                                           Heather M. Burke

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GILEAD AND BMS DEFENDANTS' NOTICE OF MOTION, MOTION FOR COSTS AND
A STAY OF PROCEEDINGS PURSUANT TO RULE 41(d), AND MEMORANDUM IN SUPPORT THEREOF
CASE NO: 3:19-CV-02573-EMC / RELATED CASE NO: 3:20-CV-06961-EMC