UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PETER STALEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02573-EMC(LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 617 |

The parties dispute whether Janssen appropriately redacted information about loss of patent exclusivity as privileged. Janssen contends that the information reflects its attorneys' legal impressions, and the plaintiffs contend that the information is not privileged because the predominant purpose of the communication was business strategy, not legal advice. The parties submitted nine documents for in camera review as a representative sample of their dispute.[1]

The court held a hearing on May 20, 2021 and issued an order the following day finding that Exhibit 3 and Exhibit 9, which is a draft of Exhibit 3, are privileged. The court also found that the first rows and the second bullet points in the third rows of Exhibit 5, page 156, and Exhibit 6, page 163, are privileged. The court found that the remaining exhibits and redactions were not privileged

---

[1] Discovery Letter – ECF No. 573. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-02573-EMC

based on the submitted briefing but directed the parties to meet and confer about a new case that Janssen raised at the hearing, which it said demonstrated the remaining documents were privileged.[2] The parties submitted a supplemental discovery letter addressing the new case and making arguments regarding the remaining exhibits the court did not find were privileged in its first order.[3] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). Based on the supplemental letter, the court finds that, except as noted below, the remaining exhibits and redactions are privileged.

The Ninth Circuit has defined the relevant standard for determining privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quotation omitted). The attorney-client privilege does not apply to an attorney's communications about business matters (as opposed to legal advice). *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). "Corporations may not conduct their business affairs in private simply by staffing a transaction with attorneys." *Id.* (citing *United States v. Margolis (In re Fischel)*, 557 F.2d 209, 211 (9th Cir. 1977)). So, for example, an email is not privileged merely because an attorney is on the thread and there are contemporaneous meetings seeking legal advice about the subject-matter of the emails. *See, e.g., Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640-YGR (TSH), Order – ECF No. 512 at 2 (N.D. Cal. Apr. 28, 2021). Similarly, an attorney's reviewing and revising documents is not privileged when one cannot tell "what the legal advice or edits were." *Id.*

"[The] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *Ruehle*, 583 F.3d at 607 (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). In other words, "[t]he party asserting the privilege bears the burden of proving each essential element" of the

---

[2] Order – ECF No. 590 at 3–4.
[3] Supp. Discovery Letter – ECF No. 617.

attorney-client-privilege test. *Id.* at 608 (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)).

Janssen contends that although patent expiration dates are publicly available, whether and when a drug might lose exclusivity requires legal analysis, and such analysis is legal advice that is privileged.[4] In support of this contention, Janssen cites to *King Drug Co. of Florence v. Cephalon, Inc.*, 2013 WL 4836572 (E.D. Pa. Sept. 11, 2013). In *King Drug*, the court considered a privilege challenge to a set of documents that redacted "analyses of the strength of Cephalon's modafinilrelated intellectual property, and estimates regarding the timing of generic entry into the market in various scenarios." *Id.* at *7. These analyses and estimates were provided by in-house and patent attorneys, and the court held they constituted legal advice. *Id.*

The court finds that, in addition to Exhibits 3 and 9, the redacted information in Exhibits 1, 2, 4, 5, 6 and 8 is privileged. As in *King Drug*, the redacted information does not include mere expiry dates based on public information or statute. It contains legal analysis regarding when particular drugs might lose exclusivity, specific factors that might impact the potential exclusivity period, and certain caveats regarding potential extensions and other considerations. This analysis constitutes legal advice and is privileged.

The plaintiffs contend that this case is different from *King Drug* because the communications at issue here were made primarily for a business purpose and that "strategies to extend a product's life cycle and exclusivity are commercial, not legal, in nature."[5] But the redactions are not business strategies couched in mere references to a statute or regulation. They are legal analyses that involve lawyers' impressions and advice about patent exclusivity. Moreover, the redactions are narrowly tailored to redact only the privileged analyses. Elsewhere in the documents, the loss

---

[4] *Id.* at 2.

[5] *Id.* at 5 (quoting *FTC v. Abbvie, Inc.*, No. 14-5151, 2015 WL 8623076, at *13 (E.D. Pa. Dec. 14, 2015)).

ORDER – No. 19-cv-02573-EMC     3

of exclusivity dates — absent the context of the underlying, privileged legal analysis — are unredacted.[6]

The court finds that the redactions in Exhibits 1, 2, 4, 5, 6, and 8 are privileged. Janssen did not address Exhibit 7 in its supplemental letter, and the redactions in Exhibit 7 include patent expiry dates, not loss of exclusivity analyses like in the other documents. The court therefore finds that Exhibit 7 is not privileged.

**IT IS SO ORDERED.**

Dated: June 14, 2021

LAUREL BEELER
United States Magistrate Judge

---

[6] *E.g.*, ECF No. 572-4 at 66 (stating the valuation of a deal assuming "Darunavir LOE Jan 2021" with the LOE unredacted).