UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STALEY, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>   Defendants. | Case No. 19-cv-02573-EMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 621 |

## INTRODUCTION

The parties dispute whether the plaintiffs must respond to certain interrogatories, some involving the plaintiffs' personal medical treatment and another involving when the plaintiffs first suspected the anticompetitive behavior at issue in the case.[1] The court can decide the dispute without oral argument. Civ. L. R. 7-1(b). The court previously denied discovery on the first category of information and denies it here. The court allows the discovery on the last interrogatory, essentially on the ground that the issue is not appropriately decided in a discovery motion.

---

[1] Letter Brief – ECF No. 621-1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-02573-EMC (LB)

# STATEMENT

The parties dispute whether the Individual Plaintiffs should be required to respond to Interrogatories 1(l)–(m), 4, and 9:

> Interrogatory No. 1(l): Identify each and every purchase by You of cART Products, including: Whether Your purchase of each cART Product was for the treatment of HIV infection, for pre-exposure prophylaxis ("PrEP"), or for some other purpose.
>
> Interrogatory No. 1(m): Identify each and every purchase by You of cART Products, including: If Your purchase of a cART Product was for reasons other than the treatment of HIV infection or pre-exposure prophylaxis ("PrEP"), the reason(s) why You purchased each such cART Product.
>
> Interrogatory No. 4: Identify and describe any time You switched or considered switching Your HIV treatment regimen from one (or more) cART Product(s) to another cART Product(s), and for each time You switched or considered switching, identify the alternative cART Product(s) You considered, as well as the reason(s) or factor(s) You decided to purchase any cART Product(s) over the alternative cART Product(s) You considered, including but not limited to any adverse medical reactions or side effects You had to any cART Products and the identity of the cART Product(s) that caused the adverse medical reaction(s) or any instances in which cART Products were contraindicated for You based on Your HIV drug resistance profile and the identity of the cART Products for which You were contraindicated.
>
> Interrogatory No. 9: Identify the circumstances under which You first suspected or believed that any Defendant was engaged in any anticompetitive conduct related to cART Products, including the date that You first formed Your suspicions or beliefs regarding such conduct, what caused Your suspicions or beliefs, any communications related to Your suspicions or beliefs, and describe in detail Your efforts to discover or investigate the facts that form the basis for Your claims as alleged in the Complaint.[2]

# ANALYSIS

For interrogatories 1(l), 1(m), and 4, the court denies the discovery for the reasons it denied similar discovery in an earlier order:

> [T]he information [plaintiffs' medical records] (at least conceptually) is relevant to the typicality of the plaintiffs as class representatives and their antitrust injury . . . The issue is the scope of the production. The plaintiffs do not resist production of the prescription and the insurance information. There is no dispute that the named plaintiffs are HIV positive. The defense wants medical-record information about the reasons for the particular HIV treatment and thus insight into whether the plaintiffs could have chosen substitute treatments. While relevance is a broad standard, the connection between the individual medical information and the market-wide inquiry about the interchangeability of drugs is attenuated. Given the privacy implications, the court does not order the discovery.[3]

---

[2] Ex. A to Letter Brief – ECF No. 621-2 at 2, 5, 7.

[3] Order – ECF No. 424 at 2.

ORDER – No. 19-cv-02573-EMC    2

1    For interrogatory 9, the court allows the discovery. The outcome hinges on case law, and the
2    parties each cite cases that support their positions. A denial of the discovery on the ground that the
3    continuing-violation doctrine applies to the state claims shortcuts the merits question that is more
4    appropriately decided by the trial judge. The court permits the discovery.

## CONCLUSION

This disposes of ECF No. 621.

**IT IS SO ORDERED.**

Dated: June 18, 2021

_____
LAUREL BEELER
United States Magistrate Judge