United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02573-EMC<br><br>**ORDER DENYING END-PAYOR PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Docket No. 629 |

Plaintiffs[1] have filed a motion seeking relief from Judge Beeler's discovery orders of May 21 and June 14, 2021. *See* Docket Nos. 590, 623 (orders). In the orders, Judge Beeler found that Janssen had properly asserted the attorney-client privilege as to certain documents (or rather, certain portions of those documents).[2] Having considered the parties' briefs and accompanying submissions, including but not limited to the documents at issue (copies of which were provided by Janssen for in camera review), the Court hereby **DENIES** Plaintiffs' motion.[3]

---

[1] "Plaintiffs" as used herein refers to the end-payor plaintiffs only.

[2] After Judge Beeler issued her orders, Janssen withdrew its assertion of privilege as to certain documents. *See* Sur-Reply at 2 (identifying Exhibit 7 as well as certain slides from Exhibits 5 and 6). The Court therefore does not consider these documents in assessing the merits of Plaintiffs' motion.

[3] The Court grants Janssen's unopposed motion for leave to file a sur-reply as well as Plaintiffs' unopposed motion for leave to file a sur-sur-reply. *See* Docket Nos. 641, 643. Although the Court is allowing these supplemental briefs, it forewarns the parties that it does not expect this to be a practice in the future.

## I. DISCUSSION

### A. Standard of Review

"Rule 72(a) of the Federal Rules of Civil Procedure allows aggrieved parties to file timely objections to rulings of a magistrate judge in nondispositive matters. Such objections are sustained if the magistrate judge's order is 'found to be clearly erroneous or contrary to law.'" *In re McKesson HBOC, Inc. Sec. Litig.*, No. C-99-20743 RMW, 2005 U.S. Dist. LEXIS 7098, at *20-21 (N.D. Cal. Mar. 31, 2005). "Whether the [attorney-client] privilege applies in light of a given set of facts is a question of law that [the Court] review[s] de novo, but determination of the facts against which the legal question is to be answered is, under Rule 72(a), reviewed for clear error." *Wartell v. Purdue Univ.*, No. 1:13-CV-99 RLM-APR, 2014 U.S. Dist. LEXIS 120080, at *19-20 (N.D. Ind. Aug. 28, 2014); *see also McKesson*, 2005 U.S. Dist. LEXIS 7098, at *21 (stating that "[r]ulings on the scope of the attorney-client privilege are reviewed de novo"); *cf. Freudeman v. Landing of Canton*, No. 5:09 CV 175, 2010 U.S. Dist. LEXIS 72329, at *3 (N.D. Ohio July 19, 2010) (stating that "[t]he 'clearly erroneous' standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard").

### B. Legal Standard

As Judge Beeler correctly noted,

> [t]ypically, an eight-part test determines whether information is covered by the attorney-client privilege:
>
> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.
>
> The party asserting the privilege bears the burden of proving each essential element.

*United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009).

In their papers, Plaintiffs contend that, although Judge Beeler identified the correct test above, she nevertheless employed an incorrect legal standard because she "assume[d] that *any*

2

advice that originates from a lawyer is *legal* advice, and therefore privileged." Reply at 1 (emphasis in original). The Court does not agree. Judge Beeler's orders clearly demonstrate otherwise. *See, e.g.*, Docket No. 623 (Order at 2) (stating that the "privilege does not apply to an attorney's communications about business matters (as opposed to legal advice)").

C. <u>Providing Legal Advice for a Business Decision</u>

Plaintiffs maintain that, even if Judge Beeler did not use an incorrect legal standard, her legal conclusion that the attorney-client privilege applies is nevertheless incorrect. The documents at issue can be broken down into two categories: (1) Capital Appropriation Requests ("CARs") (Exhibits 1-3, 9) and (2) slide decks (Exhibits 4-6, 8). The CARs are essentially memoranda prepared for high-level Janssen decisionmakers, seeking their approval to enter into agreements with Gilead; the slide decks are essentially internal presentations addressing various business matters (*e.g.*, seeking approval of deals with Gilead, discussing business strategies regarding HIV drugs). *See* Mot. at 3. Janssen has redacted statements in these documents related to patent expiration and loss of exclusivity ("LOE"). According to Plaintiffs, Janssen has failed to establish that the redacted statements were made primarily for a legal purpose, as opposed to a business purpose. They contend: "[The] documents . . . were created to help Janssen evaluate whether certain agreements with . . . Gilead made *business* sense for Janssen," and thus "the primary purpose of the redacted communications was business advice." Mot. at 1 (emphasis in original).

The problem with Plaintiffs' argument is that the attorney-client privilege can still obtain even where a business decision is implicated. Specifically, if an attorney gives a client *legal advice on a business decision*, that communication is protected by the privilege (assuming, *e.g.*, that the communication was made in confidence and in his or her capacity as an attorney). *See, e.g.*:

- *United States v. Chen*, 99 F.3d 1495, 1501-02 (9th Cir. 1996) (noting that "[a] client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs").

