DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666

HILLIARD & SHADOWEN LLP
STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

(Additional Counsel Listed on Signature Page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al.<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>GILEAD SCIENCES, INC., et al.<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-02573-EMC (Master Docket)<br><br>**END-PAYOR PLAINTIFFS' NOTICE OF MOTION, MOTION TO AMEND COMPLAINT TO ADD PARTY, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:　December 9, 2021<br>Time:　1:30 p.m.<br>Ctrm:　5-17th Floor<br>Judge:　Honorable Edward M. Chen |

**NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT TO ADD PARTY**

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 9, 2021 at 1:30 p.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Edward M. Chen, in Courtroom 5, 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, End-Payor Plaintiffs ("Plaintiffs" or "EPPs") will and hereby do make this motion to amend complaint to add a party under Rule 15(a) and Rule 21 of the Federal Rules of Civil Procedure. In support thereof, Plaintiffs rely on the accompanying Memorandum of Points and Authorities, proposed Addendum B to the First Amended Consolidated Complaint, and proposed Order.

**RELIEF SOUGHT**

Through this motion, Plaintiffs seek an order from the Court permitting Plaintiffs to amend their complaint in the form of an addendum that adds Blue Cross Blue Shield Association ("BCBSA") as an additional plaintiff and class representative.

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

    II. ARGUMENT ................................................................................................................... 3

    A. *Lierboe v. State Farm* Provides No Basis to Deny the Motion ........................... 3

    B. Justice Requires That Plaintiffs' Motion Be Allowed ......................................... 4

        1. There Is No Prejudice to Defendants ................................................... 5

        2. There Is No Bad Faith or Undue Delay ............................................... 6

        3. Previous Amendments Do Not Militate Against Amendment .............. 7

III. CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**

*Ashby v. Farmers Ins. Co.*,
  No. 01-cv-1446-BR, 2007 WL 5479070 (D. Or. Sept. 26, 2007) ...................................................... 7

*Barnett v. Cty. of Contra Costa*,
  No. C04-4437 TEH, 2010 WL 2528523 (N.D. Cal. June 18, 2010) ................................................. 7

*Cal. Credit Union League v. City of Anaheim*,
  190 F.3d 997 (9th Cir. 1999) ........................................................................................................... 4

*Chudacoff v. Univ. Medical Ctr. of S. Nevada*,
  649 F.3d 1143 (9th Cir. 2011) ......................................................................................................... 5

*Dean v. Colgate-Palmolive Co.*,
  No. EDCV 15-107 JGB, 2017 WL 11585683 (C.D. Cal. May 15, 2017) ................................. 4, 6, 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) ......................................................................................................... 5

*Foman v. Davis*,
  371 U.S. 178 (1962) ..................................................................................................................... 5, 7

*Griggs v. Pace American Group, Inc.*,
  170 F.3d 877 (9th Cir. 1999) ........................................................................................................... 5

*Hensley-Maclean v. Safeway, Inc.*,
  No. 11-cv-01230-RS, 2015 WL 3956099 (N.D. Cal. June 29, 2015) ........................................... 3, 4

*Hosp. Auth. of Nashville & Davidson Cty. v. Momenta Pharms.Inc.*,
  333 F.R.D. 390 (M.D. Tenn. 2019) ................................................................................................. 3

*Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*,
  648 F.2d 1252 (9th Cir. 1981) ......................................................................................................... 7

*In re Asacol Antitrust Litig.*,
  907 F.3d 42 (1st Cir. 2018) .............................................................................................................. 3

*In re Western States Wholesale Natural Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013) ........................................................................................................... 5

*In re: Lithium Ion Batteries Antitrust Litig.*,
  No. 13-MD-2420 YGR, 2016 WL 948874 (N.D. Cal. Mar. 14, 2016) ................................... 1, 4, 6, 7

*James v. Safeguard Properties LLC*,
  821 F. App'x 683 (9th Cir. 2020) ..................................................................................................... 4

*Lierboe v. State Farm Mut. Ins. Co.*,
  350 F.3d 1018 (9th Cir. 2003) ...................................................................................................... i, 3

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ........................................................................................................... 2

