UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALEY, et al., <br>     Plaintiffs, <br> v. <br> GILEAD SCIENCES, INC., et al., <br>     Defendants. | Case No. 19-cv-02573-EMC <br><br> **ORDER RE SUPPLEMENTAL BRIEFING** <br><br> Docket No. 711 |

The Court has reviewed the EPPs' motion for preliminary approval of a settlement with BMS and hereby orders supplemental briefing from the parties on the matters specified below. The Court strongly prefers a joint brief. If there are issues relevant to only one party or if the parties disagree on any issue, they may so indicate in the joint brief. The brief shall be filed by **November 17, 2021**.

    1.    *Number of class members.* The parties shall estimate how many EPPs are in *each* settlement class. Some information has been provided by the EPPs' expert, *see* Frank Decl., Table 3 (providing estimates of the number of unique consumers for Atripla, generic Atripla, and Evotaz), but it is not complete. Although the Court is more interested in the numbers for the damages settlement classes, general information about the numbers for the injunctive settlement classes is still helpful.

    2.    *Maximum damages recovery.* The EPPs shall estimate the potential class recovery if they had fully prevailed on each of their claims against BMS and provide an explanation for each estimate. Breakdowns by drugs will likely be helpful.

    3.    *Litigation risks.* The parties shall address the litigation risks with respect to each of

the claims against BMS.  The Court acknowledges that some information has been provided in the motion.  *See* Mot. at 9 (noting that the Court dismissed the claim that BMS could be liable for participating in Gilead's overall monopolization scheme, that discovery did not reveal any BMS involvement in Gilead's deals with Teva, and that Gilead terminated the Atripla Agreement before generic TDF/FTC could come on the market).

    4. *Difference between settlement classes and the class proposed in the operative complaint.*  The EPPs have acknowledged that there is a difference between the settlement classes and the class proposed in the first amended consolidated class action complaint (Docket No. 347).  They maintain that the narrowed settlement classes do not reflect any impropriety because, in moving for class certification as to the remaining defendants (Gilead and Janssen), they also narrowed their request for certification.  But even if the Court accepts this as true, the parties still have not provided any explanation as to why narrowing was appropriate.  The parties do not explain why a number of drugs mentioned in the operative pleading were not accounted for in the Settlement Agreement.  (These drugs largely appear to be "standalone" drugs – *e.g.*, Emtriva (Gilead), Vemlidy (Gilead), Prezista (Janssen), Reyataz (BMS), Edurant (Janssen), and Tybost (Gilead).)  In addition, the parties do not explain why, under the Settlement Agreement, there are damages for some drugs but only injunctive relief for other drugs.  The parties shall provide explanations on these matters.

    5. *Damages for consumers.*  Under the Settlement Agreement, consumers will get some damages for their Atripla and Evotaz purchases.  But, as the EPPs admit in their papers, they will not seek damages for consumers for their other cART drug purchases (*i.e.*, Gilead and/or Janssen drugs).  According to the EPPs, "Class Counsel have determined that the best litigation strategy is to not include individual consumers in any of the litigation damages classes against those defendants [*i.e.*, Gilead and Janssen]."  POA § II(1.1).  The EPPs shall provide an explanation as to why (and clarify whether consumers are releasing damages claims for cART drugs other than Atripla and Evotaz).  In addition, the EPPs shall explain why consumers, unlike TPPs, will not get damages for Truvada, Complera, and Stribild as part of the settlement with BMS.  Because the EPPs have indicated that this is a matter of litigation strategy, they may lodge

1    their response with the Court for in camera review (by emailing

2    Angella_Meuleman@cand.uscourts.gov).

3          6.    *Injunctive relief.* The Settlement Agreement indicates that there will be injunctive

4    relief for all EPPs (consumers and TPPs both) for the following drugs: Atripla, Evotaz, Truvada,

5    Complera, Stribild, Prezcobix, and the cART Foundation Drugs. However, the only clear

6    injunctive relief provided for in the Settlement Agreement is related to Evotaz. *See* Sett. Agmt. §

7    8. The parties shall explain what additional injunctive relief, if any, was obtained with respect to

8    the other drugs.

9          7.    *Plan of Allocation between consumers and TPPs.* The EPPs shall explain how they

10   reached an allocation of $2.5 million for the consumers and $5 million for the TPPs. The Court

11   notes that the $5 million for the TPPs covers more drugs (*i.e.*, not just Atripla and Evotaz but also

12   Truvada, Complera, and Stribild).

13         8.    *Plan of Allocation related to Atripla.* The Plan of Allocation indicates that, of the

14   $2.5 million reserved for the consumers, half of the net fund will go to the Evotaz class and half to

15   the Atripla class. The EPPs shall explain how the Atripla class has sustained damages given their

16   representation that Gilead terminated the Atripla Agreement before a generic version of TDF/FTC

17   became available. *See* Mot. at 9 (stating that Gilead terminated the Atripla Agreement "effective

18   December 31, 2017, before a generic version of Gilead's Truvada became available in September

19   2020"; adding that the "termination also occurred before the earliest date that Plaintiff contend . . .

20   that generic Truvada would have become available absent the reverse payments to Teva, i.e.,

21   February 2018" – and therefore, the "No-Generics Restraint on Atripla never had the

22   anticompetitive effect of preventing BMS from making Atripla with generic TDF/FTC").

