Christopher T. Holding (pro hac vice)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

*Counsel for Defendant*
*Teva Pharmaceuticals USA, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Staley, *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Gilead Sciences, Inc., *et al.*,<br><br>                    Defendants. | Civil Action No. 3:19-cv-02573-EMC<br><br>**TEVA PHARMACEUTICALS USA, INC.'S NOTICE OF MOTION, MOTION TO DISMISS CVS'S AND WALGREEN'S COMPLAINTS, AND MEMORANDUM IN SUPPORT THEREOF** |
| *This Document Relates to:*<br><br>CVS Pharmacy, Inc., v. Gilead Sciences, Inc., No. 3:21-cv-07378-EMC (CVS Action)<br><br>Walgreen Co., v. Gilead Sciences, Inc., No. 3:21-cv-07374-EMC (Walgreen Action) | Hearing:  January 6, 2022<br>Time:  1:30 p.m.<br>Courtroom:  5 – 17th Floor<br>Judge:  Honorable Edward M. Chen |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2022, at 1:30 p.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102-3489, in Courtroom 5 on the 17th Floor, before the Honorable Edward M. Chen, Defendant Teva Pharmaceuticals USA, Inc. ("Teva") will move the Court for an order dismissing, with prejudice, the claims filed by CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons Companies, Inc., and H-E-B, L.P. (collectively, "Plaintiffs") against Teva premised on injuries that occurred outside the four-year statute of limitations. The Motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities, all other pleadings and papers on file in this action, any other such matters upon which the Court may take judicial notice, the arguments of counsel, and any other matter the Court may properly consider.

**RELIEF SOUGHT**

Teva seeks dismissal, with prejudice, of the Plaintiffs' pre-September 2017 claims under Federal Rule of Civil Procedure 12(b)(6), as those claims rest on injuries outside the four-year statute of limitations applicable to federal antitrust actions.

## MEMORANDUM OF POINTS AND AUTHORITIES

As Plaintiffs recognize, federal antitrust actions are subject to a four-year statute of limitations. Plaintiffs nevertheless seek to extend the statute of limitations as to all defendants, including Teva, based on the prior filing of related class actions. Regardless of whether this "class action tolling" principle applies with respect to entities who were named as defendants in the earlier suits, it plainly does not apply to Teva, which was not a defendant in the prior class actions. Thus, the Court should dismiss with prejudice Plaintiffs' claims against Teva that stem from alleged injuries predating September 22, 2017, four years prior to the filing of the current action.

## STATEMENT OF ISSUES TO BE DECIDED

Whether the claims against Teva based on injuries that occurred before September 22, 2017 should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## FACTUAL BACKGROUND

These cases are two in a series of related antitrust actions alleging that a set of drug manufacturers engaged in an anticompetitive scheme with respect to drugs for human immunodeficiency virus ("HIV"). As relevant here, on September 29, 2020, FWK Holdings, LLC ("FWK") filed a putative antitrust class action against a set of Gilead entities (Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC), Bristol-Myers Squibb Company, and E.R. Squibb & Sons LLC (collectively, "FWK Defendants"). *See FWK Holdings, LLC v. Gilead Sciences, Inc.*, Case No. 3:20-cv-06793-EMC (N.D. Cal.) ("FWK Complaint"). In broad strokes, the FWK Complaint alleges that the FWK Defendants violated Sections 1 and 2 of the Sherman Act by engaging in anticompetitive conduct surrounding combination antiretroviral therapy ("cART") regimen drugs, commonly used to treat HIV. *See* FWK Compl. ¶¶ 1-3. The FWK Complaint was filed on behalf of a putative class of direct drug purchasers who allegedly "paid more for cART regimen drugs than they otherwise would have paid in the absence of Defendants' unlawful conduct and sustained damages in the form of overcharges for their cART regimen drug requirements." *Id.* ¶ 4. While the FWK Complaint repeatedly refers to Teva and the litigation stemming from Teva's efforts to seek

approval for a generic HIV drug, *see, e.g.*, *id.* ¶¶ 284-316, it does *not* name Teva as a defendant, *see id.* ¶¶ 27-34.  Nor does it name Teva as a "non-party co-conspirator," whom the FWK Complaint otherwise lists by name.  *Id.* ¶¶ 35-41.

