Anna T. Neill (SBN 270858)
KENNY NACHWALTER, P.A.
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: aneill@knpa.com
*Attorneys for Plaintiffs*

(Additional Counsel for Plaintiffs
Listed on Signature Page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STALEY, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>GILEAD SCIENCES, INC., *et al.*,<br><br>          Defendants.<br>―――――――――――――――<br>This Document Relates to:<br><br>3:21-cv-7378-EMC<br>3:21-cv-7374-EMC<br>(Retailer Actions) | **Case No.:  3:19-cv-2573-EMC**<br><br>**RETAILER PLAINTIFFS' OPPOSITION TO TEVA PHARMACEUTICALS, USA, INC.'S MOTION TO DISMISS**<br><br>Hearing: January 6, 2022<br>Time: 1:30 p.m.<br>Courtroom: 5—17th Floor<br>Judge: Hon. Edward M. Chen |

## INTRODUCTION

The motion to dismiss filed by Teva Pharmaceuticals USA, Inc. ("Teva") raises a straightforward legal issue: does the class action tolling doctrine extend the applicable limitations period when a later-filed non-class action names a defendant that was identified as a co-conspirator but not a defendant in the earlier-filed class action?  The answer is yes.  *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 562 (1974) (class action tolling applies when the non-class action "will concern the same evidence, memories, and witnesses as the subject matter of the original class suit, and the defendant will not be prejudiced by later intervention") (Blackmun, J., concurring); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 2021 WL 1909777, at *2 (D.D.C. May 12, 2021) ("The *American Pipe* rule 'suspends the applicable statute of limitations,' 414 U.S. at 554, as to all putative class members' individual claims concerning 'the same evidence, memories, and witnesses as the subject matter of the original class suit'") (quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393 n.14 (1977)); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3155693, at *3 (N.D. Cal. Aug. 2, 2012) (statute of limitations was tolled as to defendants who "were named as defendants *or coconspirators* in the class actions") (emphasis added).  While Teva contends that it was not named as a co-conspirator in the *FWK Holdings* case, that contention is refuted by the *FWK Holdings* complaint, which explicitly alleges that "Gilead and Non-Party Teva Schemed to Delay Entry of Teva's Generic Competitor." Case No. 3:20-cv-6793-EMC (N.D. Cal.), ECF No. 1 at 75, Heading VI.Q ("FWK Complaint").

## BACKGROUND

The *Walgreen* and *CVS* actions were filed in September 2021, approximately one year after the *FWK Holdings* case was filed.[1]  As Teva notes, it was not named as a defendant in

---

[1] Thus, as Teva acknowledges, this motion concerns only the length of the damage period applicable to Retailer Plaintiffs' claims against Teva.  If Retailer Plaintiffs are entitled to class

the *FWK Holdings* case or any of the prior End Payor class cases. However, Teva was subpoenaed and produced documents as a third party in the End Payor and Direct Purchaser class cases. *See* Joint Case Management Statement, ECF No. 685 at 3, 6. Moreover, the *FWK Holdings* complaint contains the very same allegations of unlawful reverse-payment agreements between Gilead and Teva as in the *Walgreen* and *CVS* complaints. FWK Complaint ¶¶ 284-316. Those allegations appear in the *FWK Holdings* complaint under a heading stating that "Gilead and Non-Party Teva Schemed to Delay Entry of Teva's Generic Competitor."

## ARGUMENT

Teva acknowledges that, under *American Pipe*, "the filing of a class action tolls the applicable statute of limitations for members of the putative class." Teva Mot. to Dismiss at 4. By virtue of their assignments, Retailer Plaintiffs are members of the Direct Purchaser Class identified in the *FWK Holdings* complaint. Teva nevertheless contends that class action tolling does not apply because FWK Holdings did not name Teva as a defendant. While there are cases on both sides of this issue, the more persuasive cases apply *American Pipe* tolling to claims against entities named as co-conspirators in the prior class case. *See In re TFT-LCD*, 2012 WL 3155693, at *3. Indeed, one of the cases cited by Teva acknowledges as much. *See Tech Data Corp. v. AU Optronics Corp.*, 2012 WL 3236065, at *5 (N.D. Cal. Aug. 6, 2012) (plaintiffs' claims "'were only tolled to the extent NEC entities were named as defendants *or coconspirators* in the class actions'") (emphasis added). The remaining cases cited by Teva are out-of-circuit, distinguishable, or both.[2]

---

action tolling, the damage period will begin on September 29, 2016 (four years before the *FWK Holdings* case was filed). Absent class action tolling, the damage period begins on September 22, 2017 (four years before the *Walgreen* and *CVS* cases were filed). Teva Mot. to Dismiss at 3.

