UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-02573-EMC<br><br>**ORDER GRANTING END-PAYOR PLAINTIFFS' MOTION TO AMEND**<br><br>Docket No. 710 |

Currently pending before the Court is the end-payor plaintiffs ("EPPs") motion for leave to amend. The EPPs seek to add a new named plaintiff to the complaint, *i.e.*, Blue Cross Blue Shield Association ("BCBSA"). Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion.

## I.     DISCUSSION

A.   Legal Standard

As an initial matter, the Court acknowledges that there is a dispute between the parties as to which rule governs the pending motion to amend – Federal Rule of Civil Procedure 15, which provides that a "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), or Rule 16, which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. Pr. 16(b)(3) (providing that a "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions").

The Court holds that Rule 15 applies. The Court's scheduling orders from May 2020,

December 2020, and May 2021, *see* Docket Nos. 342, 489, 611 (orders), do not specify a deadline to join other parties or amend pleadings.

B. <u>Futility</u>

Defendants argue first that adding BCBS to the case should not be permitted because amendment would be futile. Defendants advance two futility arguments: (1) under *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003), a named plaintiff who lacks standing to bring a claim cannot amend to add a new plaintiff to fix the standing problem; and (2) even if *Lierboe* is not a bar, BCBS lacks Article III standing because it is not a "true" payor but rather a middleman that "merely deposits premiums from the federal government and federal employees into a fund from which it pays benefits." Opp'n at 1 (emphasis omitted).

    1. *Lierboe*

The Court rejects Defendants' argument of futility based on *Lierboe*.

In *Lierboe*, the plaintiff brought a class action in which she was the only named plaintiff, "seeking payments for insureds whose claims State Farm had limited by refusing to 'stack' more than one [insurance] policy." *Id.* at 1029. The Ninth Circuit stayed the appeal on the issue of class certification while the Supreme Court of Montana "decided the threshold question of whether [the plaintiff] had a stacking claim under her pertinent policies." *Id.* at 1021. The Montana Supreme Court held she did not. The Ninth Circuit noted that, "'if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.'" *Id.* at 1022. In other words, "if Lierboe [the plaintiff] has no stacking claim, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Id.*

The Ninth Circuit then turned to the question of whether "the suit must be dismissed without more, or if other proceeding may follow under which it may be possible that the suit can proceed as a class action with another representative." *Id.* at 1023. The court concluded in favor of the former.

> We are mindful of judicial economy considerations, especially because an important procedural issue in this proposed class action has already been briefed, namely, whether insureds seeking to

> "stack" one coverage policy with another can properly proceed as a "class" of plaintiffs in light of, among other considerations, any case-by-case analysis required to compute each claimant's necessary medical bills that are the subject of coverage. However, because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss. We are persuaded by the Seventh Circuit's approach in an analogous case, *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244-45 (7th Cir. 1986), which held that where the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and where "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss.

*Id.*

In a footnote, the Ninth Circuit reiterated the mootness point: "If Lierboe initially had a viable stacking claim that later became moot, then our law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed." *Id.* at 1023 n.6. But here the stacking claim was not rejected on mootness grounds; rather, "the Supreme Court of Montana held that Lierboe had no stacking claim from the outset of her litigation." *Id.*

According to Defendants, under *Lierboe*, there must be a named plaintiff who has standing to assert each claim in a complaint; if there is a claim for which no named plaintiff has standing, then the named plaintiff(s) is barred from moving to add a new plaintiff to assert that claim. Although Defendants' position is not entirely without logic, the Court does not agree with their reading of *Lierboe*. *Lierboe* did not address the factual circumstance at issue in the instant case – *i.e.*, where the named plaintiffs *do* have standing to assert some claims and seek to represent absent class members who have standing to assert *analogous* claims. *Lierboe* is thus not dispositive. *See Hensley-Maclean v. Safeway, Inc.*, No. 11-cv-01230-RS, 2015 U.S. Dist. LEXIS 84131, at *13 (N.D. Cal. June 29, 2015) (noting that "[i]t is questionable whether Rosen's withdrawal from the suit should be labeled as having given rise to 'mootness'" but, regardless, "plaintiffs are correct that this is not a situation like *Lierboe* where standing, and therefore subject matter jurisdiction, was absent from the outset[;] . . . there is no sound basis for denying leave to amend at this juncture, given that the jurisdiction of the Court was properly invoked in the first instance"); *cf.* Newberg on Class Actions § 2:8 (stating that, "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case

