IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STALEY, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>　　　　　　　　Defendants.<br><br>This Document Relates to:<br><br>*Staley, et al., v. Gilead Sciences, Inc., et al.*, No. 3:19-cv-02573-EMC | Case No. 3:19-cv-02573-EMC (Lead Case)<br><br>**[PROPOSED] ORDER GRANTING END-PAYOR CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH BMS, APPROVAL OF FORM AND MANNER OF NOTICE, APPOINTMENT OF SETTLEMENT ADMINISTRATOR, OF ESCROW AGENT, AND OF SETTLEMENT CLASS COUNSEL, AND FINAL SETTLEMENT SCHEDULE AND DATE FOR FINAL APPROVAL HEARING**<br><br>**[Modifications in yellow highlight]** |

Upon review and consideration of the Settlement Agreement by and between plaintiffs Peter Staley, Ivy Kwan Arce, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Andrew R. Spieldenner, PhD, Michael Snipe, Josh McDonald, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund ("Plaintiffs), individually and on behalf of the End-Payor classes to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only (the "End-Payor Classes"), and defendants Bristol-Myers Squibb Company and E. R. Squibb & Sons, L.L.C., (together, "BMS") dated September 30, 2021 and End-Payor Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of Form and Manner of Notice to the Class, Appointment of Settlement Administrator and Escrow Agent, appointment of Interim Co-Lead Counsel as Settlement Class Counsel, and Final Settlement Schedule and Date for Final Approval Hearing and the supporting memorandum, declarations, and exhibits, IT IS HEREBY ORDERED that the motion is GRANTED as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction over this this action and personal jurisdiction over each of the representative class plaintiffs Peter Staley, Ivy Kwan Arce, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Andrew R. Spieldenner, PhD, Michael Snipe, Josh McDonald, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund, and defendant BMS.

**Class Certification**

2. End-Payor Settlement Damages Classes are to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only:

    a. Atripla Settlement Damages Class, to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only, shall include all persons or entities residing in the United States and its territories who purchased, paid and/or provided reimbursement in (which shall include, with respect to TPPs, the state

in which the TPP has its principal place of business) any of the Damages States for some or all of the purchase price for brand or generic Atripla, sold by Bristol-Myers Squibb Company or its affiliates, by Gilead Sciences, Inc. or its affiliates, or by Teva Pharmaceutical Industries Ltd. or its affiliates, for consumption by themselves, their families, or, with respect to TPPs, by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

b. Evotaz Settlement Damages Class, to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only, shall include all persons or entities residing in the United States and its territories who purchased, paid and/or provided reimbursement in (which shall include, with respect to TPPs, the state in which the TPP has its principal place of business) any of the Damages States for some or all of the purchase price for Evotaz, for consumption by themselves, their families, or, with respect to TPPs, by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

c. Truvada Settlement Damages Class, to be certified under Fed. R. Civ. P. 23(a) and (b)(2) and (b)(3) for settlement purposes only, shall include all Third-Party Payors in the United States and its territories with either a principal place of business in the Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for brand or generic Truvada, sold by Gilead Sciences, Inc. or its affiliates or by Teva Pharmaceutical Industries Ltd. or its affiliates, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

d. Complera Settlement Damages Class, to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only, shall include all Third-Party

        Payors in the United States and its territories with either a principal place of business in the Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for Complera, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

e. Stribild Settlement Damages Class, to be certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only, shall include all Third-Party Payors in the United States and its territories with either a principal place of business in the Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for Stribild, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

f. Excluded from all of the foregoing Settlement Damages Classes are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal governmental entities; all states (and sub-units of government and their entities) that, by law, are precluded from participation as plaintiffs in private class action litigation (for purposes of this Order, those states are the Excluded States as defined in the Settlement Agreement); pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for the relevant drugs; and the judges in this case and any members of their immediate families.

g. As used in the foregoing Class definitions, the "Damages States" are the following states, territories, and/ or districts: Alabama, Arizona, Arkansas, California, Connecticut. District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maryland, Maine, Massachusetts, Michigan, Minnesota,

Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

3. End-Payor Settlement Injunctive-Relief Classes are to be certified under Fed. R. Civ. P. 23(a), and (b)(2) for settlement purposes only:

4. The Prezcobix Settlement Injunctive-Relief Class shall include all persons or entities in the United States and its territories who purchased, paid and/or provided reimbursement for some or all of the purchase price for Prezcobix, for consumption by themselves, their families, or their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021. Excluded from the class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal and state governmental entities; pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for Prezcobix; and the judges in this case and any members of their immediate families.

