1

Daralyn J. Durie (SBN 169825)
DURIE TANGRI LLP
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 362-6666

Steve D. Shadowen (*pro hac vice*)
HILLIARD & SHADOWEN LLP
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone:  (855) 344-3298

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Interim Co-Lead Counsel for End Payor Plaintiffs*
("*EPPs*")

Dianne M. Nast (*pro hac vice*)
NASTLAW LLC
dnast@nastlaw.com
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Telephone: (215) 923-9300

Michael L. Roberts (*pro hac vice*)
ROBERTS LAW FIRM, PA
mikeroberts@robertslawfirm.us
1920 McKinney Avenue, Suite 700
Dallas, Texas  75204
Telephone: (501) 952-8558

Francis O. Scarpulla (SBN 41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
fos@scarpullalaw.com
3708 Clay Street
San Francisco, CA 94118
Telephone: (415) 751-4193

*Interim Co-Lead and Liaison Counsel for Direct
Purchaser Plaintiffs* ("*DPPs*")

(Additional Counsel for Plaintiffs Listed on Signature
Page)

Heather M. Burke (SBN 284100)
WHITE & CASE LLP
hburke@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306
Telephone:  (650) 213-0300
*Attorney for Defendants Gilead Sciences,
Inc., Gilead Holdings, LLC, Gilead Sciences,
LLC, and Gilead Sciences Ireland UC*

Daniel B. Asimow (SBN 165661)
ARNOLD & PORTER KAYE SCHOLER
LLP
daniel.asimow@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 9411
Telephone: (415) 471-3142
*Attorney for Defendants Bristol-Myers
Squibb Company and E. R. Squibb & Sons,
L.L.C.*

Paul J. Riehle (SBN 115199)
FAEGRE DRINKER BIDDLE & REATH
LLP
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7521
*Attorney for Defendants Janssen R&D
Ireland, Janssen Products, LP and Johnson
& Johnson*

(Additional Counsel for Defendants Listed
on Signature Page)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al.<br><br>                    Plaintiffs,<br><br>        v.<br><br>GILEAD SCIENCES, INC., et al.<br><br>                    Defendants.<br><br>This Document Relates to:  ALL ACTIONS | Case No. 3:19-cv-02573-EMC (Master Docket)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   January 11, 2022<br>Time:   10:30 a.m.<br>Ctrm:   5-17th Floor<br>Judge:  Honorable Edward M. Chen |

Pursuant to the Court's Order on December 22, 2021 (*see* ECF No. 799), End-Payor Plaintiffs Peter Staley, Ivy Kwan Arce, Steve Fuller, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Andrew R. Spieldenner, PhD, Michael Snipe, Josh McDonald, Troy Vazquez-Cain, Blue Cross Blue Shield Association ("BCBSA"), Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Service Employees International Union, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (together, "EPPs"), MSP Recovery Claims Series LLC ("MSP"), Direct Purchaser Plaintiff KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc. ("DPPs"), CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons Companies, Inc. and H-E-B, L.P. (together, "Retailer Plaintiffs"), and United HealthCare Services, Inc. ("United HealthCare") (collectively, "Plaintiffs"), Aetna, Inc.[1], Blue Cross and Blue Shield of Florida, Inc., Blue Cross and Blue Shield of South Carolina, Inc., Centene Corp., Health Care Service Corporation, a Mutual Legal Reserve Company, Humana Inc., Triple-S Salud, Inc. (collectively, except Aetna Inc., the "Individual Health Plan Plaintiffs") and Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, Gilead Sciences Ireland UC ("Gilead"), Janssen R&D Ireland, Janssen Products, LP and Johnson & Johnson  ("Janssen"), Bristol-Myers Squibb Company, E. R. Squibb & Sons, L.L.C. ("BMS") and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants") (together, the "Parties") hereby submit this Joint Case Management Statement.

## I.     STATUS OF COORDINATED AND RELATED ACTIONS

*Staley, et al. v. Gilead Sciences, Inc., et al.*, No. 3:19-cv-02573-EMC (N.D. Cal) (the "*Staley* Action"), is the lead case for five consolidated end-payor actions and is coordinated for pre-trial and discovery purposes with the related direct purchaser action *KPH Healthcare Services, Inc. v. Gilead Sciences Inc. et al.*, No. 3:20-cv-06961-EMC (N.D. Cal), and three related actions filed by the Retailer Plaintiffs and United HealthCare: *CVS Pharmacy, Inc v. Gilead Sciences, Inc.*, No. 3:21-cv-07378 (N.D. Cal.), *Walgreen Co. et al. v. Gilead Sciences, Inc. et al.*, No. 3:21-cv-07374 (N.D. Cal.), and *United*

---

[1] Aetna Inc. specially appears for the limited purpose of maintaining that its case was improperly removed from state court and does not take any position on any of the other issues raised in this statement, as it intends to promptly file a motion to have its case remanded to state court.

*HealthCare Services, Inc. v. Gilead Sciences, Inc. et al*., No. 3:21-cv-9202 (N.D. Cal.).

On December 14, 2021, the Court granted the EPPs' motion for leave to amend to add BCBSA as a plaintiff and entered a new case management schedule ("December 14 Order"). ECF No. 781. Under the revised schedule, the fact discovery cut-off for non-BCBSA-related discovery was December 17, 2021, and the fact discovery cut-off for BCBSA-related discovery is April 14, 2022. Opening expert reports are due on June 23, 2022 and the expert discovery cut-off is September 2, 2022. The last day to file dispositive motions is September 8, 2022. Trial is set to commence on March 27, 2023. *Id.* at 6-7.

On December 13 and 14, 2021, twelve additional actions were filed by various plaintiffs: *Aetna Inc. v. Gilead Sciences, Inc. et al.*, No. 21-cv-06628 (San Mateo Cnty. Superior Ct. Cal.) (subsequently removed and proceeding as *Aetna, Inc. v. Gilead Sciences, Inc. et al*., No. 3:21-cv-09827 (N.D. Cal.))[2], *Blue Cross and Blue Shield of Florida, Inc. et al. v. Gilead Sciences, Inc. et al*., No. 3:21-cv-09622 (N.D. Cal.), *Blue Cross and Blue Shield of Florida, Inc. et al. v. Teva Pharmaceuticals USA, Inc.*, No. 4:21-cv-09632 (N.D. Cal.), *Blue Cross and Blue Shield of South Carolina, Inc. et al. v. Gilead Sciences, Inc. et al.*, No. 3:21-cv-09645 (N.D. Cal.), *Blue Cross and Blue Shield of South Carolina, Inc. et al. v. Teva Pharmaceuticals USA, Inc.*, No. 4:21-cv-09644 (N.D. Cal.), *Centene Corp. v. Gilead Sciences, Inc. et al.*, No. 4:21-cv-09634 (N.D. Cal.), *Centene Corp. v. Teva Pharmaceuticals USA Inc.*, No. 5:21-cv-09648 (N.D. Cal.), *Health Care Service Corporation, a Mutual Legal Reserve Company v. Gilead Sciences, Inc. et al.*, No. 5:21-cv-09646 (N.D. Cal.), *Humana Inc. v. Gilead Sciences, Inc. et al.*, No. 4:21-cv-09621 (N.D. Cal.), *Humana Inc. v. Teva Pharmaceuticals USA Inc*., No. 3:21-cv-09620 (N.D. Cal.), *Triple-S Salud, Inc., v. Gilead Sciences, Inc. et al*, No. 3:21-cv-09647 (N.D. Cal.), and *Triple-S Salud, Inc., v. Teva Pharmaceuticals USA Inc.*, No. 3:21-cv-09642 (N.D. Cal.).

