UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-02573-EMC<br><br>**ORDER GRANTING DEFENDANT TEVA'S MOTION TO DISMISS**<br><br>Docket No. 740 |

The above-referenced antitrust case was initially brought by indirect purchasers – also known as end-payor plaintiffs or "EPPs" – of certain cART drugs manufactured and/or sold by Gilead, BMS, and Janssen.[1] After the EPPs filed their case, different cases were brought by direct purchasers – also known as direct-payor plaintiffs or "DPPs."

- Two of the DPP suits are class actions: the named plaintiffs are FWK and KPH, and they sued only Gilead and BMS. They did not sue Teva. *See* Nos. C-20-6793 EMC, C-20-6961 EMC.
- Two more DPP suits are not class actions: the plaintiffs are Walgreen *et al.* and CVS *et al.*, and they have sued Gilead, BMS, *and* Teva. *See* Nos. C-21-7374 EMC and C-21-7378 EMC.[2]

Currently pending before the Court is a motion filed by Teva in the *Walgreen* and *CVS*

---

[1] The EPPs also sued another drug company, Japan Tobacco, but the Court granted its motion to dismiss all claims against it.

[2] Another DPP suit – also not a class action – was recently related to the above cases – No. C-21-9202 EMC. The plaintiff there is UHC, and it has sued Gilead *and* Teva.

1    cases. Teva moves to dismiss part of the claims in those cases on the basis that they are time

2    barred. Specifically, Teva argues that the *Walgreen* and *CVS* plaintiffs – whom it refers to as the

3    "Retailers" collectively – cannot claim for statute-of-limitations purposes the benefit of the earlier

4    date that FWK/KPH filed their DPP suits because Teva was not named as a defendant in the

5    *FWK*/*KPH* suits.

6    Having considered the parties' briefs and accompanying submissions, as well as the oral

7    argument of counsel, the Court hereby **GRANTS** Teva's motion to dismiss.

## I.  FACTUAL & PROCEDURAL BACKGROUND

FWK filed its class action complaint against Gilead and BMS on September 29, 2020. *See* No. C-20-6793 EMC. KPH filed its class action complaint against the same defendants soon thereafter – on October 6, 2020. *See* No. C-20-6961 EMC. Both FWK and KPH mentioned Teva as a conspirator in their class action complaints, *see, e.g.*, *FWK* Compl. ¶ 284 *et seq.* (alleging that Gilead and Teva schemed to delay the entry of Teva's generics for Viread, Truvada, and Atripla, all of which contain TDF), but did not sue the company. (The EPPs also did not sue Teva.)

The *Walgreen* and *CVS* plaintiffs did not file their respective individual suits until approximately a year later, on September 22, 2021. *See* Nos. C-20-7374 EMC, C-20-7378 EMC. Unlike FWK and KPH, the *Walgreen* and *CVS* plaintiffs did name Teva as a defendant. *See, e.g.*, *Walgreen* Compl. ¶ 11 (alleging that "Defendants deliberately and unlawfully delayed generic competition for life-saving TDF-based products, including Viread, Truvada and Atripla, by entering into anticompetitive settlement agreements" and, "[a]s a result, Gilead and Teva, individually and collectively, were able to retain hundreds of millions of dollars in anticompetitive profits").

Both the *Walgreen* and *CVS* plaintiffs included in their complaints the following paragraph regarding the statute of limitations:

> Plaintiffs are members of the putative class on whose behalf a class action was filed on September 29, 2020. *See FWK Holdings, LLC v. Gilead Sciences, Inc. et al.*, Case No. 3:20-cv-06793-EMC (N.D. Cal.). The filing of that action tolled the statute of limitations applicable to Plaintiffs' assigned claims [under *American Pipe & Construction Co. v. Utah*, 94 S. Ct. 756 (1974)]. Antitrust plaintiffs obtain a cause of action each time they purchase a product at a price

2

> that is higher than it would otherwise be as a result of an antitrust violation. **Thus, without the benefit of any tolling doctrine *other than* class action tolling, Plaintiffs are entitled to recover overcharges on purchases made within the four years prior to the filing of the *FWK Holdings* case – *i.e.*, on all purchases of the Relevant Drugs or their generic equivalents made on or after September 29, 2016.**

*Walgreen* Compl. ¶ 288 (bold and italics added); *see also CVS* Compl. ¶ 286. Teva argues that the *Walgreen* and *CVS* plaintiffs cannot rely on the earlier filed suits and instead can only reach back to the four years prior to the filing of their *own* complaint – *i.e.*, to September 22, 2017 – since Teva was not a defendant in the *FWK*/*KPH* cases. In response, the *Walgreen* and *CVS* plaintiffs contend that "the class action tolling doctrine extend[s] the applicable limitations period when a later-filed non-class action names a defendant *that was identified as a co-conspirator* but not a defendant in the earlier-filed class action." Opp'n at 2 (emphasis added).

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

In the instant case, Teva has raised the statute of limitations as a bar to part of the *Walgreen* and *CVS* plaintiffs' claims. An assertion of a time bar is an affirmative defense, and a plaintiff "ordinarily need not 'plead on the subject of an anticipated affirmative defense.'" *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). However, if "an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a [12(b)(6)] motion to dismiss." *Id.* "If the statute of limitation appears to have run, the plaintiff bears the burden of alleging facts which would give rise to tolling." *Williams v. Aserraderos Arauco, SA*, No. 12-CV-04912-WHO, 2015 WL 2228794, at *2 (N.D. Cal. May 12, 2015). Here, the statute-of-limitations defense for damages accruing before September 22, 2017, is obvious. The *Walgreen* and *CVS* plaintiffs' reliance on *American Pipe* tolling places the issue before the Court.

