UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PETER STALEY, et al., | Case No. 19-cv-02573-EMC (LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| GILEAD SCIENCES, INC., et al., | Re: ECF No. 829 and 839 |
| Defendants. | |

## INTRODUCTION

On January 13, 2022, the court held a discovery hearing regarding the dispute at ECF No. 813. After the hearing, the court ordered counsel for Blue Cross Blue Shield Association to confer with Gilead's counsel regarding an agreed production date and then produce annual reports that Blue Cross must provide to the U.S. Office of Personnel Management (OPM).[1] On January 19, 2022, counsel for Blue Cross submitted a letter to the court asking the court to relieve it from any duty to produce the reports.[2] This letter attached a declaration from Brendan Stuhan, Blue Cross's Assistant General Counsel — Litigation.[3] On January 21, 2022, the parties submitted a joint letter

---

[1] ECF No. 820 – Disc. Order at 1–2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 829 – Pls.' Disc. Ltr. at 1–2.

[3] ECF No. 829-1 – Stuhan Decl. at (¶ 1).

ORDER – No. 19-cv-02573-EMC

brief pursuant to a further discovery order and this court's standing order.[4] The court held another hearing on January 27, 2022 to consider the parties' January 21 joint letter brief.

Because the sections of the reports concerning pharmacy benefits and income and expenses for the Federal Employee Program appear to be relevant and because the existing protective orders appear to neutralize much of the claimed burden, the court orders Blue Cross to produce the sections of the reports concerning pharmacy benefits and income and expenses for the Federal Employee Program that are referenced in paragraphs six and seven of Mr. Stuhan's declaration.

**STATEMENT**

Blue Cross contends that the reports contain sensitive financial information and are irrelevant because they do not show "the flow of money in and out of specified bank accounts[ ]" or "the sequencing of the order of payments by [Blue Cross] to its [Pharmacy Benefit Manager] in relation to drawdowns by [Blue Cross] from the Letter of Credit account held by the Office of Personnel Management."[5] Blue Cross claims that producing the reports would be burdensome because the production would require "multiple levels of internal [Blue Cross] review and approval and multiple types of non-party notice before production."[6] Counsel for Blue Cross states that it offered to provide a declaration to counsel for Gilead concerning the funds that Blue Cross uses to purchase the subject products and Blue Cross's underwriting risk.[7] Blue Cross also argues that Gilead's request for preclusion sanctions is unfounded because it should not be barred from relying on a declaration of the type it has offered to provide to Gilead.[8]

Gilead contends that the reports are relevant because they expect the reports to confirm that Blue Cross "at most . . . transfers money from the federal government to a [Pharmacy Benefit Manager], which uses OPM's money to pay pharmacies" and that it "is merely a conduit that bears

---

[4] ECF No. 834 – Disc. Order; ECF No. 839 – Disc. Ltr. at 1.
[5] ECF No. 839 – Disc. Ltr. at 2.
[6] Id.
[7] Id. at 3.
[8] Id.

ORDER – No. 19-cv-02573-EMC            2

no risk and pays for nothing."[9] In particular, Gilead anticipates that "specific items in the statements ([Stuhan] Decl. ¶¶ 6-8) will confirm that [Blue Cross] does not treat premiums as income or benefits paid as expenses, paid nothing in benefits under the [Federal Employee Program], and thus is 'a conduit' and 'not really a payor' with standing."[10] Paragraph six of the Stuhan Declaration refers to "a few line items" dealing with pharmacy benefit payments, paragraph seven refers to "two pages" of "high level" information concerning income, expenses, and reserve changes for the Federal Employee Program, and paragraph eight refers to "various schedules" contained in the reports.[11]

## ANALYSIS

The existing protective order should adequately address Blue Cross's argument that the reports should not be produced because they contain sensitive information.[12] Furthermore, according to Blue Cross's declaration, "[t]he only information about pharmacy charges in the Section 3.2 annual accounting statements [*i.e.*, the reports] are a few line items showing the aggregated amount spent in the covered year on mail order pharmacy, retail pharmacy, and specialty pharmacy and the totals paid for prescription drugs. Pharmaceutical benefits spend is not disaggregated further."[13] Blue Cross's spending on pharmaceutical benefits is closely related to Gilead's theory that Blue Cross is "merely a conduit."[14] Therefore, the sections of the reports addressing spending on pharmaceutical benefits are relevant.

---

[9] *Id.* at 4.

[10] *Id.* at 6.

[11] ECF No. 829-1 – Stuhan Decl. at (¶¶ 6–8).

[12] ECF No. 839 – Disc. Ltr. at 4 ("[Blue Cross] never explains why the robust protective orders in this case, under which truly confidential information has been produced for years, are somehow inadequate protection.").

[13] ECF No. 829-1 – Stuhan Decl. at (¶ 6).

[14] ECF No. 839 – Disc. Ltr. at 4.

ORDER – No. 19-cv-02573-EMC                3

In addition, the reports admittedly contain information regarding income and expenses for the Federal Employee Program.[15] This information, which, according to Blue Cross is contained on two pages of the reports, is relevant to Gilead's theory that Blue Cross "does not treat premiums as income or benefits paid as expenses, [and] paid nothing in benefits under the [Federal Employee Program]."[16]

Blue Cross's assertion of burden based on the need to obtain third-party approval before disclosing the reports is not significant enough to outweigh the relevance of at least the sections of the reports dealing with pharmaceutical benefit payments and income and expenses for the Federal Employee Program.

**CONCLUSION**

Blue Cross is ordered to produce the sections of the reports (meaning the Section 3.2 annual accounting statements) containing the "few line items showing the aggregated amount spent in the covered year on mail order pharmacy, retail pharmacy, and specialty pharmacy and the totals paid for prescription drugs."[17] Blue Cross is also ordered to produce the two pages of the reports containing high-level information concerning the Federal Employee Program.[18] Blue Cross must produce these portions of the reports as soon as is practicable given the trial court's deadlines for the motion to dismiss for lack of standing. The court denies Gilead's request to preclude Blue Cross from relying on unproduced documents to oppose Gilead's Rule 12 motion.

**IT IS SO ORDERED.**

Dated: January 27, 2022

_____
LAUREL BEELER
United States Magistrate Judge

---

[15] ECF No. 829-1 – Stuhan Decl. at (¶ 7).
[16] ECF No. 839 – Disc. Ltr. at 6.
[17] ECF No. 829-1 – Stuhan Decl. at (¶ 6).
[18] *Id.* at (¶ 7).