1   Heather M. Burke (SBN 284100)
    Jeremy K. Ostrander (SBN 233489)

2   **WHITE & CASE** LLP
    3000 El Camino Real

3   2 Palo Alto Square, Suite 900
    Palo Alto, CA  94306-2109

4   Telephone: (650) 213-0300
    Facsimile: (650) 213-8158

5   hburke@whitecase.com
    jostrander@whitecase.com

6
    *Attorneys for Defendants Gilead Sciences, Inc.,*

7   *Gilead Holdings, LLC, Gilead Sciences, LLC,*
    *and Gilead Sciences Ireland UC*

8
    Daniel B. Asimow (SBN 165661)

9   ARNOLD & PORTER KAYE SCHOLER LLP
    Three Embarcadero Center, 10th Floor

10  San Francisco, CA 94111-4024
    Telephone: 415.471.3100

11  Facsimile: 415.471.3400
    daniel.asimow@arnoldporter.com

12
13  *Attorneys for Defendants Bristol Myers Squibb*
    *Co. and E.R. Squibb & Sons, LLC*
14

Paul J. Riehle (SBN 115199)
FAEGRE DRINKER BIDDLE & REATH LLP
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7521

*Attorney for Defendants Janssen R&D Ireland*
*and Janssen Products, LP*

(Additional Counsel for Defendants Listed on
Signature Page)

15
16                     IN THE UNITED STATES DISTRICT COURT

17                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

18                            SAN FRANCISCO DIVISION

| | |
|---|---|
| 18  STALEY, *et al.*, | Case No. 3:19-cv-02573-EMC (lead case) |
| 19                     Plaintiffs, | **DEFENDANTS' NOTICE OF** |
| 20  v. | **MOTION AND MOTION TO VACATE AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL UNDER** |
| 21  GILEAD SCIENCES, INC., *et al.*, | **RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL** |
| 22                     Defendants. | **PROCEDURE** |
| 23 | Hrg:        March 17, 2022 |
| 24  THIS DOCUMENT RELATES TO: | Time:       1:30 p.m.  Ctrm:       5 – 17th Floor |
| 25  *Aetna Inc., v. Gilead Sciences, Inc., et al.*, No. 3:21-cv-09827-EMC | Judge:      Honorable Edward M. Chen |
| 26 | |

27
28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE
AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL
CASE NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:21-CV-09827-EMC

1

## NOTICE OF MOTION AND MOTION TO VACATE

2
TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE

3
that on Thursday, March 17, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard, in

4
the United States District Court for the Northern District of California, located at 450 Golden Gate

5
Avenue, San Francisco, CA 94102-3489, in Courtroom 5 on the 17th Floor, before the Honorable

6
Edward M. Chen, Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC,

7
and Gilead Sciences Ireland UC ("Gilead"), Bristol Myers Squibb Co. and E.R. Squibb & Sons, LLC

8
("BMS"), and Janssen R&D Ireland and Janssen Products, L.P. ("Janssen") (collectively,

9
"Defendants") will move the Court for an order vacating Aetna's purported Notice of Voluntary

10
Dismissal (ECF No. 14).  The Motion is based on this Notice of Motion and Motion to Vacate Aetna's

11
Purported Notice of Voluntary Dismissal Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil

12
Procedure, all other pleadings and papers on file in this action, any other such matters upon which the

13
Court may take judicial notice, the arguments of counsel, and any other matter the Court may properly

14
consider.

15

## RELIEF SOUGHT

16
Defendants respectfully request that Aetna's purported Notice of Voluntary Dismissal

17
(ECF No. 14) be vacated.

