UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PETER STALEY, et al., | Case No. 19-cv-02573-EMC (LB) |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO QUASH NON-PARTY SUBPOENA** |
| GILEAD SCIENCES, INC., et al., | Re: ECF Nos. 920, 921, and 922. |
| Defendants. | |

**INTRODUCTION**

The plaintiffs subpoenaed non-party Dr. John Cogan, a former board member of defendant Gilead.[1] Dr. Cogan now moves to quash the deposition subpoena.[2] Dr. Cogan claims that the deposition would be unduly burdensome because he (1) is a "busy individual," (2) has no memory of certain events, and (3) lacks any relevant non-privileged knowledge.[3] The plaintiffs assert that they should not be forced to accept Dr. Cogan's declaration that he lacks knowledge at face value and should be able to depose him about general non-privileged information concerning certain

---

[1] Unredacted Sealed Disc. Ltr. – ECF No. 921-1 at 2; Redacted Disc. Ltr. – ECF No. 922 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Unredacted Sealed Disc. Ltr. – ECF No. 921-1 at 1.

[3] *Id.* at 2–4.

ORDER – No. 19-cv-02573-EMC (LB)

Gilead practices.[4] They also note that the deposition would be virtual and present minimal burden.[5] The court can decide the dispute without oral argument. Civ. L. R. 7-1(b). Dr. Cogan has not established that the deposition is an undue burden. The court thus denies the motion to quash.

## STATEMENT

The plaintiffs seek to depose non-party Dr. John F. Cogan. Dr. Cogan is a former board member of defendant Gilead and ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████

The plaintiffs assert that ███████████████████████████████████████ ███████████████████ and Plaintiffs should be permitted to explore his recollection of relevant events."[8] The plaintiffs further argue that even if Dr. Cogan has no memory of key events, the plaintiffs "should be permitted to assess Dr. Cogan's credibility with respect to his lack of memory" and seek his testimony concerning ███████████████████ ███████████████████[9]

Counsel for Dr. Cogan and Gilead contend that he should not be required to provide deposition testimony because (1) Dr. Cogan "submitted a sworn statement that he has no memory of ███████████████" (2) even though Dr. Cogan produced a "relevant, non-privileged email chain related ███████████████████████████████████" there is no indication ███████████ "had any impact on the ultimate entry date agreement terms at issue" in this case; (3) Dr. Cogan is "a busy individual" who has no testimony concerning settlement negotiations between Gilead and Teva; and (4) Dr. Cogan's potential testimony would not include

---

[4] *Id.* at 5–6.
[5] *Id.* at 6.
[6] *Id.* at 2, 4.
[7] *Id.* at 4–5.
[8] *Id.* at 5.
[9] *Id.*

ORDER – No. 19-cv-02573-EMC (LB)  2

1 any non-privileged material because "any relevant evidence about the assessment of the settlement
2 agreements involves Gilead's inherently privileged assessment of whether it was likely to win the
3 litigation."[10]

## ANALYSIS

Rule 45(c) and Rule 26 guide the court's enforcement of non-party subpoenas. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). Rule 26 provides that the court "may limit discovery if 'the discovery sought . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive' or if 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (citing Fed. R. Civ. P. 26(b)). While Rule 45(c) of the Federal Rules of Civil Procedure requires a party to avoid undue burden or expense, it does not force parties to forgo necessary depositions.

To support his claim of undue burden, Dr. Cogan contends that the plaintiffs have not demonstrated that "he has relevant, nonprivileged information."[11] The court finds that Dr. Cogan has not established that the subpoena is unduly burdensome. First, the facts discussed above establish that Dr. Cogan had at least some involvement in relevant decision making. And Dr. Cogan's purported lack of knowledge is insufficient to establish undue burden. *See Dey, L.P. v. Sunovion Pharms., Inc.*, No. C 12-80078 CRB LB, 2012 WL 1094341, at *3 (N.D. Cal. Mar. 29, 2012) (finding that deposition would not be cumulative or duplicative given the deponent's lack of memory given possibility that the deponent's memory could be refreshed upon questioning).

Furthermore, Dr. Cogan has not established that all of his relevant knowledge is privileged because Dr. Cogan likely has knowledge of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and there do not appear to be grounds to assert privilege over this material. Also, despite Dr. Cogan's claim to be a "busy person," the

---

[10] *Id.* at 3–4.
[11] *Id.* at 6.

ORDER – No. 19-cv-02573-EMC (LB)　　　　　　　　　3

1 proposed "virtual deposition" would be less burdensome than an in-person deposition, and this
2 fact militates in favor of denying the motion to quash.

3 Additionally, the cases that Dr. Cogan relies upon do not require a different result. For
4 example, Dr. Cogan cites *St. Paul Mercury Ins. Co. v. Homes*, an insurance coverage dispute,
5 where the court quashed the plaintiff's non-party deposition subpoena because it would have been
6 unduly burdensome. No. 2:15-cv-0037 TLN KJN, 2015 WL 7077450, at *2–3 (E.D. Cal. Nov. 13,
7 2015). The court based its holding in that case on the proposed deponent's declaration that he had
8 no knowledge of the underlying litigation that was the subject of the coverage dispute and the
9 plaintiff's failure to "call[ ] into question" that representation. *Id.* Here, there is no dispute that Dr.
10 Cogan was involved in decisions relevant to the litigation, and the plaintiffs have pointed to
11 relevant topics that may not be privileged. Accordingly, the out-of-district decision in *St. Paul* is
12 not helpful and does not support Dr. Cogan's request to quash the subpoena.

### CONCLUSION

For the foregoing reasons, the court denies Dr. Cogan's motion to quash. The deposition must be conducted virtually, by Zoom or other similar platform, and is limited to no more than five hours, including breaks.

Dr. Cogan's Administrative Motions to Seal (ECF Nos. 920 and 921) are granted.

This disposes of ECF Nos. 920, 921, and 922.

**IT IS SO ORDERED.**

Dated: March 14, 2022

LAUREL BEELER
United States Magistrate Judge