1  CHRISTOPHER T. HOLDING (*pro hac vice*)
   CHolding@goodwinlaw.com
2  **GOODWIN PROCTER LLP**
   100 Northern Avenue
3  Boston, MA 02210
   Tel.: + 1 617 570 1000
4  Fax: +1 617 523 1231

5  ARIEL ROGERS (SBN 316910)
   ARogers@goodwinlaw.com
6  **GOODWIN PROCTER LLP**
   601 Marshall Street
7  Redwood City, CA 94063
   Tel.: +1 650 752 3100
8  Fax: +1 650 853 1038

9  *Counsel for Defendant*
   *Teva Pharmaceuticals USA, Inc.*
10
   (Additional Counsel for Teva Listed on Signature
11 Page)

12                         IN THE UNITED STATES DISTRICT COURT
13                        FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                                  SAN FRANCISCO DIVISION
15

16 | PETER STALEY, et al. | Case No. 3:19-cv-02573-EMC (Master Docket) |
17 | Plaintiffs, | **TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
18 | v. | |
19 | GILEAD SCIENCES, INC., et al. | |
20 | Defendants. | |
21 | | Ctrm:  5 – 17th Floor<br>Judge:  Honorable Edward M. Chen |
22 | This Document Relates to: | |
23 | 3:21-cv-09620-EMC<br>3:21-cv-09632-EMC | |
24 | 3:21-cv-09642-EMC<br>3:21-cv-09644-EMC | |
25 | 3:21-cv-09648-EMC | |

26
27
28

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC,
3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC

Pursuant to Local Rules 7-11 and 79-5(f) of the U.S. District Court for the Northern District of California, Defendant Teva Pharmaceuticals USA, Inc. ("Teva") submits this statement in support of sealing portions of the Individual Health Plan Plaintiffs' ("IHPPs") Opposition to Teva's Motion to Dismiss, attached as Exhibit 1 to the Declaration of Joshua C. Stokes in Support of the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 930-1) (the "Stokes Declaration"), in response to Individual Health Plan Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 930).

Teva seeks to seal portions of Exhibit 1 to the Stokes Declaration because they reveal highly confidential proprietary information, specifically (1) direct quotes or descriptions of the 2014 Gilead-Teva Settlement Agreement ("the 2014 Agreement"), which was designated by Defendants as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and was previously filed under seal (ECF Nos. 144, 274), and (2) an interpretation by the IHPPs of the deposition testimony of Teva's outside counsel, David Hashmall, including certain statements regarding the 2014 Agreement, which was also designated as highly confidential under the Protective Order by Teva. Teva's request to seal is supported by a declaration from Molly R. Grammel ("Grammel Decl.") (filed contemporaneously with this statement), a person knowledgeable about the content of the documents. Exhibit 1 was filed as an attachment to the Declaration of Joshua C. Stokes in Support of the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 930-1). A Stipulated Protective Order has been entered in this case, *Staley, et al., v. Gilead Sciences, Inc.*, et al., No. 3:19-cv-02573-EMC (ECF No. 196), and the underlying documents at issue have been designated highly confidential per the terms of the Stipulated Protective Order.

The Court previously granted Gilead's request to seal the 2014 Agreement in connection with Gilead's prior Motion to Dismiss the Corrected Consolidated Class Action Complaint. *See Staley v. Gilead Sciences, Inc.*, No. 3:19-cv-02573-EMC (N.D. Cal. Sept. 4, 2019), ECF No. 144

2

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC, 3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC

1  (Gilead's Administrative Motion to File Documents Under Seal); *see also id.* (N.D. Cal. Feb. 28,
2  2020), ECF No. 274 (Order Granting Administrative Motion to File Under Seal).  Teva asks that
3  the Court grant IHPPs' Administrative Motion to Consider Whether Another Party's Material
4  Should be Sealed consistent with its past decisions.

## ARGUMENT

The Court may enter an order sealing court records in response to a "narrowly tailored" request that "establishes that the document, or portions thereof, are privileged, protectable as trade secret, or otherwise entitled to protection under law." Civil L.R. 79-5(b).  When deciding whether to seal a document, courts must balance the interest of the public and the party seeking to keep certain materials confidential. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  While there is a presumption in favor of access to judicial records, a party can overcome this presumption by providing "compelling reasons" for filing the document under seal. *Id.* at 1179.  The Ninth Circuit has recognized that compelling reasons to seal information exist when public disclosure of the information might harm a party's "competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Likewise,"[c]ompelling reasons to seal may exist when sealing prevents judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing,' such as 'the pricing terms, royalty rates, and guaranteed minimum payment terms' of a licensing agreement." *Regents of the Univ. of Cal. v. Chen*, 2018 U.S. Dist. LEXIS 71360, at *3 (N.D. Cal. Apr. 27, 2018) (Chen, J.) (quoting *In re Elec. Arts*, 298 F. App'x at 569-70); *see also Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 4933287, at *1 (N.D. Cal. Oct. 16, 2012) (observing that sealing is required to "prevent judicial documents from being used as sources of information that might harm a litigant's competitive standing") (citation omitted).  And "[n]umerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies" the "compelling reasons" standard. *Milliner v. Mut.*

3

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC,
3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC

*Sec., Inc.*, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) (internal quotation omitted).

