DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666

HILLIARD & SHADOWEN LLP
STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for End-Payor Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STALEY, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>Defendants.<br><br>This Document Relates to:<br><br>*Staley, et al., v. Gilead Sciences, Inc., et al.*, No. 3:19-cv-02573-EMC | Case No. 3:19-cv-2573-EMC<br><br>**ORDER GRANTING END-PAYOR CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH BRISTOL-MYERS SQUIBB COMPANY AND E.R. SQUIBB & SONS L.L.C.** |

Upon review and consideration of the Settlement Agreement by and between the End-Payor Class Plaintiffs Peter Staley, Ivy Kwan Arce, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Michael Snipe, Andrew R. Spieldenner, PhD, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (together, "Plaintiffs"), individually and on behalf of the End-Payor Classes (the "EPPs" or "Class Members") and Defendants Bristol-Myers Squibb Company and E.R. Squibb & Sons, LLC (together, "BMS"); along with EPPs' Motion for Preliminary Approval of Settlement, Certification of the Settlement Classes, Approval of Form and Manner of Notice, Appointment of Settlement Administrator, of Escrow Agent, and of Settlement Class Counsel, and Approval of Final Settlement Schedule and Date for Final Approval Hearing and the supporting memorandum and exhibits; and EPPs' Motion for Final Approval of Settlement and supporting memorandum and exhibits, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement between the EPPs and Defendant BMS filed with this Court, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2. This Court has subject matter jurisdiction over the above captioned litigation (the "Action") and personal jurisdiction over each of the Plaintiffs Peter Staley, Ivy Kwan Arce, Gregg S. Gonsalves, PhD, Brenda Emily Goodrow, Michael Snipe, Andrew R. Spieldenner, PhD, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund and Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund, and over the Defendant BMS.

3. As set forth in this Court's Order dated December 14, 2021 (ECF No. 782), certifying the End-Payor Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) for settlement purposes only, the End-Payor Settlement Damages Classes are defined as follows:

    a. Atripla Settlement Damages Class includes all persons or entities residing in the United States and its territories who purchased, paid and/or provided reimbursement in (which includes, with respect to TPPs, the state in which the TPP has its principal place of business) any of the Damages States for some or all of the purchase price for brand or generic Atripla, sold by Bristol-Myers Squibb Company or its affiliates, by Gilead Sciences, Inc. or its affiliates, or by Teva Pharmaceutical Industries Ltd. or its affiliates, for consumption by themselves, their families, or, with respect to TPPs, by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

    b. Evotaz Settlement Damages Class includes all persons or entities residing in the United States and its territories who purchased, paid and/or provided reimbursement in (which includes, with respect to TPPs, the state in which the TPP has its principal place of business) any of the Damages States for some or all of the purchase price for Evotaz, for consumption by themselves, their families, or, with respect to TPPs, by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

    c. Truvada Settlement Damages Class includes all Third-Party Payors in the United States and its territories with either a principal place of business in the

Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for brand or generic Truvada, sold by Gilead Sciences, Inc. or its affiliates or by Teva Pharmaceutical Industries Ltd. or its affiliates, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

d.   Complera Settlement Damages Class includes all Third-Party Payors in the United States and its territories with either a principal place of business in the Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for Complera, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

e.   Stribild Settlement Damages Class includes all Third-Party Payors in the United States and its territories with either a principal place of business in the Damages States or which purchased, paid and/or provided reimbursement in the Damages States for some or all of the purchase price for Stribild, for consumption by their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021.

4.   Excluded from all of the foregoing Settlement Damages Classes are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal governmental entities; all states (and sub-units of government and their entities) that, by law, are

precluded from participation as plaintiffs in private class action litigation (for purposes of this Order, those states are the Excluded States as defined in the Settlement Agreement); pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for the relevant drugs; and the judges in this case and any members of their immediate families.

