| | |
|---|---|
| 1 | Joshua C. Stokes, State Bar No. 220214 |
| 2 | Carol M. Silberberg, State No. 217658<br>BERRY SILBERBERG STOKES PC |
| 3 | 6080 Center Drive, Sixth Floor<br>Los Angeles, CA 90045 |
| 4 | Telephone: (213) 986-2690<br>Facsimile: (213) 986-2677 |
| 5 | jstokes@berrysilberberg.com<br>csilberberg@berrysilberberg.com |

*Attorneys for Individual Health Plan Plaintiffs Humana Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO); Centene Corporation; Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc.; and Triple-S Salud, Inc.; Kaiser Foundation Health Plan, Inc; and Blue Cross and Blue Shield of Kansas City*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al.<br><br>            Plaintiff,<br><br>        v.<br><br>GILEAD SCIENCES, INC., et al.<br><br>            Defendants. | Case No. 3:19-cv-02573-EMC (Master Docket)<br><br>**BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA AND BLUECHOICE HEALTHPLAN OF SOUTH CAROLINA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Ctrm:   5-17th Floor<br>Judge:  Honorable Edward M. Chen |
| This Document Relate to:<br><br>*Blue Cross and Blue Shield of South Carolina, et al. v. Teva Pharmaceuticals USA, Inc.*, No. 3:21-cv-09644-EMC | |

Pursuant to Local Rules 7-11 and 79-5 of the U.S. District Court for the Northern District of California, Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc. (collectively, "BCBS South Carolina"), respectfully submits this motion to file an exhibit to the Amended Complaint under seal and to redact portions of the Amended Complaint ("Proposed Sealed Documents").  BCBS South Carolina seeks to seal an exhibit and redact portions of the Amended Complaint that reveal highly confidential information, including proprietary material, and non-public trade secrets.  BCBS South Carolina's request to seal and redact the confidential material is supported by a declaration from Joshua C. Stokes ("Stokes Decl."), a person knowledgeable about the content of the documents.  Pursuant to this Court's Civil Local Rule 79-5(d)(1), BCBS South Carolina has attached redacted and unredacted versions of the documents BCBS South Carolina proposes to redact, as well as copies of the exhibit that BCBS South Carolina proposes to seal in its entirety.  The unredacted versions are highlighted to indicate the portions omitted from the redacted versions.  Pursuant to the protective order this case, BCBS South Carolina has marked Exhibit A of the Amended Complaint as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Defendants have indicated that they do not oppose BCBS South Carolina's Motion.

## ARGUMENT

The Court may enter an order sealing court records upon a request that "establishes that the document, or portions thereof, are privileged, protectable as trade secret, or otherwise entitled to protection under the law" and that is "narrowly tailored" to seek sealing only of sealable material.  Local Rule 79-5(b).  This Local Rule supplements the standard outlined in *Kamakana v. City & County of Honolulu*: to overcome the strong presumption in favor of public access to court records, the moving party must "articulate compelling reasons supported by specific factual findings." 447 F.3d 1172, 1178 (9th Cir. 2006) (citations and alterations omitted).  The Court must then balance the competing interests of the public and the party seeking sealing.  *Id.* at 1179.  In the Ninth Circuit, a "classic example of a compelling reason is 'business information that might harm a litigant's competitive standing.'" *Sequoia Benefits & Ins. Servs., LLC v.*

1  *Constantini*, No. C 20-08089 WHA, 2021 WL 7541380, at *1 (N.D. Cal. May 10, 2021) (quoting *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)).

One such type of business information is a nonpublic list of customers, which multiple courts have deemed to constitute a trade secret. "Courts have found that "[a] customer list may qualify as a trade secret because of its 'economic value' when its disclosure would allow a competitor to direct its sales efforts to those customers who have already shown a willingness to use a unique type of service or product as opposed to a list of people who only might be interested and [the parties] took reasonable steps to protect this information." *Roadrunner Intermodal Servs. LLC v. T.G.S. Transp., Inc.*, No. 1:17-cv-01056-DAD-BAM, 2018 WL 432654, at *3 (E.D. Cal. Jan. 16, 2018) (quoting *Mezzadri v. Med Depot, Inc.*, No. 14-CV-2330-AJB-AHB, 2015 WL 12564223, at *2 (S.D. Cal. Dec. 18, 2015); *see also True Health Chiropractic, Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG, 2019 WL 11743580, at *1 (N.D. Cal. Aug. 13, 2019) ("Such customer lists generally constitute trade secrets, which the Ninth Circuit has held is sealable under the heightened 'compelling reasons' standard."); *Blackhawk Network Inc. v. SL Card Co. Inc.*, No. CV-21-00813-PHX-MTL, 2021 WL 2779497, at *1 (D. Ariz. July 2, 2021) (sealing a nonpublic list of customers because the release of the list would cause competitive harm). Similarly, an agreement with a customer containing financial or other sensitive information can constitute a trade secret and harm competitive standing. *See Local 640 Trustees of IBEW & Ariz. Chapter NECA Health & Welfare Tr. Fund v. Cigna Health & Life Ins. Co.*, No. CV-20-01260-PHX-MTL, 2020 WL 6273409, at *2 (D. Ariz. Oct. 26, 2020) (sealing an Administrative Services Only ("ASO") Agreement because the moving party "has sufficiently shown that revealing its rates, programs, and services might harm its competitive standing.").

