IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| STALEY, et al., | Case No. 3:19-cv-02573-EMC (lead case) |
| Plaintiffs, | [PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH BMS |
| v. | |
| GILEAD SCIENCES, INC., et al., | |
| Defendants, | Judge: Honorable Edward M. Chen |
| This Document Relates To: | |
| *KPH Healthcare Services, Inc. v. Gilead Sciences, Inc., et al.,* 3:20-cv-06961-EMC | |

Upon review and consideration of the Settlement Agreement by and between Plaintiff KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. ("KPH" or "Plaintiff"), individually and on behalf of the proposed Direct-Purchaser Settlement Class, and Defendants Bristol-Myers Squibb Company and E.R. Squibb & Sons, LLC (together, "BMS"), dated March 30, 2022, and the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with BMS, along with its supporting memorandum and exhibits, IT IS HEREBY ORDERED that the motion is GRANTED as follows:

## Jurisdiction

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over Plaintiff KPH and Defendants BMS.

## Class Certification

2. The following Direct-Purchaser Settlement Class (the "Class") is certified under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) for settlement purposes only:

> All persons or entities in the United States and its territories who directly purchased Atripla, Evotaz, Reyataz, Sustiva, Truvada, Complera or Stribild, or any of their generic equivalents, if any (together, "cART Drugs") from any Defendant or any brand or

i
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

generic manufacturer from October 6, 2016 until October 19, 2021.

3. Excluded from the Class are: (i) Defendants,[1] Janssen R&D Ireland, Janssen Products, LP, and Johnson & Johnson, Inc., and the officers, directors, managers, employees, agents, servants, representatives, parents, subsidiaries, or affiliates of the foregoing entities; (ii) all government entities; (iii) Retailer Plaintiffs;[2] and (iv) the judges in this case, court personnel, and any members of their immediate families.

**Preliminary Approval of the Proposed Settlement**

4. Federal Rule of Civil Procedure 23(e) provides that the claims of a certified class may be settled only with the Court's approval. As a first step, plaintiffs generally seek preliminary approval of the proposed settlement. *Manual for Complex Litig. (Fourth)* ("*Manual*"), § 21.632 (2015). "A preliminary approval of a settlement and notice to the proposed class is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not grant improper preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Cuzick v. Zodiac U.S. Seat Shells, LLC,* No. 16-cv-03793, 2017 WL 4536255, at *5 (N.D. Cal. Oct. 11, 2017) (citing *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness." *In re High-Tech Emp. Antitrust Litig.,* No. 11-cv-02509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013) (quoting Alba Conte, *Newburg on Class Actions*, § 11.25 at 11-91 (4th ed. 2002)). Preliminary approval establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *Tableware*, 484 F. Supp. 2d at 1079; *Manual*, § 21.631.

---

[1] Defendants are Gilead Sciences, Inc.; Gilead Holdings, LLC; Gilead Sciences, LLC; Gilead Sciences Ireland UC; Bristol-Myers Squibb Company; and E. R. Squibb & Sons, L.L.C.

[2] Retailer Plaintiffs are Walgreen Co.; The Kroger Co.; Albertsons Companies, Inc.; H-E-B, L.P.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; and CVS Pharmacy, Inc.

ii
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

5. All the relevant factors weigh in favor of preliminarily approving the proposed settlement between Plaintiff and BMS.

6. First, the proposed settlement follows extensive briefing and considerations of Defendants' motions to dismiss complaints in both this action and in the related End-Payer Plaintiff ("EPP") action, substantial fact discovery, and prolonged and intensive settlement negotiations. Consequently, the parties have access to a discovery record and rulings of the Court that permit a fully-informed evaluation of the case.

7. Second, the proposed settlement is the result of arm's-length negotiations among sophisticated counsel.

8. Third, Plaintiff's agreement to dismiss with prejudice its claims against BMS in exchange for the agreed-upon consideration to be paid by BMS is, upon preliminary review, within the range of reasonableness based on the circumstances. The proposed settlement provides that BMS will forever waive enforcement of contractual provisions that would otherwise prohibit Defendant Gilead from making, or licensing others to make, a version of Evotaz formulated with generic atazanavir (a generic version of BMS's Reyataz). The proposed settlement further provides that BMS will pay $10.8 million into a Settlement Fund for the benefit of Class Members, and up to an additional $200,000 toward the cost of providing notice of the proposed settlement to Class Members.

9. The Court appoints Dianne M. Nast and NastLaw LLC, and Michael L. Roberts and the Roberts Law Firm US, PC, as Co-Lead Settlement Class Counsel ("Class Counsel").

**Approval of Form and Manner of Notice**

10. The Court finds that the proposed forms of notice attached to the Settlement Agreement, and the proposed methods of disseminating notice, satisfy Federal Rule of Civil Procedure 23(e) and principles of due process and are otherwise fair and reasonable. For this reason, the Court approves the proposed forms and methods of notice, and provides the following directives regarding implementation.

iii
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

11. The Court appoints KCC Class Action Services LLC ("KCC") as Claims Administrator to disseminate settlement notice to the Class, process and engage in follow-up communications relating to the Claim Forms and Opt-Out requests of Class Members, and, if the settlement is approved, administer distribution of the applicable portion of the Settlement Fund to Class Members.

12. The Court appoints Computershare Trust Company, N.A. to serve as Escrow Agent for the purpose of receiving and investing the Settlement Fund in accordance with the terms of the Escrow Agreement attached as Exhibit I to the Settlement Agreement.

13. Within 10 days after the filing of Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with BMS, BMS shall serve notice of the proposed settlement on the appropriate federal and state officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notice"), and contemporaneously provide an electronic copy of the notice to Class Counsel.

