| | |
|---|---|
| Heather M. Burke (SBN 284100)<br>Jeremy K. Ostrander (SBN 233489)<br>**WHITE & CASE LLP**<br>3000 El Camino Real<br>2 Palo Alto Square, Suite 900<br>Palo Alto, CA 94306<br>Telephone: (650) 213-0300<br>hburke@whitecase.com<br>jostrander@whitecase.com<br><br>*Attorneys for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*<br><br>Paul J. Riehle (SBN 115199)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>paul.riehle@faegredrinker.com<br>Four Embarcadero Center, 27th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 591-7521<br><br>*Attorney for Defendants Janssen R&D Ireland, Janssen Products, LP and Johnson & Johnson* | Christopher T. Holding (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Telephone: (617) 570-1000<br>Facsimile: (617) 523-1231<br>Email: CHolding@goodwinlaw.com<br><br>*Attorney for Defendant Teva Pharmaceuticals USA, Inc.*<br><br>*Additional Counsel for Defendants Listed on Signature Page* |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STALEY, *et al.*,<br><br>                Plaintiffs,<br><br>   v.<br><br>GILEAD SCIENCES, INC., *et al.*,<br><br>                Defendants.<br><br>This Document Relates to:<br><br>Staley, *et al.*, v. Gilead Sciences, Inc., *et al.*,<br>No. 3:19-cv-02573-EMC | Case No. 3:19-cv-02573-EMC (lead case)<br><br>**DEFENDANTS' EMERGENCY ADMINISTRATIVE MOTIONS (1) TO COMPEL PLAINTIFFS TO MAKE CERTAIN EXPERTS AVAILABLE FOR SEVEN HOURS OF DEPOSITION TESTIMONY OVER TWO DAYS AND (2) TO MODIFY THE CASE SCHEDULE**<br><br>Ctrm:   5-17th Floor<br>Judge:  Honorable Edward M. Chen |

Defendants Gilead, Janssen,[1] and Teva (collectively "Defendants") respectfully move under Local Civil Rules 7-11 and Rule 6-3 (1) to compel Plaintiffs DPPs, EPPs, United, Walgreen, Kroger, Albertsons, H-E-B, Rite Aid, CVS (collectively, "Retailer Plaintiffs"); Humana, Florida Blue, Centene, BCBSSC, HCSC, Triple-S, Kaiser, BCBSKC (collectively "IHPPs") (collectively "Plaintiffs") to allow Defendants to split seven hours of time for *certain* experts over two depositions and (2) to modify the case schedule.[2]

Two events occurred in the last week that necessitate this emergency motion and warrant ruling in Defendants' favor: (1) on June 23 Plaintiffs served merits expert reports that ignored key evidence in the case making it obvious that certain Plaintiffs' rebuttal reports will contain new analyses and incorporate discovery that is still ongoing, and (2) on June 28 Plaintiffs informed Defendants that Plaintiffs would not make their experts available for their depositions to take place across more than one day (i.e., first after their initial reports and then after their rebuttal reports), despite this Court's prior ruling, the parties' prior practice with respect to class experts and contrary to the parties' prior agreement.

Given these late-breaking events, Defendants are left in the untenable position where either (1) Defendants take fifteen full-day expert depositions before Defendants' expert reports are due on July 22, with no opportunity to question Plaintiffs' experts on their expert rebuttal reports, or (2) Defendants take fifteen full-day expert depositions after Plaintiffs' rebuttal reports are due (August 12) but then Defendants' experts cannot respond to anything in that testimony and Defendants do not have enough time to incorporate that testimony into Defendants' summary judgment briefing (currently due September 8).

To address this dilemma, Defendants are proposing a reasonable solution that will not prejudice Plaintiffs or delay trial, but will provide Defendants the ability to respond to Plaintiffs' experts, and provide Defendants time to incorporate expert testimony into summary judgment briefing. Defendants ask this Court to allow Defendants to split their seven-hours of deposition time across two days for five of the Plaintiffs' merits experts, as was done with the class experts pursuant to this Court's order. This will give

---

[1] Janssen is not a party to all of the cases. The participation by Janssen in this motion is limited to the cases in which it is named as a Defendant.

