UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PETER STALEY, et al., | Case No. 19-cv-02573-EMC (LB) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| | Re: ECF No. 1210 |
| GILEAD SCIENCES, INC., et al., | |
| Defendants. | |

## INTRODUCTION AND STATEMENT

The parties' primary dispute concerns the adequacy of written discovery responses from a subsidiary of the Retailer Plaintiff, CVS Pharmacy Inc. (CVS). The defendants (Gilead Sciences, Inc., Gilead Sciences, LLC, and Teva Pharmaceuticals USA, Inc.) asked the court to order CaremarkPCS Health, L.L.C. (CVS Caremark/Caremark), a wholly owned pharmacy-benefit manager (PBM) subsidiary of Retailer Plaintiff CVS, to produce all documents that are responsive to the defendants' requests for production within two days and produce a Rule 30(b)(6) witness for a deposition within fourteen days after the production.[1]

---

[1] Joint Disc. Ltr. – ECF No. 1210 at 2–4 (filed under seal at ECF No. 1209-2). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

1        The defendants contend that there is no dispute over "the relevance or necessity of these

2  productions" and that CVS Caremark/Caremark is refusing to comply with its prior agreement to

3  produce all responsive materials.[2] To support this position, the defendants cite (1) past

4  negotiations with CVS Caremark/Caremark concerning subpoenas served on CVS

5  Caremark/Caremark and CVS before CVS became a party and (2) CVS Caremark/Caremark's

6  assurance in April 2022 that it had a "significant number of additional materials prepared and

7  ready for production."[3]

8        For its part, CVS Caremark/Caremark argues that it is working in good faith to "produce

9  materials regarding a limited set of topics" and that some of the defendants' requests are improper

10  because they seek "downstream discovery," *i.e.*, information about "'why' or 'whether' the cost was

11  passed on to customers farther downstream," as opposed to the primary antitrust question of "'if' an

12  overcharge was improperly imposed in the first place."[4] *Maxon Hyundai Mazda v. Carfax, Inc.*, No.

13  13-CV-2680 (AJN) (RLE), 2015 WL 4510416, at *2 (S.D.N.Y. July 24, 2015). CVS

14  Caremark/Caremark also contends that the requests are overbroad because they seek "competitively

15  sensitive" information related to competitors of "CVS's retail pharmacies" that "CVS's purchasing

16  operations" do not have access to despite the parent-subsidiary relationship between CVS and CVS

17  Caremark/Caremark.[5]  Nonetheless, CVS Caremark/Caremark stated that it would agree to produce

18  the "few remaining documents" and "make its representative available for the brief deposition

19  requested at an agreed upon date and time to take place within the next 21 days."[6]

20

21

22

23

24

---

25  [3] *Id.* at 2–3; April 14, 2022 Email Correspondence, Ex. 10 to *Id.* at 352.

26  [4] Joint Disc. Ltr. – ECF No. 1210 at 4, 6 n.8.

27  [5] *Id.* at 5 ("[S]trict firewalls are maintained prohibiting CVS's purchasing operations from even accessing Caremark's competitively-sensitive PBM-related information.").

28  [6] *Id.* at 6–7.

## CONCLUSION

Based on the parties' joint letter (ECF No. 1210), it is not clear exactly what CVS Caremark/Caremark is willing to produce and the specific basis for its objections over any withheld materials. Thus, the court orders CVS Caremark/Caremark to produce any additional documents that it is willing to produce voluntarily in response to the defendants' discovery requests within five days of this order and produce a 30(b)(6) witness within fourteen days after the production. If any documents are withheld based on objections to the discovery requests, the parties may raise any dispute concerning the validity of those objections in a further joint letter.

This disposes of ECF No. 1210.

**IT IS SO ORDERED.**

Dated: July 7, 2022

_____
LAUREL BEELER
United States Magistrate Judge