1

Daralyn J. Durie (SBN 169825)
DURIE TANGRI LLP
ddurie@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 362-6666

Steve D. Shadowen (*pro hac vice*)
HILLIARD & SHADOWEN LLP
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone:  (855) 344-3298

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Interim Co-Lead Counsel for End Payor Plaintiffs*
("*EPPs*")

Dianne M. Nast (*pro hac vice*)
NASTLAW LLC
dnast@nastlaw.com
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Telephone: (215) 923-9300

Michael L. Roberts (*pro hac vice*)
ROBERTS LAW FIRM, PA
mikeroberts@robertslawfirm.us
1920 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: (501) 952-8558

Francis O. Scarpulla (SBN 41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
fos@scarpullalaw.com
3708 Clay Street
San Francisco, CA 94118
Telephone: (415) 751-4193

*Interim Co-Lead and Liaison Counsel for Direct
Purchaser Plaintiffs* ("*DPPs*")

(Additional Counsel for Plaintiffs Listed on
Signature Page)

Heather M. Burke (SBN 284100)
WHITE & CASE LLP
hburke@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306
Telephone:  (650) 213-0300
*Attorney for Defendants Gilead Sciences,
Inc., Gilead Holdings, LLC, Gilead Sciences,
LLC, and Gilead Sciences Ireland UC*

Paul J. Riehle (SBN 115199)
FAEGRE DRINKER BIDDLE & REATH LLP
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7521
*Attorney for Defendants Janssen R&D Ireland,
Janssen Products, LP and Johnson & Johnson*

Christopher T. Holding (pro hac vice)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email:  CHolding@goodwinlaw.com

*Attorney for Defendant
Teva Pharmaceuticals USA, Inc.*

(Additional Counsel for Defendants Listed on
Signature Page)

1

2

3

4

5

6

7

8

9

10 IN THE UNITED STATES DISTRICT COURT

11 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER STALEY, et al. | Case No. 3:19-cv-02573-EMC (Master Docket) |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:   August 25, 2022 |
| GILEAD SCIENCES, INC., et al. | Time:   1:30 p.m. |
| Defendants. | Ctrm:   5-17th Floor |
| | Judge:   Honorable Edward M. Chen |
| This Document Relates to:  ALL ACTIONS | |

Pursuant to the Court's Order on March 15, 2022 (*see* ECF No. 979), End-Payor Plaintiffs Ivy Kwan Arce, Gregg S. Gonsalves, Ph.D, Brenda Emily Goodrow, Andrew R. Spieldenner, Ph.D, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Service Employees International Union, Local No. 1 Health Fund, Josh McDonald, Troy Vazquez-Cain, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (together, "EPPs"); MSP Recovery Claims Series LLC ("MSP"), Direct Purchaser Plaintiff KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc. ("DPPs"); Retailers CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons Companies, Inc. and H-E-B, L.P. (together, "Retailer Plaintiffs"); United HealthCare Services, Inc. ("United HealthCare"); Individual Health Plan Providers Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO), Centene Corporation, Health Care Service Corporation, a Mutual Legal Reserve Company, Humana Inc., Triple-S Salud, Inc., Kaiser Foundation Health Plan, Inc., and Blue Cross and Blue Shield of Kansas City (together, the "Individual Health Plan Plaintiffs" or "IHPPs") (collectively, "Plaintiffs"); and Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, Gilead Sciences Ireland UC ("Gilead"), Janssen R&D Ireland, Janssen Products, LP, and Johnson & Johnson (collectively, "Janssen"), and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants") (Plaintiffs and Defendants together, the "Parties") hereby submit this Joint Case Management Statement.

## I.   CASE CAPTION CHANGE

Given the interlocutory order granting Defendants' motion to dismiss the claims of Peter Staley (ECF No. 966), the Parties jointly request that the case caption be changed to "In re HIV Antitrust Litigation." *See La Fosse v. Sanderson Farms, Inc.*, No. 19-cv-6570, 2020 U.S. Dist. LEXIS 116803, at *14 n.1. (N.D. Cal. July 2, 2020) (granting the motion to dismiss, changing the case caption, and noting that "[t]he original lead named plaintiff . . . is no longer a named plaintiff to this case."). Changing the case caption to a more descriptive title is routinely done in these types of pharmaceutical antitrust cases. *See*, *e.g.*, *In re Glumetza Antitrust Litig.*, 336 F.R.D. 468 (N.D. Cal. 2020).

II.      **SUMMARY JUDGMENT SCHEDULE AND SEALING PROCEDURE**

A.      **Plaintiffs' Statement**

This Court laid out the following schedule and rules in its Scheduling Order (ECF No. 781) and its July 27, 2022 Order regarding summary judgment briefing (ECF No. 1251):

| Date | Event |
|------|-------|
| Thursday, September 8, 2022 | Defendants (as a group) may file up to three separate motions for summary judgment.  The total page limit shall be 66 pages total for all opening briefs. |
| Thursday, October 6, 2022 | Plaintiffs (as a group) shall have up to 66 pages total for their opposition briefs.  If Plaintiffs move for summary judgment, their motions must be included as part of their oppositions to the defense summary judgment motions. |
| Thursday, October 27, 2022 | Defendants (as a group) shall have up to 66 pages total for briefs that serve as both (a) replies in support of the defense summary judgment motions, and (b) oppositions to Plaintiffs' summary judgment motions.  If Plaintiffs do not file summary judgment motions, then Defendants' briefs shall be limited to 40 pages total in length. |
| *No date* | Plaintiffs (as a group) shall have up to 40 pages total for their replies in support of their own summary judgment motions. |
| Thursday, November 17, 2022 | Summary Judgment Hearing |

