UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PETER STALEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GILEAD SCIENCES, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-02573-EMC (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 1332 |

# INTRODUCTION

The parties dispute whether Gilead must produce its March 2021 collaboration agreement with Merck (*i.e.*, the Gilead-Merck Agreement) regarding certain long-acting HIV treatments.[1] The court denies the plaintiffs' request to compel the production of the Gilead-Merck Agreement. Local Rule 37-3 provides that motions to compel discovery must be filed within seven days after the discovery cut-off. The fact discovery cut-off date was December 17, 2021, and the plaintiffs have not established good cause to be excused from the usual deadline.

---

[1] Joint Disc. Letter – ECF No. 1332 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-02573-EMC (LB)

**STATEMENT**

The end-payor plaintiffs (EPPs) contend that the Gilead-Merck Agreement is relevant to their effort to refute the defendants' argument that certain contractual restraints are "ancillary restraints" that should be judged under the rule of reason and not treated as per se antitrust violations.[2] Specifically, the plaintiffs argue that the Gilead-Merck Agreement will help disprove the defendants' argument that certain horizontal restraints — like the "No-Generic Restraints" that prohibit the sale of competing fixed-dose combination products (FDCs) used to treat HIV — in the agreements between Gilead and defendants Janssen and BMS are ancillary restraints.[3]

The plaintiffs requested the Gilead-Merck Agreement near the end of fact discovery in December 2021 in their Request for Production No. 127.[4] Gilead objected on several grounds, including relevancy.[5] At that time, Gilead purportedly assured the plaintiffs that whether the No-Generic Restraints are "reasonably necessary" to achieve procompetitive benefits depends on the specific facts of the collaborations.[6] The plaintiffs, on that basis, did not move to compel Gilead to produce the Gilead-Merck Agreement.[7] The plaintiffs assert that Gilead served an expert report on July 22, 2022, that revealed a new position.[8]

In the report, Gilead's expert Dr. Louis Berneman opined "that the 'rationale' for the No-Generic[] Restraints is to 'provide parties [to pharmaceutical alliance agreements] with confidence that co-parties will promote the goals of the alliance and will not act in a manner detrimental to the success of the alliance.'"[9] He cited other alliance agreements, which he obtained from a public database, that supposedly share a "similar context" with the at-issue agreements, to support his

---

[2] *Id.*

[3] *Id.*

[4] *Id.*; Gilead's Resps. to Pls.' Third Set of Reqs. for Produc., Ex A. to Joint Disc. Letter – ECF No. 1332 at 11.

[5] Gilead's Resps. to Pls.' Third Set of Reqs. for Produc., Ex A. to Joint Disc. Letter – ECF No. 1332 at 11.

[6] Joint Disc. Letter – ECF No. 1332 at 2–3.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*; Expert Report of Louis P. Berneman, Ex. C to Joint Disc. Letter – ECF No. 1332 at 25 (¶ 20).

ORDER – No. 19-cv-02573-EMC (LB) 2

1  opinion that these kinds of restrictive provisions are "generally included in pharmaceutical alliance
2  agreements."[10] The plaintiffs essentially contend that Gilead's reliance on similar agreements to
3  support its position regarding the necessity of these restrictive clauses is inconsistent with Gilead's
4  prior position that the necessity of including restraints in cooperation agreements depends on the
5  specific facts of the cooperation arrangement.[11]

6  Gilead counters that because fact discovery closed on December 17, 2021, it cannot be
7  compelled to produce the Gilead-Merck Agreement without an order from the trial judge
8  reopening discovery.[12] Gilead also argues that the plaintiffs' decision to move to compel
9  production of the Gilead-Merck Agreement now is strategic. Specifically, Gilead argues that in
10 January 2022, the parties agreed that the plaintiffs would not have to produce materials created by
11 the now-former plaintiff Peter Staley about this litigation and, in exchange, Gilead would not need
12 to produce the Gilead-Merck Agreement.[13] Both the Gilead-Merck Agreement and the Staley
13 materials were presumptively outside the scope of discovery because they were created after the
14 May 14, 2019, discovery cutoff date.[14]

15 Furthermore, Gilead contends that Mr. Berneman's analysis is statistical and merely found that
16 the kind of "noncompete provisions challenged by" the plaintiffs are "prevalent" in publicly
17 available pharmaceutical agreements.[15] Thus, Gilead contends that the analysis is not inconsistent
18 with its prior position that the necessity of including these provisions depends on the specific facts
19 of the cooperation arrangements.[16]

---

[10] Joint Disc. Letter – ECF No. 1332 at 3; Expert Report of Louis P. Berneman, Ex. C to Joint Disc. Letter – ECF No. 1332 at 24 (¶ 18), 25 (¶ 20).

[11] Joint Disc. Letter – ECF No. 1332 at 3.

[12] *Id.* at 5 (citing Order – ECF No. 781).

[13] *Id.* at 5–6.

[14] *Id.*

[15] *Id.* at 6; Expert Report of Louis P. Berneman, Ex. C to Joint Disc. Letter – ECF No. 1332 at 24 (¶ 18).

[16] Joint Disc. Letter – ECF No. 1332 at 6.