- *Calendar Research LLC v. Stubhub, Inc.*, No. CV 17-4062 SVW (SSx), 2019 U.S. Dist. LEXIS 237001, at *9 (C.D. Cal. July 25, 2019) (indicating that a party "'is

3

entitled to obtain legal advice on which it later bases its business decisions as well as on its business decisions themselves'").

- *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 85942, at *15-17 (N.D. Cal. May 22, 2018) (finding that certain ratings were "legal evaluations of the strength of [defendant's] patents and patent applications[;] [p]rivilege is not defeated merely because the client may in turn utilize that privileged legal advice to make real-world business decisions").

- *Crabtree v. Experian Info. Sols., Inc.*, No. 1:16-cv-10706, 2017 U.S. Dist. LEXIS 173905, at *6 (N.D. Ill. Oct. 20, 2017) (indicating that, even though "'solely personal or business advice is not protected by the attorney-client privilege, legal advice relating to business maters clearly is'").

- *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2012 U.S. Dist. LEXIS 8435, at *43 (D. Kan. Jan. 25, 2012) (stating that the privilege protects communications made for the purpose of seeking legal advice regarding business decisions such as "whether to sell a patent, enter into a licensing relationship, or make some other business decision").

- *United States ex rel. Fago v. M&T Mortg. Corp.*, 238 F.R.D. 3, 11 (D.D.C. 2006) (noting that "personnel decisions may generally be business decisions, [but] that does not mean that M&T could not have sought and obtained legal advice about such decisions"), *abrogated on other grounds by Schmidt v. Solis*, 272 F.R.D. 1 (D.D.C. 2010).

- *Rehling v. City of Chi.*, 207 F.3d 1009, 1019 (7th Cir. 2000) (concluding that district court did not clearly err in finding privilege applicable where attorney gave legal advice on personnel matters; attorney "gave ranking members of the [police department] advice about [plaintiff's] placement and the City's obligations under the ADA").

- *Compare FTC v. AbbVie, Inc.*, No. 14-5151, 2015 U.S. Dist. LEXIS 166723, at *30 (E.D. Pa. Dec. 14, 2015) (noting that due diligence "presentations were created for

4

business purposes" and, "[t]o the extent that these due diligence documents reference legal issues, this was done to provide *context* for a business acquisition decision, not to obtain or provide legal advice") (emphasis added).

In the instant case, the Court has reviewed the documents containing the redacted statements along with the Harbour and Hand declarations. (Mr. Harbour is in-house counsel; Ms. Hand is outside counsel.) Although the documents by themselves would not always be enough to show that legal advice was at issue, the documents taken in conjunction with the Harbour and Hand declarations are sufficient to establish that communications were made to provide legal advice on business decisions. *See, e.g.*, Harbour Decl. ¶ 6 (regarding CARs, stating that, "[a]lthough some of the information may have been publicly available, each redacted section, as a whole, reflects a legal assessment of Janssen's expectation for the exclusivity provided by Janssen IP involvement in each of the collaborations with Gilead"). To the extent Plaintiffs suggest that information about patent expiration and LOE can never involve legal advice, *cf. FTC v. AbbVie, Inc.*, No. 14-5151, 2016 U.S. Dist. LEXIS 113731, at *31 (E.D. Pa. Aug. 25, 2016) (stating that "AbbVie has not even attempted to explain how Corbin's apparent business advice about AndroGel exclusivity could be construed as legal in nature"), the Court does not agree. As Judge Beeler explained, "the redacted information does not include mere expiry dates based on public information or statute. It contains legal analysis regarding when particular drugs might lose exclusivity, specific factors that might impact the potential exclusivity period, and certain caveats regarding potential extensions and other considerations. This analysis constitutes legal advice and is privileged." Docket No. 623 (Order at 3).

The Court emphasizes that the attorney-client privilege has been shown to be applicable to the redacted statements at issue only. Plaintiffs are not prevented from asking Janssen about the basis of business decisions it made. *See SCM Corp. v. Xerox Corp.*, 70 F.R.D. 508, 517 (D. Conn. 1976) (stating that "[l]egal advice should remain protected along with 'nonlegal considerations' discussed between client and counsel that are relevant to that consultation, but when the ultimate decision then requires the exercise of business judgment and when what were relevant nonlegal considerations incidental to the formulation of legal advice emerge as the business reasons for and

5

against a course of action, those business reasons considered among executives are not privileged").

## II. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion for relief is denied.

This order disposes of Docket Nos. 629, 641, and 643.

**IT IS SO ORDERED**.

Dated: July 16, 2021

_____
EDWARD M. CHEN
United States District Judge