*Melendres v. Arpaio*,
  784 F.3d 1254 (9th Cir. 2015) ................................................................................................ 3

*Morongo Band of Mission Indians v. Rose*,
  893 F.3d 1074 (9th Cir. 1990) ................................................................................................ 5

*Nat'l Fed'n of Blind v. Target Corp.*,
  582 F. Supp. 2d 1185 (N.D. Cal. 2007) .................................................................................. 4

*Pascal v. Nissan N. America, Inc.*,
  No. 8:20-cv-00492-JLS-JDE, 2021 WL 4439087 (C.D. Cal. Jan. 6, 2021) .......................... 4

*Rao v. Apple Inc.*,
  No. 5:19-cv-02813-EJD, 2020 WL 3616317 (N.D. Cal. July 2, 2020) ................................. 6

*Reimer v. Snohomish County Fire District No. 1*,
  853 F. App'x 59 (9th Cir. 2021) ............................................................................................ 7

*Robichaud v. Speedy PC Software*,
  No. C 12 04730 LB, 2013 WL 818503 (N.D. Cal. Mar. 5, 2013) ......................................... 4

*Sloan v. General Motors LLC*,
  No. 16-cv-07244-EMC, 2019 WL 2775631 (N.D. Cal. July 2, 2019) .......................... 5, 6, 7

*Sloan v. General Motors LLC*,
  No. 16-cv-07244-EMC, 2020 WL 5517244 (N.D. Cal. Sep. 14, 2020) .................... 3, 4, 6, 7

*Staley v. Gilead Sciences, Inc.*,
  446 F. Supp. 3d 578 (N.D. Cal. 2020) ................................................................................... 3

*Stromberg v. Qualcomm Inc.*,
  14 F. 4th 1059 (9th Cir. 2021) ........................................................................................... 2, 6

*Sultanis v. Champion Petfoods USA Inc.*,
  No. 21-cv-00162-EMC, 2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) .................................. 3

*Tait v. BSH Home Appliances Corp.*,
  289 F.R.D. 466 (N.D. Cal. 2012) ........................................................................................... 4

*Wiener v. Dannon Co.*,
  255 F.R.D. 658 (C.D. Cal. 2009) ........................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 15 .......................................................................................................................... 1, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

End-Payor Plaintiffs ("Plaintiffs" or "EPPs") move under Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ. P. 21 to amend their complaint to add Blue Cross Blue Shield Association ("BCBSA") as an additional plaintiff and class representative.[1] There is no good reason to deny the motion under the liberal standards applicable to Rule 15(a)(2), and the failure to grant it may delay resolution of the merits of this case.

Plaintiffs filed their motion for class certification on Oct. 20, 2021, seeking certification of three damages classes comprising third-party payors (TPPs) of, respectively, Truvada, Atripla, and Complera, and three injunctive relief classes of TPPs and consumers that paid, respectively, for Evotaz, Prezcobix, and "cART Foundation drugs." ECF 694. As the motion highlights, discovery has revealed powerful evidence of Defendants' anticompetitive conduct alleged in the Complaint. *See* Plaintiffs' Mem. in Support of Class Certification, ECF 694-1, at 2-9. At the same time, the proposed damages classes are much narrower than the single class alleged in the Complaint (a nationwide class of all end payors of any cART drug), which reflects Plaintiffs' refinement of their damage theories in light of discovery and expert investigation, as well as state of the law on class certification. Accordingly, the proposed damages classes do not include consumers, are limited to three drugs divided into three separate classes, and are limited to purchases in the 35 *Illinois Brick* "repealer jurisdictions" as to which this Court sustained Plaintiffs' antitrust and/or consumer protection claims. *Id.* at 17 n.44.