23         9.    *Confidential settlement terms.* Per the Settlement Agreement, "[t]he Settlement

24   Parties have agreed to certain confidential terms regarding reduction of the Settlement Amount

25   and termination of the Settlement Agreement. The parties will lodge the termination and

26   diminution agreement with the Court for in camera review, if so requested by the Court." Sett.

27   Agmt. § 17(b) (emphasis added). The Court orders the parties to provide the agreement for in

28   camera review (by emailing Angella_Meuleman@cand.uscourts.gov).

10. *Claim forms.* Per the District's Procedural Guidance for Class Action Settlements, "[i]f there is a claim form, [provide] an estimate of the number and/or percentage of class members who are expected to submit a claim in light of the experience of the selected claims administrator and/or counsel from other recent settlements of similar cases, the identity of the examples used for the estimate, and the reason for the selection of those examples." Some information has been provided in the declaration from the proposed settlement administrator, *see* Young Decl. ¶ 17 (estimating that 15,000 class members will submit a claim "[b]ased on similar experience"), but it is not complete.

11. *Past distributions.* Per the District's Procedural Guidance for Class Action Settlements, "[l]ead class counsel should provide the following information for at least one of their past comparable class settlements (i.e. settlements involving the same or similar clients, claims, and/or issues): The total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to each cy pres recipient, the administrative costs, and the attorneys' fees and costs."

12. *Short-form notice.* The Court has the following comments on the short-form notice.

- Page 1. Can the notice include as part of the first sentence in bold ("If you purchased . . .") a statement as to what the average damage award will be (for a consumer and/or a TPP)?
- Page 1. In the section titled "WHO IS INCLUDED IN THE SETTLEMENT CLASSES," there should be a prefatory sentence explaining that there are seven settlement classes, five of which provide for damages as relief and two of which provide for injunctive relief only.
- Page 2. In the section titled "YOUR RIGHTS AND OPTIONS," there should be a clearer statement explaining that options are different depending on whether a damages class or injunctive relief class is at issue. Also, for the damages class, why is there no option of filing a claim now – *i.e.*, why are the parties

4

contemplating the filing of claims only after final approval (assuming final approval is given)?

13. *Long-form notice.* The Court has the following comments on the long-form notice.

- Is the long-form notice available only on the case website?
- Page 1. Can the notice include as part of the first sentence in bold ("If you purchased . . .") a statement as to what the average damage award will be (for a consumer and/or a TPP)?
- Page 1. The notice should clarify in the third full paragraph ("A settlement ('Settlement Agreement') has been reached . . .") that a settlement has not been reached with the other defendants.
- Page 1. The fourth and fifth full paragraphs should be reworded as follows: This Notice (the 'Partial Settlement Notice') provides notice of the proposed settlement with BMS on behalf of the members of the Proposed Settlement Classes (defined below). The Settlement Classes include: (i) the Atripla Settlement Damages Class; (ii) the Evotaz Settlement Damages Class; (iii) the Complera Settlement Damages Class; (iv) the Stribild Settlement Damages Class; (v) the Truvada Settlement Damages Class; (vi) the cART Foundation Settlement Injunctive-Relief Class; and (vii) the Prezcobix Settlement Injunctive-Relief Class. [¶] If you are a member of one or more of the Damages Classes, you may be entitled to a damages award. Your legal rights and options are discussed in further detail in the chart below.
- Page 3. The chart on "Your Legal Rights and Options in the Settlements" should be reworked. First, the chart should *differentiate* the options for the injunctive relief classes from the options for the damages classes. The options for the injunctive relief classes should be: (1) do nothing and (2) object to the settlement. (Go to a hearing should be discussed as part of option (2).) The options for the damages classes should be: (1) file a claim (see the note above); (2) object to the settlement; and (3) exclude yourself. Option (1) should make clear that, if the person or entity does not file a claim, then it is still bound by the settlement but it

5

will not receive any damages award.  Option (2) should make clear that, if the person or entity objects, it is still a part of the damages class and a failure to file a claim will result in no damages award.  (Go to a hearing should be discussed as part of option (2) as well.)  Option (3) should make clear that the person or entity must write to the settlement administrator to request exclusion.  How much time is being given to a person or entity to file a claim, object, or opt out?

- Pages 4-5.  In Question 1 and in Question 3, the text should clarify that there is no settlement with the other defendants.
- Pages 9-12.  Questions 7-17 should be reworked consistent with the reworked chart (see above).  It is important to differentiate options for the injunctive relief classes and the damages classes.
- Page 9.  In Question 7, is it possible to estimate the average damages pay-out (for a consumer and/or a TPP)?
- Page 9.  Regarding Question 7, is there a reason why claim forms cannot be provided now as part of preliminary approval, instead of waiting until after final approval (assuming there is final approval)?
- Page 10.  In Question 10, can an objector email a copy of its objection to counsel?
- Page 11.  In Question 12, can a person or entity requesting exclusion email the request for exclusion to the settlement administrator?
- The parties should provide a claim form for the Court to review.

The parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs.

**IT IS SO ORDERED**.

Dated: November 10, 2021

_____
EDWARD M. CHEN
United States District Judge