Plaintiffs here subsequently filed the two current cases on September 22, 2021.  *See* Case No. 3:21-cv-07374 (filed by Walgreen Co., the Kroger Co., Albertsons Companies, Inc. and H-E-B, L.P.) ("Walgreen Compl."); Case No. 3:21-cv-07378 (filed by CVS Pharmacy, Inc., Rite Aid Corporation, and Rite Aid Hdqtrs. Corp.) ("CVS Compl.") (collectively, the "Retailer Complaints").  The Retailer Complaints raise substantially similar allegations as the FWK Complaint, but for the first time name Teva as a defendant, along with Gilead Sciences, Inc., Gilead Sciences, LLC, and Bristol-Myers Squibb.  As relevant here, the Retailer Complaints seek to extend the four-year statute of limitations as to *all* defendants, including Teva, based on the filing of the FWK Complaint.  *See* Walgreen Compl. ¶ 288; CVS Compl. ¶ 286.  Specifically, the Retailer Complaints allege that "Plaintiffs are entitled to recover overcharges on purchases made within the four years prior to the filing of the *FWK Holdings* case—*i.e.*, on all purchases of the Relevant Drugs or their generic equivalents made on or after September 29, 2016."  *Id.*  According to the Retailer Complaints, because Plaintiffs were putative members of the class in *FWK Holdings*, the "filing of that action tolled the statute of limitations applicable to" Plaintiffs' claims here.  *Id.*  Thus, the Retailer Complaints assert that, "without the benefit of any tolling doctrine other than class action tolling," Plaintiffs can extend the recovery period from September 22, 2017 (four years prior to the filing of the current suit) to September 29, 2016 (four years prior to the filing of the *FWK Holdings* case).  *Id.*

## ARGUMENT

The Court should dismiss Plaintiffs' claims against Teva that seek recovery for purported injuries predating the four-year limitations period.  *See Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059 (9th Cir. 2012) ("Antitrust actions must be commenced within four years from the date when the causes of action accrue."); *see also* 15 U.S.C. § 15b.  An antitrust cause of action "accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business."  *In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1208 (N.D.

Cal. 2015) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971)). Thus, Plaintiffs cannot seek relief against Teva for alleged overcharges on purchases that were made more than four years before the filing of the Retailer Complaints.[1]

Plaintiffs recognize that their claims reach beyond the four-year statute of limitations. Walgreen Compl. ¶ 288; CVS Compl. ¶ 286; *see also* KPH Order at 25 ("The fact that Plaintiffs included in their complaints allegations in support of tolling the statute of limitations … is essentially a concession that there is a facial time bar (at least in part)."). Plaintiffs nevertheless argue that they can extend the statute of limitations as to *all* defendants, including Teva, based on "class action tolling." Walgreen Compl. ¶ 288; CVS Compl. ¶ 286. The principle of class action tolling derives from the Supreme Court's decision in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), which held that the filing of a class action tolls the applicable statute of limitations for members of the putative class. *See* 414 U.S. at 554; *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2015 WL 6243526, at *138 n.163 (S.D.N.Y. Oct. 20, 2015) (noting that "*American Pipe* tolling" is used "to refer specifically to the federal-law doctrine set forth in *American Pipe*" while "class-action tolling" is used "to refer to the concept more generally"). As the Supreme Court explained in *American Pipe*, because the filing of the initial class action puts the defendants in that suit on notice of the claims against them, it mitigates the unfairness that might otherwise result from extending the limitations period. *See* 414 U.S. at 554-55.

But Plaintiffs cannot, as a matter of law, take advantage of class action tolling with respect to Teva. It is well-established that *American Pipe* tolling does not extend the statute of limitations for claims against a party, like Teva, that was not a named defendant in the prior case. *See Biotech. Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1205 (N.D. Cal. 2013). As courts in this district have repeatedly recognized, *American Pipe* tolling is "limited to the

---

[1] In one of the preceding direct-purchaser cases, this Court similarly granted a motion seeking dismissal of claims resting on injuries outside of the limitations period. *See* Order Denying Defendants' Motion to Compel Arbitration, and Granting in Part and Denying in Part Defendants' Motion to Dismiss, Case No. 19-cv-02573-EMC (N.D. Cal. Mar. 12, 2021) ("KPH Order") (dismissing without prejudice KPH Healthcare Services, Inc.'s "pre-October 2016 claims … based on the statute of limitations and KPH's failure to adequately allege a fraudulent concealment theory").