[2]  *See Wyser-Pratte Mgt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 567-68 (6th Cir. 2005) (declining to apply Ohio class action tolling doctrine to non-conspirator not named in prior

As noted above, Teva was named as Gilead's co-conspirator in the *FWK Holdings* complaint. It is also named as Gilead's co-conspirator in the currently operative DPP class action complaint, ECF No. 559, which is for present purposes identical to the *FWK Holdings* complaint. Indeed, inasmuch as a claim under *FTC v. Actavis, Inc.*, 570 U.S. 136 (2013), is a Sherman Act section 1 conspiracy claim, *see id.* at 140, and such claims require at least two conspirators, *see American Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 195 (2010), a conclusion that DPPs did not identify Teva as a co-conspirator would be equivalent to ruling that the DPPs have not stated any *Actavis* reverse-payment claims.

The rule proposed by Retailer Plaintiffs and adopted in *TFT-LCD* comports with the rationale of *American Pipe*. As Teva acknowledges, *American Pipe* is based on the premise that the filing of a class action provides notice of the claims to the parties identified in the class case. *See American Pipe*, 414 U.S. at 554-55; *id.* at 562 (Blackmun, J., concurring). While not named as a defendant in the class cases, Teva learned of this litigation when it was subpoenaed for documents as a third party, and was therefore on notice that it had been identified as a co-conspirator. Moreover, because a conspiracy case is the same case whether it is asserted against one conspirator or against all of the conspirators, Teva had actual notice that it could be sued by absent class members on claims arising out of "the same evidence, memories, and witnesses as the subject matter of the original class suit." *Id.* at 562 (Blackmun, J., concurring). Teva therefore will not be prejudiced by tolling the applicable limitations period. *See id*.

---

shareholder class action); *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 288 n.9 (4th Cir. 1999) (declining to apply state-law equitable tolling doctrine to unnamed defendants); *Arneil v. Ramsey*, 550 F.2d 774, 782 n.10 (2d Cir. 1977) (declining to apply *American Pipe* to non-conspiring individual defendants not named in prior securities class action); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 1091095, at *4 (N.D. Cal. March 13, 2014) (declining to apply *American Pipe* to conspirator's subsidiary not named in prior class case); *Biotechnology Value Fund, L.P. v. Celera Corp.*, 12 F. Supp. 3d 1194, 1205 (N.D. Cal. 2013) (declining to apply class action tolling to non-conspirator in securities case but citing *TFT-LCD* with approval).

## CONCLUSION

For the reasons stated above, Teva's motion should be denied.

Dated:  December 6, 2021    /s/ Anna T. Neill
Anna T. Neill (State Bar No. 270858)
Scott E. Perwin (*pro hac vice*)
Lauren C. Ravkind (*pro hac vice*)
KENNY NACHWALTER P.A.
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: aneill@knpa.com
Email: sperwin@knpa.com
Email: lravkind@knpa.com
*Attorneys for Walgreen Plaintiffs*

Barry L. Refsin (*pro hac vice*)
Alexander J. Egerváry (*pro hac vice forthcoming*)
Chelsea M. Nichols (*pro hac vice forthcoming*)
Caitlin V. McHugh (*pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
Email: brefsin@hangley.com
Email: aegervary@hangley.com
Email: cnichols@hangley.com
Email: cmchugh@hangley.com

Monica L. Kiley (*pro hac vice*)
Eric L. Bloom (*pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
Telephone: (717) 364-1030
Email: mkiley@hangley.com
Email: ebloom@hangley.com
*Attorneys for CVS Pharmacy, Inc., Rite Aid Corp., and Rite Aid Hdqtrs. Corp.*

William F. Murphy (State Bar No. 82482)
DILLINGHAM & MURPHY
601 Montgomery Street, Suite 1900
San Francisco, CA 94111
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
wfm@dillinghammurphy.com
*Counsel for Retailer Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on December 6, 2021.  I further certify that all participants in the case are registered CM/ECF users that service will be accomplished by the CM/ECF system.

/s/ Anna T. Neill
Anna T. Neill