3

1  and it must be dismissed; if the case only had this one class representative from the outset, then
2  there is no opportunity for a substitute class representative to take the named plaintiff's place
3  because this means that the court never had jurisdiction over the matter"); *Sultanis v. Champion*
4  *Petfoods United States Inc.*, No. 21-cv-00162-EMC, 2021 U.S. Dist. LEXIS 145293, at *22 (N.D.
5  Cal. Aug. 3, 2021) (although not addressing *Lierboe*, holding that "whether a plaintiff can bring
6  claims on behalf of unnamed plaintiffs under the laws of states in which the named plaintiff does
7  not reside or was injured is a matter of typicality, adequacy, and predominance under Rule 23, not
8  Article III standing").

2. <u>Standing of BCBS</u>

Defendants contend that, in any event, amendment would be futile because BCBSA lacks Article III standing itself. According to Defendants, BCBSA

> apparently lacks Article III standing because it is not an insurance company; rather, BCBSA merely deposits premiums from the federal government and federal employees into a fund from which it pays benefits. "BCBSA does not have skin in the game; it does not underwrite the risk in the insurance coverage. It merely acts as a facilitator for [the Office of Personnel Management ("OPM")]." *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090, 1100 (10th Cir. 2015); *In re Blue Cross Blue Shield Antitrust Litig.*, 308 F. Supp. 3d 1241, 1250 (N.D. Ala. 2018) (same finding at summary judgment).

Opp'n at 1-2; *see also* Opp'n at 12 (stating that "[m]ultiple courts have held that BCBSA does not pay claims or bear any insurance risk for members who obtain federal employee health benefits; ; rather, BCBSA is merely a middleman that facilitates payments by the federal government and plan members to pharmacies and healthcare providers that offer products and services to those members").

Futility, however, is a high standard, and the Court is not satisfied that, at this juncture, enough has been shown to establish that BCBSA definitively lacks standing. Plaintiffs dispute Defendants' characterization of BCBSA as a mere middleman. The proposed amendment to the complaint alleges that BCBSA brings suit "in its capacity as the [insurance] carrier of the Service Benefit Plan," which is one of the Federal Employee Health Benefit Plans and that it "purchased and/or provided reimbursement for some or all of the purchase price for one or more of the brands

4

1   Atripla, Biktarvy, Complera, Descovy, Evotaz, Genvoya, Odefsey, Prezcobix, Stribild, Symtuza,

2   Truvada, and Viread other than for re-sale at supracompetitive prices during the Class Period."

3   Prop. FAC, Addendum ¶¶ B1-B3. The allegations must be assumed as true for purposes of the

4   instant motion.

C.  Untimeliness/Undue Delay

Defendants argue that, aside from futility, the motion to amend should be denied because the EPPs did not timely move to amend and instead unduly delayed. Defendants emphasize that they first challenged the EPPs' ability to bring claims under the laws of 25 jurisdictions where they did not make purchases back in September 2019, *see* Docket No. 143 (Mot. at 34-35), but the EPPs chose not to try to cure that problem for some two years. Defendants suggest this also constitutes bad faith on the part of the EPPs. In response, the EPPs argue that they acted with diligence, and without bad faith, because they alerted the Court of their desire to amend within weeks of the Ninth Circuit's decision in *Stromberg v. Qualcomm, Inc.*, 14 F.4th 1059 (9th Cir. 2021), which casts doubt on EPP's ability to assert California claims on behalf of non-California purchases (*i.e.*, to assert that California claims may be applied nationwide).