5. The cART Foundation Settlement Injunctive-Relief Class shall include all persons or entities in the United States and its territories who purchased, paid and/or provided reimbursement for some or all of the purchase price for cART Foundation drugs made by one or more of Bristol-Myers Squibb Company or its affiliates, Gilead Sciences, Inc. or its affiliates, and Johnson & Johnson, Janssen Products LP or their affiliates, for consumption by themselves, their families, or their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021. For purposes of this Order, the cART Foundation drugs made by the entities identified above are any of one or more of Atripla, Biktarvy, Complera, Descovy, Genvoya, Odefsey, Stribild, Symtuza, Truvada, and Viread. Excluded from the class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal and state governmental entities; pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for any of Atripla, Biktarvy,

1  Complera, Descovy, Genvoya, Odefsey, Stribild, Symtuza, Truvada, and Viread; and the judges in
2  this case and any members of their immediate families.

### Preliminary Approval of the Proposed Settlement

4  6.  Federal Rule of Civil Procedure 23(e) provides that the claims of a certified class may be settled only with the Court's approval. As a first step, plaintiffs generally seek preliminary approval of the proposed settlement.[1] "A preliminary approval of a settlement and notice to the proposed class is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not grant improper preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'"[2] Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness."[3] Preliminary approval, however, establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response."[4]

7.  All the relevant factors weigh in favor of preliminarily approving the settlement between Plaintiffs, individually and on behalf of the End-Payor Classes, and BMS (the "Settlement"). First, the Settlement follows extensive briefing and considerations of Defendants' motions to dismiss the complaint, substantial fact discovery, and prolonged and intensive settlement negotiations. Consequently, the parties have access to a discovery record and rulings of the Court that permit a fully informed evaluation of the case. Second, the Settlement is the result of arm's-length negotiation among sophisticated counsel.

8.  Third, the agreed-upon consideration to be paid by BMS pursuant to the Settlement Agreement, in exchange for, *inter alia*, dismissal of the litigation with prejudice by Plaintiffs and

---

[1] *Manual for Complex Litigation (Fourth)* § 21.632 (2015).

[2] *Cuzick v. Zodiac U.S. Seat Shells, LLC*, No. 16-cv-03793, 2017 WL 4536255, at *5 (N.D. Cal. Oct. 11, 2017) (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

[3] *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-2509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013) (quoting Alba Conte et al., *Newberg on Class Actions* § 11.25 at 11–91 (4th ed. 2002)).

[4] *Tableware*, 484 F. Supp. 2d at 1079; *see Manual for Complex Litigation (Fourth)* § 21.631 (2015).

1  the End-Payor Classes as set forth in the Settlement Agreement, is, upon preliminary view, within
2  the range of reasonableness based on the circumstances. The settlement provides that BMS will
3  forever waive the enforcement of contractual provisions that prohibit Defendant Gilead from
4  making, or licensing others to make, a version of Evotaz formulated with generic atazanavir (a
5  generic version of BMS's Reyataz). Plaintiffs refer to these contractual provisions as a No-Generics
6  Restraint. In addition, BMS agrees to pay $10 million into a Settlement Fund for the benefit of the
7  Classes, and to pay up to $200,000 toward the costs of providing notice of the proposed settlement
8  to the Classes. Based on the Settlement Administrator's estimate of the likely number of consumer
9  claimants, the average payout to eligible consumer members of the settlement classes for Atripla
10 and Evotaz may range from $70.50 to $282.00.

**Approval of Form and Manner of Notice**

12  9.  The Court finds that the proposed form of notice to End-Payor Class members of the
13 proposed Settlement (revised as requested by the Court) and the proposed method of dissemination
14 of notice by publication, and by U.S. First-Class Mail to the TPPs, as supplemented by the use of
15 digital media as described in the Young Declaration (Docket No. 711-8) satisfy Federal Rule of
16 Civil Procedure 23(e) and due process and are otherwise fair and reasonable and are, therefore,
17 approved.

18  10. Co-Lead Class Counsel shall also ensure that copies of the notice and the Settlement
19 Agreement are available to End-Payor Class members online at the litigation website identified in
20 the notice to allow End-Payor Class members to become and remain reasonably apprised of the
21 progress of this action.