On December 22, 2021, Defendants filed an administrative motion to consider whether the foregoing actions should be related to the *Staley* Action. ECF No. 798. The Court set a Status Conference for January 11, 2022 at 10:30 a.m. to address the case schedule assuming that all twelve additional actions will be related to the *Staley* Action. ECF No. 799. On January 4, 2021, Aetna Inc. and

---

[2] Aetna Inc. maintains that its action was improperly removed from state court and intends to file a motion to remand by January 19, 2022. Defendants maintain that removal was proper for all the reasons stated in the Notice of Removal. *Aetna, Inc. v. Gilead Sciences, Inc. et al*., No. 3:21-cv-09827 (N.D. Cal.), ECF No. 1.

the Individual Health Plan Plaintiffs filed responses to Defendants' administrative motion to relate the new actions to the *Staley* Action.  ECF Nos. 803, 804.

## II.      IMPACT ON CASE SCHEDULE OF RECENTLY FILED ACTIONS

The Parties have met and conferred regarding the impact on the case schedule of relating the twelve recently filed actions to the *Staley* Action.

### A.      EPPs', DPPs', Retailer Plaintiffs', and United HealthCare's Statement

The EPPs, DPPs, Retailer Plaintiffs, and United HealthCare do not believe that the actions filed by the Individual Health Plans warrant any adjustment to the revised scheduling order other than to the December 17, 2021 fact discovery deadline, as described in Section III.  EPPs have been vigorously prosecuting the *Staley* Action since May 2019.  It is essential to maintain the current schedule and trial date, particularly in view of the injunctive relief sought by the EPPs.  EPPs, DPPs, and the Retailer Plaintiffs have been cooperating on discovery and will, together with United HealthCare, closely coordinate their discovery efforts and trial preparation under the schedule set by the Court.  The schedule should not be modified as requested by the Individual Health Plans, who waited until the close of fact discovery only three weeks ago to file their complaints.  EPPs, DPPs, Retailer Plaintiffs, and United HealthCare will engage with the Individual Health Plans to determine whether they will join the litigating plaintiff group, in which case the current schedule can be maintained other than the deadline for discovery of these new plaintiffs (and other minor modifications noted below).  Until the plaintiffs have had an opportunity to meet and confer, EPPs, DPPs, Retailer Plaintiffs, and United HealthCare believe it would be premature to discuss any further modification of the case schedule and request that the Court revisit this issue at the next scheduled status conference on February 15, 2021.

Additionally, DPPs respectfully propose a slight adjustment to the class certification briefing schedule: that Defendants disclose the expert reports they will be relying on in support of their opposition to Plaintiffs' motions for class certification on or before April 18, 2022 (45 days before their oppositions to class certification are due).  By April 18, Defendants will have had six months since Plaintiffs filed their motions for class certification on October 20, 2021, and DPPs do not expect any substantive DPP class issues to change.  This slight adjustment also alleviates some of the crunch from deadlines in June—Defendants' opposition to class certification, opening merits expert reports, and Plaintiffs' reply in

support of class certification.  DPPs' proposal for this limited schedule adjustment is reasonable for the reasons articulated above and will not cause any delay to the case schedule.

> **B.** **Individual Health Plan Plaintiffs' Position**

Individual Health Plan Plaintiffs believe it is premature to set a schedule in their respective actions given that service has not yet occurred, and they do not yet have any real sense of the discovery that has been conducted in the related *Staley* action.  Individual Health Plan Plaintiffs will continue conversations with Defendants' counsel to try to reach a stipulation with Defendants regarding service. At this point, Defendants' proposal that these cases proceed on the schedule currently set in the Court's most recent scheduling order in *Staley* [ECF No. 781] is unworkable given that Individual Health Plan Plaintiffs will likely need at least some additional discovery.  However, Individual Health Plan Plaintiffs will take all reasonable measures to quickly get up to speed and leverage discovery that has already occurred.

The *Staley* action was filed more than two years before Individual Health Plan Plaintiffs filed their respective actions.  Individual Health Plan Plaintiffs do not yet have access to the discovery that has been conducted in the *Staley* action, so they do not have any way of understanding what additional discovery is needed.  Based on conversations with plaintiffs' counsel in *Staley* and the related actions, Individual Health Plan Plaintiffs understand that approximately 9 million pages of documents have been produced by Defendants and that more than 60 depositions of Plaintiffs, Defendants, and third parties have been taken.  Individual Health Plan Plaintiffs will need a reasonable amount of time to review existing discovery.  Moreover, it is unclear to Individual Health Plan Plaintiffs whether the parties in *Staley* and the related actions will agree to voluntarily provide all of the discovery to Individual Health Plan Plaintiffs that has occurred, but Individual Health Plan Plaintiffs will continue discussions with the parties to try to reach an agreement on this issue.

Additionally, based on the recently filed motion for class certification and allegations in the amended complaints, it appears that Individual Health Plan Plaintiffs' theories may be more expansive than those asserted by some of the *Staley* plaintiffs, and it is not yet clear what additional discovery may be needed support those theories.  Individual Health Plan Plaintiffs have also named Teva as a defendant, which the *Staley* plaintiffs did not do.  Individual Health Plan Plaintiffs understand that both the Retailer

Plaintiffs and United HealthCare have named Teva and that additional discovery may occur as to Teva in the next few months, so Individual Health Plan Plaintiffs will continue discussions with those parties to see if it is possible to coordinate.

Defendants' proposed schedule would prejudice Individual Health Plan Plaintiffs for a number of reasons.  First, Defendants propose extending fact discovery of Individual Health Plan Plaintiffs only to May 23, 2022 and do not provide any opportunity for Individual Health Plan Plaintiffs to conduct additional fact discovery.  This proposal is unfair, unrealistic, and deprives Individual Health Plan Plaintiffs of their rights to due process by denying them an opportunity to conduct additional discovery as to their respective actions.  Second, Defendants do not propose any extensions to the rest of the discovery schedule, including expert discovery.  Given the narrowing of the relevant drugs at issue and related damages presented in the *Staley* plaintiffs' motions for class certification, it would significantly disadvantage Individual Health Plan Plaintiffs to force them to conclude expert discovery within six months of filing actions asserting complex antitrust theories and without any understanding of the underlying factual discovery that may impact expert analysis.   Although Defendants assert that the Individual Health Plan Plaintiffs delayed in filing their actions, the relevant class opt-out deadlines have not yet passed; thus, the Individual Health Plan Plaintiffs should not be penalized for bringing timely actions merely because fact discovery has closed in the *Staley* action.  *See generally Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (recognizing an absent class member who "'opt[s] out' of the class" by the exclusion deadline "preserve[s] the right to pursue a separate lawsuit" (citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974))).