B.     *American Pipe* Tolling

In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe*, 94 S. Ct. at 554. In the case at bar, the *Walgreen* and *CVS* plaintiffs note that they are members of the *FWK*/*KPH* actions; thus, they contend, they are entitled to the benefit of *American Pipe*, which, as a practical matter, means that they can reach back four years from the time that the *FWK*/*KPH* class actions were filed.

Teva disagrees, pointing out that it was not a named defendant in the *FWK*/*KPH* actions. The *Walgreen* and *CVS* plaintiffs respond that this is immaterial because it is clear that FWK and KPH alleged Teva was a co-conspirator with Gilead (regardless of whether one considers the original complaints or the operative complaint at Docket No. 559[3]). The plaintiffs add that Teva has participated in the other related lawsuits (both EPP and DPP class actions) by providing discovery as a third party and thus it should be no surprise to Teva that it has been pulled into the

---

[3] The operative first amended complaint has been brought by KPH only. FWK voluntarily dismissed its suit without prejudice on March 24, 2021. *See* Docket No. 560.

*Walgreen* and *CVS* plaintiffs' actions as a named defendant.

There is case law to support Plaintiffs' position – specifically, two cases issued by Judge Illston. *See In re TFT-LCD (Flat Panel)* Antitrust Litig., 2012 WL 3155693, at *3 (N.D. Cal. Aug. 2, 2012) (holding statute of limitations was tolled as to defendants who "were named as defendants *or coconspirators* in the class actions" but not as to defendants who were not "specifically name[d]" in the complaint) (emphasis added); *Tech Data Corp. v. AU Optronics Corp.*, 2012 WL 3236065, at *5 (N.D. Cal. Aug. 6, 2012) (noting that "[t]his Court has previously refused to toll claims against various NEC entities based on claims against *other* NEC entities in this MDL, stating that 'claims were only tolled to the extent NEC entities were named as defendants or coconspirators in the class actions'") (emphasis added). However, the *Walgreen* and *CVS* plaintiffs have not identified any other authority to support their position, nor has the Court been able to find any other authority based on its own independent research. Furthermore, Judge Illston did not provide any underlying reasoning or case authority in her decisions.

The Court respectfully disagrees with Judge Illston's decisions. In *American Pipe*, the Supreme Court allowed for tolling of putative class members' claims largely in recognition of the fact that a class action is designed to promote efficiency and a desire to avoid multiplicity of activity by class members. In particular, the Court noted that, after the 1966 amendment to Rule 23 – which was intended in part to address the problem of multiple interventions sought by class members pending formal certification – a class action is not "'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *Id.* at 550. Accordingly, the filing of a class action "satisfie[s] the purpose of the [statute of] limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs"; to hold otherwise would mean that class members would have to "file earlier individual motions to join or intervene as parties – precisely the multiplicity of activity which Rule 23 was designed to avoid." *Id.* at 551. The Court's concern in *American Pipe* was the *plaintiff's* side of the equation, not the *defendant's*. To be sure, the Supreme Court did take note of the defendant's interest in ruling that the limitations period was tolled for unnamed class members – pointing out that its holding would not be prejudicial to a defendant.

5

1  *See id.* at 554 (stating that the holding of the case was not "inconsistent with the functional

2  operation of a statute of limitations"; the filing of a class action gives a defendant notice of claims

3  being brought not only by the named plaintiff but also by unnamed class members). But that note

4  was a secondary concern, not the core rationale for its tolling ruling. Thus, *American Pipe* cannot

5  be fairly read to toll claims against an unnamed defendant.[4]

6      In addition, there are independent reasons that counsel against an extension of *American

7  Pipe* to an unnamed defendant, even one who is allegedly a co-conspirator of a named defendant.

8  For example, unlike a defendant who gets notice of a complaint at the outset of a lawsuit, a co-

9  conspirator may not get notice of a lawsuit at all – at the very least, not until the suit is brought to

10  its attention such as when discovery is sought from it by subpoena. And even if, *e.g.*, discovery

11  were requested from an unnamed co-conspirator, that unnamed defendant would have to evaluate

12  whether the allegations made against it in the complaint are serious and specific enough such that

13  the co-conspirator should expect it will be required to defend a future lawsuit even though it was

14  not named in the first suit. This fact-intensive, case-by-case analysis of the sufficiency of such

15  notice would render application of tolling complicated and subtle, defying any bright line. In

16  short, for notice purposes, there is a material difference between being sued and not being sued.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

---

[4] Notice of the *risk* of being sued (evidenced by being named but not sued as a co-conspirator in one suit) in and of itself cannot serve to toll the statute of limitations. Otherwise, a pre-suit letter threatening litigation could toll the statute of limitations. The *Walgreen* and *CVS* plaintiffs conceded at the hearing that pre-suit notice alone is not sufficient; instead, they pin their argument on the fact that this is a class action. But the fact that the first suit is a class action says nothing about notice to the unnamed party that it is likely to be sued. Indeed, the fact that the first suit is a putative class action arguably diminishes the likelihood of a suit against the unnamed defendant since putative class members are already represented by class counsel.

### III. CONCLUSION

For the foregoing reasons, the Court grants Teva's motion to dismiss. As to Teva, the *Walgreen* and *CVS* plaintiffs are not entitled to claim the benefit of the earlier date that FWK/KPH filed their DPP suits because Teva was not named as a defendant in the *FWK*/*KPH* suits.

This order disposes of Docket No. 740.

**IT IS SO ORDERED**.

Dated: January 13, 2022

_____
EDWARD M. CHEN
United States District Judge