18

19

20

21

22

23

24

25

26

27

28

1    Defendants move this Court for an order vacating Aetna's purported Notice of Voluntary

2    Dismissal (ECF No. 14) as unauthorized under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil

3    Procedure.  That purported Notice of Voluntary Dismissal should be deemed ineffective and should

4    be vacated as inconsistent with applicable federal statutes given that it (i) would improperly deprive

5    this Court of removal jurisdiction, and (ii) would squarely breach multiple representations made by

6    Aetna to this Court and Defendants.

7                                        **BACKGROUND**

8        After the *Staley* plaintiffs filed suit in May 2019, Aetna sat on the sidelines for well over two

9    years (even after being subpoenaed for non-party discovery in 2020), waited until the eleventh hour

10   to file suit, and then did so only after this Court asked at a public hearing whether additional related

11   complaints were expected.  *See* Case No. 3:19-cv-02573, Dec. 9, 2021 Hr'g Tr. at 28:19-29:5.  About

12   a week after that public hearing, Aetna and its counsel on December 13-14, 2021 executed a strategy

13   of intentionally filing duplicative litigation in different courts, filing this action for Aetna in the

14   Superior Court of California, San Mateo County, while Aetna's counsel simultaneously filed six

15   nearly identical complaints for other insurers in this Court.  *See* Case Nos. 21-cv-9621, 21-cv-9622,

16   21-cv-9634, 21-cv-9645, 21-cv-9646, 21-cv-9647.

17       On December 20, 2021, Gilead, with the consent of the remaining Defendants, removed

18   Aetna's complaint from state court to this Court based on diversity and federal-question jurisdiction.

19   Case No. 3:21-cv-09827, ECF No. 1.  Once in federal court, Aetna repeatedly represented to the Court

20   and Defendants that it intended to have this Court determine whether removal was proper.  As early

21   as January 4, 2022, in response to a motion to relate substantially similar actions, Aetna represented

22   that it would "be moving to remand its case to San Mateo County Superior Court on or before January

23   19, 2022."  Case No. 3:19-cv-02573, ECF No. 804 at 1; *see id.*, ECF No. 805 at 1 n.1 (representing

24   Aetna "intend[ed] to promptly file a motion to have its case remanded").  Then, at the January 11,

25   2022 status conference, Aetna's counsel reiterated in colloquies with this Court that Aetna was asking

26   this Court to decide whether it had jurisdiction and noted the need for oral argument at the next status

27   conference.  *See* Case No. 3:19-cv-02573, Jan. 11, 2022 Hr'g Tr. at 9:14-21 ("Aetna, Your Honor, . .

28   . has a special appearance here and needs to decide remand."), 40:22-24 (requesting oral argument on

1    "the remand issue").

2         On January 18, 2022, Aetna moved to remand, inviting this Court to determine whether it had

3    removal jurisdiction.  Case No. 3:21-cv-09827, ECF No. 12.  Aetna's motion did not dispute that

4    complete diversity existed between Aetna and Defendants or that the amount-in-controversy

5    requirement was satisfied.  *See id*.  As the Notice of Removal had set forth, Aetna's complaint

6    acknowledged those requirements.  *Id.*, ECF No. 1 at 2-4.  Instead, Aetna tried to argue that removal

7    was improper under 28 U.S.C. § 1441(b)(2) because certain Gilead Defendants are citizens of

8    California.  But that "forum-defendant" exception to removal on grounds of diversity applies only "if

9    any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which

10   such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  As Aetna was forced to concede,

11   removal occurred "*before* Aetna could complete service" as to any Defendant.  Case No. 3:21-cv-

12   09827, ECF No. 12 at 3 (emphasis added).

13        Aetna's motion to remand ignored that "the Northern District of California has consistently

14   held a defendant may remove an action prior to receiving proper service, even when the defendant

15   resides in the state in which the plaintiff filed the state claim."  *Loewen v. McDonnell*, 2019 WL

16   2364413, at *7 (N.D. Cal. June 5, 2019) (citations omitted).  Indeed, Aetna likely recognized that

17   Your Honor has expressly held that this Court is "constrained by the plain language of § 1441(b),"

18   which requires that a forum defendant be "properly joined and served" before the forum-defendant

19   exception can apply.  *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, 2007 WL 760568, at *7-10

20   (N.D. Cal. Mar. 9, 2007) (Chen, M.J.).  Thus, removal based on diversity jurisdiction was proper all

21   along (in addition to removal based on federal-question jurisdiction).