  Applying these principles here, the redacted portions of Exhibit 1 (IHPPs' Opposition to Teva's Motion to Dismiss) are properly filed under seal. Teva seeks to redact direct quotes from the 2014 Agreement, along with descriptions of specific provisions in the 2014 Agreement and an interpretation by the IHPPs of the deposition testimony of Teva's outside counsel, including certain statements regarding the 2014 Agreement. This material reflects competitively sensitive information about the strategy and negotiation position of both Gilead and Teva, as well as information regarding the timing and marketing of their products. Grammel Decl. ¶ 6. Because this information would harm Gilead and Teva by giving competitors an unfair view of their litigation settlement strategies, it is properly filed under seal. *See Celgard, LLC v. Targray Tech. Int'l, Inc.*, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019) (finding compelling reasons to seal where the sealing party explained that "future accused infringers and existing licensees [would] be able to use th[e] materials to their advantage and [the sealing party's] disadvantage," and the party's competitors would "be able to unfairly compete with [the sealing party] because they [would] have a preview of its negotiating positions and strategy"); *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *27-28 (N.D. Cal. Aug. 9, 2016) (granting plaintiffs' motion to seal portions of brief that disclose confidential settlement negotiations, confidential business discussions, and confidential business strategies); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (agreeing to seal an exhibit of a settlement offer letter, recognizing the compelling need to protect settlement offers); *Thomas v. MagnaChip Semiconductor Corp.*, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (finding compelling reasons to seal a confidential settlement agreement to prevent improper third party use).

  Moreover, the 2014 Agreement includes a provision reflecting the parties' expectation that it would remain confidential as to other competitors (Grammel Decl. ¶ 5), and courts have long recognized the general policy of protecting settlement negotiations and communications in order to promote settlement. *See, e.g.*, *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d

4

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC, 3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC


1. 90, 92 (9th Cir. 1982) ("By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement."). This policy is also reflected in the ADR Local Rules of the Northern District of California, which provide for the confidentiality of materials and discussions in connection with mediation proceedings. *See Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *2 (N.D. Cal. July 2, 2008) (citing ADR L.R. 6-11(a) as support for sealing settlement agreement).

Finally, Teva's request is narrowly tailored, because it seeks to redact only direct quotes from the 2014 Agreement, or descriptions or interpretations of the provisions in the Agreement.

## **CONCLUSION**

For the foregoing reasons, Teva respectfully requests that the Court grant IHPPs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 930) and enter the Parties' Joint Stipulation identifying the portions of Exhibit 1 that should be filed under seal (ECF No. 930-3).

5

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC, 3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC

| | | |
|---|---|---|
| 1 | Dated: March 15, 2022 | GOODWIN PROCTER LLP |
| 2 | | |
| 3 | | By: */s/ Molly R. Grammel* |
| 4 | | MOLLY R. GRAMMEL (*pro hac vice*) |
| 5 | | CHRISTOPHER T. HOLDING (*pro hac vice*) |
| 6 | | MOLLY R. GRAMMEL (*pro hac vice*) |
| 7 | | JORDAN BOCK (SBN 321477) **GOODWIN PROCTER LLP** |
| 8 | | 100 Northern Avenue Boston, MA 02210 |
| 9 | | Tel.: + 1 617 570 1000 Fax: +1 617 523 1231 |
| 10 | | *CHolding@goodwinlaw.com* *MGrammel@goodwinlaw.com* |
| 11 | | *JBock@goodwinlaw.com* |
| 12 | | BRIAN T. BURGESS (*pro hac vice*) |
| 13 | | ASHLEY MOORE DRAKE (*pro hac vice*) **GOODWIN PROCTER LLP** |
| 14 | | 1900 N Street, NW Washington, DC 20036 |
| 15 | | Phone: (202) 346-4000 Facsimile: (617) 523-1231 |
| 16 | | *BBurgess@goodwinlaw.com* *ADrake@goodwinlaw.com* |
| 17 | | ARIEL ROGERS (SBN 316910) |
| 18 | | *ARogers@goodwinlaw.com* **GOODWIN PROCTER LLP** |
| 19 | | 601 Marshall Street Redwood City, CA 94063 |
| 20 | | Tel.: +1 650 752 3100 Fax: +1 650 853 1038 |
| 21 | | |
| 22 | | *Counsel for Defendant Teva Pharmaceuticals USA, Inc.* |

6

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC, 3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **March 15, 2022**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 15th day of March, 2022.

*/s/ Molly R. Grammel*
Molly R Grammel

TEVA'S STATEMENT IN RESPONSE TO INDIVIDUAL HEALTH PLAN PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

CASE NO: 3:21-CV-02573-EMC / RELATED CASE NOS. 3:21-CV-09620-EMC, 3:21-CV-09632-EMC, 3:21-CV-09642-EMC, 3:21-CV-09644-EMC, 3:21-CV-09648-EMC