5. As used in the foregoing Class definitions, the "Damages States" are the following states, territories, and/ or districts: Alabama, Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maryland, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

6. As set forth in this Court's Order dated December 14, 2021 (ECF No. 782), certifying the End-Payor Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) for settlement purposes only, the End-Payor Settlement Injunctive-Relief Classes are defined as follows:

    a. The Prezcobix Settlement Injunctive-Relief Class includes all persons or entities in the United States and its territories who purchased, paid and/or provided reimbursement for some or all of the purchase price for Prezcobix, for consumption by themselves, their families, or their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021. Excluded from the class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal and state governmental entities;

pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for Prezcobix; and the judges in this case and any members of their immediate families.

b.     The cART Foundation Settlement Injunctive-Relief Class shall include all persons or entities in the United States and its territories who purchased, paid and/or provided reimbursement for some or all of the purchase price for cART Foundation drugs made by one or more of Bristol-Myers Squibb Company or its affiliates, Gilead Sciences, Inc. or its affiliates, and Johnson & Johnson, Janssen Products LP or their affiliates, for consumption by themselves, their families, or their members, employees, insureds, participants, citizens, residents, or beneficiaries, other than for resale, during the period May 14, 2015 through and until October 13, 2021. For purposes of this Order, the cART Foundation drugs made by the entities identified above are any of one or more of Atripla, Biktarvy, Complera, Descovy, Genvoya, Odefsey, Stribild, Symtuza, Truvada, and Viread. Excluded from the class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates; all federal and state governmental entities; pharmacy benefit managers; health plans that purchased insurance covering 100% of their reimbursement obligation to members such that the health plan itself did not purchase, pay or reimburse for any of Atripla, Biktarvy, Complera, Descovy, Genvoya, Odefsey, Stribild, Symtuza, Truvada, and Viread; and the judges in this case and any members of their immediate families.

5
ORDER GRANTING FINAL APPROVAL
OF END-PAYOR CLASS PLAINTIFFS' SETTLEMENT WITH BMS
3:19-cv-02573-EMC

7. The Court also appointed the Plaintiffs as representatives for the EPP Classes, and appointed Daralyn Durie of Durie Tangri LLP, Steve Shadowen of Hilliard & Shadowen LLP, and Steve Berman of Hagens Berman Sobol Shapiro LLP as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

## Notice Satisfies Due Process

8. The Court finds that notice of this Settlement (the "Notice") has been given to the End-Payor Classes in substantially the manner approved by this Court in its Preliminary Approval Order (ECF No. 782), Order re: Supplemental Briefing (ECF No. 719), and Order on Motion to Modify Long-Form Settlement Notice (ECF No. 907).

9. The Court finds that the Notice directed to Class Members constituted the best notice practicable under the circumstances. In making this determination, the Court finds that copies of the Short-Form Notice were disseminated via U.S. First-Class Mail to the Third-Party Payor ("TPP") Class Members contained in A.B. Data's proprietary database of 42,000 entities. The Court also finds that Notice was disseminated to consumer Class Members through an extensive digital media campaign tailored to deliver to potential Class Members advertisements containing links to the settlement website, www.hivdrugsettlement.com.  Finally, the Court notes that additional digital notice shall be given to the consumer Class Members as described in the filing located at Docket No. 1041.

10. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Class Members due and adequate notice of the settlement, the Settlement Agreement, these proceedings, and the right of Class Members to object to the Settlement. All Class Members having had a full and fair opportunity to object and

to participate in the final approval hearing, the Court hereby determines that all Class Members that have not opted out of the Settlement are bound by this Order.

**Final Approval of Settlement**

11. The deadline for Class Members to postmark objections to the Settlements was April 6, 2022. The Court has received one objection to the Settlement and finds that the objector's sole credible concern, regarding assurances of class members' anonymity, was adequately addressed with the EPPs' Modified Long-Form Notice approved by the Court (ECF No. 870-3) and the extension of the opt-out and objection deadline by 22 days, from its original date of March 15, 2022.

12. The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement.

13. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and adequate to the End-Payor Classes; that it contains terms that responsible and experienced attorneys could accept considering all relevant risks and factors; and is in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and the Class Action Fairness Act, including 28 U.S.C. § 1715.