BCBS South Carolina seeks to seal two specific pieces of information. The first is Paragraph 26 of the Amended Complaint, which quotes language from ASO agreements that BCBS South Carolina has in place with various customers. This language outlines specific financial recovery programs and services provided by BCBS South Carolina to the ASO members. These programs and services are confidential information which, if known by other ASO service providers, could better enable those entities to offer similar or competitive services

to the ASO member or undercut Plaintiff's rates.  BCBS South Carolina has taken reasonable steps to protect its ASO terms, and knowledge of these terms would have economic value to a competitor because it explains BCBS South Carolina's services in detail, and competitors could undercut these services via negotiations.  Therefore, disclosure of this ASO agreement language would cause competitive harm to BCBS South Carolina.  Stokes Decl. ¶¶ 7, 9.  In addition, the public has little interest in viewing these ASO agreements, because the agreements' contents are not relevant to the merits of BCBS South Carolina's Amended Complaint or to the public's understanding of the judicial process.  The sealing of portions of these ASO agreements is accordingly warranted.

       The second document that BCBS South Carolina seeks to seal is its list of ASO customers that have members who were prescribed the HIV cART drugs relevant to this action, which is attached as Exhibit A to the Amended Complaint.  Maintaining the confidentiality of ASO customer lists is critical to the business operations of health plans and disclosure of this information would cause BCBS South Carolina harm by revealing competitively-sensitive information and trade secrets.  *Id.* ¶¶ 8-9.  Disclosure of this nonpublic list would allow BCBS South Carolina's competitors to specifically target and attempt to poach these customers, who have shown an interest in ASO-type services, with tailored sales efforts.  BCBS South Carolina has expended significant time, effort, and resources to cultivate these ASO customer relationships and to craft arrangements suitable to the ASO members' needs.  Furthermore, these customer lists are sensitive in an entirely different, but equally important manner, as disclosure of the ASO members would also disclose highly sensitive medical information about the ASO groups' members.  *Id.* ¶ 10.  Because BCBS South Carolina is pursuing damages related to overpayments for HIV cART drugs, including those dispensed to members insured by BCBS South Carolina's ASO customers, disclosing the ASO customers' names would disclose that each listed ASO customer has insured or currently insures HIV-positive individuals undergoing cART therapy.  Like the terms of ASO agreements themselves, the public has little interest in the identities of the ASO customers, as this information is not relevant to the public's ability to understand the

judicial process.  The combination of this sensitive medical information combined with the fact that the list itself is a trade secret therefore outweighs the public's interest in this list.

Pursuant to Local Rule 79-5(d)-(e), BCBS South Carolina is filing contemporaneously herewith a redacted version of the Amended Complaint to be filed publicly.  An unredacted version of the Amended Complaint with highlighting reflecting the portions sought to be sealed is being filed with the Declaration of Joshua C. Stokes, which is being submitted as an attachment to this Administrative Motion.

## CONCLUSION

For the foregoing reasons, BCBS South Carolina respectfully requests that the Court grant the instant motion to (1) seal Paragraph 26 of the Amended Complaint and (2) place Exhibit A under seal in its entirety.  Pursuant to Local Rule 7-11, BCBS South Carolina conferred with Defendants about the relief sought herein, and Defendants do not oppose.

Dated: May 13, 2022                                   Respectfully submitted,

BERRY SILBERBERG STOKES PC

 /s/ Joshua C. Stokes
Joshua C. Stokes, State Bar No. 220214
Carol M. Silberberg, State No. 217658
6080 Center Drive, Sixth Floor
Los Angeles, CA 90045
Telephone: (213) 986-2690
Facsimile: (213) 986-2677
jstokes@berrysilberberg.com
csilberberg@berrysilberberg.com

*Attorneys for Individual Health Plan Plaintiffs Humana Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO); Centene Corporation; Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc.; and Triple-S Salud, Inc.; Kaiser Foundation Health Plan, Inc; and Blue Cross and Blue Shield of Kansas City*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 13, 2022, I electronically filed the foregoing document(s) using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered in the CM/ECF system.

*/s/ Joshua C. Stokes*
Joshua C. Stokes