14. By  July 18,      , 2022 (45 days after entry of this Order), KCC shall:

   a. cause a Summary Notice substantially in the form attached as Exhibit B to the Second Roberts Declaration and a pre-populated version of the Claim Form substantially in the form attached as Exhibit A to the Joint Notice of Corrected Pre-Populated Claim Form to be sent via certified mail to the last-known mailing address of each known Class Member;

   b. cause a Header Banner substantially in the form illustrated in ¶ 6 of the Supplemental Peak Declaration to appear in the Healthcare Distribution Alliance Weekly Digest;

   c. cause a Publication Notice substantially in the form attached as Exhibit E to the Second Roberts Declaration to be published via press releases and advertisements in *Pharmaceutical Commerce* and *The Journal of the American Medical Association;* and

iv
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

|   |   |
|---|---|
| 1 | d. cause a Settlement Website to become live with links to copies of the Settlement Agreement, a Detailed Notice substantially in the form attached as Exhibit D to the Second Roberts Declaration, a blank Claim Form substantially in the form attached as Exhibit F to the Second Roberts Declaration, the Allocation Plan attached as Exhibit H to the Settlement Agreement, the Escrow Agreement attached as Exhibit I to the Settlement Agreement, and instructions on how to submit a Claim Form or an Opt-Out Form online via the website. |

15. By __August 17__, 2022 (75 days after entry of this Order), KCC shall cause a Postcard Reminder Notice substantially in the form attached as Exhibit C to the Second Roberts Declaration to be sent via U.S. First-Class Mail to the last-known mailing address of each known Class Member that has not yet submitted a Claim Form.

16. By __September 1__, 2022 (90 days after entry of this Order), KCC shall follow up by phone with any Class Member that has not yet submitted a completed Claim Form.

17. The notices shall list __September 16__, 2022 (105 days after entry of this Order) as the deadline for filing a Claim Form, and __August 25__, 2022 (21 days prior to the Final Approval Hearing) as the deadline to object to the settlement or requests for awards for litigation expenses and a class representative service award or opt out of the Class.

18. KCC shall review all submitted Claim Forms and determine whether each is timely, properly completed, supported by appropriate documentation, or unsigned, and shall communicate with the claimant via U.S. First-Class Mail, email, or telephone regarding any deficiencies. The claimant will then have 28 days from the date it is contacted by KCC to cure the deficiencies, and if it does not, KCC shall reject the claim and notify the claimant of the rejection by letter. KCC's determination regarding the validity of a claim shall be final.

19. Plaintiff's expert economist, Dr. Russell Lamb, shall be responsible for using available transactional data to prepare a separate, individualized, pre-populated Claim Form for each known Class Member, with assistance from KCC, and using that available transactional data

v
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

and any additional documentation submitted by Class Members to calculate each Class Member's percentage share of the Net Settlement Fund. The Net Settlement Fund is the BMS Settlement Fund, plus any interest earned, less any named plaintiff incentive award and any litigation or administration expenses approved by the Court and any amount returned to BMS as a result of opt-outs (if applicable).

**Final Approval Hearing**

20. The Final Approval Hearing shall be held before this Court at  1:30PM [TIME] on  September 15  , 2022 [DATE] (at least 120 days after entry of this Order, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102. At the Final Approval Hearing, the Court will consider, among other matters: (1) the fairness, reasonableness and adequacy of the proposed settlement; (2) the proposed Allocation Plan; (3) the request for an award for expenses to Class Counsel; (4) the request for an incentive award to KPH; (5) any objections; and (6) whether to grant final approval to the proposed settlement.

21. The Final Approval Hearing may be rescheduled or continued. In that event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting conspicuous notice on the settlement website.

22. Any persons or entities that fail to file a timely objection shall not be entitled to contest any of the terms of the proposed settlement. They will not be heard at the Final Approval Hearing; their objections (if any) shall not be considered; and they shall be deemed to have waived any objections by appeal, collateral attack, or otherwise.

23. By  July 21  , 2022 (56 days prior to the Final Approval Hearing), Class Counsel shall file a motion for approval of an award for expenses to Class Counsel and a service award to the class representative.

24. By  September 1  , 2022 (14 days prior to the Final Approval Hearing), Class

vi
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC

Counsel shall file a motion for final approval of the settlement and plan of allocation.

25. Pending final approval of the settlement and the entry of final judgment in this action against BMS, any and all proceedings in this action (other than those incident to the settlement process) by the Class against BMS are stayed. The action by the Class against other Defendants, and by other plaintiffs against BMS, shall continue as scheduled.

26. In the event the settlement is terminated in accordance with the Settlement Agreement or the Court does not grant final approval to the settlement, the settlement shall become null and void, the Class and BMS will revert to their positions *ex ante* without prejudice to their claims and defenses, and the litigation of their claims will resume in a reasonable manner to be approved by the Court upon joint application of the parties hereto, or upon application by one party if a joint application is not forthcoming.

27. Nothing in the Settlement Agreement, any settlement-related document, or this Order shall constitute, be construed as, or deemed to be evidence of, or an admission or concession by BMS, as to the validity of, any claim that has been or could have been asserted against BMS or any liability of BMS in relation to those claims. Nor shall any such matter constitute, be construed as, or deemed to be evidence of, or an admission or concession by Plaintiff, as to the absence of merit in any of their allegations or claims against BMS.

IT IS SO ORDERED

Dated: June 3, 2022

_____
HON. EDWARD M. CHEN
United States District Judge

vii
[Proposed] Order Granting Direct Purchaser Plaintiffs' Motion
for Preliminary Approval of Class Action Settlement with BMS
Case No. 3:19-cv-02573-EMC / Related Case No. 3:20-cv-06961-EMC