[2] Because of the overlap in issues and factual background, Defendants have combined the page limits afforded under Local Rule 7-11 and 6-3 for this brief rather than file two separate five-page briefs. If the Court would prefer Defendants to file two five-page motions, Defendants are happy to do that as well.

Defendants the opportunity to obtain testimony from these key experts (1) before Defendants' expert reports are submitted on July 22 and (2) after Plaintiffs' rebuttal reports are served on August 12. Defendants also ask the Court to modify the case schedule to provide additional time to conduct expert discovery after Plaintiffs' rebuttal expert reports are served and, relatedly, extend the schedule for briefing and hearing on dispositive motions.

Given that depositions of Plaintiffs' merits experts were to begin the week of July 4, and given that Defendants' expert reports are due on July 22, 2022, an urgent decision is needed before the parties can move forward with those depositions. Thus, pursuant to Civil Local Rule 6-3, Defendants request that the Court shorten Plaintiffs' deadline to oppose this motion to Tuesday, July 5, 2022 at 5:00pm PT. Plaintiffs have agreed to this deadline.

**FACTUAL BACKGROUND**

At the March 15, 2022 Case Management Conference ("CMC"), Defendants raised the concern that because Plaintiffs' expert reports in large pharmaceutical antitrust cases generally have a substantial amount of new information in them, Defendants wanted the opportunity to depose Plaintiffs' class certification experts *both* after their initial reports were submitted *and* after the experts submitted their rebuttal reports. *See* Declaration of Heather M. Burke, dated July 1, 2022 ("Burke Decl."), Ex. A, CMC Transcript (Mar. 15, 2022), at 17:13-20:1. The Court ordered that Defendants may reserve a portion of a seven-hour deposition to depose Plaintiffs' experts until after they submit rebuttal reports. *Id.* at 20:6-9 ("If you decide that you want to save some time, reserve some time for a potential reply, post-reply time, that's going to come out of the seven hours. And so I will allow more than one [day] under those circumstances."). Although that conference was in reference to Defendants' examination of class-certification experts, the Court's reasoning applies equally to Plaintiffs' merits experts. Regardless, as laid out below, Defendants raised the issue with Plaintiffs promptly following the CMC, and the parties agreed that the Court's order applied to the three merits experts that Plaintiffs had identified as of that time, as well.

During March, April, and May, the Parties met and conferred multiple times regarding the experts that Plaintiffs had disclosed by that time—Dr. McGuire, Dr. Lamb, and Dr. Frank. During these

discussions, the parties discussed how depositions would proceed given that (1) Dr. McGuire's report relating to market power, and the portion of Dr. Lamb's report relating to market power, both served with Plaintiffs' October 20, 2021 motions for class certification, were early-submitted merits opinions; (2) Dr. McGuire would be submitting an entirely separate second merits opinion on June 23, 2022 (relating to the alleged reverse payment); and (3) even though Dr. Frank had submitted an EPP class certification opinion on October 20, 2021, he would also be submitting a merits opinions on EPP damages on June 23, 2022. *See* Burke Decl., Ex. B, Schork Letter (Apr. 18, 2022), at 2-3.

During these conversations, Defendants specifically confirmed that that each seven-hour deposition of these experts, either merits or class certification, could be split across two days, per the Court's CMC order. In written correspondence, Defendants asked Plaintiffs "whether they have any objection to allowing Defendants to split the seven-hour merits deposition into two separate depositions." *See* Burke Decl., Ex. C, O'Shaughnessy Letter (Apr. 29, 2022), at 2-3. On May 5, 2022, almost two months ago, Defendants made it clear that the issue of splitting depositions across two days would need to be presented to the Court if there was disagreement. *See* Burke Decl., Ex. D, Email from O'Shaughnessy (May 6, 2022). Plaintiffs never objected, and on May 10 confirmed that the two merits depositions of Dr. McGuire (one for each of his merits reports) and the one merits deposition of Dr. Lamb could each be split across two days. *See* Burke Decl., Ex. E, Huttinger Letter (May 10, 2022), at 1 ("the parties have reached an agreement regarding the upcoming depositions of Dr. McGuire as reflected in [Defendants' April 29] letter"), and at 2 ("Plaintiffs do not oppose Defendants' request to split the seven-hour merits deposition [of Dr. Lamb] across two depositions"). Plaintiffs also agreed to make Dr. Frank available for ten hours total, which Defendants anticipated being across two days. *Id.*