Plaintiffs currently intend to file a motion for partial summary judgment on market power and may bring additional motions depending on the specific issues raised in Defendants' motions.  There is currently no date associated with Plaintiffs' reply briefing in support of their summary judgment motion(s).  Plaintiffs propose Thursday, November 10, 2022 as the deadline to file any replies, pursuant to the Court ordered limits.  (Under Civil Local Rule 7-3(c), replies would typically be due seven days after the opposition is due; however, given the extended briefing schedule with regard to opposition and replies and the complexity of the issues, Plaintiffs believe that fourteen days is warranted.  Note, however, that this is one week before the summary judgment hearing.)

With regard to sealing, Plaintiffs recognize that for dispositive motions, there is a strong presumption of access to judicial records and that a party must establish "compelling reasons" to overcome that presumption.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  For

upcoming summary judgment and related briefing, Plaintiffs propose to abide by sealing procedures outlined in Civil L.R. 79-5. Plaintiffs do not propose abiding by the Local Rules because it would be more onerous on one party over another; rather, Plaintiffs believe abiding by the Local Rules would better effectuate the public's right of access to documents filed before this Court and accommodate the standard for sealing dispositive motions. With respect to expert reports, Defendants propose to file the entirety of the Parties' expert reports under seal for the Court's consideration, but only comply with the Local Rules regarding sealing for select portions of those reports. Plaintiffs believe that where an expert report is being filed for the Court to consider in connection with a dispositive motion, it is a judicial record that should be disclosed to the public absent compelling reasons to maintain confidentiality.

## B.   Defendants' Statement

Defendants take no position on when Plaintiffs' reply memorandum is due and will accommodate whatever time the Court requires for its consideration.

For the convenience of the Court and the parties, Defendants propose that the sealing of summary judgment briefing follow the same procedures that were previously stipulated to and ordered with respect to sealing the class certification briefing. *See* ECF Nos. 873, 1287 (providing for the filing of one omnibus motion at the end of briefing which would include all sealed materials rather than multiple motions to seal filed with each round of briefing). An omnibus motion following the filing of all briefing will be more convenient for the Court because it will allow review and approval of one filing by each party rather than four.

After meeting and conferring and extensive negotiations, Plaintiffs refused to agree to a stipulation providing for the same omnibus sealing procedures that the parties used for class certification. Plaintiffs' justifications for following the local rules to "better effectuate the public's right of access to documents" are incongruous given that the same "compelling reasons" for sealing standard applies for both class certification and summary judgment. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Malig v. Lyft, Inc.*, 2022 U.S. Dist. LEXIS 60564, at *7-8 (N.D. Cal. Mar. 31, 2022). Plaintiffs have only changed their position now given that Defendants, and not Plaintiffs, will have the bulk of material to be sealed, and following the local rules on sealing for summary judgment briefing will be more onerous on Defendants than it will be on Plaintiffs. Defendants ask that the Court order the parties to file

1   omnibus sealing motions for summary judgment, following the same procedures ordered in ECF Nos. 873

2   and 1287, to streamline the process for the parties and the Court.

3          To the extent any expert report is cited in the summary judgment briefing, Defendants would also

4   propose to redact and file publicly only the cited portions of each report, and keep the remainder of the

5   expert report under seal.  The numerous expert reports exchanged in this case are lengthy and contain

6   considerable confidential third party material.  The entirety of the reports should be included as exhibits

7   for the Court's consideration and to aid in the Court's understanding of the parties' claims.  But the entirety

8   of the report does not need to be made public.  Redacting the entirety of these expert reports will be a

9   substantial burden on all parties, including third parties.

10  **III.    *DAUBERT* MOTIONS, PAGE LIMITS**

11         Pursuant to the operative Scheduling Order in this case (ECF No. 781), the Parties understand that

12  any *Daubert* motions are due on October 6, 2022, and any oppositions to the *Daubert* motions are due on

13  October 27, 2022.  The Parties also understand that there are no reply briefs for *Daubert* briefing.

14         **A.     Plaintiffs' Statement**

15         Plaintiffs wish to keep *Daubert* briefing manageable and avoid excessive *Daubert* briefing on

16  topics that are not core issues.  With the expectation that not every expert's testimony will be the subject

17  of a *Daubert* motion, Plaintiffs propose a total limit of 45 pages a side for opening *Daubert* briefing across

18  all experts and 45 pages total for oppositions.  This proposed page limit is greater than that allowed for

19  *Daubert* motions in connection with class certification because there are likely more experts supporting

20  summary judgment briefing than there were supporting class certification.  To be clear, Plaintiffs believe

21  page limits should be reciprocal and do not request, as Defendants puzzlingly suggest, to limit themselves

22  to 45 pages while Defendants are permitted 85 pages.  Defendants suggest that they are entitled to double

23  the amount of *Daubert* briefing allocated to Plaintiffs by counting both Plaintiffs' opening and rebuttal

24  reports.  But there is near parity in the number of merits experts:  Plaintiffs collectively have 17 merits

25  experts including separate damages experts for EPPs, DPPs, the Retailer Plaintiffs, United Healthcare, and

26  the IHPPs; whereas Defendants have 12 merits experts including a single damages expert.