1    Lastly, Gilead argues that the production of the Gilead-Merck Agreement now would disrupt
2 the current case schedule, which sets a September 2022 deadline for filing motions for summary
3 judgment.[17] Gilead also claims that it and the other defendants would be prejudiced if the court
4 compels the production of the Gilead-Merck Agreement. The defendants have already produced
5 their expert reports and begun deposing the plaintiffs' experts and, thus, would have no
6 opportunity to question the plaintiffs' experts on the Gilead-Merck Agreement or have their
7 experts address the agreement.[18]

## ANALYSIS

Local Rule 37-3 provides, in part, that "no motions to compel discovery may be filed more than 7 days after the discovery cut-off." The plaintiffs must receive permission from the district court to bring a motion to compel outside the date given by Local Rule 37-3 and the district court's case management order. *McKinzy v. Amtrak*, No. C 10-01866 CW (LB), 2011 U.S. Dist. LEXIS 74735, *1 (N.D. Cal. July 11, 2011). The close of fact discovery was December 17, 2021.[19] The Gilead-Merck Agreement falls within the scope of fact discovery. *See Finjan, LLC v. Qualys Inc.*, No. 18-cv-07229-YGR (TSH), 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) ("Inspecting your opponent's materials or obtaining or accessing data or information is fact discovery."). Thus, the plaintiffs' request to compel a further response to its Request for Production No. 127 is time-barred.

There are some caveats to the time-bar provided by Local Rule 37-3, but none apply here.

First, "Local Rule 37-3 does not bar motions to enforce the supplementation requirement in Rule 26(e), even if they are brought more than seven days after the close of discovery." *Gamevice, Inc. v. Nintendo Co.*, No. 18-cv-01942-RS (TSH), 2019 WL 5565942, at *3 (N.D. Cal. Oct. 29, 2019). That exception does not apply here because the Gilead-Merck Agreement is not a new or newly discovered document that falls within the scope of a previous discovery request. Instead, the

---

[17] *Id.* (citing Order – ECF No. 1227 at 16).

[18] *Id.*

[19] Order – ECF No. 781 at 6 (setting Dec. 12, 2021, as the fact discovery cut-off for non-BCBSA related discovery).

ORDER – No. 19-cv-02573-EMC (LB)                 4

1  plaintiffs specifically requested the document, Gilead objected to its production, and the parties
2  met and conferred about the issue in January 2022.[20]

Second, some courts have suggested that the deadline provided by Local Rule 37-3 may be equitably tolled under certain circumstances. "For example, if your sweet-talking opponent promises to bring a prompt motion for a protective order and assures you that you therefore don't need to move to compel, then if they don't bring that motion by the deadline to move to compel and you rush into court claiming you were hoodwinked, you might have a good justification for missing the deadline in Local Rule 37-3 by a few days." *Illumina, Inc. v. BGI Genomics Co.*, No. 19-cv-03770-WHO (TSH), 2021 WL 4305975, at *2 (N.D. Cal. Sept. 22, 2021); *see also In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (TSH), 2021 WL 1267258, at *1 (N.D. Cal. Apr. 6, 2021) (holding that a motion to compel was time-barred under Local Rule 37-3 after finding that the court was "not faced with a situation where an otherwise diligent litigant was lulled into complacency by a sweet-talking opponent"). That is not the situation here.

The plaintiffs have not identified any evidence establishing that Gilead agreed not to rely on any other pharmaceutical agreements to support its position that the "No-Generic Restraint" is an ancillary restraint that should be judged under the rule of reason. And its expert's reliance on other publicly available pharmaceutical agreements to support his position is not entirely surprising. Importantly, Gilead's expert did not rely on the Gilead-Merck Agreement (and did not ignore it either) because it is not in the database he relied on for his analysis.[21]

Gilead also suggests that the plaintiffs did not press the issue in December 2021 or January 2022 because they were trying to avoid a reciprocal obligation to produce materials created by former plaintiff Peter Staley.[22] The plaintiffs claim that Gilead is "wrongly theoriz[ing]" in this respect, but do not provide a substantive rebuttal.[23] Furthermore, Gilead's contention that it would

---

[20] Joint Disc. Letter – ECF No. 1332 at 2; Gilead's Resps. to Pls.' Third Set of Reqs. for Produc., Ex A. to Joint Disc. Letter – ECF No. 1332 at 11.

[21] Joint Disc. Letter – ECF No. 1332 at 6.

[22] *Id.* at 5–6.

[23] *Id.* at 3 n.1.

ORDER – No. 19-cv-02573-EMC (LB)   5

be prejudiced by the production of the Gilead-Merck Agreement now is well-founded because the production would deprive the defendants' experts of the opportunity to address the agreement in their reports or question the plaintiffs' experts on the agreement.

Thus, the plaintiffs' request to compel the production of the Gilead-Merck Agreement is untimely under Local Rule 37-3.

## CONCLUSION

The plaintiffs' request to compel the production of the Gilead-Merck Agreement is denied. This disposes of ECF No. 1332.

**IT IS SO ORDERED.**

Dated: August 30, 2022

LAUREL BEELER
United States Magistrate Judge