There is no dispute that one (or more) of the four named TPP plaintiffs that seek to be class representatives— Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund ("FOP"), Local No. 1 Health Fund ("Local No. 1"), Teamsters Local 237 Welfare Fund ("Local 237"), and Pipe Trades Service MN Welfare Fund ("Pipe Trades Fund")—have *individual* standing to seek damages with respect to Truvada, Atripla, and Complera. And this is true whether the Cartwright Act applies to all of Plaintiffs' damages claims, or the laws of the 35 repealer jurisdictions apply. However, because the named TPP

---

[1] A motion to "add or drop" parties under Rule 21 is analyzed "under the framework of Rule 15(a)." *In re: Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2016 WL 948874, at *2 (N.D. Cal. Mar. 14, 2016). The only change is the addition of an Addendum B to the complaint, which is filed herewith as Exhibit A.

plaintiffs have purchases in only some of the repealer jurisdictions, Plaintiffs seek to amend the complaint to add as a class representative BCBSA —which has purchases of one or more of the class drugs in 34 of the 35 jurisdictions[2]— to avoid any doubt about the standing or adequacy of named plaintiffs to serve as representatives of the damages class members, and to avoid Defendants' inevitable 23(f) petition and the delay it may cause.

Prior to the Ninth Circuit's recent decision in *Stromberg v. Qualcomm Inc.*, 14 F. 4th 1059 (9th Cir. 2021), the law in this Circuit allowed the application of California's Cartwright Act to a nationwide class of indirect purchasers, as Plaintiffs alleged in their complaint. Even after *Qualcomm*, Plaintiffs have a strong case that California's Cartwright Act applies to all the class members' damages claims in the 35 repealer jurisdictions, obviating any possible issues (standing, adequacy, predominance) that Defendants may raise concerning the application of multiple state laws and the location of named plaintiffs' purchases. *See* ECF 694-1, at 15-17. That is because any differences between the Cartwright Act and the 34 other repealer jurisdictions' laws are *not material*, *i.e.* do not "'spell the difference between the success and failure of a claim.'"[3] Moreover, even if variations in the *scope* of certain States' laws and a full choice-of-law analysis dictated the application of multiple state laws,[4] Plaintiffs have a strong case that the *substantive* identity of the laws enables the four existing TPP class representatives adequately to represent class members with claims under different state laws because the "named plaintiffs' claims do

---

[2] *See* Ex. A, ¶ B3. Plaintiffs will shortly file a Declaration providing much detail regarding the purchases and their locations. *See* ECF 707 (requesting additional time to file this motion in order to gather requisite information). BCBSA also seeks to be an additional named representative with respect to the injunction classes, although there can be no dispute that current named plaintiffs adequately serve that role given that the putative injunction classes are nationwide and their claims arise under federal law. *See* ECF 694-1, at 31-32.

[3] *Qualcomm*, 14 F. 4th at 1068 (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 591 (9th Cir. 2012)). *See* ECF 694-1, Appx. A.

[4] The Court in *Qualcomm* preliminarily identified "significant variations in the scope"—but not the underlying substance—of the competition laws in repealer states. *Id.* at 1068. And it left the district court in the first instance to address whether any variations in the laws were material under the first step of the choice of law analysis. *Id.* at 1074.

not implicate a significantly different set of concerns than the unnamed plaintiffs' claims."[5]  In short, Plaintiffs' class certification motion should be granted notwithstanding that the four named TPP plaintiffs have purchased or paid for the class drugs in only some of the 35 repealer jurisdictions.

Nonetheless, although Plaintiffs' position is strong, it is not bullet proof.  One can expect Defendants to seek to file a Rule 23(f) interlocutory appeal of any class certification order and raise choice-of-law and standing issues,[6] potentially delaying proceedings in this Court.  Adding BCBSA as a TPP class representative avoids (or minimizes) that likelihood and does so without prejudicing Defendants, who will have ample time to conduct discovery of BCBS.  Accordingly, there is no reason to deny the motion under Rule 15(a)(2).