specific … entities named in the relied upon class actions." *Tech Data Corp. v. AU Optronics Corp.*, 2012 WL 3236065, at *5 (N.D. Cal. Aug. 6, 2012). Circuit courts have likewise restricted *American Pipe* tolling to claims against the defendants in the prior class action. *See Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005) (rejecting the argument that *American Pipe* tolling extends to a previously unnamed defendant); *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) ("[N]othing in *American Pipe* suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit …[and a] different conclusion would not comport with reason."), *overruled on other grounds by Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983); *cf. Wade v. Danek Med., Inc.*, 182 F.3d 281, 288 n.9 (4th Cir. 1999) (holding that a class action did not put unnamed defendants "on sufficient notice" of the claims against them for purposes of equitable tolling). Indeed, Teva is aware of "no authority behind the contention that the Court could or should apply *American Pipe* to toll claims against a party not named as a defendant in any case that could toll an action." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091095, at *4 (N.D. Cal. Mar. 13, 2014); *see also Biotech. Value Fund*, 12 F. Supp. 3d at 1205-1206 (citing cases and following the "other decisions that have declined to toll claims against defendants who were not named in the class action").

Applying this principle here, *American Pipe* tolling is plainly inapplicable to Plaintiffs' claims against Teva. As noted, Teva was not named as a defendant in *FWK Holdings*. *See* FWK Compl. ¶ 27-34; *see also* pp. 2-3, *supra*. Even assuming, as one court has suggested, that *American Pipe* tolling might extend to those parties "named as defendants or coconspirators" in the earlier class action, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3155693, at *3 (N.D. Cal. Aug. 2, 2012), here the FWK Complaint expressly lists the named coconspirators—and that list does not include Teva. *See* p. 3, *supra*; *see also* FWK Compl. ¶¶ 35-41. Regardless of whether Teva was referenced in the FWK Complaint, the caselaw uniformly requires that an entity have been named as a defendant or coconspirator in the prior case in order to toll the statute of limitations. *See supra*.

This rule makes sense. "[T]he filing of a timely class action provides defendants with

notice" that they are being sued, avoiding the unfairness that would otherwise result from extending the limitations period. *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1009 (9th Cir. 2008). That logic does not hold however, when a plaintiff seeks to sue a party not in fact named as a defendant in the prior case. It is therefore irrelevant for purposes of *American Pipe* tolling whether "the class plaintiffs *could have* asserted claims against" the previously unnamed defendant. *Wyser-Pratte Mgmt. Co.*, 413 F.3d at 568. Rather, the question is whether the defendant was in fact named in the earlier complaint, thus putting the defendant on notice that it was facing liability at that point. In line with this reasoning, courts have refused to consider whether an unnamed defendant "was on notice of the claims sufficient to trigger *American Pipe* tolling," holding instead that *American Pipe* categorically does not extend to unnamed defendants. *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091095, at *3.

If anything, tolling the statute of limitations would be particularly unfair here. The FWK Complaint made abundantly clear that the plaintiff in that suit had chosen *not* to name Teva as a defendant or coconspirator, as shown by the references to Teva in the body of the complaint but the exclusion of Teva as a named defendant or coconspirator. Extending the limitations period would thus create the precise unfairness the Supreme Court sought to avoid by tethering *American Pipe* to cases where the "follow-on individual suit" would not "surprise defendants."[2] *In re Hanford*, 534 F.3d at 1009.

## CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Plaintiffs' claims against Teva premised on injuries that predate September 22, 2017.

---

[2] Plaintiffs do not attempt to rely on the "relation-back" principle from Federal Rule of Civil Procedure 15. Nor could they. Rule 15 provides that an "amendment to a pleading relates back to the date of the original pleading when … the party to be brought in by amendment … knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). That rule does not extend to the filing of a second, separate action, as it is not an amendment of the original pleading. *See Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading."). Moreover, Teva's omission as a named defendant from the prior class action was clearly not a "mistake concerning the proper party's identity" given the FWK Complaint's repeated references to Teva's alleged involvement in the events underlying the suit. *See* p. 2, *supra*.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: November 22, 2021 | /s/ *Christopher T. Holding* <br> Christopher T. Holding (pro hac vice) <br> GOODWIN PROCTER LLP <br> 100 Northern Avenue <br> Boston, Massachusetts 02210 <br> Telephone: (617) 570-1000 <br> Facsimile: (617) 523-1231 <br> CHolding@goodwinlaw.com <br><br> *Counsel for Defendant Teva Pharmaceuticals USA, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on November 22, 2021. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of November, 2021.

*/s/ Christopher T. Holding*
Christopher T. Holding