Although Defendants' argument on bad faith is not persuasive, their position on undue delay has some merit. Nevertheless, undue delay by itself is not a reason to deny amendment; the critical issue is whether the proposed amendment would prejudice Defendants. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (stating that "[u]ndue delay by itself is insufficient to justify denying leave to amend, and the record here does not support any additional ground – such as prejudice or bad faith – that would justify the denial of leave to amend in combination with undue delay").

D.  Prejudice

Defendants contend that amendment should not be permitted because adding BCBSA to the case would be unfairly prejudicial to them. In particular, Defendants assert that adding BCBSA to the case and preparing the requisite defense within the current case management deadlines is not possible. According to Defendants, the case schedule will need a seven-month adjustment so that they may take discovery of BCBSA, file and have adjudicated a motion to

5

challenge BCBSA's standing, and re-do their class certification analysis (*e.g.*, on predominance and typicality). The EPPs disagree, acknowledging that there may be some to adjust deadlines but taking the position that the trial could still go forward in November 2022, as currently scheduled.

The Court is skeptical that trial could go forward in November 2022 if BCBSA were added to the case. However, the Court finds that any prejudice to Defendants may be cured by extending deadlines by a few months. An extension also makes sense given that (1) UHC has now brought its own antitrust case based on the same underlying facts and that (2) even if the Court were to deny amendment now, that would not preclude BCBSA from filing a new lawsuit which would lead to the same case scheduling issues.

Accordingly, the Court hereby adopts the new case management schedule (see modified dates).

|  | **Current Date** | **Modified Date** |
|---|---|---|
| **Class certification motion** | [already filed] | N/A |
| **Rule 12 motion to dismiss hearing (related to BCBSA only) [regularly noticed hearing schedule]** | N/A | Filing of motion: 1/20/2022<br>Hearing: 2/24/2022 |
| **Class certification opposition and supporting expert reports** | 12/8/2021 | 6/2/2022 |
| **Fact discovery cut-off** | 12/17/2021 | 12/17/2021 [non-BCBSA-related discovery];<br>4/14/2022 [BCBSA-related discovery] |
| **Class certification reply and supporting expert reports** | 1/12/2022 | 6/30/2022 |
| **Opening expert reports** | 1/26/2022 | 6/23/2022 |

|  | Current Date | Modified Date |
|---|---|---|
| **Class certification hearing** | 2/3/2022 | 8/4/2022 |
| **Responsive expert reports** | 3/2/2022 | 7/22/2022 |
| **Rebuttal expert reports** | 3/24/2022 | 8/12/2022 |
| **Expert discovery cut-off** | 4/13/2022 | 9/2/2022 |
| **Last day to file dispositive motions** | 4/21/2022 | 9/8/2022 |
| **Opposition to summary judgment and related *Daubert* motions [there may be limits on the number of *Daubert* motions and/or page limits on the *Daubert* motions]** | 5/26/2022 | 10/6/2022 |
| **Reply for summary judgment and related *Daubert* motions [see limits above]** | 6/30/2022 | 10/27/2022 |
| **Summary judgment hearing** | 7/28/2022 | 11/17/2022 |
| **Final pretrial conference filings** | 9/20/2022 | 1/26/2023 |
| **Final pretrial conference** | 10/11/2022 | 2/28/2023 |
| **Trial** | 11/7/2022 | 3/27/2023 |

///

///

///

7

## II. CONCLUSION

For the foregoing reasons, the Court grants the motion for leave to amend. The EPPs shall immediately file the amended complaint. Defendants are not required at this time to file an answer because the schedule above contemplates a Rule 12 motion related to BCBSA.

This order disposes of Docket No. 710.

**IT IS SO ORDERED**.

Dated: December 14, 2021

EDWARD M. CHEN
United States District Judge

8