22  11. Class Counsel shall cause the notice substantially in the form attached as Exhibit B to
23 the Settlement Agreement to be disseminated by December 30, 2021 (within 15 days after entry of
24 this Order) via publication as outlined in the Notice Plan provided by A.B. Data, Ltd. and to the
25 TPP members by U.S. First-Class Mail to the last known mailing addresses of each TPP member of
26 the End-Payor Class. In addition, A.B. Data, Ltd. shall promptly take action to provide additional
27 notice through the use of digital media as described in the Young Declaration (Docket No. 711-8).

1  12.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), BMS shall serve notice of the proposed Settlement as required under CAFA within 10 days after the date Plaintiffs file for preliminary approval of the proposed Settlement. BMS shall contemporaneously provide Class Counsel with copies of the notice.

13.  The Court appoints A.B. Data, Ltd. as Settlement Administrator to assist in disseminating the Settlement notice to the End-Payor Classes and, if the Settlement is approved, administration of the distribution of the relevant portion of the Settlement Fund to the consumer members of the Atripla Settlement Damages Class and the Evotaz Settlement Damages Class. All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

14.  The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of receiving and investing the Settlement Fund in accordance with the terms of the Escrow Agreement attached as Exhibit D to the Settlement Agreement. All expenses incurred by the Escrow Agent must be reasonable, are subject to the Court approval, and shall be payable from the Settlement Fund.

15.  As Settlement Class Counsel, the Court appoints Daralyn Durie of Durie Tangri LLP, Steve Shadowen of Hilliard & Shadowen LLP, and Steve Berman of Hagens Berman Sobol Shapiro LLP.

### Final Approval Hearing

16.  A hearing on final approval of the Settlement (the "Final Approval Hearing") shall be held before this Court on April 28, 2022 (within 120 days after entry of this Order) in the courtroom assigned to the Honorable Edward M. Chen, at the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. At the Final Approval Hearing, the Court will consider, among other matters: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the proposed plan of allocation of the Settlement Fund among End-Payor Classes members; (c) Class Counsel's request that a portion of the Settlement Fund be used to reimburse and pay for litigation expenses; and (d) whether a final judgment terminating this litigation should be entered.

17. The Final Approval Hearing may be rescheduled or continued; in that event, the Court will furnish all counsel with appropriate notice. Co-Lead Class Counsel shall be responsible for communicating any such notice promptly to the End-Payor Settlement Classes by posting conspicuous notice on the website identified in the notice.

18. End-Payor Settlement Class members that wish to object to the proposed Settlement or the plan of allocation must submit to the Court a written objection and any supporting papers, clearly identifying the case name and number, either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California. To be valid, any such objection must be postmarked or filed on or before March 15, 2022 (within 90 days after entry of this Order and within 75 days after the date notice is disseminated). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an objection shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Final Approval Hearing. Persons or entities who file an objection do not need to appear in order to have their objections considered.

19. All briefs and materials in support of the final approval of the Settlement, the plan of allocation (including the use of some portion of the funds to reimburse and pay for litigation expenses), and the entry of final judgment proposed by the parties to the Settlement shall be filed with the Court by April 5, 2022 (within 111 days after entry of this Order and within 21 days after the deadline for End-Payor Classes members to object to the Settlement and/or the plan of allocation).

20. The deadline to file claims shall be 60 days after entry of this Court's Order giving final approval to the settlement.

21. Pending final approval of the Settlement and the entry of final judgment, any and all proceedings in this action (other than those incident to the settlement process) by the End-Payor Class against BMS are stayed. The action by the End-Payor Class against other defendants, and by other plaintiffs against BMS, shall continue as scheduled.

22. In the event that the Settlement does not become final, litigation of the action by the End-Payor Class against BMS will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto (or application by one party if a joint application is not forthcoming) as provided for in the Settlement Agreement.

23. In the event that the Settlement is terminated in accordance with the Settlement Agreement, the terminated Settlement and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void and shall have no further force and effect, Plaintiffs shall retain full rights to assert any and all causes of action against BMS, and any released party affiliated with BMS shall retain any and all defenses and counterclaims thereto. The action with respect to BMS shall hereupon revert forthwith to its respective procedural and substantive status before the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other papers had not been executed by Plaintiffs and the End-Payor Class and BMS.

24. Neither this Order nor the Settlement Agreement nor any other Settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by BMS as to the validity of any claim that has been or could have been asserted against BMS or as to any liability by BMS as to any matter set forth in this Order; nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission or concession by Plaintiffs as to the absence of merit in any of their allegations or claims against BMS.

IT IS SO ORDERED.

Dated: December 14, 2021



_____
HON. EDWARD M. CHEN
United States District Judge