Accordingly, Individual Health Plan Plaintiffs propose that the parties provide a joint filing with proposed Rule 16(b) schedule(s) within 45 days, which should provide sufficient time to resolve any service issues, determine the scope of discovery that has already been taken and whether the current *Staley* parties will voluntarily provide the previously produced discovery, and identify additional needed discovery, so that an appropriate and reasonable schedule may be presented to the Court.

C.     **Defendants' Position on Schedule Impact**

1.     **Defendants Agree that the Existing Schedule Should Apply to the New Plaintiffs**

Defendants agree with the EPPs, DPPs, Retailer Plaintiffs, and United HealthCare that the recently filed actions should not alter the schedule set by the Court's December 14 Order, including the fact discovery cutoff as to Defendants of December 17, 2021.[3]  With respect to Defendants' discovery of the Individual Health Plan Plaintiffs, Defendants believe that they can complete all documentary and deposition discovery by May 23, 2022, one month prior to the deadline for merits expert reports set in the Court's December 14 Order.  Defendants believe that this five-month period is sufficient and appropriate given the grouping of fact discovery of these seven new Plaintiffs together with the still pending discovery of United HealthCare and the Retailer Plaintiffs.  As such, Defendants will be conducting document and deposition discovery in these complex antitrust actions of fourteen Plaintiff entities, each of which are complex corporate entities operating in the health care space.[4]  This five-month time period will be necessary to negotiate the scope of document requests, meet and confer about custodial document productions, and resolve any document related disputes prior to proceeding to depositions.

The proposal by the new Plaintiffs—to be allowed more than six weeks to review existing discovery and then come back to the Court and presumably propose additional months of discovery against Defendants—is unworkable and unnecessarily burdensome on Defendants, who have spent the last two years producing documents and witnesses in response to class claims almost entirely identical to those in the Individual Health Plan Plaintiff complaints.  As the new Plaintiffs acknowledge, the scope of discovery in this matter has been extensive—with over 60 deposition transcripts in the record and millions of pages of documents produced.  The burden of document discovery has been enormous for each of the Defendants (Gilead alone produced more than 500,000 documents, amounting to 5 million pages), and deposition discovery has been particularly focused on Gilead, which has presented 30 witnesses for depositions in this

---

[3] As the Individual Health Plan Plaintiffs note above, service has not been completed on Defendants as to any of the new Complaints.  Defendants reserve all rights to challenge the appropriateness of service in the event an agreement is not reached as to waiver of service.

[4] As discussed below, Defendants also propose to complete all discovery of United HealthCare and the Retailer Plaintiffs by this same May 23 discovery cut off.

matter and provided an additional 21 deposition transcripts of certain witnesses from the matter *Holley v. Gilead Sciences, Inc.*, No. 18-cv-06972-JST (JSC).

Defendants are committed to working with the new Plaintiffs to make this prior discovery—conducted over a nearly two-year period—promptly available for review.  As was done when the Retailer Plaintiffs were recently added and they agreed to only limited additional discovery of Defendants, Defendants on January 5 proposed a draft stipulation to the Individual Health Plan Plaintiffs that would apply the existing discovery orders in the *Staley* Action (*e.g.*, the various Protective Orders) to the new cases, allowing for prompt re-production of document discovery to proceed.  Additionally, the Individual Health Plan Plaintiffs can coordinate with the existing Plaintiffs to obtain an overview of the discovery provided to date to expedite their understanding of the record.  During the Parties' meet and confer of January 4, 2021, the EPP's class counsel offered to provide such an overview to the Individual Health Plan Plaintiffs.

Given this extensive record, Defendants submit that the Individual Health Plan Plaintiffs' decision to delay filing their complaints until just days before the fact discovery cutoff does not justify allowing any additional discovery as to the Defendants.  Nor does the new Plaintiffs' blanket statement that that their claims "may be more expansive than those asserted by the *Staley* Plaintiffs" justify additional discovery against Defendants—indeed, the new Plaintiffs agree that their cases are substantially similar to the *Staley* action,[5] and they have not articulated any differentiation in their allegations, or how they may warrant new or different discovery.  The new Plaintiffs also raise the fact that their complaints differ from *Staley* by including Teva as a Defendant, but the Retailers added Teva as a defendant months ago and Teva has been actively participating as a party in this litigation.  Notably, the Retailers agree that their action—including any discovery as to Teva—can be on the same overall schedule as the class actions with a brief period of fact discovery as to Teva.

Further, any claim of prejudice by the Individual Health Plan Plaintiffs should be given little weight, as this opt-out group strategically elected to wait to join this litigation until class counsel had done much of the fact discovery work.  It cannot be disputed that many of these Plaintiffs—at least two of which

---

[5] See Individual Health Plan Plaintiffs response to Defendants' Administrative Motion to Consider Whether Cases Should be Related,  ECF No. 803-04.

are Blue Cross/Blue Shield entities related to BCBSA—have been on notice of this litigation for at least a year and a half.  Indeed, as early as mid-2020, six of the seven new Plaintiffs—Aetna, Inc., Blue Cross and Blue Shield of Florida, Inc., Blue Cross and Blue Shield of South Carolina, Centene Corp., Healthcare Service Corporation, and Humana, Inc.—were served by Defendants with subpoenas for production of documents in this litigation and engaged in negotiations about their productions and discussions about the scope of the claims.  While it may be a good business strategy for such opt-out Plaintiffs to delay their entry into the litigation to reduce their own litigation burdens, they should not be heard to complain about the resulting shortness of time or be rewarded for that decision with the opportunity to take a second pass at discovery.

In short, the complaints filed by the Individual Health Plan Plaintiffs are tardy and largely redundant of the existing Complaints as to which extensive discovery has already been conducted, and the new Plaintiffs have made no attempt to even outline the scope of any additional discovery of Defendants which they believe might be necessary.  While Defendants will need to take discovery of these new Plaintiffs, the five-month period through May 23, 2022 proposed by Defendants should suffice for all discovery as to these new complaints, such that they can fold into the existing schedule set by the Court in its December 14 Order.

## 2.    DPPs' Proposed Revision to the Existing Schedule Is Unnecessary

DPPs'  proposal to shorten Defendants' deadline to serve their class certification expert reports by more than six weeks to April 18, 2022—apparently as to both the EPP and DPP motions—is both unnecessary and prejudicial to Defendants.  The Court's December 14 Order set a deadline of June 2, 2022 for Defendants' opposition to the motions for class certification and supporting expert reports in conjunction with granting EPPs leave to amend to add BCBSA as a putative class representative, recognizing that Defendants would need time to formulate their opposition, including any expert support, after concluding discovery of BCBSA on April 14, 2022.  Notably, the EPPs and DPPs relied on two joint economic experts, so there is no practical way to set a separate schedule for serving expert reports responsive to only the DPP experts, on the one hand, and EPP experts, on the other.  Moreover, given the centrality of expert economic evidence to the Court's Rule 23 analysis in antitrust cases, DPPs' proposal effectively and drastically shortens Defendants' deadline for opposing both the DPP and EPP class

certification motions.   DPPs' proposal thus is not a "reasonable" or "slight adjustment" as DPPs contend, and DPPs cite no new circumstances or actual prejudice that would justify such a drastic change in this key aspect of the Court-ordered class certification schedule, other than to refer obliquely to several deadlines in June—something that was known when the schedule was set.  The schedule should stand as ordered in the Court's December 14 Order.