22        While Aetna's motion to remand was pending, Aetna took steps to affirmatively negotiate and

23   execute a stipulation with Defendants dated January 27, 2022, adopting certain orders from the *Staley*

24   action.  As part of that stipulation, Aetna again confirmed the expectation that this Court would

25   adjudicate whether it had removal jurisdiction:  "as to the Aetna Complaint where Aetna has filed a

26   motion to remand, for their time to answer, move or otherwise respond, Defendants shall have until

27   30 days after a ruling on Aetna's motion, or such other time as the parties may agree."  Case No.

28   3:21-cv-09827, ECF No. 16, ¶ 6.  This Court approved and entered that stipulation as an order of the

1    Court on January 31, 2022. *Id.*

2    While these events were unfolding before this Court, Aetna was secretly mounting a scheme

3    to deprive this Court of removal jurisdiction. On January 31, 2022, just days after Aetna executed

4    the stipulation and on the very same day this Court approved and entered it, Aetna refiled a virtually

5    identical complaint in the Superior Court of California—even while its December 2021 complaint

6    and motion to remand were still pending in this Court. *See* Case No. 3:22-cv-00740, ECF No. 1; Case

7    No. 3:21-cv-09827, ECF No. 12. The next day, on February 1, 2022, Aetna purported to serve the

8    new state-court complaint upon the Gilead Defendants and abruptly filed in this Court a purported

9    Notice of Voluntary Dismissal (Case No. 3:21-cv-09827, ECF No. 14)—all this on the very day

10   Defendants' opposition to Aetna's motion to remand was due (*id.*, ECF No. 18).

11                                              **ARGUMENT**

12   The Ninth Circuit has held that "where a second state court suit is fraudulently filed in an

13   attempt to subvert the removal of a prior case, a federal court may enter an injunction." *Lou v.*

14   *Belzberg*, 834 F.2d 730, 741 (9th Cir. 1987); *see also Quackenbush v. Allstate Ins. Co.*, 121 F.3d

15   1372, 1378 (9th Cir. 1997) ("[T]he Supreme Court has held that the statute governing removal

16   procedures, 28 U.S.C. § 1446, provides express authorization to enjoin state proceedings in removed

17   cases." (citing *Mitchum v. Foster*, 407 U.S. 225, 234 n.12 (1972))). Other federal circuit courts

18   similarly recognize the power of a federal district court to prevent a party from subverting its removal

19   jurisdiction. *See, e.g., Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 337 (3d Cir.

20   2010) ("[C]ourts considering the question have unanimously held that a plaintiff's fraudulent attempt

21   to subvert the removal statute implicates the expressly authorized exception to the Anti-Injunction

22   Act and may warrant the granting of an anti-suit injunction." (citations omitted)); *Kan. Pub. Emps.*

23   *Ret. Sys. v. Reimer & Koger Assocs.*, 77 F.3d 1063, 1069 (8th Cir. 1996) ("[A]fter removal the

24   plaintiff cannot file essentially the same case in a second state action to subvert federal

25   jurisdiction."). Given this power to enjoin the post-removal refiling of a state action that subverts

26   federal removal jurisdiction, a federal court necessarily has the power to vacate a Rule 41(a)(1)(A)(i)

27   voluntary dismissal under the circumstances here.