14. Specifically, the Court finds the Settlements are fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), which requires consideration of some or all of the following factors:

> (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and

views of counsel; (7) the presence of a governmental participant; and (9) the reaction of the class members to the proposed settlement.[1]

Specifically, as follows and for the reasons set forth in the Memorandum of Law in Support of EPPs' Motion for Final Approval of Settlement, the Court finds:

a. The litigation was highly complex, expensive, and of long duration, and would have continued to be so had these parties not settled;

b. Class Counsel and the EPPs would have faced risks in class certification and establishing liability, causation, and damages had they decided to continue litigating rather than settling;

c. The Settlement amounts are reasonable in light of the best possible recovery against BMS and the attendant risks of this litigation;

d. The case settled after the parties had completed extensive investigation and discovery, had the benefit of the detailed briefing and decisions on motions to dismiss and of extensive expert analysis, so Class Counsel had a full appreciation of the strengths and weaknesses of their case in negotiating the Settlements;

e. The Settlements were the result of arm's-length negotiation among sophisticated, experienced counsel; and

f. All the Plaintiffs support the Settlement and just one Class Member (out of tens of thousands) has objected.

---

[1] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

15. Under Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Settlement, finds that it benefits the Class Members, and directs its consummation pursuant to its terms.

16. The Settlement Agreement includes the following releases:

**14. Release.**

a) Upon the occurrence of the Effective Date, (i) the Consumer Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all of the Consumer Damages Classes Released Claims; (ii) , the Third-Party Payor Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all Third Party Payor Damages Classes Released Claims; and (iii) the Injunctive Relief Only Class Member Releasors hereby release and forever discharge, and covenant not to sue the Releasees only, with respect to, in connection with, or relating to any and all Injunctive Relief Only Classes Released Claims. Notwithstanding the foregoing, and for avoidance of doubt:

b) This Release shall have no effect on any Releasor's claim arising in the ordinary course of business between Releasors and the Releasees arising under Article 2 of the Uniform Commercial Code (pertaining to sales) or the laws of breach of contract or express warranty, the laws of negligence, product liability, implied warranty, or personal or bodily injury.

c) No party other than the Releasees is intended to be, or is, included within the scope of the release contained herein. For the avoidance of doubt: (a) neither Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences Ireland UC, Gilead Sciences, LLC (formerly known as Bristol-Myers Squibb & Gilead Sciences, LLC), nor any of its or their past or future parent(s) or successor(s) in interest is intended to be, or is, included within the scope of this release; and (b) neither Johnson & Johnson, Janssen Products LP, Janssen R&D Ireland (formerly known as Tibotec Pharmaceuticals), nor any of their or its past or future parent(s) or successor(s) in interest

is intended to be, or is, included within the scope of this release. This Settlement is as to Releasees only and is not intended to, and does not, release any claims other than those specified herein.

**15. Additional Release.** In addition, each Releasor hereby expressly waives and releases, upon the Effective Date, any and all provisions, rights, and/or benefits conferred by Section 1542 of the California Civil Code, which reads:

> Section 1542. <u>Release</u>. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code, notwithstanding that the release in Paragraph 14 is not a general release and is of claims against Releasees only. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims that are the subject matter of Paragraph 14. Nonetheless, upon the Effective Date, each Releasor hereby expressly waives and fully, finally, and forever settles and releases any known or unknown, foreseen or unforeseen, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraph 14, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Releasor also hereby expressly waives and fully, finally, and forever settles, releases, and discharges any and all claims it may have against the Releasees under § 17200, *et seq.*, of the California Business and Professions Code or any similar comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are expressly incorporated into the definition of the Released Claims.