Defendants thus moved forward on the basis that this agreement applied to all of Plaintiffs' merits experts, because the basis for Defendants' request for the split of these depositions is uniform for any expert submitting a rebuttal report, whether class certification, merits, or damages. Defendants anticipated that many, if not all, of the initial expert depositions would be three- or four-hour depositions and that Defendants would reserve time to take the remainder of the deposition after these experts submitted their rebuttal reports on August 12. Defendants thus reached out to Plaintiffs on June 18 to request that Plaintiffs

3
DEFENDANTS' EMERGENCY ADMINISTRATIVE MOTIONS (1) TO COMPEL PLAINTIFFS TO MAKE CERTAIN EXPERTS AVAILABLE FOR SEVEN HOURS OF DEPOSITION TESTIMONY OVER TWO DAYS AND (2) TO MODIFY THE CASE SCHEDULE
CASE NO. 3:19-CV-02573-EMC

provide their merits experts' availability for their first sessions, upon service of their merits reports on June 23, given the short four-week timeframe before Defendants' expert reports are due on July 22. *See* Burke Decl., Ex. F, Email from O'Shaughnessy (June 18, 2022). On June 23, Plaintiffs provided their expert deposition availability, including multiple experts available only the week of July 4. *See* Burke Decl., Ex. G, Email from Huttinger (June 28, 2022). On June 28, Plaintiffs stated for the first time that they "will not make the experts available again after their rebuttal merits reports." *Id*. The Parties met and conferred on June 29 and July 1 and while Plaintiffs agreed to uphold their prior agreement to split the depositions of Dr. McGuire and Dr. Lamb, the parties otherwise could not reach agreement.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 30(d)(1) states: "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." A showing of good cause provides an exception to Rule 30(d)(1). Fed. R. Civ. P. 30(d) Advisory Committee's note (2000); *see also Schoonmaker v. City of Eureka*, No. 17-cv-06749-VC (RMI), 2018 U.S. Dist. LEXIS 173795, at *8 (N.D. Cal. Oct. 9, 2018). A court may consider a variety of factors for altering the rule, including the need to cover "events occurring over a long period of time, the need to cover theories upon which the witness relies," or a "large amount of documentation to be covered during the deposition." *Schoonmaker*, 2018 U.S. Dist. LEXIS 173795, at *8; *Tatum v. Schwartz*, No. CIV S–06–1440 RRB EFB, 2008 U.S. Dist. LEXIS 10715, at *4 (E.D. Cal. Feb. 1, 2008). Rule 30(d)(1) "directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." Fed. R. Civ. P. 30(d) Advisory Committee's note (2000). "[W]ith regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." *Id.*

Further, Federal Rule of Civil Procedure 16(b)(4) allows modifications to the case schedule upon "good cause and with the judge's consent." The most important factor is whether the party seeking the modification diligently worked to meet the initial deadline. *See* Fed. R. Civ. P. 16 Advisory Committee's

4

DEFENDANTS' EMERGENCY ADMINISTRATIVE MOTIONS (1) TO COMPEL PLAINTIFFS TO MAKE CERTAIN EXPERTS AVAILABLE FOR SEVEN HOURS OF DEPOSITION TESTIMONY OVER TWO DAYS AND (2) TO MODIFY THE CASE SCHEDULE
CASE NO. 3:19-CV-02573-EMC

note (1983); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). "[I]f the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence, relief may be given. Similarly, relief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification." 6A Wright & Miller, et al., Fed. Prac. & Proc. § 1522.2 (3d ed. 2018). Courts modify scheduling orders where the lawyers "encountered difficulties that were out of their control." *See, e.g.*, *Sullivan v. Biter*, No. 1:15-cv-00243-DAD-SAB (PC), 2019 U.S. Dist. LEXIS 193267, at *16 (E.D. Cal. Nov. 5, 2019) (finding good cause exists and granting Defendant's motion to modify the scheduling order "[b]ased on the Court's ruling on Defendant's motion to compel Plaintiff's deposition and discovery responses").