27

28

**B.     Defendants' Statement**

Plaintiffs' proposal unfairly prejudices Defendants given that the five sets of Plaintiffs have served 36 reports (opening and rebuttal) from 17 merits and damages experts, and Defendants served only 14 reports from just 12 experts.  Plaintiffs' suggestion that each side be allocated the same number of pages ignores the five additional experts and the second round of reports that Plaintiffs have put forward.

Additionally, Plaintiffs' proposed *Daubert* briefing limit of 45 pages per side is substantially fewer pages than what the Plaintiffs previously requested and what the Court previously ordered for class certification (7 pages per expert). *See* March 15, 2022 CMC Hearing at 13:6–16:19 (in response to Plaintiffs' proposal of 7 pages for each *Daubert* brief, Court ordered 35 pages for each side to be allocated across the 5 experts that each side had).  If the Court were to follow its prior order of 7 pages per expert, that would equate to 119 pages of *Daubert* briefing for Defendants (17 experts times 7 pages per expert) and 84 pages of briefing for Plaintiffs (12 experts times 7 pages per expert).

Defendants do not object to Plaintiffs' request to limit themselves to only 45 pages for their *Daubert* briefing.  Although Plaintiffs may not take issue with Defendants' 14 expert reports and thus do not need as many pages, many of Plaintiffs' 36 reports have key shortfalls that warrant a fair opportunity for Defendants to advocate limiting Plaintiffs' expert testimony through *Daubert* briefing.  Given Plaintiffs' additional experts and additional reports, Defendants request 85 pages of *Daubert* briefing to be allocated as needed.

**IV.     PRETRIAL SCHEDULE**

**A.     Plaintiffs' Statement**

Pursuant to this Court's guidelines and rules related to civil trials, and in the interest of preparing for trial in an efficient and timely manner, Plaintiffs propose the pretrial schedule set forth below.

Consistent with Federal Rule of Civil Procedure 26(a)(3), Plaintiffs propose a simultaneous exchange of witness lists, exhibit lists, and deposition designations and simultaneous exchanges of objections and counter-designations.  Unlike Defendants' proposed "staggered" approach, simultaneous exchanges would allow these disclosures to occur as early as possible, giving the Parties more time to meet and confer in an effort to resolve objections.  In Plaintiffs' experience, competing exhibit lists and deposition designations can be easily deduplicated.  Simultaneous exchanges ensures that each party

identifies the evidence it intends to offer and lays out objections to all evidence with sufficient time for the parties to meet and confer.  And it prevents a situation where Defendants gain a strategic advantage by tailoring their evidence and objections to what the Plaintiffs are initially planning to offer (and also avoids confusion down the road if Plaintiffs later tailor their evidence to the trial, decide not to offer certain evidence, and Defendants plan to submit that evidence themselves).  Plaintiffs' proposal is typical of pretrial schedules in similar antitrust litigation, including recent cases in which both sides' counsel has participated.  *See, e.g.*, *In re Glumetza Antitrust Litig.*, No. 19-cv-05822-WHA, ECF No. 383 (N.D. Cal. Oct. 10, 2020); *In re: Ranbaxy Generic Drug Appl. Antitrust Litig.*, No. 19-md-02878-NMG, ECF No. 230 (D. Mass. June 2, 2020); *In re: Loestrin 24 FE Antitrust Litig.*, No. 1:13-md-2472-WES-PAS, ECF No. 1088 (D. R.I. July 12, 2019).

Defendants refer to Plaintiffs having the burden of proof, but that has nothing to do with exchanging evidentiary objections in advance of trial.  And if the issues were related, Plaintiffs note that Defendants have the burden to come forward with evidence on important issues such as alleged procompetitive benefits of their conduct, not to mention their burden of proof on all affirmative defenses.  Plaintiffs prefer not to burden the Court with more briefing in response to Defendants' other inapposite arguments added the evening of this filing but can address them at the CMC if the Court desires.[1]  Plaintiffs hope and expect all Parties to work together cooperatively during the pretrial process in an effort to resolve as many disputes as possible.

With respect to jury instructions and the verdict form, Plaintiffs agree with Defendants that it would be more efficient for the Parties to exchange revisions to a single set of documents.  Plaintiffs propose to provide their initial drafts of these materials before the Thanksgiving holiday in order to provide as much time as possible for the Parties to meet and confer in an effort to reduce the number of disputed instructions. Plaintiffs propose separate dates for exchanges of drafts of the joint pretrial conference statement and voir dire questions because separating out these discrete items will make the pretrial process more manageable. This will not "unnecessarily complicate[]" the schedule, as Defendants suggest.  Plaintiffs also agree with

---

[1] Defendants also belatedly added to their proposed schedule deadlines for motions regarding "trial structure."  Plaintiffs believe this issue should be addressed at the CMC.  For the record, Plaintiffs' schedule revisions were timely, not substantial, and were an attempt at a compromise.

Defendants' proposal, subject to the Court's approval, to submit paper copies of exhibits to Chambers later than the date provided for in the Court's pretrial instructions.