## II.   ARGUMENT

### A.   *Lierboe v. State Farm* Provides No Basis to Deny the Motion

Defendants suggested during the recent case management conference that *Lierboe v. State Farm Mut. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) precludes amending the complaint to add a new TPP class representative.  *See* Oct. 21, 2021 Hr'g. Tr. 15.  But *Lierboe* has no application where, as here, the present named representatives plainly have standing to pursue individual claims related to their purchase or reimbursement of Truvada, Atripla, and Complera.  As this Court has noted, *Lierboe* applies only when a class's claims are not viable because the named plaintiff never had individual standing.  *Sloan v. General Motors LLC*, No. 16-cv-07244-EMC, 2020 WL 5517244, at *8 (N.D. Cal. Sep. 14, 2020) (Chen, J.) (*Sloan II*); *see Hensley-Maclean v. Safeway, Inc.*, No. 11-cv-01230-RS, 2015 WL 3956099, at *4-5 (N.D. Cal. June 29, 2015) (*Lierboe* not applicable when any named plaintiff had standing when suit was

---

[5] *Melendres v. Arpaio*, 784 F.3d 1254, 1263 (9th Cir. 2015) (internal quotation marks omitted).  *See* ECF 694-1, at 27.  For the same reason, courts find that any differences in "repealer laws" do not defeat predominance in pharmaceutical cases like this.  *See id.* at 12-13 n.38, 26-27; *see also In re Asacol Antitrust Litig.*, 907 F.3d 42, 49 (1st Cir. 2018) (name plaintiffs have standing to pursue claims by class members under multiple state antitrust and consumer protection statutes because "the laws are materially the same"); *Hosp. Auth. of Nashville & Davidson Cty. v. Momenta Pharms. Inc.*, 333 F.R.D. 390, 413-14 (M.D. Tenn. 2019) (same).

[6] For example, Defendants will surely raise the point that, although this Court has properly held that any disjunction between the named plaintiffs' claims and the absent class members' claims under different state laws is a "class certification" matter, not a matter of standing, *e.g., Staley v. Gilead Sciences, Inc.*, 446 F. Supp. 3d 578, 621-22 (N.D. Cal. 2020), the Court has acknowledged that "Courts in the Ninth Circuit have been split" on this issue, *Sultanis v. Champion Petfoods USA Inc.*, No. 21-cv-00162-EMC, 2021 WL 3373934, at *5 (N.D. Cal. Aug. 3, 2021).  Plaintiffs' amendment would largely moot any standing issue.

brought).

Courts commonly allow motions to add new class representatives to cure actual or, as here, potential non-jurisdictional defects.[7]  For example, in *Sloan II*, this Court allowed plaintiffs to substitute a class representative after the class was certified on a narrow basis that excluded the existing class representative, noting that "absent intervention, the unnamed California Class members' interests would be significantly prejudiced." 2020 WL 5517244, at * 9.  In *Dean v. Colgate-Palmolive Co.*, No. EDCV 15-107 JGB, 2017 WL 11585683, at *5-6 (C.D. Cal. May 15, 2017), the Court allowed plaintiff to add additional class representative to address adequacy and typicality issues raised in Defendant's opposition to the class certification motion; although plaintiff "disagrees with Defendant, she preemptively asks the Court" to allow amendment "should the Court take issue with the adequacy or typicality of Plaintiff."[8]  And in *Lithium Ion Batteries*, 2016 WL 948874, at *4-5, the Court allowed (with some exceptions) a motion to add class representatives to conform to the end payors' narrowed class definition and to add representatives in certain states in the event that the court declined to apply California law.  Numerous other cases follow suit.[9]

**B.     Justice Requires That Plaintiffs' Motion Be Allowed**

Where, as here, Plaintiffs move within the scheduling order deadlines set by the Court, Rule 15

---

[7] And sometimes to cure even jurisdictional defects. *See James v. Safeguard Properties LLC*, 821 F. App'x 683, 685 (9th Cir. 2020) ("When a plaintiff lacks standing at the outset of a case, the jurisdictional defect can be cured by the subsequent addition of another plaintiff." (citing *Cal. Credit Union League v. City of Anaheim*, 190 F.3d 997, 1001 (9th Cir. 1999)).