**III.    ADDITIONAL DISCOVERY TO BE CONDUCTED AFTER DECEMBER 17, 2021**

**A.    Discovery of BCBSA**

**1.    Defendants' Position**

One of the primary arguments Defendants raised in opposing the motion for leave to amend to add BCBSA as a putative class representative was the likelihood that it would take months to obtain relevant discovery from BCBSA.  BCBSA disagreed, arguing that it would complete its document productions and appear for a deposition within 30 days of issuance of an order granting the motion.  EPPs' Reply in Supp. of Mot. to Amend at 10:12-15 (Nov. 24, 2021), ECF No. 747.  But BCBSA's recalcitrance in producing discovery in the 23 days since this Court granted the motion (*see* December 14 Order) confirms that Defendants were correct.  Specifically, BCBSA has not (1) produced a single document in response to Defendants' requests for production that were served on December 16, 2021, and December 23, 2021; (2) provided any written responses to these requests for production; (3) confirmed that it will respond to targeted interrogatories (served on December 23, 2021) relating to the standing issues that Defendants expect to raise in their motion to dismiss (due January 20, 2022) sufficiently in advance of the motion so that they can be used in that motion; or (4) even produced organizational charts or proposed custodians for searching electronically-stored information using search terms.

As the Court knows, Defendants intend to move to dismiss BCBSA's claims because BCBSA is a middleman that merely facilitates payments by the federal government for prescription pharmaceuticals, and thus BCBSA both lacks standing and is not a member of the putative classes of "end-payors."  Here, as in other pharmaceutical antitrust cases, EPPs have sought to exclude from their classes any entities that, even if they nominally paid for one of the products, did not suffer injury or damages because they were fully reimbursed by some other entity and thus bore no risk relating to the price of the products at issue. *See* End-Payor Pls.' Mot. for Class Cert. at 2:10-23 (Oct. 20, 2021), ECF No. 694 (seeking to exclude from

the putative classes "Fully insured health plans, i.e., plans for which the insurer bears 100% of the risk of the reimbursement obligations to members"). Because the Court set the deadline for Defendants' motion as January 20, 2022, Defendants prioritized seeking discovery on those issues as soon as possible. Defendants served targeted requests for production regarding the standing issues on December 16, 2021, just two days after the Court granted EPPs' motion for leave to amend, and sought to meet and confer with BCBSA the following day. BCBSA delayed that conference by one week to December 23. And, in that December 23 conference, counsel for BCBSA explained that it would not produce categories of documents that are indisputably relevant to BCBSA's status as an intermediary. For example, BCBSA stated that it would not produce any documents sufficient to show how BCBSA obtains funds from the federal government to pay for prescriptions under the Service Benefit Program, and then transfers those funds to pharmacies when federal employees fill their prescriptions. And BCBSA refused to produce information responsive to the request quoted in EPPs' statement below, even though Defendants explained that the request was for documents sufficient to show whether BCBSA earned profits or suffered losses by administering the FEP, and if so whether such profits or losses were due to paying pharmaceutical claims. While EPPs contend that this discovery is not relevant, these issues go directly to whether BCBSA bore any price-risk related to products purchased under the Service Benefits Program, or is instead like other entities that EPPs propose excluding from their classes (such as pharmacy benefits managers) because they are allegedly fully reimbursed by other entities—in BCBSA's case, the federal government.

During that conference, Defendants asked that BCBSA put its objections to the December 16, 2021 requests for production in writing so that we could seek relief from Magistrate Judge Beeler sufficiently in advance of the January 20, 2022 deadline, but BCBSA still has not done so. To date, not only has BCBSA failed to produce copies of its applicable contracts with the U.S. Office of Personnel Management ("OPM") despite the fact that its claims are based entirely on purchases BCBSA supposedly made under those contracts, BCBSA has not confirmed that it will produce unredacted copies of those contracts sufficiently in advance of Defendants' January 20, 2022 motion deadline. Instead, all BCBSA has produced is 143 documents, 136 of which are old formularies and plan summaries that have been publicly available on BCBSA's website and are largely irrelevant to the standing issues to be addressed in Defendants' motion.

Although this Court assumed that BCBSA's allegations were true for purposes of the motion for

leave to amend (December 14 Order at 5:3-4), when deciding the forthcoming motion to dismiss for lack of subject-matter jurisdiction due to BCBSA's lack of standing, none of BCBSA's allegations are presumed to be true. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Instead, BCBSA must produce evidence that satisfies "its burden of establishing subject matter jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Thus, discovery is critical to deciding the motion Defendants intend to file on January 20, 2022; yet, BCBSA apparently intends not to produce this relevant discovery at all, or to produce only a subset of the discovery that BCBSA intends to rely on in opposing the motion (and even then, BCBSA may not produce the discovery before January 20).

During the January 11, 2022 conference, Defendants believe that it will be necessary to discuss the impact of BCBSA's inability or unwillingness to timely produce relevant discovery sufficiently in advance of the current deadlines. At a bare minimum, BCBSA should be ordered to produce discovery relevant to standing in advance of the January 20 deadline for Defendants' motion if it wishes to proceed with its belated bid to join this litigation as a putative class representative.

## 2. EPPs' Position

It is amazing how different perspectives can be.[6]

At the December 9, 2021 hearing on the motion to amend to add BCBSA as a class representative, in response to Defendants' suggestion that they need targeted discovery on the issue of BCBSA's standing before filing a Rule 12 motion, EPPs confirmed that we would make every effort to respond to such discovery promptly. We also flagged for the Defendants that we were concerned about losing much of the month of December, given BCBSA employees' end-of-year holidays and vacations if Defendants did not serve the discovery within the next few days. *See* ECF No. 789 at 34. The Court "advise[d] [defense counsel] to go ahead and try to promulgate that discovery as soon as you can." *Id.* In a letter sent the next day, Plaintiffs reiterated our intent to "work diligently to respond quickly" but that we "expect that key individuals will be unavailable for many days this month. The sooner that the defendants can provided targeted discovery requests for BCBSA, the better positioned we will be to help

---

[6] As an initial matter, EPPs disagree with Defendants' characterization of exclusions from the Class. *See supra* at 9-10. But this filing is an improper place for this discussion; EPPs' class certification motion and the supporting expert reports establish the bases for inclusion in the proposed classes.

assure the timely production of responsive materials." *See* L. Barnes Letter to H. Burke, et al. (December 10, 2021) at 1.  In that letter, Plaintiffs also asked defense counsel to "confirm whether the defendants will be serving on BCBSA all of the same written discovery requests (including requests for productions, interrogatories, and requests for admission) served to date on the other TPPs in this case," requesting a meet and confer if that was the case to discuss search terms.  *Id.* at 2.