28   Indeed, Rule 41 expressly acknowledges such power. Under Rule 41(a)(1)(A)(i), a plaintiff's

1   ability to dismiss an action unilaterally and without a court order is "[s]ubject to . . . any applicable

2   federal statute."  Here, the applicable provisions of the federal removal statute (28 U.S.C. §§ 1446,

3   1447) and the All Writs Act (28 U.S.C. § 1651) preclude Aetna's purported Notice of Voluntary

4   Dismissal, which was intended to subvert this Court's removal jurisdiction.  The federal removal

5   statute provides that filing a notice of removal in state court "shall effect the removal and the State

6   court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  The

7   federal removal statute also provides that "[i]n any case removed from a State court, the district court

8   may issue all necessary orders and process to bring before it all proper parties whether served by

9   process issued by the State court or otherwise."  28 U.S.C. § 1447(a).  Similarly, the All Writs Act

10  broadly provides that "all courts established by Act of Congress may issue all writs necessary or

11  appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of

12  law."  28 U.S.C. § 1651(a).  As the Ninth Circuit has explained, a "court's powers under the All Writs

13  Act 'should be broadly construed,' and may be applied to 'achieve all rational ends of

14  law.'"  *California v. M&P Invs.*, 46 F. App'x 876, 878 (9th Cir. 2002) (citations omitted).

15        In an analogous context, courts managing complex litigations based on jurisdiction under the

16  multi-district litigation statute (28 U.S.C. § 1407) have expressly held that § 1407 is an "applicable

17  federal statute" that can constrain unilateral dismissals under Rule 41(a)(1)(A)(i), particularly when

18  such dismissals seek to thwart federal jurisdiction.  *See, e.g.*, *In re Oil Spill by the Oil Rig "Deepwater*

19  *Horizon,"* 2011 WL 1464908, at *4 (E.D. La. Apr. 15, 2011) (holding Rule 41(a)(1)(A)(i) is "subject

20  to . . . any [other] applicable statute" and that "MDL courts, acting pursuant to statutory authority

21  granted to transferee courts by 28 U.S.C. § 1407, have recognized that it is sometimes necessary to

22  put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage

23  complex, consolidated MDL litigation" (alteration in original)); *In re Genetically Modified Rice*

24  *Litig.*, 2010 WL 716190, at *8 (E.D. Mo. Feb. 24, 2010) (expressing concern "that more plaintiffs

25  might attempt to dismiss their federal cases without prejudice so they could refile in state court, but

26  I believe my managerial authority over the cases can prevent any prejudice from this" Rule

27  41(a)(1)(A)(i) tactic); *In re Zicam Cold Remedy Mktg., Sales Practices & Prods. Liab. Litig.*, 2010

28  WL 3402490, at *2 (D. Ariz. Aug. 26, 2010) ("The ability of the parties to stipulate to voluntary

1    dismissal under Rule 41(a)(1)(A)(ii), Fed. R. Civ. P. is subject to 'any applicable federal statute.'

2    28 U.S.C. 1407 is such a statute.  Were it otherwise, the entire MDL process could be jeopardized by

3    the unilateral action of the parties.").  Here, this Court has similar power to prevent a purported

4    unilateral voluntary dismissal designed to undermine the Court's jurisdiction and its management of

5    coordinated cases.

6         More generally, courts have constrained Rule 41(a)(1)(A)(i) voluntary dismissals when such

7    a unilateral dismissal would circumvent a federal statute, such as the Fair Labor Standards Act

8    ("FLSA"), False Claims Act ("FCA"), and the Prison Litigation Reform Act ("PLRA").  *See, e.g.*,

9    *Samake v. Thunder Lube, Inc.*, 2022 WL 244143, at *5 (2d Cir. Jan. 27, 2022) ("Rule 41(a)(1)(A)(i)

10   notice of dismissal did not automatically divest the district court of jurisdiction" in a FLSA case);

11   *U.S. ex rel. Knudsen v. KBR, Inc.*, 2021 WL 2301910, at *1 n.2 (C.D. Ill. June 3, 2021) ("Normally,

12   a Rule 41(a)(1)(A)(i) notice of dismissal itself terminates a case.  However, a private person can only

13   dismiss a case brought under the federal False Claims Act 'if the court and the Attorney General give

14   written consent to the dismissal and their reasons for consenting.'" (citation omitted)); *Espinoza v.*

15   *Wastequip Mfg. Co.*, 2020 U.S. Dist. LEXIS 187324, at *2 (E.D. Cal. Oct. 8, 2020) ("Rule