17. The releases set forth in ¶ 16 of this Order effect a complete and total resolution of the Action with respect to the Defendant BMS to the extent of the claims of the End-Payor Classes that were asserted in the Action, as well as any compulsory counterclaims of Defendants relating to the allegations in the Action that were or should have been asserted, but the releases set forth in ¶ 16 of this Order do not release any claims arising in the ordinary course of business between Releasors and the Releasees arising under Article 2 of the Uniform Commercial Code; the laws of negligence or product liability or implied warranty, breach of contract, breach of express warranty, or personal injury; or any other claims unrelated specifically to brand or generic Atripla sold by BMS, Gilead Sciences, Inc. ("Gilead"), Teva Pharmaceutical Industries Ltd. ("Teva"), or any of their affiliates; Complera, Evotaz, Prezcobix, Stribild, brand or generic Truvada sold by Gilead, Teva, or any of their affiliates; or cART Foundation drugs made by one or more of BMS, Gilead, or Johnson & Johnson, Janssen Products LP ("Janssen") or any of their affiliates.

18. All of Plaintiffs' and the EPP Class's claims against BMS are hereby dismissed with prejudice and without costs as provided in the Settlement Agreement.

19. The Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Settlement and over this Order.

**Approval of Plan of Allocation**

20. The Court approves and finds as fair and reasonable EPPs' proposed Plan of Allocation for the Settlement, filed on November 18, 2021, and available on the official settlement website, www.hivdrugsettlement.com, which addresses the allocation of the

Settlement Fund, plus interest and net of the Court-approved expense reimbursement for the cost of claims administration and litigation expenses.

21. The Court approves and finds as fair and reasonable the allocation of $2.5 million of the Settlement Fund for reimbursement to Class Counsel for reasonable litigation expenses. Class Counsel shall make application to the Court for the disbursement of these amounts from the Settlement Fund.

22. Lead Class Counsel and A.B. Data, the Court-appointed settlement administrator for the Settlement, are authorized to begin administration and distribution of the net proceeds of the Settlement in accordance with the Plan of Allocation.

**Final Order Approving Settlement**

IT IS HEREBY ADJUDGED AND DECREED AS FOLLOWS:

23. Having found the Settlement to be fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure as to the End-Payor Plaintiff Class, and that due, adequate, and sufficient notice has been provided to all persons or entities entitled to receive notice satisfying the requirements of the United States Constitution, including the Due Process Clause, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, the EPPs' motion for final approval is hereby GRANTED and the Settlement shall be consummated in accordance with its terms as set forth in the Settlement Agreement.

24. The EPPs' claims against BMS in this matter are hereby dismissed with prejudice.

25. Releasors' Released Claims with respect to Releasees are hereby released, with such release being effective as of the Effective Date.

26. Releasors are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against the Releasees.

27. With respect to any non-released claim, no rulings, orders, or judgments in this Action shall have any res judicata, collateral estoppel, or offensive collateral estoppel effect.

28. This Court retains exclusive jurisdiction over the Settlement and the Settlement Agreement, including its administration and consummation.

29. There being no just reason for delay, the Court directs that judgment of dismissal of all the Plaintiffs' and EPP Class's claims against BMS shall be final and appealable in accordance with Federal Rule of Civil Procedure 54(b). The Clerk of this Court is requested to enter this Order and Final Judgment as to the EPPs' claims against BMS.

30. Lead Class Counsel and A.B. Data, the Court-appointed settlement administrator, are authorized to begin administration and distribution of the Settlement Funds.

31. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related documents, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related documents, shall constitute, be construed as, or be deemed to be evidence of or an admission, concession, or waiver of any defense in any action or proceeding of any kind whatsoever, civil, criminal, or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, by BMS including, without limitation, that BMS has engaged in any conduct or practices that violate any antitrust statute or other law. Likewise, neither this Order, nor the Settlement

///

///

///

///

Agreement nor any actions taken in furtherance of either the Settlement Agreements or the Settlement shall be deemed or construed to be an admission or evidence of any lack of merit in or of the absence of the truth of Plaintiffs' claims or allegations against BMS.

This Order disposes of Docket No. 998.

IT IS SO ORDERED.

Dated: May 6, 2022



IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen
United States District Judge