## ARGUMENT

### I. DEFENDANTS SHOULD BE ALLOWED TO SPLIT THE DEPOSITIONS OF CERTAIN PLAINTIFFS' EXPERTS ACROSS TWO DAYS

#### A. Defendants Need to Question Plaintiffs' Experts on Their Rebuttal Reports

At the March 15 CMC, in the context of class-certification experts, Defendants raised their concern that expert depositions would need to be split across two sittings because of the potential that Plaintiffs' rebuttal expert reports in complex civil antitrust litigation are usually substantial, often as long as or longer than the opening reports, and often include new analyses and conclusions based on complex economic models and vast data sets. *See* Burke Decl., Ex. A, CMC Transcript at 19:20-20; *see also, e.g. In re High-Tech Emple. Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 U.S. Dist. LEXIS 47181, at *35-36 (N.D. Cal. Apr. 4, 2014) (criticizing plaintiffs' economics expert for making new regression standards "for the first time" in his reply report); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 159 (S.D. Ind. 2009) (finding the expert reply report advanced new analyses not developed in the original report, and "reached new conclusions" "directed at the most significant issues in the case").

Now, in the context of merits experts, Defendants' concerns are amplified after reviewing Plaintiffs' opening reports on June 23 because a number of those opening reports entirely ignore case-changing evidence, and it is clear that Plaintiffs' rebuttal expert reports will inevitably include entirely new analyses and opinions that are not raised in their opening reports. For example, in their opening reports

Plaintiffs chose to ignore key Teva documents that speak to the essential facts surrounding Plaintiffs' "reverse-payment" claim, which is Plaintiffs' central claim that makes up the lion's share of Plaintiffs' alleged damages. Plaintiffs' reverse-payment claim only succeeds, however, if Teva thought it would win the at-issue patent litigation at the time it settled that litigation. Yet, these Teva documents show that at the time it settled, Teva believed it was going to *lose* the at-issue patent litigation and litigation about Gilead's newer combination patents and had no real alternative but to settle. *See* Joint Discovery Letter Brief (May 24, 2022), ECF No. 1103-2, at 2-3. These documents are not only case-changing, but it is highly unusual for them to be a part of any reverse-payment case because they are generally withheld on privilege grounds. But Teva waived privilege here[3] and produced these documents nearly three months ago, giving Plaintiffs more than enough time to address them in their opening reports. Yet, Plaintiffs' expert Edward Lentz, who opines that Teva had an 80% chance of winning the patent litigation, entirely ignores this contrary and contemporaneous evidence, apparently saving this topic for his rebuttal report.

Additionally, fact discovery as to Plaintiffs' reverse-payment claim is still ongoing. Teva depositions will not be completed before Defendants' expert reports are due. Defendants should not be barred from the opportunity to question Plaintiffs' experts regarding their August 12 opinions on this new deposition testimony, on these Teva documents or any other new information provided in their rebuttal reports. Indeed, this Court has allowed more than seven total hours when new evidence is considered. *See Apple Inc. v. Samsung Electronics Co. Ltd.*, 2012 U.S. Dist. LEXIS 9921, at *51-55 (N.D. Cal. Jan 27, 2012) (granting Defendant additional time to depose witness where relevant documents were produced after the completion of their initial seven-hour deposition). Here, Defendants do not currently seek more than seven hours of time given the Court's prior ruling, only an opportunity to use those seven hours across two days so that Defendants still have an opportunity to examine experts after their rebuttal reports are served.