The bolded entries are set forth in the operative Scheduling Order (ECF No. 781).

| Date | Event |
|---|---|
| Friday, November 18, 2022 | Parties meet and confer to discuss trial logistics (deposition designation platform, exhibit numbering, etc.) and logistics regarding (1) preparation and content of joint pretrial conference statement, (2) preparation and exchange of pretrial materials, and (3) settlement |
| Wednesday, November 23, 2022 | Plaintiffs provide draft preliminary statement to the jury, draft jury instructions, and draft verdict form |
| Thursday, December 1, 2022 | Parties exchange Rule 26(a)(3) disclosures (i.e., exhibit lists, witness lists including whether the witness will appear live or by deposition, and deposition designations) |
| Thursday, December 7, 2022 | Defendants provide revisions to draft preliminary statement to the jury, draft jury instructions, and draft verdict form |
| Thursday, December 22, 2022 | Plaintiffs provide draft joint pretrial conference statement |
| Thursday, January 5, 2023 | Parties exchange objections and responses to Rule 26(a)(3) disclosures (i.e., objections to exhibits, objections to deposition designations, and counter-designations)<br><br>Defendants provide revisions to draft joint pretrial conference statement |
| Tuesday, January 10, 2023 | Parties exchange voir dire questions |
| Thursday, January 12, 2023 | Parties exchange replies to objections and responses to Rule 26(a)(3) disclosures (i.e., objections to counter-designations)<br><br>Parties serve (but not file) motions in limine |
| Friday, January 13, 2023 | Parties exchange objections to voir dire questions |
| Wednesday, January 25, 2023 | Parties serve (but not file) motions in limine oppositions<br><br>Parties finalize pretrial conference filings |
| **Thursday, January 26, 2023** | **Parties file final pretrial conference filings** (joint pretrial conference statement, motions in limine as paired sets, preliminary statement to the jury, jury instructions and any memoranda of law in support of disputed instructions, proposed voir dire, proposed verdict forms, and trial briefs) |
| **Tuesday, February 28, 2023** | **Final pretrial conference** |

| Date | Event |
|---|---|
| Monday, March 20, 2023 | Parties submit updated exhibit lists and two printed sets of all exhibits to Chambers. |
| **Monday, March 27, 2023** | **Trial** |

### B.  Defendants' Statement[2]

Plaintiffs' proposed pre-trial schedule is unnecessarily complicated and does not provide for an efficient exchange of pre-trial materials before filing with the Court.  Defendants propose a simpler schedule below with a staggered approach that provides the best way for the parties to be able to submit as many joint filings as possible, as opposed to competing versions which is what Plaintiffs' schedule would generate.  Defendants propose that Plaintiffs provide the initial draft of the pretrial filings, Defendants respond, the parties meet and confer, and then each side would get a second round to provide additional edits and revisions.

Plaintiffs argue that a staggered approach would provide Defendants a "strategic advantage" by allowing Defendants to designate testimony and list exhibits that respond to Plaintiffs' disclosed evidence.  But this is not a "strategic advantage;" it is black letter law that Plaintiffs bear the burden of proving their claims, meaning Plaintiffs will present their evidence first at trial and Defendants will have an opportunity to respond.  *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005) ("the ordinary default rule [is] that plaintiffs bear the risk of failing to prove their claims"); 21B Wright & Miller,  Fed. Prac. & Proc.,§ 5122 (2d ed. 2022 Update) ("the burdens of proof fall upon the plaintiff").  Plaintiffs' proposal for simultaneous pre-trial disclosures would require that Defendants guess which portions of the voluminous record Plaintiffs intend to present at trial, and disclose testimony and exhibits in response which may turn out to be unnecessary to support Defendants' trial presentation.  In addition, it may lead to potentially extensive supplemental disclosures.  This approach is inefficient and a logistical nightmare that will lead to unnecessary objections and competing versions of everything.  Defendants propose that the parties

---

[2] Plaintiffs substantially revised their pre-trial schedule on the afternoon that the Case Management Statement was due, and included arguments for the first time on the evening of filing that Defendants have responded to as best as possible given the late hour.  Regardless, Defendants hope that the Parties can work more cooperatively and reasonably in the future and are happy to discuss any of these issues at the Case Management Conference.

cooperatively prepare a joint exhibit list, one set of deposition designations, and one set of jury instructions that the parties add to and revise in the pre-trial process.  The Court's Civil Pretrial Instructions make clear that the parties should submit joint filings and work cooperatively to limit disputes.  *See, e.g.*, J. Chen's Civ. Pretrial Instructions at B.7 (requiring that the parties' meet and confer "to make a good faith effort to stipulate to admissibility" of exhibits), C.3 ("The parties are encouraged to keep disputed instructions to a minimum").  A staggered approach is the best way to achieve that result before the pre-trial submission deadline.

To promote efficiency and limit disputes, courts have held that pretrial disclosures in antitrust cases should be staggered, so that the Plaintiffs disclose their witnesses, exhibits, and designations first and Defendants disclose theirs in response. *See, e.g.*, *TFT-LCD Flat Panel Antitrust Litig. v. AU Optronics Corp.*, Nos. M 07-1827 SI, 1827, 2013 U.S. Dist. LEXIS 202934 (N.D. Cal. Apr. 2, 2013); Special Master Order No. 5 at 6, *United States v. AT&T, Inc.*, No 1:11-cv-01560-ESH, (D.D.C. Nov. 27, 2011), ECF No. 93 ("Sequential designation with Plaintiffs proceeding first enables Defendants to designate exhibits that directly and efficiently respond to Plaintiffs' evidence and otherwise support Defendants' case."); Revised Scheduling Order at 1, *Drug Mart Pharmacy Corp. v. Am. Home Prods. Corp.*, No. 1:93-cv-5148-ILG-SMG (E.D.N.Y. Aug. 17, 2004), ECF No. 134 (ordering staggered exchange with Plaintiffs disclosing witnesses, trial exhibits, and deposition designations first); *see also* Order at 3, *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. 5:01-cv-20418-LW (N.D. Cal. June 21, 2005), ECF No. 389 (ordering staggered exchange of expert reports in complex securities case because "Plaintiffs have the burden of proof, [and] Plaintiffs have the burden of presenting the evidence first.").