[8] Notably, both *Sloan II* and *Dean* required modification of the scheduling order and thus were decided under the more stringent "good cause" standard of Rule 16, which is not applicable here.  *See infra.*

[9] *See, e.g., Pascal v. Nissan N. America, Inc.*, No. 8:20-cv-00492-JLS-JDE, 2021 WL 4439087, at *1-2 (C.D. Cal. Jan. 6, 2021) (allowing motion to amend to add 41 new plaintiffs, 22 new state classes and 79 new causes of action in response to defendants' argument that nationwide class under California law was improper; leaving open extending discovery cutoff for good cause); *Hensley-Maclean*, 2015 WL 3956099, at *4-5 (allowing motion to amend to add new class representative after determining that named plaintiff had no claim); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 476-77 (N.D. Cal. 2012) (finding class representative not typical of members of one of the state classes, but granting leave to plaintiffs to locate an adequate class representative, noting that "'the court may certify the class conditioned upon the substitution of another named plaintiff,'" quoting *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1209 (N.D. Cal. 2007)); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009) (similar); cf. *Robichaud v. Speedy PC Software*, No. C 12 04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013) ("In class actions, where a named Plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiff's counsel to substitute a new representative plaintiff.").

governs the motion, rather than the more stringent "good cause" standard under Rule 16. *Sloan v. General Motors LLC*, No. 16-cv-07244-EMC, 2019 WL 2775631, at *2 (N.D. Cal. July 2, 2019) (Chen, J.) (*Sloan I*).[10] Rule 15 provides that leave to amend be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, leave to amend is to be granted with 'extreme liberality.'" *Sloan I*, 2019 WL 2775631, at *2 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.3d 1074, 1079 (9th Cir. 1990)). And that is because "Rule 15(a) is designed to facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Medical Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (internal quotation marks omitted). To assess whether leave to amend should be granted, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors,[11] there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *see also Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) ("determination should be performed with all inferences in favor of granting the motion").

### 1. There Is No Prejudice to Defendants

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital,* 316 F.3d at 1052 (internal quotation marks omitted). Adding BCBSA as a class representative does not prejudice the Defendants nor require any significant modification (or modification at all) of the fact discovery deadline of December 17, 2021.[12] The proposed amended complaint adds no new substantive allegations; it simply adds BCBSA as a party by way of a one-page addendum (as was done when MSP Recovery was added

---

[10] The Case Management Order does not specify a date for the "last day to amend pleadings." ECF 611. In *Sloan I*, 2019 WL 2775631, at *2, this Court allowed the motion to amend under the "regular Rule 15(a)(2) standard," even though it required an extension of the fact discovery deadline.

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'") (quoting Fed. R. Civ. P. 15(a)).

[12] Presently, the last individual plaintiff is scheduled to be deposed in December. To the extent that some extension is required to accommodate the discovery of BCBS only, it need not otherwise affect the fact discovery deadline.

as a plaintiff). *See* Ex. A. As soon as the motion to amend is allowed, BCBSA can provide responses to the interrogatories and requests for production served on the other named TPP plaintiffs. BCBSA has begun the search for documents responsive to Defendants' requests addressed to the other named TPP plaintiffs, using the search terms agreed to by Defendants and the other named TPP plaintiffs, and will provide those as quickly as possible, on a rolling basis. And BCBSA is also prepared to sit for a deposition before the close of fact discovery.[13] Assuming that the class certification briefing schedule is resumed from the allowance of the motion to amend, Defendants will have ample opportunity (seven weeks) to address any issues relating to BCBSA in their opposition to the Plaintiffs' motion for class certification. Moreover, because of the suspension of the class certification briefing schedule, Defendants will have gained valuable extra time to respond to EPPs' expert reports and all the other issues they were planning to address. In these circumstances, there is no undue prejudice.[14]

### 2. There Is No Bad Faith or Undue Delay

On October 19, 2021, the day before they filed their motion for class certification, Plaintiffs alerted the Court and Defendants of BCBSA's intent to seek to be added as a plaintiff and class representative. ECF 690. And this was only three weeks after the Ninth Circuit's decision in *Qualcomm*, which prompted this motion. Defendants will assuredly seek to use *Qualcomm* to argue against the application of California law to all the damages class members and as a basis to challenge the standing and adequacy of the existing class representatives. Adding BCBSA as an additional named plaintiff renders

---

[13] *See* ECF 690, at 1 ("BCBSA is fully aware of the scope of discovery that it is required to produce in this Action and will do so on an expedited basis.").