Despite clear instruction from the Court and EPPs' concerns about timing of service around the holidays, defense counsel waited to serve initial discovery requests on BCBSA until the evening of Thursday, December 16, demanding a meet and confer on one of the following two business days.  *See* J. Ostrander Email to L. Barnes, et al. (December 16, 2021).  Subsequent email exchanges confirmed that Defendants did not intend to serve upon BCBSA the same written discovery requests served on the other TPPs in the case and that "BCBSA is under no obligation to respond to those requests."  *See* L. Barnes Email to J. Ostrander, et al. (December 20, 2021).  Thus, Defendants directed no discovery requests to BCBSA until December 16, 2021.

The discovery Defendants served on December 16, 2021 was not a small set of discovery narrowly targeted at the standing inquiry.  Instead, many of the 20 broad RFPs seek discovery that is irrelevant to any issue in the case, let alone the standing inquiry.  For example, Defendants seek "documents sufficient to show the financial position of BCBSA, and the Pharmacy component thereof, at the end of each Plan year and the operating performance for each Plan year, including Your profit and loss statements at the end of each year, cash flows into and out of the fund(s) from which benefits under the FEP are paid over the course of each year, any target balance for such fund(s) set by management overseeing such fund(s), and overall profit and loss or similar financial statements each year."  *See* Defendants' First Set of Requests for Production of Documents to Blue Cross Blue Shield Association at Request 4 (December 16, 2021).  It is unclear how BCBSA's "financial position" has anything to do with whether BCBSA is a carrier under the Federal Employees Health Benefits Act (FEHBA) (5 U.S.C. § 8901 *et seq*.) and has the right to make claims on behalf of the FEP—or has any relevance to whether Defendants violated the antitrust laws and caused TPPs to overpay.  Likewise, Defendants complain above that BCBSA has not "even produced organizational charts"; EPPs have prioritized targeting documents relevant to the Rule 12 motion and meet and conferring with Defendants about which

1   requests, if any, are truly targeted to that inquiry.

2       To that end, despite the delay in Defendants' service of discovery, EPPs prepared for and

3   participated in a meet and confer with defense counsel on December 23, seeking clarity on various

4   requests and providing information about what BCBSA should be able to produce promptly.  During that

5   discussion, defense counsel agreed that several of the requests were *not* targeted at the standing inquiry

6   but instead went class certification and other issues.  Later that day, BCBSA produced more than 12,000

7   pages of documents—primarily formularies and plan documents—responsive to Defendants' requests.

8   This is in addition to the purchase data produced by BCBSA in November, before receiving any requests

9   from Defendants.  Thus, while the time to respond to the any of the discovery requests has not yet run,

10  BCBSA has already produced more pages of documents, by more than 50%, than any other third-party

11  plaintiff in the case.

12      Defendants served a second set of RFPs and an initial set of interrogatories near midnight on

13  December 23, demanding responses to the interrogatories by January 6, 2022.  *See* Email from H. Tao to

14  L. Barnes, et al. (December 23, 2021).  EPPs continue to work diligently to respond to Defendants'

15  discovery requests.  Demands that we do so with barely any time to consult with clients is not only

16  neither workable nor in conformity with the Federal Rules, it is also unreasonable given Defendants'

17  delay in service and disregard for EPPs' express concerns about holiday timing.

18      More fundamentally, Defendants suggested repeatedly at the December 9, 2021 hearing that

19  BCBSA's standing was clear and already determined by the courts.  BCBSA has already produced

20  thousands of pages of documents responsive to Defendants' requests and will produce the operative

21  contract with OPM before the status conference.  Candidly, nothing else should be necessary.  To the

22  extent that the parties need to brief whether particular of Defendants' requests are relevant, we are happy

23  to do that at the Court's convenience.  In the interim, EPPs will continue to prepare timely and complete

24  responses to Defendants' myriad requests.

25      **B.    Certain Depositions of Party and Non-Party Witnesses**

26      Toward the end of fact discovery, several individual party witnesses and non-parties asked to

27  complete the production of documents or sit for deposition after the close of fact discovery, despite the

28  best efforts of Plaintiffs to complete such discovery by December 17, 2021. To avoid overly burdening

individual witnesses and non-parties to the litigation, Plaintiffs have agreed with each of the parties and non-parties listed below to a short extension of discovery, to January 28, 2022, limited to the discovery from those parties and non-parties as identified below.[7]

The depositions proceeding by no later than January 28, 2022 include: Aurobindo Pharma USA Inc.'s Rule 30(b)(6) witness[8]; Scott McCallister (current ViiV employee, former Gilead employee, and represented by counsel for ViiV)[9]; Dr. Paul Stoffels (Janssen employee)[10]; Robert Merriman (current BMS employee); and BMS's Rule 30(b)(6) witness(es).[11] The production of certain agreed documents from non-party Zydus Pharmaceuticals (USA) Inc. ("Zydus"), and a declaration from each of non-parties Zydus; Amneal Pharmaceuticals, Inc.; and Laurus Generics, Inc. are expected by January 28, 2022.[12]

### C.    Discovery Relating to the Court's November 24 Discovery Order

#### 1.    Plaintiffs' Statement

On December 10, 2021, Gilead identified for the first time four individuals, pursuant to the Court's November 24 Discovery Order.  *See* ECF No. 745; Letter from K. O'Shaughnessy to A. Ognibene (December 10, 2021). Gilead also produced only two, redacted additional documents concerning this issue—documents that, per the Parties' agreements more than two years ago, should have already been produced—and failed to search *any* emails, disclose *any* search terms, or even provide a privilege log.  *Id.*  In a December 17, 2021 letter, Plaintiffs articulated that Gilead was in violation of this Court's Order (ECF No. 745) and asked several factual questions about Gilead's search to date, requested

---

[7] Defendants are entitled to additional depositions of Individual Plaintiffs pursuant to the Court's November 22, 2021 Order (ECF. No. 732).

[8] The 30(b)(6) deposition of Aurobindo by January 28, 2022, is pursuant to an agreement between Aurobindo's counsel and the Plaintiffs.

[9] Regarding Mr. McCallister, Plaintiffs and counsel for ViiV, Mr. McCallister's current employer, have reached an agreement for his deposition to occur before January 28, 2022.

[10] Regarding Dr. Stoffels, Janssen has objected to his deposition, in part, on the basis that he is an apex witness, and the deposition would interfere with his corporate responsibilities, and that there were less burdensome means of discovery. Plaintiffs and Janssen have reached an agreement for a two-hour deposition of Dr. Stoffels, which they expect to occur before or shortly after January 28, 2022.

[11] The 30(b)(6) deposition of BMS and the deposition of Mr. Merriman are pursuant to the notice issued by the Retailer plaintiffs served on November 26, 2021.

[12] The document production and declaration from Zydus, and declarations from Amneal Pharmaceuticals, Inc. and Laurus Generics, Inc. expected by January 28, 2022, are pursuant to agreements between counsel for the foregoing non-parties and the Plaintiffs.  Defendants are also expecting a declaration from Zydus.

---

a privilege log be produced, and inquired whether Gilead's counsel would be representing the four individuals and would accept service of deposition subpoenas. *See* Letter from A. Ognibene to K. O'Shaughnessy, et al. (December 17, 2021). Gilead's counsel confirmed on December 22, 2021 that it is not representing and is not authorized to accept service on behalf of the individuals.