16   41(a)(1)(A)(ii) requires the approval of the district court or of the Department of Labor for stipulated

17   dismissals settling Fair Labor Standards Act ('FLSA') claims with prejudice."); *Burley v. Unknown*

18   *Defendants*, 2015 WL 8212681, at *1 (S.D. Tex. Dec. 7, 2015) ("The Court holds that the PLRA is a

19   federal statute to which a plaintiff's power to dismiss an action voluntarily under Rule 41(a)(1)(A)(i)

20   is subject, and allowing a plaintiff to use voluntary dismissal to avoid accumulating a strike under

21   § 1915(g) runs counter to Congress's purposes in enacting the PLRA."); *see also Nogueras-*

22   *Cartagena v. Rossello-Gonzalez*, 182 F.R.D. 380, 386 (D.P.R. 1998) ("As all rights in our judicial

23   system, a plaintiff's right to voluntarily dismiss an action must be exercised in good faith and not as

24   an attempt to manipulate jurisdiction.").

25        Here, in response to Gilead's removal of Aetna's initial action in California state court, Aetna

26   repeatedly and expressly represented to this Court and Defendants that it would be moving to remand

27   the action back to state court, thereby allowing this Court to determine whether it had removal

28   jurisdiction.  As detailed above, Aetna made such a representation no fewer than five times, including

1    in the January 27 stipulation filed with and granted by this Court as an order dated January 31.  And,

2    again, Aetna's motion to remand was pending before this Court at the time of Aetna's purported

3    Notice of Voluntary Dismissal.  Rather than honor its representations and allow this Court to rule

4    upon the pending motion to remand, Aetna suddenly filed its purported Notice of Voluntary Dismissal

5    as part of a strategy to remain in state court through the filing of a "new"—albeit virtually identical—

6    action.  Aetna's attempt to orchestrate a "self-help" remand breached its prior representations and

7    improperly sought to deprive this Court of its removal jurisdiction.

8           Lastly, under Rule 41(a)(1)(A)(i), a plaintiff's ability to dismiss an action unilaterally and

9    without a court order is expressly limited to "before the opposing party serves either an answer or a

10   motion for summary judgment."   Based on Aetna's repeated representations to this Court and

11   Defendants that it would be moving to remand, thereby allowing this Court to determine whether it

12   had removal jurisdiction, Defendants had no reason to file an answer in order to preclude Aetna from

13   voluntarily dismissing and refiling in state court.  As already observed, just days before filing the

14   purported voluntary dismissal, Aetna had affirmatively stipulated on January 27 that "as to the Aetna

15   Complaint where Aetna has filed a motion to remand, for their time to answer, move or otherwise

16   respond, Defendants shall have until 30 days after a ruling on Aetna's motion, or such other time as

17   the parties may agree," a stipulation which this Court granted on January 31.  Case No. 3:21-cv-

18   09827, ECF No. 16, ¶ 6.  Aetna thus effectively lulled Defendants into refraining from taking a step

19   that would have precluded Aetna's ability to file a pre-answer notice of dismissal; Aetna should not

20   be rewarded for such a cynical tactic.

21                                            **CONCLUSION**

22          For the foregoing reasons, Aetna's purported Notice of Voluntary Dismissal (ECF No. 14)

23   should be vacated.

                                                   Respectfully submitted,
24
     Dated:    February 7, 2022                    WHITE & CASE LLP
25