---

[3] Teva's selective privilege waiver on these documents was litigated before Magistrate Judge Beeler, who ruled in Teva's favor, and Plaintiffs chose not to appeal that ruling. *See* Order Granting Stipulation re Beeler Order on Teva Privilege Dispute (June 21, 2022), ECF No. 1184. As those documents are in the record, there is no basis for Plaintiffs' experts to have ignored them.

> **B.    Defendants Need Deposition Time with Five Key Plaintiffs' Merits Experts before July 22 so that Defendants' Experts Can Appropriately Respond**

Defendants should be allowed a fair examination of Plaintiffs' experts, which includes the ability to question an expert on his chosen methodologies so that Defendants' experts can respond to those analyses in their reports due on July 22, 2022. *See, e.g., Avendt v. Covidien Inc.*, 314 F.R.D. 547, 560 (E.D. Mich. 2016) (Federal Rule 26(b)(4)'s requirement that the expert is not deposed until the report is provided "enables the opposing party to determine all of the experts' opinions and the bases for those opinions, to review with the expert any exhibits that the expert will rely on to support or summarize his opinions, his qualifications. . . and a statement regarding other testimony and compensation, if any").

It would be unjust to allow Plaintiffs' experts the chance to respond in rebuttal reports after Defendants' expert depositions, but not allow Defendants' experts the same opportunity. *See*, *e.g.*, *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 U.S. Dist. LEXIS 219580, at *6-8 (S.D.N.Y. Dec. 9, 2019) (holding that "defendants should be permitted to depose the plaintiffs' expert after each report" and specifying that the court's "decision is based on the concepts of efficiency and fundamental fairness"); *In re High-Tech,* 2014 U.S. Dist. LEXIS 47181, at *36 ("By presenting this analysis for the first time in Dr. Leamer's reply, Plaintiffs have deprived Defendants of the opportunity to respond").

Based on Plaintiffs' opening merits reports, and in an effort to be restrained in this request to the Court, Defendants are only asking for the following key merit expert depositions to be split across two days: Dr. McGuire, Dr. Lamb, Dr. Berndt, Dr. Rubinfeld, and Mr. Lentz.  Plaintiffs have already agreed that Defendants could split the two depositions of Dr. McGuire and one deposition of Dr. Lamb. *See* Burke Decl., Ex. E, Huttinger Letter (May 10, 2022), at 1.  The other three experts provide opinions as to key economic issues and the merits of the reverse-payment claims, and Defendants' experts need clarity on certain portions of the Berndt, Rubinfeld, and Lentz reports regarding their opinions and methodologies in order to appropriately respond.  Defendants should have the opportunity to seek that clarity through a deposition before Defendants' expert reports are due.  Since Defendants' experts currently get only one merits report, it is imperative for Defendants to include analyses and opinions in that report which actually respond to what Plaintiffs' experts are saying, and not simply shoot in the dark.

Should the Court grant Defendants' request, Plaintiffs will need to provide available dates for Dr. Rubinfeld and Dr. Lentz during the weeks of July 11 or 18. Plaintiffs provided availability of those experts only for the week of July 4, but given the need for Defendants to brief this issue and have a ruling from the Court before those depositions could move forward, Defendants need additional dates for the depositions of those experts to occur in the July 11-20 time-frame.

## II.  A MODIFICATION TO THE CASE SCHEDULE IS WARRANTED

Under the current case schedule, Defendants have only four weeks (June 23 to July 22) to take depositions of Plaintiffs' experts and prepare responsive expert reports, and then only three weeks (August 12 to September 2) to take depositions of Plaintiffs' experts after Plaintiffs' rebuttal reports come in before the close of expert discovery, while simultaneously defending Defendants' experts. Summary judgment briefs are then due one week later (September 7). Plaintiffs have served 15 merits reports from 14 experts.