During the parties' meet and confer regarding pre-trial submissions, Plaintiffs suggested that a simultaneous exchange of evidence is necessary to allow Plaintiffs to 1) object to documents that Defendants plan to introduce, even if those documents are also included on Plaintiffs' exhibit list, and 2) isolate the deposition testimony designated by Plaintiffs for presentation in their case-in-chief (with Defendants' designated testimony of the same witnesses to be played separately).  Both of these reasons only prove that simultaneous exchanges are likely to be inefficient.  Plaintiffs intend to utilize the simultaneous exchanges to increase the potential for objecting to Defendants' proposed exhibits, instead of limiting the number of objections for decision by the Court.  And, having witnesses appear twice in a

case, even by video, is wasteful and confusing to the jury.  Thus, allowing witnesses to testify more than

once rejected in the Northern District of California.  Order, *In re Static Random Access Memory (SRAM)*

*Antitrust Litig.*, No. 07-md-01819 (N.D. Cal. Dec. 16, 2010) ("Absent unusual circumstances, each witness

should be called to testify only once in the conspiracy phase of the first trial. The parties are to devise a

plan for presenting witnesses in an order that is efficient and assists the jury in understanding the facts of

the case."); *see also* J. Chen's Guidelines for Trial in Civil Cases (Jury and Bench) at Witnesses ¶ 3 ("Every

effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).");

Fed. R. Civ. P. 32 advisory committee's note to 1970 amendment (noting that prior testimony should be

"offered at trial as though the deponent were then present and testifying at trial").

Subject to the Court's approval, Defendants also propose a date later than what is anticipated by

the Court's pretrial instructions for submitting paper copies of exhibits to Chambers.  Given that the parties'

exhibit lists are likely to be revised once summary judgment rulings are issued—and once rulings on

deposition designation objections and exhibit objections are issued—providing printed copies closer to

trial would save paper and be more efficient rather than removing those exhibits from the binders prior to

trial.

| Date | Event |
| --- | --- |
| Friday, November 18, 2022 | Parties meet and confer to discuss trial logistics (deposition designation platform, exhibit numbering, etc.) and logistics regarding (1) preparation and content of joint pretrial statement, (2) preparation and exchange of pretrial materials, and (3) settlement |
| Thursday, December 1, 2022 | Plaintiffs provide draft joint pretrial statement (including Plaintiffs' 26(a)(3) disclosures), draft preliminary statement to the jury, draft jury instructions, draft verdict forms, and draft voir dire questions |
| Monday, December 19, 2023 | Defendants provide revisions to draft joint pretrial statement (including Defendants' Rule 26(a)(3) disclosures and objections to Plaintiffs' Rule 26(a)(3) disclosures), and revisions to draft preliminary statement to the jury, draft jury instructions, draft verdict form, and draft voir dire questions |
| Monday, January 9, 2023 | Parties meet and confer regarding draft pretrial filings and objections |
| Friday, January 13, 2023 | Plaintiffs provide revisions to draft joint pretrial statement (including objections to Defendants' Rule 26(a)(3) disclosures), draft preliminary statement to the jury, draft jury instructions, draft verdict form, and draft voir dire questions |

| Date | Event |
|------|-------|
|  | Parties exchange motions in limine and motions regarding trial structure |
| Monday January 23, 2023 | Defendants provide revisions to draft joint pretrial statement, draft preliminary statement to the jury, draft jury instructions, draft verdict form, and draft voir dire questions |
| Wednesday, January 25, 2023 | Parties finalize pretrial conference filings<br><br>Parties exchange oppositions to motions in limine and motions regarding trial structure |
| **Thursday, January 26, 2023** | **Parties file final pretrial conference filings** (joint pretrial conference statement, motions in limine as paired sets, preliminary statement to the jury, jury instructions and any memoranda of law in support of disputed instructions, proposed voir dire, proposed verdict forms, and trial briefs) |
| **Tuesday, February 28, 2023** | **Final pretrial conference** |
| Monday, March 20, 2023 | Parties submit updated exhibit lists and two printed sets of all exhibits to Chambers |
| **Monday, March 27, 2023** | **Trial** |

## V.    EXPERT DISPUTES

### A.    Defendants' Statement

As Defendants anticipated would occur and previously alerted the Court to, Plaintiffs included new expert analysis with their rebuttal reports on August 12, 2022 that necessitates briefing.  In fact, Plaintiffs have included reports from three entirely new experts.  Two of these new experts, Drs. Jur Strobos and Raj Suryanarayanan, provide new analysis that should have been submitted with Plaintiffs' opening reports on June 23.  Plaintiffs are attempting to include Dr. Strobos to provide evidence in support of the theory that Gilead materially misled the market into switching to TAF products.  Similarly, Plaintiffs are attempting to include Dr. Suryanarayanan to provide support for their theory that Gilead's patents expiring in 2024 that cover the formulation of Truvada® and Atripla® are invalid and therefore, would not have blocked Teva's entry into the market with generic versions of these products.  But neither of these experts provide proper rebuttal material.  Plaintiffs had the burden to prove these theories in their opening reports. The fact

1   that Defendants' experts pointed out that Plaintiffs had no evidence to support these theories and failed to

2   conduct the proper analyses in their opening reports does not justify new experts with new analysis, new

3   evidence, and new opinions to which Defendants will have no opportunity to respond.  Defendants thus

4   oppose the inclusion of Drs. Strobos and Suryanarayanan and expect to file motions to strike their new

5   opinions in whole or in part.