[14] *See Sloan I*, 2019 WL 2775631, at *2 (allowing motion to amend to substitute new class representative for current representatives where defendant will "have ample time to conduct discovery and prepare any arguments against class certification with respect to [the new representative's] claim"); *Rao v. Apple Inc.*, No. 5:19-cv-02813-EJD, 2020 WL 3616317, at *2 (N.D. Cal. July 2, 2020) (allowing motion to amend to add new class representatives where defendant "will have ample time to complete additional discovery of the proposed plaintiffs"); *see also Sloan II*, 2020 WL 5517244, at *9 ("Conducting two additional inspections and/or depositions with respect to [new class representatives] would not be overly burdensome or prejudicial."); *Dean*, 2017 WL 11585683, at *7 (that defendant would be required to conduct additional discovery as to the new class representative does not constitute undue prejudice); *Lithium Ion Batteries*, 2016 WL 948874, at *4 (no undue prejudice where defendants had sufficient time to prepare their class certification opposition).

largely moot Defendants' *Qualcomm* arguments. There is no bad faith or undue delay.[15] "It is well established, moreover, that '[d]elay alone does not provide sufficient grounds for denying leave to amend.'" *Reimer v. Snohomish County Fire District No. 1*, 853 F. App'x 59, 61 (9th Cir. 2021) (quoting *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981)) (alteration in original).

### 3. Previous Amendments Do Not Militate Against Amendment

This is not a situation involving "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Plaintiffs have amended their complaint twice before; once in response to the Court's partial dismissal of the original complaint, ECF 304, and once at the direction of the Court to add MSP Recovery as a plaintiff, ECF 347. This does not militate against amendment here. In *Sloan I*, for example, the Court permitted a *fifth* amended complaint to add a new class representative where two prior amendments "were responsive to the Court's rulings on motions to dismiss," and one added a new class representative by stipulation. 2019 WL 2775631, at *3.[16] Importantly, as here, "the proposed amendment does not change the substance of Plaintiffs' claims." *Id.*

## III. CONCLUSION

The foregoing establishes that there is "no basis sufficient to warrant denial of leave to amend."

---

[15] *See Sloan II*, 2020 WL 5517244, at *8 (finding good cause even though "Plaintiffs arguably should have been aware that GM intended to seek a narrow class definition," as plaintiffs "acted diligently as soon as the class certification order was issued"); *Sloan I*, 2019 WL 2775631, at *2 (no undue delay where plaintiffs "acted with reasonable diligence" upon learning that of the need to substitute class representatives, including by offering to extend fact discovery to allow new representative to be deposed); *Rao*, 2020 WL 3616317, at * 3 (no undue delay even though the claims of the additional plaintiffs "could theoretically have been brought sooner"); *Dean*, 2017 WL 11585683, at *7 (no undue delay in preemptive addition of additional named representative where plaintiff "considered herself an adequate class representative since the filing of this action"); *see also Lithium Ion Batteries*, 2016 WL 948874, at *3 (rejecting argument that motion to amend was untimely because it was filed contemporaneously with plaintiff's motion for class certification); *Barnett v. Cty. of Contra Costa*, No. C04-4437 TEH, 2010 WL 2528523, at *3 (N.D. Cal. June 18, 2010) (no undue delay in seeking to add representative; "Although this case has been pending for six years, Plaintiffs are now attempting to correct a deficiency that resulted from a [recent] ruling by the Ninth Circuit."); *Ashby v. Farmers Ins. Co.*, No. 01-cv-1446-BR, 2007 WL 5479070, at *3 (D. Or. Sept. 26, 2007) (finding no undue delay in seeking to add representatives six years after complaint filing and three years after class certified where "critical aspects of the developing law" recently arose).

[16] And after the class was narrowed upon certification, the Court permitted another substitution of the named plaintiff. *Sloan II*, 2020 WL 5517244, at *8.

*Dean*, 2017 WL 11585683, at *8. Accordingly, the Court should allow EPPs' Motion to Amend Complaint to Add Party in accordance with the accompanying proposed Order.