Plaintiffs plan to take the depositions of the four individuals and are currently in the process of drafting and serving subpoenas on those individuals (a process complicated by locating these individuals, particularly over the holidays). Due to Gilead's late identification of the individuals (just seven days before the end of fact discovery, despite Plaintiffs requesting the identity for more than seven months), the work needed to subpoena them, identify their counsel, and schedule their depositions, and the intervening holidays, the circumstances justify scheduling these depositions after the close of fact discovery. Gilead has failed to respond to any of Plaintiffs' questions raised on December 17th or provide a privilege log, raising the likelihood that briefing to Magistrate Judge Beeler will become necessary.

### 2.     Gilead's Statement

The Court should not be burdened with this premature issue over out-of-time depositions that Plaintiffs have made no effort to serve subpoenas for, and that has not gone through appropriate discovery procedures before Magistrate Judge Beeler. Nevertheless, as Ordered by the Court on November 24, Gilead provided the identities of four individuals on December 10—one week prior to the discovery cutoff. ECF No. 745. Plaintiffs confirmed that they failed to serve any subpoenas on these individuals prior to the December 17, 2021 fact discovery deadline, or in the month since they received the identities. It was not until late on December 17 that Plaintiffs even reached out to Gilead's counsel to inquire as to whether they are authorized to accept service on behalf of the four identified individuals (they are not). Plaintiffs requested Gilead's response by December 22, which Gilead timely provided. Plaintiffs suggested that they would be willing to proceed by taking an out-of-time deposition of only one of the four individuals but, again, made no effort to subpoena that individual. Gilead's position is that these depositions are untimely and should not be allowed to go forward.

The Parties continue to engage in discussions regarding the other issues raised by Plaintiffs, including Plaintiffs' request for privilege log entries in conflict with the Stipulated ESI Protocol. In any

event, as the parties have not concluded discussions on Gilead's production and privilege log, and as Plaintiffs have neither served subpoenas for depositions nor raised this issue with Magistrate Judge Beeler, this issue is not ripe for this hearing.

### D. Discovery Related to Individual Plaintiffs Pursuant to Court Order

#### 1. Defendants' Statement

On November 22, 2021, the Court entered an order granting Defendants' motion to compel additional discovery from the individual EPPs, and allowing the continuation of the depositions of each of those individual Plaintiffs pending that production.  *See* ECF No. 732.   The individual EPPs made a final production of responsive records pursuant to the Court's order on December 17, 2021, the day of the fact discovery cut-off.  Given this late production, Defendants did not seek to compel additional depositions of individual plaintiffs over the holidays.  Given the circumstances and timing of these late productions, however, Defendants believe continued depositions of certain individual plaintiffs should be allowed after the close of fact discovery.  Defendants propose to notice and complete any continued depositions by February 28, 2022.

#### 2. EPPs' Statement

Individual Plaintiffs produced additional insurance records to Defendants on December 17, 2021 per Defendants' request and in compliance with this Court's November 22, 2021 Order.  In light of that Order, Individual Plaintiffs agree to make themselves available to continue their depositions for the limited purpose of responding to inquiries regarding their recently produced insurance records.  EPPs agree to meet and confer regarding the scope of the continued depositions and the plaintiffs to be deposed.

### E. Discovery in United HealthCare and Retailer Actions

#### 1. Plaintiffs' Position as to Discovery of Teva

Retailer Plaintiffs and Teva continue to actively meet and confer with respect to document requests that Retailer Plaintiffs served and will be incorporating United HealthCare into these discussions.  While Retailer Plaintiffs and Teva have been working to limit the volume of the additional production, including through the stipulation that was entered on December 14, 2021 (ECF No. 783), some issues remain including the deadline for Teva to make a privilege election and the scope of Teva's

waiver of privilege associated with Teva's disclosure of expected launch dates.  The parties continue to meet and confer to try to amicably resolve those issues.  Once they have been resolved and Teva completes its document production, Retailer Plaintiffs will promptly identify the additional depositions, if any, they will take pursuant to Joint Stipulation and Order of Adoption of Prior Orders in the Retailer Actions (ECF No. 687) which allows Retailer Plaintiffs to take up to three additional depositions of Teva's former or current employees.  Retailer Plaintiffs respectfully suggest that all such Teva discovery can be completed by February 28, 2021.

Consistent with the prior United HealthCare stipulation (ECF No. 771), United HealthCare will continue meeting and conferring with Gilead and Teva to propose to the Court a scheduling order that will govern the United HealthCare action.  The parties intend to submit a schedule that largely reflects the same dates scheduled in the *Staley* Action, with some slight extensions for discovery of United HealthCare and any last discovery of Teva (as coordinated with the Retailer Plaintiffs).[13]

## 2.    Teva's Position

Teva agrees with Retailer Plaintiffs that the parties are working productively to complete discovery as to Teva in an appropriate and efficient manner.  Teva agrees that discovery of Teva should be able to be completed by February 28, 2022.  This deadline should apply to discovery from all plaintiffs, including United HealthCare and Individual Health Plan Plaintiffs.  Upon the Individual Health Plan Plaintiffs' signing onto the existing discovery orders and the protective order in this action, Teva will promptly makes its document productions and written discovery responses available to them, as it already has done with United HealthCare.

In addition, all plaintiffs should be bound by the deposition limits set out in Joint Stipulation and Order of Adoption of Prior Orders in the Retailer Actions (ECF No. 687), so that the total number of depositions of Teva by all plaintiffs collectively will be limited to the Rule 30(b)(6) deposition of Teva, with the already-noticed specifications, and no more than three additional former or current employees of Teva.  None of the claims alleged by United HealthCare or the Individual Health Plan Plaintiffs differ

---

[13] The DPPs and EPPs agreed with Teva's counsel to delay Teva's 30(b)(6) deposition and to coordinate the deposition with Retailer Plaintiffs and United HealthCare. The DPPs and EPPs reserve their right to take Teva's 30(b)(6) deposition, noticed well in advance of the discovery cutoff.

sufficiently from the claims asserted by DPPs, EPPs, and the Retailer Plaintiffs to warrant any expansion of discovery, or any further extension of time limits, to complete discovery of Teva.  Teva objects to making its witnesses available for deposition more than once, so Teva will make its witnesses available only after the new plaintiffs have coordinated with the existing plaintiffs and all of the plaintiffs groups have agreed to proceed.

### 3.   Defendants' Position on Discovery Cutoff for United HealthCare and Retailer Plaintiffs

Consistent with both the United HealthCare stipulation (ECF No. 771) and the Retailer Stipulation (ECF No. 678), Defendants have been working with these two Plaintiff groups to make available the discovery material previously provided in this litigation.  Defendants have ongoing negotiations with both United HealthCare and the Retailer Plaintiffs on the scope of discovery of United HealthCare and the Retailer Plaintiffs, as well as an appropriate timetable to complete that discovery.  Assuming the Retailers and United HealthCare cooperate as Defendants would expect, Defendants believe they can complete their discovery of United HealthCare and the Retailer Plaintiffs to May 23, 2022, in line with Defendants' proposal as to Individual Health Plan Plaintiffs.