26                                          By:   */s/ Heather M. Burke*_____
                                                   Heather M. Burke (SBN 284100)
27                                                 Jeremy K. Ostrander (SBN 233489)
                                                   **WHITE & CASE**LLP
28                                                 3000 El Camino Real

| | |
|---|---|
| 1 | 2 Palo Alto Square, Suite 900<br>Palo Alto, CA  94306-2109<br>Telephone:  (650) 213-0300 |
| 2 | Facsimile: (650) 213-8158<br>hburke@whitecase.com |
| 3 | jostrander@whitecase.com |
| 4 | Christopher M. Curran (*pro hac vice*) |
| 5 | Peter J. Carney (*pro hac vice*)<br>**WHITE & CASE**LLP |
| 6 | 701 Thirteenth Street, NW<br>Washington, District of Columbia 20005-3807 |
| 7 | Telephone:  (202) 626-3600<br>Facsimile: (202) 639-9355<br>ccurran@whitecase.com |
| 8 | pcarney@whitecase.com |
| 9 | Heather K. McDevitt (*pro hac vice*) |
| 10 | Bryan D. Gant (*pro hac vice*)<br>Kristen O'Shaughnessy (*pro hac vice*) |
| 11 | Michael E. Hamburger (*pro hac vice*)<br>Raj S. Gandesha (*pro hac vice*) |
| 12 | **WHITE & CASE**LLP<br>1221 Avenue of the Americas |
| 13 | New York, New York 10020<br>Telephone: (212) 819-8200 |
| 14 | Facsimile: (212) 354-8113<br>hmcdevitt@whitecase.com |
| 15 | bgant@whitecase.com<br>kristen.oshaughnessy@whitecase.com |
| 16 | michael.hamburger@whitecase.com<br>rgandesha@whitecase.com |
| 17 | *Attorneys for Defendants Gilead Sciences, Inc.,* |
| 18 | *Gilead Holdings, LLC, Gilead Sciences, LLC, and*<br>*Gilead Sciences Ireland UC* |
| 19 | |
| 20 | ARNOLD & PORTER KAYE SCHOLER LLP |
| 21 | |
| 22 | */s/ Daniel B. Asimow*<br>ARNOLD & PORTER KAYE SCHOLER LLP |
| 23 | Daniel B. Asimow (SBN 165661)<br>daniel.asimow@arnoldporter.com |
| 24 | Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111-4024 |
| 25 | LAURA S. SHORES (*pro hac vice*) |
| 26 | JAMES L. COOPER (*pro hac vice*)<br>ANNE P. DAVIS (*pro hac vice*) |
| 27 | ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., N.W. |
| 28 | Washington, D.C. 20001<br>Telephone: 202.942.5000 |

- 7 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE
AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL
CASE NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:21-CV-09827-EMC

1

Facsimile: 202.942.4999
Email: laura.shores@arnoldporter.com
Email: james.cooper@arnoldporter.com
Email: anne.davis@arnoldporter.com

2

3

*Attorneys for Defendants Bristol Myers Squibb Co. and
E.R. Squibb & Sons, LLC*

4

5

6

FAEGRE DRINKER BIDDLE & REATH LLP

7

*/s/ Paul J. Riehle*
Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111

8

9

10

FAEGRE DRINKER BIDDLE & REATH LLP
Paul H. Saint-Antoine (*pro hac vice*)
paul.saint-antoine@faegredrinker.com
Joanne C. Lewers (*pro hac vice*)
joanne.lewers@faegredrinker.com
One Logan Square, Ste. 2000
Philadelphia, PA 19103

11

12

13

14

*Attorneys for Defendants Janssen R&D Ireland and
Janssen Products, LP*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE
AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL
CASE NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:21-CV-09827-EMC

1

**FILER'S ATTESTATION**

2          Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Heather M. Burke, attest that

3   concurrence in the filing of this document has been obtained.

4
          Executed:  February 7, 2022                    /s/            *Heather M. Burke*
5                                                                            Heather M. Burke

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE
AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL
CASE NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:21-CV-09827-EMC

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on February 7, 2022 the foregoing document was filed with the Clerk of

3    the Court using CM/ECF which will send notification of such filing to the attorneys of record in this

4    case.

5

Executed:        February 7, 2022                  /s/                    *Heather M. Burke*

6                                                                          Heather M. Burke

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO VACATE
AETNA'S PURPORTED NOTICE OF VOLUNTARY DISMISSAL
CASE NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:21-CV-09827-EMC