Defendants previously had anticipated shortened deposition days in August, which would make this schedule more manageable, although still extremely compressed. But this timing is now fundamentally impossible given that Plaintiffs are refusing to make their experts available more than once. Plaintiffs' change in position, has not only forced Defendants to brief this issue and lose one of the four weeks of precious expert discovery time in July, but also now requires Defendants to potentially take fifteen full-day depositions after Plaintiffs' expert rebuttal report backup is served (or nine full-day depositions if the Court agrees to split six of the merits depositions across two days for the five requested experts). Backup includes the data, code, and calculations that support the expert's opinions which is necessary for Defendants' experts to review to fully understand Plaintiffs' economic analysis. Defendants will need at least a few days to review the complex analyses and backup data of Plaintiffs' eight expert economists (which will not be served until August 17) before those expert depositions could begin.

Thus, realistically, Defendants would have only ten business days (August 22 to September 2) to take nine to fifteen full-day expert depositions across a sprawling case where Plaintiffs are claiming billions of dollars in alleged injury. This would require Defendants to take multiple complex expert depositions on almost every day, leaving Defendants almost no time to review and incorporate that testimony into the dispositive motions currently due on September 8.

Defendants' requested modification to the schedule does not prejudice Plaintiffs; leaving the schedule as-is, however, could impede Defendants' ability to incorporate expert testimony into Defendants' summary judgment briefs. *See Banks v. Cherry Aerospace LLC,* No. 2:16-cv-09647-CAS(JCx), 2018 U.S. Dist. LEXIS 36604, at *7-8 (C.D. Cal. Mar. 6, 2018) ("When refusal to allow modification might result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed") (citing *United States v. First Nat. Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981)); *see also Reed v. Hammond*, 2020 U.S. Dist. LEXIS 7260, at *2-3 (W.D. Wash. Jan. 15, 2020) (granting motion to extend expert discovery and dispositive motion deadlines, and finding no prejudice to plaintiff where defendants argued they would otherwise "have to file their dispositive motion and declarations without knowing what Plaintiff's expert's testimony will be"). The only dates affected by Defendants' request are the expert discovery cut-off and the deadlines for summary judgment and related *Daubert* motions. Pushing back the expert discovery cut-off would likely benefit Plaintiffs as they would have additional options on the calendar to schedule depositions of their experts and to depose Defendants' experts. This compromise also saves Plaintiffs from nine half-day expert depositions in July. Further, moving the summary judgment dates does not prejudice the Plaintiffs since the amount of time that Plaintiffs have to respond to those motions remains the same and none of the proposed dates fall on any holidays.

In addition to the compressed timeframe, discovery is still ongoing as to Teva and all of the IHPPs. Teva depositions will not be completed before Defendants' expert reports are due and multiple IHPPs have not yet completed their document production or provided Defendants with dates for their 30(b)(6) depositions. This ongoing discovery is likely to continue past Defendants' expert report deadline and prejudice Defendants' ability to use this evidence in Defendants' expert reports. As noted above, Defendants anticipate new analyses and new evidence being incorporated into Plaintiffs' rebuttal reports in light of at least the new Teva discovery as well as the fact that Plaintiffs chose to ignore critical evidence in their opening reports. If new evidence comes out after July 22 or if Plaintiffs' rebuttal reports do contain new evidence and analyses, Defendants intend to move the Court seeking relief, through supplemental expert reports, precluding Plaintiffs' experts from testifying as to new analyses, and/or striking those new

1   opinions.  A schedule modification would allow time for that briefing after August 12.

2   Because the Court has moved the class certificate hearing from August 4 to August 25, Defendants' requested modification to the schedule also would give the Court more time to rule on class certification before summary judgment motions are filed.  If the Court is inclined to deny certification of either class, such a ruling could affect the rest of the deadlines in the case schedule.

Therefore, Defendants request that the Court modify the case schedule by moving the expert discovery cut-off date and the deadlines applicable to dispositive motions by six weeks.  Defendants do not propose moving the trial date or the dates for pre-trial conferences or filings leading up to trial.  Defendants propose the following case schedule, with new dates highlighted in yellow:

| Event | Current Date | Proposed Schedule |
|---|---|---|
| Responsive expert reports | 7/22/2022 | 7/22/2022 |
| Rebuttal expert reports | 8/12/2022 | 8/12/2022 |
| Class certification hearing | 8/26/2022 | 8/26/2022 |
| Expert discovery cut-off | 9/2/2022 | 10/14/2022 |
| Last day to file dispositive motions | 9/8/2022 | 10/20/2022 |
| Opposition to summary judgment and related *Daubert* motions | 10/6/2022 | 11/17/2022 |
| Reply for summary judgment and related *Daubert* motions | 10/27/2022 | 12/12/2022 (Monday deadline to account for Thanksgiving) |
| Summary judgment hearing | 11/17/2022 | 1/5/2023 |
| Final pretrial conference filings | 1/26/2023 | 1/26/2023 |
| Final pretrial conference | 2/28/2023 | 2/28/2023 |
| Trial | 3/27/2023 | 3/27/2023 |

## CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to compel Plaintiffs to provide five of their experts for deposition over two days and also to modify the case schedule by pushing back expert discovery cut-off and the summary judgment dates by six weeks.

Respectfully submitted,

Dated:   July 1, 2022            WHITE & CASE LLP

By:   */s/ Heather M. Burke*

Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)
**WHITE & CASE LLP**
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

Christopher M. Curran (*pro hac vice*)
Peter J. Carney (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, District of Columbia 20005-3807
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
pcarney@whitecase.com

Heather K. McDevitt (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
Kristen O'Shaughnessy (*pro hac vice*)
Michael E. Hamburger (*pro hac vice*)
Raj S. Gandesha (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com

kristen.oshaughnessy@whitecase.com
michael.hamburger@whitecase.com
rgandesha@whitecase.com

*Attorneys for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*

FAEGRE DRINKER BIDDLE & REATH LLP

By:  */s/ Paul J. Riehle*
Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111

11
DEFENDANTS' EMERGENCY ADMINISTRATIVE MOTIONS (1) TO COMPEL PLAINTIFFS TO MAKE CERTAIN EXPERTS AVAILABLE FOR SEVEN HOURS OF DEPOSITION TESTIMONY OVER TWO DAYS AND (2) TO MODIFY THE CASE SCHEDULE
CASE NO. 3:19-CV-02573-EMC

```
                              FAEGRE DRINKER BIDDLE & REATH LLP
                              Paul H. Saint-Antoine (pro hac vice)
                              paul.saint-antoine@faegredrinker.com
                              Joanne C. Lewers (pro hac vice)
                              joanne.lewers@faegredrinker.com
                              One Logan Square, Ste. 2000
                              Philadelphia, PA 19103

                              Attorneys for Defendants Janssen R&D Ireland,
                              Janssen Products, LP and Johnson & Johnson


                    By:       GOODWIN PROCTER LLP


                              /s/ Christopher T. Holding
                              Christopher T. Holding (pro hac vice)
                              Tucker DeVoe (pro hac vice)
                              Jordan Bock (SBN 321477)
                              GOODWIN PROCTER LLP
                              100 Northern Avenue
                              Boston, MA 02210
                              Telephone: (617) 570-1000
                              Facsimile: (617) 523-1231
                              CHolding@goodwinlaw.com
                              TDeVoe@goodwinlaw.com
                              JBock@goodwinlaw.com

                              Ariel Rogers (SBN 316910)
                              GOODWIN PROCTER LLP
                              601 Marshall Street
                              Redwood City, CA 94063
                              Telephone: (650) 752-3100
                              Facsimile: (650) 853-1038
                              ARogers@goodwinlaw.com

                              Brian T. Burgess (pro hac vice)
                              Benjamin Hayes (pro hac vice)
                              GOODWIN PROCTER LLP
                              1900 N Street N.W.
                              Washington, DC 20036
                              Telephone: (202) 346-4000
                              Facsimile: (202) 346-4444
                              BBurgess@goodwinlaw.com
                              BHayes@goodwinlaw.com

                              Attorneys for Defendant
                              Teva Pharmaceuticals USA, Inc.
```

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Heather M. Burke, attest that concurrence in the filing of this document has been obtained.

Executed: July 1, 2022                    /s/            *Heather M. Burke*
                                                        Heather M. Burke

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                                            */s/ Heather M. Burke*
                                                            Heather M. Burke