6       **B.      Plaintiffs' Statement**

7       Drs. Strobos and Suryanarayanan provide proper rebuttal testimony that is directly responsive to

8   new opinions presented by Mr. Robert Dormer and Dr. Cory Berkland, respectively.  Plaintiffs' rebuttal

9   expert Dr. Strobos is an expert in FDA regulatory practice who responds directly to contentions of

10  Defendants' expert Mr. Dormer, among others, suggesting that the FDA, via silence and inaction, approved

11  of Gilead's drug approval and marketing tactics.  Plaintiffs' rebuttal expert Dr. Suryanarayan is an expert

12  in pharmaceutical formulation who responds directly to Dr. Berkland's contention that there is something

13  unexpected about the stability limitations in certain patents from a formulator's perspective. This is the

14  first Plaintiffs are hearing of Defendants' intention to file motions to strike.  If Defendants do so, Plaintiffs

15  will respond to these motions in the ordinary manner.

16  **VI.      FURTHER CASE MANAGEMENT CONFERENCE**

17      The Parties request a further case management conference on Thursday, November 17, 2022, to

18  immediately follow the summary judgment hearing.

19

20  Dated:  August 18, 2022                    Respectfully submitted,

21                                   **HILLIARD & SHADOWEN LLP**

22                          By:  _/s/ Steve D. Shadowen_

23                              STEVE D. SHADOWEN (*pro hac vice*)
                                steve@hilliardshadowenlaw.com
24                              RICHARD BRUNELL (*pro hac vice*)
                                rbrunell@hilliardshadowenlaw.com
25                              NICHOLAS WILLIAM SHADOWEN (*pro hac vice*)
                                nshadowen@hilliardshadowenlaw.com
26                              TINA JOANN MIRANDA (*pro hac vice*)
                                tmiranda@hilliardshadowenlaw.com
27                              MATTHEW C. WEINER (*pro hac vice*)
                                matt@hilliardshadowenlaw.com
28                              1135 W. 6th Street, Suite 125
                                Austin, TX 78703

Telephone:  (855) 344-3298

DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
MARK A. LEMLEY (SBN 155830)
mlemley@durietangri.com
DAVID McGOWAN (SBN 154289)
dmcgowan@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
ADITYA V. KAMDAR (SBN 324567)
akamdar@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:  (415) 362-6666

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
W. HENRY HUTTINGER (SBN 312843)
hhuttinger@durietangri.com
953 East 3rd Street
Los Angeles, California 90013
Telephone: (213) 992-4422

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
ABBYE R. K. OGNIBENE (SBN 311112)
abbyeo@hbsslaw.com
LAUREN G. BARNES (*pro hac vice*)
lauren@hbsslaw.com
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Telephone: (617) 482-3700

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

KESSLER TOPAZ MELTZER & CHECK, LLP
JOSEPH H. MELTZER (*pro hac vice*)
jmeltzer@ktmc.com
TERENCE S. ZIEGLER
tziegler@ktmc.com
DONNA S. MOFFA (*pro hac vice*)
dmoffa@ktmc.com
JORDAN E. JACOBSON (*pro hac vice*)
jjacobson@ktmc.com

13

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

SPECTOR ROSEMAN & KODROFF P.C.
JEFFREY L. KODROFF (*pro hac vice*)
jkodroff@srkattorneys.com
DIANA J. ZINSER (*pro hac vice*)
dzinser@srkattorneys.com
2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300

MILLER SHAH LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jagoldstein@millershah.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL  33326
Telephone: (954) 515-0123

MILLER SHAH LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
JOHN P. BJORK (*pro hac vice*)
jbjork@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com

14

1           JONATHAN K. LEVINE (SBN 220289)
             jkl@pritzkerlevine.com
2           BETHANY CARACUZZO (SBN 190687)
             bc@pritzkerlevine.com
3           180 Grand Avenue, Suite 1390
             Oakland, CA 94612
4           Telephone: (415) 692-0772

5           GLANCY PRONGAY & MURRAY
             KEVIN F. RUF (SBN 136901)
6           kruf@glancylaw.com
             LIONEL Z. GLANCY (SBN 134180)
7           lglancy@glancylaw.com
             1925 Century Park East, Suite 2100
8           Los Angeles, CA 90067
             Telephone: (310) 201-9150
9
           GLANCY PRONGAY & MURRAY
10          LEE ALBERT (*pro hac vice*)
            lalbert@glancylaw.com
11          BRIAN D. BROOKS (*pro hac vice*)
            bbrooks@glancylaw.com
12          230 Park Avenue, Suite 530
            New York, NY 10169
13          Telephone: (212) 682-5340