Dated:  November 4, 2021                               Respectfully submitted,

                                                       HILLIARD & SHADOWEN LLP

                                                   By: /s/ Steve D. Shadowen
                                                       STEVE D. SHADOWEN (*pro hac vice*)
                                                       steve@hilliardshadowenlaw.com
                                                       RICHARD BRUNELL (*pro hac vice*)
                                                       rbrunell@hilliardshadowenlaw.com
                                                       TINA JOANN MIRANDA (*pro hac vice*)
                                                       tmiranda@hilliardshadowenlaw.com
                                                       MATTHEW C. WEINER (*pro hac vice*)
                                                       matt@hilliardshadowenlaw.com
                                                       NICHOLAS WILLIAM SHADOWEN (*pro hac vice*)
                                                       nshadowen@hilliardshadowenlaw.com
                                                       1135 W. 6th Street, Suite 125
                                                       Austin, TX 78703
                                                       Telephone:  (855) 344-3298
                                                       Facsimile:  (361) 882-3015

                                                       DARALYN J. DURIE (SBN 169825)
                                                       ddurie@durietangri.com
                                                       MARK A. LEMLEY (SBN 155830)
                                                       mlemley@durietangri.com
                                                       DAVID McGOWAN (SBN 154289)
                                                       dmcgowan@durietangri.com
                                                       LAURA E. MILLER (SBN 271713)
                                                       lmiller@durietangri.com
                                                       ADITYA V. KAMDAR (SBN 324567)
                                                       akamdar@durietangri.com
                                                       DURIE TANGRI LLP
                                                       217 Leidesdorff Street
                                                       San Francisco, CA 94111
                                                       Telephone:  (415) 362-6666
                                                       Facsimile:  (415) 236-6300

                                                       W. HENRY HUTTINGER (SBN 312843)
                                                       hhuttinger@durietangri.com
                                                       DURIE TANGRI LLP
                                                       953 East 3rd Street
                                                       Los Angeles, California 90013
                                                       Telephone: (213) 992-4422
                                                       Facsimile:  (415) 236-6300

                                                       STEVE W. BERMAN (*pro hac vice*)
                                                       steve@hbsslaw.com
                                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                                       1301 Second Avenue, Suite 2000
                                                       Seattle, WA 98101

Telephone: (206) 623-7292
Facsimile: (206) 623-0594

THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
ABBYE R. KLAMANN OGNIBENE (SBN 311112)
abbye@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Interim Co-Lead Counsel for Staley Plaintiffs*

JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

JAYNE A. GOLDSTEIN (*pro hac vice*)
jgoldstein@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367

NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@sfmslaw.com
MICHAEL OLS (*pro hac vice*)
mols@sfmslaw.com
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
SPERLING & SLATER, P.C.
55 West Monroe, Suite 3200
Chicago, IL 60603

Telephone: (312) 641-3200
Facsimile: (312) 641-6492

HEIDI M. SILTON
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. HEDLUND (*pro hac vice* pending)
dhedlund@gustafsongluek.com
MICHELLE J. LOOBY (*pro hac vice* pending)
mlooby@gustafsongluek.com
GUSTAFSON GLUEK PLLC
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622

KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
GLANCY PRONGAY & MURRAY
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

LEE ALBERT (*pro hac vice* pending)
lalbert@glancylaw.com
BRIAN P. MURRAY (*pro hac vice* pending)
bmurray@glancylaw.com
GREGORY B. LINKH (*pro hac vice* pending)
glinkh@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
GLANCY PRONGAY & MURRAY

230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice* pending)
bcohen@nussbaumpc.com
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

EUGENE SPECTOR (*pro hac vice* pending)
espector@srkattorneys.com
JEFFREY KODROFF (*pro hac vice* pending)
jkodroff@srkattorneys.com
WILLIAM CALDES (*pro hac vice* pending)
bcaldes@srkattorneys.com
JEFFREY SPECTOR (*pro hac vice* pending)
jspector@srkattorneys.com
SPECTOR ROSEMAN & KODROFF P.C.
2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for End-Payor Plaintiffs*

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, Steve D. Shadowen attest that concurrence in the filing of this document has been obtained.

Dated: November 4, 2021                                       */s/ Steve D. Shadowen*
                                                                             STEVE D. SHADOWEN

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ Steve D. Shadowen
STEVE D. SHADOWEN