### 4.   Retailer Plaintiffs' Position on Discovery Cutoff for Retailer Plaintiffs

Retailer Plaintiffs have timely responded to all discovery requests from Defendants and have been meeting and conferring with Defendants regarding the scope of the Retailers' productions.  After largely agreeing to all of Defendants' proposed search terms, all Retailer Plaintiffs made significant document productions in mid-December.  Retailers acknowledge that these productions are not yet complete for certain plaintiffs, and are willing to continue to discuss the scope of their productions and supplement as necessary, but Retailers do not believe that an additional six months of discovery – as proposed by Defendants -- is appropriate or necessary to complete their fact discovery. As with the deadline proposed by Retailers for a discovery cutoff as to Defendant Teva, Retailers believe that a fact discovery cutoff of February 28, 2022 is sufficient for Defendants to complete fact discovery as to Retailer Plaintiffs.

Dated:  January 6, 2022                    Respectfully submitted,

HILLIARD & SHADOWEN LLP

By: */s/ Steve D. Shadowen*
_____
STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
RICHARD BRUNELL (*pro hac vice*)
rbrunell@hilliardshadowenlaw.com
NICHOLAS WILLIAM SHADOWEN (*pro hac vice*)
nshadowen@hilliardshadowenlaw.com
MATTHEW C. WEINER (*pro hac vice*)
matt@hilliardshadowenlaw.com
TINA JOANN MIRANDA (*pro hac vice*)
tmiranda@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone:  (855) 344-3298
Facsimile:  (361) 882-3015

DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
DAVID McGOWAN (SBN 154289)
dmcgowan@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
ADITYA V. KAMDAR (SBN 324567)
akamdar@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 362-6666
Facsimile:  (415) 236-6300

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
W. HENRY HUTTINGER (SBN 312843)
hhuttinger@durietangri.com
953 East 3rd Street
Los Angeles, California 90013
Telephone: (213) 992-4422
Facsimile:  (415) 236-6300

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)

tom@hbsslaw.com
LAUREN GUTH BARNES (*pro hac vice*)
lauren@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
ABBYE R. KLAMANN OGNIBENE (SBN 311112)
abbyeo@hbsslaw.com
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700
Facsimile: (617) 482-3003

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Facsimile: (609) 385-0745

MILLER SHAH LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jagoldstein@millershah.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123
Facsimile: (866) 300-7367

MILLER SHAH LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@millershah.com
MICHAEL OLS (*pro hac vice*)
mpols@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
JOHN P. BJORK (*pro hac vice*)
jbjork@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200

1    Facsimile: (312) 641-6492

2    LOCKRIDGE GRINDAL NAUEN PLLP
     HEIDI M. SILTON
3    hmsilton@locklaw.com
     KAREN H. RIEBEL (*pro hac vice*)
4    khriebel@locklaw.com
     JESSICA N. SERVAIS (*pro hac vice*)
5    jnservais@locklaw.com
     100 Washington Ave. S., Suite 2200
6    Minneapolis, MN 55401
     Telephone: (612) 339-6900
7    Facsimile: (612) 339-0981

8    PRITZKER LEVINE LLP
     ELIZABETH C. PRITZKER (SBN 146267)
9    ecp@pritzkerlevine.com
     JONATHAN K. LEVINE (SBN 220289)
10   jkl@pritzkerlevine.com
     BETHANY CARACUZZO (SBN 190687)
11   bc@pritzkerlevine.com
     180 Grand Avenue, Suite 1390
12   Oakland, CA 94612
     Telephone: (415) 692-0772
13   Facsimile: (415) 366-6110

14   GUSTAFSON GLUEK PLLC
     DANIEL C. HEDLUND (*pro hac vice* pending)
15   dhedlund@gustafsongluek.com
     MICHELLE J. LOOBY (*pro hac vice* pending)
16   mlooby@gustafsongluek.com
     120 South 6th Street, Suite 2600
17   Minneapolis, MN 55402
     Telephone: (612) 333-8844
18   Facsimile: (612) 339-6622

19   GLANCY PRONGAY & MURRAY
     KEVIN F. RUF (SBN 136901)
20   kruf@glancylaw.com
     LIONEL Z. GLANCY (SBN 134180)
21   lglancy@glancylaw.com
     1925 Century Park East, Suite 2100
22   Los Angeles, CA 90067
     Telephone: (310) 201-9150
23   Facsimile: (310) 201-9160

24   GLANCY PRONGAY & MURRAY
     LEE ALBERT (*pro hac vice* pending)
25   lalbert@glancylaw.com
     BRIAN P. MURRAY (*pro hac vice* pending)
26   bmurray@glancylaw.com
     GREGORY B. LINKH (*pro hac vice* pending)
27   glinkh@glancylaw.com
     BRIAN D. BROOKS (*pro hac vice*)
28   bbrooks@glancylaw.com
     230 Park Avenue, Suite 530

New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice* pending)
bcohen@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

SPECTOR ROSEMAN & KODROFF P.C.
EUGENE SPECTOR (*pro hac vice* pending)
espector@srkattorneys.com
JEFFREY L. KODROFF (*pro hac vice*)
jkodroff@srkattorneys.com
WILLIAM CALDES (*pro hac vice* pending)
bcaldes@srkattorneys.com
JEFFREY SPECTOR (*pro hac vice* pending)
jspector@srkattorneys.com
Diana J. Zinser (*pro hac vice*)
dzinser@srkattorneys.com
2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Counsel for End-Payor Plaintiffs*

Dated:  January 6, 2022                    LAW OFFICES OF FRANCIS O. SCARPULLA

                            By:  */s/ Francis O. Scarpulla*
                                 Francis O. Scarpulla (Cal. Bar 41059)
                                 Patrick B. Clayton (Cal. Bar 240191)
                                 LAW OFFICES OF FRANCIS O. SCARPULLA
                                 3708 Clay Street
                                 San Francisco, California 94118
                                 Telephone: (415) 751-4193
                                 Facsimile: (415) 788-0706
                                 fos@scarpullalaw.com
                                 pbc@scarpullalaw.com

                                 *Interim Liaison Counsel for Direct Purchaser Plaintiffs*

                                 Dianne M. Nast
                                 NASTLAW LLC
                                 1101 Market Street, Suite 2801
                                 Philadelphia, Pennsylvania 19107
                                 Telephone: (215) 923-9300

1    Fax: (215) 923-9302
     dnast@nastlaw.com
2

3    Michael L. Roberts
     ROBERTS LAW FIRM
4    1920 McKinney Avenue, Suite 700
     Dallas, Texas  75204
5    Telephone: (501) 952-8558
     Email: mikeroberts@robertslawfirm.us
6

7    *Interim Co-Lead Counsel for Direct Purchaser
     Plaintiffs*
8

9    Dated:  January 6, 2022          **KENNY NACHWALTER, P.A.**

10
     By: */s/ Scott E. Perwin*
11   Scott E. Perwin (*pro hac vice*)
     Lauren C. Ravkind (*pro hac vice*)
12   Anna T. Neill (Cal. Bar 270858)
     KENNY NACHWALTER, P.A.
13   1100 Four Seasons Tower
     1441 Brickell Avenue
14   Miami, FL 33131
     Tel.: (305) 373-1000
15   sep@kennynachwalter.com
     lravkind@kennynachwalter.com
16   aneill@kennynachwalter.com