14          NUSSBAUM LAW GROUP, P.C.
            LINDA P. NUSSBAUM (*pro hac vice*)
15          lnussbaum@nussbaumpc.com
            BART D. COHEN (*pro hac vice*)
16          bcohen@nussbaumpc.com
            PETER E. MORAN (*pro hac vice*)
17          pmoran@nussbaumpc.com
            1211 Avenue of the Americas, 40th Floor
18          New York, NY 10036
            Telephone: (917) 438-9189
19
           RADICE LAW FIRM, P.C.
20          JOHN RADICE (*pro hac vice*)
            jradice@radicelawfirm.com
21          DAN RUBENSTEIN (*pro hac vice*)
            drubenstein@radicelawfirm.com
22          475 Wall Street
            Princeton, NJ 08540
23          Telephone: (646) 245-8502

24          *Counsel for End-Payor Plaintiffs*

25
Dated:  August 18, 2022      **RIVERO MESTRE LLP**
26
         By:  */s/ Jorge Mestre*
27             —————————————————
            Alan H. Rolnick
28          Charles Edward Whorton
            David Lee DaPonte

1

Jorge Alejandro Mestre
Andres Rivero

2

2525 Ponce de Leon Blvd., Suite 1000
Coral Gables, FL 33134

3

arolnick@riveromestre.com
cwhorton@riveromestre.com

4

ddaponte@riveromestre.com
jmestre@riveromestre.com

5

arivero@riveromestre.com

6

*Counsel for Plaintiff*
*MSP Recovery Claims, Series LLC*

7

8

Dated:  August 18, 2022                    **LAW OFFICES OF FRANCIS O. SCARPULLA**

9

By: */s/ Francis O. Scarpulla*

10

Francis O. Scarpulla (Cal. Bar 41059)
Patrick B. Clayton (Cal. Bar 240191)

11

LAW OFFICES OF FRANCIS O. SCARPULLA
3708 Clay Street

12

San Francisco, California 94118
Telephone: (415) 751-4193

13

Facsimile: (415) 788-0706
fos@scarpullalaw.com

14

pbc@scarpullalaw.com

15

*Interim Liaison Counsel for Direct Purchaser Plaintiffs*

16

17

Dianne M. Nast
NASTLAW LLC

18

1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107

19

Telephone: (215) 923-9300
Fax: (215) 923-9302

20

dnast@nastlaw.com

21

Michael L. Roberts
ROBERTS LAW FIRM

22

1920 McKinney Avenue, Suite 700
Dallas, Texas  75204

23

Telephone: (501) 952-8558
Email: mikeroberts@robertslawfirm.us

24

25

*Interim Co-Lead Counsel for Direct Purchaser*
*Plaintiffs*

26

Michael D. Hausfeld
HAUSFELD LLP

27

888 16th St. NW, Suite 300
Washington DC 20006

28

16

Tel.: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeld.com

Michael P. Lehmann
Bonny E. Sweeney
Seth R. Gassman
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel.:(415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
bsweeney@hausfeld.com
sgassman@hausfeld.com

Brent William Landau
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel.: (215) 985-3273
Fax: (215) 985-3271
blandau@hausfeld.com

*Counsel for Direct Purchaser Plaintiffs*

Dated:  August 18, 2022                    **KENNY NACHWALTER, P.A.**

By: */s/ Scott Perwin*
_____
Scott E. Perwin (*pro hac vice*)
Lauren C. Ravkind (*pro hac vice*)
Anna T. Neill (Cal. Bar 270858)
KENNY NACHWALTER, P.A.
1100 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel.: (305) 373-1000
sep@kennynachwalter.com
lravkind@kennynachwalter.com
aneill@kennynachwalter.com

*Counsel for Walgreen Plaintiffs*

Dated:  August 18, 2022

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

By:  */s/ Barry L. Refsin*

Barry L. Refsin (*pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
Tel.: (215) 568-6200
brefsin@hangley.com

Monica L. Kiley (*pro hac vice*)
Eric L. Bloom (*pro hac vice*)
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
Tel.: (717) 364-1030
mkiley@hangley.com
ebloom@hangley.com

*Counsel for CVS Pharmacy, Inc, Rite Aid Corp. and Rite Aid Hdqtrs. Corp.*

Dated:  August 18, 2022

**ZELLE LLP**

By:  */s/ Judith A. Zahid*

Judith A. Zahid (SBN 215418)
Eric W. Buetzow (SBN 253803)
James S. Dugan (SBN 325565)
555 12th Street, Suite 1230
Oakland, CA 94607
Tel: (415) 693-0700
jzahid@zelle.com
ebuetzow@zelle.com
jdugan@zelle.com

**ZELLE LLP**
William Bornstein (pro hac vice)
500 Washington Avenue South,
Suite 4000
Minneapolis, MN 55415
Tel: (612) 339-2020
wbornstein@zelle.com

**BOIES SCHILLER FLEXNER LLP**
Hamish P.M. Hume (*pro hac vice*)
Michael S. Mitchell (*pro hac vice*)

18

1401 New York Ave, NW
Washington, D.C. 20005
Tel: (202) 237-2727
hhume@bsfllp.com
mmitchell@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Beko O. Reblitz-Richardson (SBN 238027)
Alexander J. Holtzman (SBN 311813)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Tel: (415) 293-6800
brichardson@bsfllp.com
aholtzman@bsfllp.com