17
     *Counsel for Walgreen Plaintiffs*
18

19   Dated:  January 6, 2022          **HANGLEY ARONCHICK SEGAL PUDLIN &
20                                     SCHILLER**

21   By: */s/ Barry L. Refsin*
22   Barry L. Refsin (*pro hac vice*)
     HANGLEY ARONCHICK SEGAL PUDLIN &
23   SCHILLER
     One Logan Square, 27th Floor
24   Philadelphia, PA 19103
     Tel.: (215) 568-6200
25   brefsin@hangley.com

26   Monica L. Kiley (*pro hac vice*)
27   Eric L. Bloom (*pro hac vice*)
     HANGLEY ARONCHICK SEGAL PUDLIN &
28   SCHILLER

2805 Old Post Road, Suite 100
Harrisburg, PA 17110
Tel.: (717) 364-1030
mkiley@hangley.com
ebloom@hangley.com

*Counsel for CVS Pharmacy, Inc, Rite Aid Corp. and Rite Aid Hdqtrs. Corp.*

Dated:  January 6, 2022

**ZELLE LLP**

By:     /s/ Judith A. Zahid
         Judith A. Zahid (SBN 215418)
         Eric W. Beutzow (SBN 253803)
         James S. Dugan (SBN 325565)
         555 12th Street, Suite 1230
         Oakland, CA 94607
         Tel: (415) 693-0700
         jzahid@zelle.com
         ebuetzow@zelle.com
         jdugan@zelle.com

**ZELLE LLP**
William Bornstein (*pro hac vice forthcoming*)
500 Washington Avenue South,
Suite 4000
Minneapolis, MN 55415
Tel: (612) 339-2020
wbornstein@zelle.com

**BOIES SCHILLER FLEXNER LLP**
Hamish P.M. Hume (*pro hac vice forthcoming*)
1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Edward H. Takashima (SBN 270945)
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
Tel: (213) 629-9040
etakashima@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Beko O. Reblitz-Richardson (SBN 238027)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
brichardson@bsfllp.com

*Attorneys for United HealthCare Services, Inc.*

Dated:  January 6, 2022          **CROWELL & MORING LLP**

By:    _/s/ Daniel A. Sasse_

Daniel A. Sasse (State Bar No. 236234)
Joanna M. Fuller (State Bar No. 266406)
Tiffanie L. McDowell (State Bar No. 288946)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949.263.8400
Facsimile:  949.263.8414
DSasse@crowell.com
JFuller@crowell.com
TMcDowell@crowell.com

Kent A. Gardiner *
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
KGardiner@crowell.com
* _Pro Hac Vice_ forthcoming

_Attorneys for Humana Inc.; Blue Cross and Blue Shield
of Florida, Inc. (d/b/a Florida Blue) and Health
Options, Inc. (d/b/a Florida Blue HMO); Centene
Corporation; Blue Cross and Blue Shield of South
Carolina and BlueChoice HealthPlan of South
Carolina, Inc.; Health Care Service Corporation, a
Mutual Legal Reserve Company; Aetna Inc.; and
Triple-S Salud, Inc._

Dated:  January 6, 2022          **BERRY SILBERBERG STOKES PC**

By:    _/s/ Joshua C. Stokes_

Joshua C. Stokes SBN 220214
Carol M. Silberberg, SBN 217658
6080 Center Drive, Sixth Floor
Los Angeles, CA 90045
Telephone: (213) 986-2690
Facsimile: (213) 986-2677
jstokes@berrysilberg.com
csilberg@berrysilberg.com

_Attorneys for Indirect Health Plan Plaintiffs Humana
Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a
Florida Blue) and Health Options, Inc. (d/b/a Florida
Blue HMO); Centene Corporation; Blue Cross and
Blue Shield of South Carolina and BlueChoice
HealthPlan of South Carolina, Inc.; and Triple-S
Salud, Inc._

Dated:  January 6, 2022

WHITE & CASE LLP

By:   */s/ Heather M. Burke*

Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)
**WHITE & CASE** LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

Christopher M. Curran (*pro hac vice*)
Peter J. Carney (*pro hac vice*)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005-3807
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
pcarney@whitecase.com

Heather K. McDevitt (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
Kristen O'Shaughnessy (*pro hac vice*)
Michael E. Hamburger (*pro hac vice*)
Raj S. Gandesha (*pro hac vice*)
**WHITE & CASE** LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com
kristen.oshaughnessy@whitecase.com
michael.hamburger@whitecase.com
rgandesha@whitecase.com

*Attorneys for Defendants*
*Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead*
*Sciences, LLC, and Gilead Sciences Ireland UC*

Dated:  January 6, 2022                    ARNOLD & PORTER KAYE SCHOLER LLP

By:      _/s/ Daniel B. Asimow_
         ARNOLD & PORTER KAYE SCHOLER LLP
         Daniel B. Asimow (SBN 165661)
         daniel.asimow@arnoldporter.com
         Three Embarcadero Center, 10th Floor
         San Francisco, CA 94111-4024

         ARNOLD & PORTER KAYE SCHOLER LLP
         Laura S. Shores (_pro hac vice_)
         laura.shores@arnoldporter.com
         Cindy Y. Hong (_pro hac vice_)
         cindy.hong@arnoldporter.com
         601 Massachusetts Ave. NW
         Washington, DC 20001

         ARNOLD & PORTER KAYE SCHOLER LLP
         Ada Vicotoria Añon (_pro hac vice_)
         ada.anon@arnoldporter.com
         Travis W. Clark (_pro hac vice_ pending)
         travis.clark@arnoldporter.com
         250 West 55th Street
         New York, NY 10019

         _Attorneys for Defendants_
         _Bristol-Myers Squibb Company_
         _and E. R. Squibb & Sons, L.L.C._

Dated:  January 6, 2022                    FAEGRE DRINKER BIDDLE & REATH LLP

By:      _/s/ Paul J. Riehle_
         Paul J. Riehle (SBN 115199)
         paul.riehle@faegredrinker.com
         Four Embarcadero Center, 27th Floor
         San Francisco, CA 94111

         FAEGRE DRINKER BIDDLE & REATH LLP
         Paul H. Saint-Antoine (_pro hac vice_)
         paul.saint-antoine@faegredrinker.com
         Joanne C. Lewers (_pro hac vice_)
         joanne.lewers@faegredrinker.com
         One Logan Square, Ste. 2000
         Philadelphia, PA 19103

         _Attorneys for Defendants Janssen R&D Ireland,_
         _Janssen Products, LP and Johnson & Johnson_

27

Dated: January 6, 2022

GOODWIN PROCTER LLP

By: /s/ Christopher T. Holding
Christopher T. Holding (*pro hac vice forthcoming*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email:  CHolding@goodwinlaw.com

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

1

## FILER'S ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Heather M. Burke, attest that concurrence in the filing of this document has been obtained.

Executed:        January 6, 2022                    _____
                                                              */s/ Heather M. Burke*
                                                              Heather M. Burke

JOINT CASE MANAGEMENT STATEMENT / CASE NO. 3:19-CV-02573-EMC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Heather M. Burke*

Heather M. Burke

JOINT CASE MANAGEMENT STATEMENT / CASE NO. 3:19-CV-02573-EMC