*Attorneys for United HealthCare Services, Inc.*

Dated:  August 18, 2022                    **CROWELL & MORING LLP**

By:  */s/ Daniel A. Sasse*
_____

Daniel A. Sasse (State Bar No. 236234)
Joanna M. Fuller (State Bar No. 266406)
Tiffanie L. McDowell (State Bar No. 288946)
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949.263.8400
Facsimile:  949.263.8414
DSasse@crowell.com
JFuller@crowell.com
TMcDowell@crowell.com

Kent A. Gardiner *
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116
KGardiner@crowell.com
* *Pro Hac Vice* forthcoming

*Attorneys for Humana Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO); Centene Corporation; Blue Cross and Blue Shield of South Carolina and BlueChoice HealthPlan of South Carolina, Inc.; Health Care Service Corporation, a Mutual Legal Reserve Company; Aetna Inc.; and Triple-S Salud, Inc.*

1  Dated:  August 18, 2022                **BERRY SILBERG STOKES PC**

2                                                   By: _/s/ Joshua C. Stokes_

3                                                   Joshua C. Stokes SBN 220214
                                                    Carol M. Silberberg, SBN 217658
4                                                   6080 Center Drive, Sixth Floor
                                                    Los Angeles, CA 90045
5                                                   Telephone: (213) 986-2690
                                                    Facsimile: (213) 986-2677
6                                                   jstokes@berrysilberberg.com
                                                    csilberberg@berrysilberberg.com

7                                                   *Attorneys for Indirect Health Plan Plaintiffs Humana*
8                                                   *Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a*
                                                    *Florida Blue) and Health Options, Inc. (d/b/a Florida*
9                                                   *Blue HMO); Centene Corporation; Blue Cross and Blue*
                                                    *Shield of South Carolina and BlueChoice HealthPlan of*
10                                                  *South Carolina, Inc.; and Triple-S Salud, Inc.*

11  Dated:  August 18, 2022                **WHITE & CASE LLP**

12                                                  By: _/s/ Heather M. Burke_

13                                                  Heather M. Burke (SBN 284100)
                                                    Jeremy K. Ostrander (SBN 233489)
14                                                  WHITE & CASE LLP
                                                    3000 El Camino Real
15                                                  2 Palo Alto Square, Suite 900
                                                    Palo Alto, CA 94306-2109
16                                                  Telephone: (650) 213-0300
                                                    Facsimile: (650) 213-8158
17                                                  hburke@whitecase.com
                                                    jostrander@whitecase.com
18

19                                                  Christopher M. Curran (*pro hac vice*)
20                                                  Peter J. Carney (*pro hac vice*)
                                                    WHITE & CASE LLP
21                                                  701 Thirteenth Street, NW
                                                    Washington, District of Columbia 20005-3807
22                                                  Telephone: (202) 626-3600
                                                    Facsimile: (202) 639-9355
23                                                  ccurran@whitecase.com
                                                    pcarney@whitecase.com
24

25                                                  Heather K. McDevitt (*pro hac vice*)
26                                                  Bryan D. Gant (*pro hac vice*)
                                                    Kristen O'Shaughnessy (*pro hac vice*)
27                                                  Michael E. Hamburger (*pro hac vice*)
                                                    Raj S. Gandesha (*pro hac vice*)
28                                                  WHITE & CASE LLP

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com
kristen.oshaughnessy@whitecase.com
mhamburger@whitecase.com
rgandesha@whitecase.com

*Counsel for Defendants*
*Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead*
*Sciences, LLC, and Gilead Sciences Ireland UC*

Dated:  August 18, 2022                    **FAEGRE DRINKER BIDDLE & REATH LLP**

By: _/s/ Paul J. Riehle_

Paul J. Riehle (SBN 115199)
paul.riehle@faegredrinker.com
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111

FAEGRE DRINKER BIDDLE & REATH LLP
Paul H. Saint-Antoine (*pro hac vice*)
paul.saint-antoine@faegredrinker.com
Joanne C. Lewers (*pro hac vice*)
joanne.lewers@faegredrinker.com
One Logan Square, Ste. 2000
Philadelphia, PA 19103

Counsel for Defendants
*Janssen R&D Ireland, Janssen Products, LP*
*and Johnson & Johnson*

Dated:  August 18, 2022                    **GOODWIN PROCTER LLP**

By: _/s/ Christopher T. Holding_

Christopher T. Holding (*pro hac vice forthcoming*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email:  CHolding@goodwinlaw.com

Brian T. Burgess (*pro hac vice*)
GOODWIN PROCTER LLP

1900 N Street, NW
Washington, DC 20036
Phone: (202) 346-4000
Facsimile: (617) 523-1231
Email:   BBurgess@goodwinlaw.com

Molly R. Grammel (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email:   MGrammel@goodwinlaw.com
Ashley Moore Drake (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Phone: (202) 346-4000
Facsimile: (617) 523-1231
Email:   AMDrake@goodwinlaw.com

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, W. Henry Huttinger, attest that concurrence in the filing of this document has been obtained.

Dated: August 18, 2022                    */s/ W. Henry Huttinger*
                                             W. HENRY HUTTINGER

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on August 18, 2022 the within document was filed with the Clerk of the

3

Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

4

*/s/ W. Henry Huttinger*

5

W. HENRY HUTTINGER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT / CASE NO. 3:19-CV-02573-EMC