Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

Attorneys for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC

PAUL J. RIEHLE (SBN 115199)
Paul.Riehle@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111-4180
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
JANSSEN R&D IRELAND,
JANSSEN PRODUCTS, LP, and
JOHNSON & JOHNSON

*Additional Counsel for Defendants Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: HIV ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>Staley, *et al.*, v. Gilead Sciences, Inc., *et al.*, No. 3:19-cv-02573-EMC | Case No. 3:19-cv-02573-EMC<br><br>**DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION**<br><br>Hrg:    Upon Request by the Court<br>Ctrm:  5 – 17th Floor<br>Judge: Honorable Edward M. Chen |

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................4

I.   THERE IS NO "MANIFEST FAILURE BY THE COURT TO CONSIDER MATERIAL FACTS" ..........................................................................................................5

II.   THE COURT DID NOT IMPROPERLY RELY UPON *GONCALVES* ............................6

III.   EPPS AGAIN FAIL TO CARRY THEIR BURDEN OF PROVING THAT BCBSA HAS BEEN INJURED OR IS IMMINENTLY LIKELY TO BE INJURED .......................8

IV.   THE TIMING OF EPPS' MOTION SUGGESTS IT HAS BEEN BROUGHT IN AN EFFORT TO FIX DEFICIENCIES WITH THEIR PROPOSED CLASSES, AND NOT OUT OF DILIGENCE TO CORRECT ANY ERROR BY THE COURT .....11

CONCLUSION ..............................................................................................................................13

- i -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*389 Orange St. Partners v. Arnold*,
   179 F.3d 656 (9th Cir. 1999) ..................................................................................................4

*Altbaier v. Down-Lite Int'l, Inc.*,
   No. 19-cv-4348, 2019 U.S. Dist. LEXIS 150712 (N.D. Cal. Sept. 4, 2019) ...............................6

*Asetek Danmark A/S v. Coolit Sys.*,
   No. 19-cv-410, 2020 U.S. Dist. LEXIS 181122 (N.D. Cal. Sept. 29, 2020) ...............................9

*In re Blue Cross Blue Shield Antitrust Litig.*,
   308 F. Supp. 3d 1241 (N.D. Ala. 2018) .....................................................................................8

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015) .....................................................................................11

*Chapman v. Pier 1 Imports (U.S.), Inc.*,
   631 F.3d 939 (9th Cir. 2011) ...................................................................................................10

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) .................................................................................................................11

*In re Digital Music Antitrust Litig.*,
   321 F.R.D. 64 (S.D.N.Y. 2017) ...............................................................................................12

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
   547 U.S. 677 (2006) ...................................................................................................................8

*Fero v. Excellus Health Plan Inc.*,
   No. 15-cv-06569 (W.D.N.Y. Jan. 28, 2020), ECF No. 414 ......................................................8

*In re Glumetza Antitrust Litig.*,
   No. 19-cv-05822, 2020 U.S. Dist. LEXIS 39649 (N.D. Cal. Mar. 5, 2020) ............................11

*Goncalves v. Rady Children's Hospital San Diego*,
   865 F.3d 1237 (9th Cir. 2017) .......................................................................................1, 5, 7, 8

*Gray v. Golden Gate Nat'l Recreational Area*,
   866 F. Supp. 2d 1129 (N.D. Cal. 2011) .....................................................................................9

*Great Am. Ins. Co. v. Chang*,
   No. 12-cv-833, 2013 U.S. Dist. LEXIS 107669 (N.D. Cal. July 31, 2013) ..............................9

*Hart v. Massanari*,
   266 F.3d 1155 (9th Cir. 2001) ...................................................................................................7

- ii -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

*Hawkins v. Comparet-Cassani*,
    251 F.3d 1230 (9th Cir. 2001) ............................................................................................. 12

*Helfrich v. Blue Cross & Blue Shield Ass'n*,
    804 F.3d 1090 (10th Cir. 2015) ............................................................................................. 8

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    No. 05-md-1717, 2010 U.S. Dist. LEXIS 144511 (D. Del. July 28, 2010) ........................ 12

*Johnston v. Uber Techs., Inc.*,
    No. 16-cv-3134, 2019 U.S. Dist. LEXIS 198633 (N.D. Cal. Nov. 15, 2019) ...................... 9

*Kona Enters. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ........................................................................................... 1, 4

*In re Lithium Ion Batteries Antitrust Litig.*,
    No. 13-md-2420, 2014 U.S. Dist. LEXIS 141358 (N.D. Cal. Oct. 2, 2014) ...................... 11

*Partos v. Pac. Coast S.S. Co.*,
    95 F.2d 738 (9th Cir. 1938) .................................................................................................. 7

*Planned Parenthood v. Casey*,
    505 U.S. 833 (1992) (Scalia, J., dissenting) ........................................................................ 7

*Sultanis v. Champion Petfoods U.S. Inc.*,
    No. 21-cv-162, 2021 U.S. Dist. LEXIS 145293 (N.D. Cal. Aug. 3, 2021) ................... 11, 12

*In re TracFone Unlimited Serv. Plan Litig.*,
    No. 13-cv-3440, 2015 U.S. Dist. LEXIS 105512 (N.D. Cal. Aug. 10, 2015) ............ 6, 10, 11

*United States v. Acad. Mortg. Corp.*,
    No. 16-cv-2120, 2021 U.S. Dist. LEXIS 205397 (N.D. Cal. Oct. 25, 2021) ....................... 6

*United States v. Cardales-Luna*,
    632 F.3d 731 (1st Cir. 2011) ................................................................................................ 7

**STATE STATUTES**

N.D. Cal. Civ. L.R. 7-9(b) ........................................................................................................ 11

**MISCELLANEOUS**

Def. Blue Cross & Blue Shield Assoc. Opp'n to Pls.' Mot. for Class Cert.,
    *Fero v. Excellus Health Plan Inc.*, No. 15-cv-06569
    (W.D.N.Y. Jan. 28, 2020), ECF No. 414 ............................................................................. 8

- iii -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

# INTRODUCTION

EPPs do not come close to satisfying the standard for obtaining reconsideration—they cite no new facts or law, but merely restate arguments the Court already considered. Nor do they suddenly meet their burden of proving that BCBSA has standing to bring the claims asserted in this case. Defendants have conclusively shown, through BCBSA's own documents and testimony, that BCBSA never used its own money to pay for at-issue products, and thus that BCBSA lacks standing to seek damages because it never was injured. Defendants also showed that BCBSA lacks standing to seek injunctive relief because there is no imminent risk it will be injured. EPPs' motion does not even attempt to dispute the actual evidence.

Instead, EPPs baldly accuse this Court of committing "clear error" and a "manifest failure to consider material facts" simply because, in dismissing BCBSA's claims, it discussed *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237 (9th Cir. 2017)—a decision in accord with the evidentiary record in this case and with findings made by numerous other courts. Mot. at 1 (Aug. 29, 2022), ECF No. 1347 ("Mot."). EPPs' disagreement with the Court's holding does not justify granting the "extraordinary remedy" of reconsideration, which is "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). EPPs identify no "clear error" to warrant such an extraordinary remedy. Nor can they do so when the Court's decision is independently supported by the record, and EPPs cite no evidence that could explain away the Ninth Circuit's findings in *Goncalves*. *See* Order Granting Defs.' Mot. to Dismiss BCBSA at 5:10-20, 7:7-10 (Aug. 5, 2022), ECF No. 1269 ("Order").

Further, EPPs' stated rationale for seeking reconsideration—that EPPs "had no reason to believe this Court would apply the factual missteps in *Goncalves*" and need to rebut those "missteps" now (Mot. at 1:24-2:2)—is untrue: BCBSA dedicated most of its supplemental brief to arguing that the Ninth Circuit and Justice Breyer committed "factual misstep[s]," without citing record support from this litigation for its contention. BCBSA's Supp. Br. Regarding *Goncalves* (July 29, 2022), ECF No. 1257 at 1:24-2:2, 4:1-7:3 ("BCBSA Supp. Br."). In fact, every merits argument EPPs accuse this Court of failing to consider was already raised in prior briefing and addressed during hearings on the motions to dismiss, the order dismissing BCBSA's claims, or both. As a result, EPPs' Motion should be denied.

- 1 -

# BACKGROUND

EPPs' Motion presents the exact same arguments they have made on several occasions, citing no new law or facts:

- ***Motion for Leave to Amend the Complaint.*** On November 4, 2021, EPPs moved to amend the complaint to add BCBSA as a named plaintiff. EPPs' Mot. to Amend (Nov. 4, 2021), ECF No. 710. Defendants opposed, arguing that BCBSA lacked standing because BCBSA never used its own funds to pay or provide reimbursement for the relevant products. Defs.' Opp. to EPPs' Mot. to Amend (Nov. 18, 2021), ECF No. 730 at 1-2. In reply, EPPs argued—falsely, as confirmed by discovery in this case—that BCBSA itself purchased these products; BCBSA also argued that it was not a federal government entity excluded from the proposed classes. EPPs' Reply in Supp. of Mot. to Amend Compl. (Nov. 24, 2021), ECF No. 747 at 3-6. A hearing was held on December 9, 2021. ECF No. 772.

- ***Motion to Dismiss BCBSA's Claims for Lack of Standing.*** On February 3, 2022, Defendants moved to dismiss BCBSA for lack of standing, citing the few documents produced by BCBSA at that time, as well as a number of court findings in other cases that were in accord. Defs.' Mot. to Dismiss BCBSA (Feb. 3, 2022), ECF No. 859-3 at 1. This evidence showed that BCBSA did not use its own funds to pay for pharmacy claims, faced no real risk of doing so in the future, and had no authority to bring antitrust claims on behalf of OPM. *Id.* BCBSA's opposition repeated its earlier arguments: that premiums used to pay claims belong to BCBSA (not OPM), that BCBSA bears a theoretical risk of paying claims in the future, and that BCBSA had the right to pursue antitrust claims on behalf of OPM (although BCBSA cited no statute, contract provision, regulation, or court decision recognizing such a right in that, or any other, brief). EPPs' Opp. to Defs.' Mot. to Dismiss BCBSA (Feb. 17, 2022), ECF No. 897 at 4-5, 15. A hearing was held on March 3, 2022. ECF No. 941.

- ***Renewed Motion to Dismiss BCBSA's Claims for Lack of Standing.*** On June 1, 2022, Defendants filed a renewed motion to dismiss BCBSA, citing undisputed testimony from BCBSA's own corporate representative, as well as newly produced documents, confirming that BCBSA has never used its own money to pay for any pharmacy benefits (and thus lacks

- 2 -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

standing to pursue damages), that BCBSA does not underwrite any insurance risk, and that BCBSA is not likely to pay for any pharmacy benefits in the future (and thus lacks standing to seek injunctive relief). Defs.' Renewed Mot. to Dismiss BCBSA (June 1, 2022), ECF No. 1121-3 at 5, 11, 15 ("Defs.' Renewed Mot."). In opposition, BCBSA once again argued that FEP premium dollars (in some sense) belong to BCBSA, not OPM, that FEHB carriers may bear risk, and that because FEHB carriers can pursue some types of relief (like subrogation and reimbursement) on behalf of the federal government, they ought to be able to pursue antitrust claims as well. BCBSA's Opp. to Defs.' Renewed Mot. to Dismiss BCBSA (June 15, 2022), ECF No. 1173 at 19, 21, 24. A hearing was held on July 21, 2022. ECF No. 1239.

- ***Supplemental Briefing on the Renewed Motion.*** On July 23, 2022, the Court ordered the parties to submit supplemental briefing addressing *Goncalves*. Order (July 23, 2022), ECF No. 1242. Defendants' supplemental brief argued that *Goncalves* confirmed what the record here has proven: that the premium dollars used to pay benefits belong to OPM, not BCBSA. Defs.' Supp. Br. in Supp. of Renewed Mot. to Dismiss BCBSA (July 29, 2022), ECF No. 1258 at 2-4 ("Defs.' Supp. Br."). BCBSA asserted that *Goncalves* made "factual missteps" that this Court should disregard, and that because FEHB carriers are authorized to bring certain claims (like for subrogation) on behalf of OPM, this Court should extrapolate that authority to allow FEHB carriers to bring any other claims they wish on behalf of OPM or "FEHBA plans." BCBSA Supp. Br. at 4-7.

- ***Order Granting Defendants' Renewed Motion.*** On August 5, 2022, the Court granted Defendants' renewed motion to dismiss. Along with its discussion of *Goncalves*, the Court relied on the evidence obtained during discovery proving that BCBSA lacks standing. Specifically, the Court described the testimony of BCBSA's 30(b)(6) witness, Ms. Tracy Holladay, when discussing its finding on "the question of 'whose money' is used to pay benefits: it is the government's and not BCBSA's":

> Notably, even BCBSA's 30(b)(6) witness (Ms. Holladay) never claimed, in her deposition, that the money in the LOCA or the FEP Operating Account belonged to BCBSA outright. She simply testified that the LOCA funds could be used only for the FEP program and that the funds were BCBSA funds "in

the sense that we are the agent for the plans related to the [FEP], and [BCBSA], as the agent, has access to the [LOCAs] and uses those funds to administer the pharmacy benefits." Burke Decl., Ex. C (Holladay Depo. at 61); *see also* Burke Decl., Ex. C (Holladay Depo. at 63-64) (stating that "the funds in the LOCA are Blue Cross Blue Shield funds because they are specific to the premiums for the program[;] [p]remiums for another carrier in the FEHB P are not deposited into our LOCA accounts" but rather "[t]hey're strictly the funds for Blue Cross Blue Shield.").

Order at 5:10-20. After noting there was no dispute about the general payment process for pharmacy benefits, the Court referred to facts developed during discovery here, including that "BCBSA has a FEP Operating Account (a bank account) and it transfers funds from the FEP Operating Account to pay the PBM. On the same day, BCBSA draws the funds from the LOCA to the FEP Operating Account to cover the cost of the pharmacy benefit expenses." *Id.* at 2:20-3:5. With respect to the question of injunctive relief, the Court concluded that BCBSA lacked standing because even Ms. Holladay confirmed that OPM funds had always been used to pay claims and would be used to pay claims in the future: "there has never been a shortfall in the sixty-plus years that the FEP has been in existence and BCBSA's own admission [is] that there is no expectation that there will be insufficient funding for benefits in 2022." *Id.* at 7:7-10. The Court also referred to the record here in finding that, after sending OPM's funds to the PBM to pay for pharmacy claims, "BCBSA internally allocates and reports the pharmacy benefit expenses to the Local Blues (based on the zip codes of the members receiving the prescriptions)." *Id.* at 3:3-5. In addition, the Order addressed the statutory, regulatory, and contract provisions identified by EPPs and Defendants. *Id.* at 2:6-3:17.

**ARGUMENT**

It is well-established in the Ninth Circuit that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *See Kona*, 229 F.3d at 890 (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). EPPs' Motion identifies no change in controlling law or newly discovered evidence; instead, EPPs seek reconsideration only because they assert that this Court committed "clear error."

1  Specifically, EPPs argue that this Court "manifestly failed to consider the facts presented in this case,
2  instead importing 'facts' from another case but that have no grounding in the evidence here."  Mot. at
3  4:11-12.  Not so.  In its Order, the Court expressly identified the pertinent record facts, with which the
4  factual discussion in *Goncalves* is entirely aligned.  *See e.g.*, Order at 5:10-20, 7:7-10.  While EPPs
5  insist that reconsideration should be granted because they have had no opportunity to address what they
6  call "the factual missteps in *Goncalves*" (Mot. at 1:25-2:2), this assertion is transparently false given
7  BCBSA's lengthy discussion of *Goncalves*'s supposed "factual misstep[s]" in BCBSA's previously-
8  submitted supplemental brief.  BCBSA Supp. Br. at 1:24-2:2, 4:1-7:3.  As discussed below, EPPs'
9  assertions are meritless.  Moreover, none of EPPs' arguments—all of which the Court has previously
10 considered—demonstrates that BCBSA has standing.

## I.   THERE IS NO "MANIFEST FAILURE BY THE COURT TO CONSIDER MATERIAL FACTS"

13  The Court relied on the record in this case when it granted Defendants' renewed motion to
14 dismiss; EPPs' argument to the contrary is wrong.  For instance, in the "Factual & Procedural
15 Background" section, the Order cites BCBSA's contract with OPM (Order at 2:6-7, 3:12-13), the
16 record evidence incorporated in the parties' briefs (*id.* at 2:20-3:5), and the statutory and regulatory
17 provisions EPPs cited in an effort to manufacture standing (*id.* at 2:9-19, 3:6-12).  Further, in the
18 "Discussion" section addressing the bases for granting Defendants' renewed motion, the Order recites
19 testimony by BCBSA's 30(b)(6) witness, Ms. Holladay, for each of its factual findings, including
20 (1) that the funds used to pay pharmacy claims were not BCBSA's (*id.* at 5:10-20), and (2) that there
21 is no imminent risk of harm to BCBSA (*id.* at 7:7-10 (referring to Holladay Dep. Tr. Vol. 1 at 51:19-
22 52:11, 55:19-56:12; 103:7-13 (filed June 8, 2022), ECF No. 1163-1) ("Holladay Dep. Tr. Vol. 1")).

23  The Court similarly discussed the record during the July 21, 2022 hearing on the renewed
24 motion to dismiss, including the potentially relevant contract provisions and the deposition testimony
25 Defendants obtained.  *See, e.g.*, July 21, 2022 Hr'g Tr. at 6:2-4, 12:9-10, 15:13-15, 24:14-23, 26:15-
26 17, 28:16-19, 29:24-30:8.  There is no colorable basis to argue there was a "manifest failure by the
27 court to consider material facts" when the Order recites the record facts and the Court describes those
28 facts in its findings.  *See, e.g.*, *Altbaier v. Down-Lite Int'l, Inc.*, No. 19-cv-4348, 2019 U.S. Dist. LEXIS

- 5 -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

150712, at *8-9 (N.D. Cal. Sept. 4, 2019) (Chen, J.) (denying reconsideration where the court had previously explained its reasoning for adopting the magistrate judge's order and thus plaintiffs failed to show "a manifest failure by the court to consider material facts"); *United States v. Acad. Mortg. Corp.*, No. 16-cv-2120, 2021 U.S. Dist. LEXIS 205397, at *2 (N.D. Cal. Oct. 25, 2021) (Chen, J.) (denying reconsideration where both the magistrate judge and district judge previously considered and rejected defendant's factual arguments).

Nevertheless, EPPs argue that this Court "ignored" the record because it did not find that "[t]he record in this case shows FEHB Program carriers, including BCBSA, bear risk" or that "[t]he record in this case shows the premium dollars at issue belong to the FEHB Program plan, not OPM." Mot., at 1:13, 2:14-3:16; *see also id.* at 5:21-6:7. But these statements are EPPs' *arguments*—not citations to the record, which establishes that any theoretical risk never has been triggered and the premium dollars belong to OPM, not BCBSA. *See infra* Sec. III. That the Court found against EPPs on these arguments is not a basis for asserting the Court ignored the record. *See, e.g.*, *In re TracFone Unlimited Serv. Plan Litig.*, No. 13-cv-3440, 2015 U.S. Dist. LEXIS 105512, at *4 (N.D. Cal. Aug. 10, 2015) (denying motion for reconsideration when "all of the arguments . . . were previously presented to (and rejected by) this Court"); *Altbaier*, 2019 U.S. Dist. LEXIS 150712, at *8-9; *Acad. Mortg. Corp.*, 2021 U.S. Dist. LEXIS 205397, at *2. Moreover, the Court considered—and rejected—both these arguments. First, the Court found that whatever risk BCBSA or the Local Blues may have never has been triggered "in the more-than-sixty years that the FEP has been in existence," and Ms. Holladay did not expect OPM to run out of funds to pay for all benefits this year. Order at 4:14-23, 7:1-10. Second, the Court found that the evidence establishes that the funds used to pay for benefits belong to OPM, not BCBSA, and cited the fact that Ms. Holladay "never claimed, in her deposition, that the money in the LOCA or the FEP Operating Account belonged to BCBSA." Order at 5:11-20. In short, the Court relied on the record in concluding that BCBSA lacks Article III standing.

**II.   THE COURT DID NOT IMPROPERLY RELY UPON *GONCALVES***

EPPs argue that the Court committed "clear error" because it allegedly decided this case based solely on *Goncalves* and "felt bound" by the decision, even though *stare decisis* does not apply to facts. Mot. at 1:7-9, 4:11-19. But the Order never refers to being bound by the Ninth Circuit's findings in

- 6 -

1    *Goncalves*, and EPPs' speculation otherwise should be disregarded.  *See generally* Order.

2         None of the cases EPPs cite in their Motion is relevant to the issue at hand: here, the Court considered underlying information from *Goncalves* that was consistent with the facts and record *in this case*. Unlike EPPs' inapposite citations (Mot. at 4:20-5:20), the Court did not apply *stare decisis*, issue preclusion, or any related doctrines; nor did it adopt any facts from *Goncalves* contradicting the record here. *See, e.g.*, *Planned Parenthood v. Casey*, 505 U.S. 833, 991 (1992) (Scalia, J., dissenting) (objecting to the majority's application of *stare decisis* because, in part, it failed to "result in any measurable clarification of the 'undue burden' standard"); *United States v. Cardales-Luna*, 632 F.3d 731, 735 (1st Cir. 2011) (holding *stare decisis* bound the court to follow the decision in a criminal case in which defendant was tried jointly with others); *Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001) (contrasting controlling and persuasive authority); *Partos v. Pac. Coast S.S. Co.*, 95 F.2d 738, 742 (9th Cir. 1938) (addressing cases with different factual situations, and merely noting in *dicta* that a case with similar circumstances "would not prevent us from weighing the evidence and making the contrary finding"). Instead, the Court cited *Goncalves* as bolstering Defendants' well-supported view of the evidence *in this case*, which showed that BCBSA does not practically bear any risk and never has used its own funds to pay claims. *See, e.g.*, Order at 4:9-23.

         Further, as the Court noted, it is hypocritical for EPPs to dispute the materiality of *Goncalves*, which EPPs attempted to do in their supplemental brief, while simultaneously arguing that the Court should credit documents from other litigations (which allegedly support EPPs' position). *Id.* at 6:17-19 ("BCBSA can hardly dispute that the *Goncalves* statements are material: In opposing this motion to dismiss, BCBSA repeatedly cited from a brief filed by the federal government in *Health Care Service Corporation v. Pollitt . . . .*"). Ironically, in arguing that this Court committed clear error by considering an outside case (*Goncalves*), EPPs rely on a brief from an outside case to argue that FEHB carriers may bear risk. Mot. at 6:11-15 (quoting a reply brief from *Blue Cross & Blue Shield of Illinois v. Cruz*). EPPs' reliance on materials from other cases, both in attempting to avoid dismissal and to seek reconsideration, exposes as meritless EPPs' criticism of this Court for considering *Goncalves*.

         EPPs also are wrong that the Ninth Circuit's assertions in *Goncalves* contradict the record here. *See* Mot. at 6:6-7. While *Goncalves* does contradict *EPPs' arguments*, the factual recitations in

- 7 -

*Goncalves* are entirely consistent with the evidence developed here: both show that under the FEHBA a "carrier" does not own the funds and is not at any practical risk of paying claims. *See* Defs.' Supp. Br. at 1-4; *see also* Decl. of Tracy Holladay, (filed Feb. 3, 2022), ECF No. 958, ¶ 10 ("Holladay Decl."); Holladay Dep. Tr. Vol. 1 at 50:16-51:18. *Goncalves* is also consistent with a long line of decisions and court documents noting that "BCBSA does not have skin in the game," including statements BCBSA made in prior litigations. *See, e.g.*, *Helfrich v. Blue Cross & Blue Shield Ass'n*, 804 F.3d 1090 (10th Cir. 2015); Def. Blue Cross & Blue Shield Ass'n Opp'n to Pls.' Mot. for Class Cert. at 2-3, *Fero v. Excellus Health Plan Inc.*, No. 15-cv-06569 (W.D.N.Y. Jan. 28, 2020), ECF No. 414; *In re Blue Cross Blue Shield Antitrust Litig.*, 308 F. Supp. 3d 1241, 1250 (N.D. Ala. 2018); Holladay Decl., ¶ 10. And, contrary to EPPs' argument in their Motion (Mot. at 6:7-8), *Goncalves* also is consistent with the record in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). *See* Defs.' Supp. Br. at 6:5-21 (quoting Empire Healthchoice Assur., Inc. Pet. Br., 2006 U.S. S. Ct. Briefs LEXIS 316, at *17, *73 (Feb. 24, 2006) (the funds used to pay FEP benefits are "not the property of the carrier" and an "FEHBA carrier has no interest in those funds") and Br. for the United States as Amicus Curiae Supp. Pet., 2006 U.S. S. Ct. Briefs LEXIS 290, at *32 (Feb. 24, 2006) ("[T]he carrier has no direct stake . . . . The proceeds of the suit belong to the United States.")). Independent of *Goncalves*, the documents and testimony here—and in other cases—are uncontroverted in establishing that BCBSA lacks standing because it does not use its own funds to pay claims and faces no real risk of doing so.

### III.   EPPS AGAIN FAIL TO CARRY THEIR BURDEN OF PROVING THAT BCBSA HAS BEEN INJURED OR IS IMMINENTLY LIKELY TO BE INJURED

BCBSA should not be given a fourth opportunity to try to prove that it has standing because EPPs' Motion identifies no newly discovered evidence or law that should change the Court's prior, well-supported, well-reasoned conclusion: BCBSA has never paid for any pharmacy benefits with its own funds and thus does not have standing. BCBSA's desire to rehash issues that were previously briefed, considered, and decided is not a valid basis to bring a motion for reconsideration. *See, e.g.*, *Asetek Danmark A/S v. Coolit Sys.*, No. 19-cv-410, 2020 U.S. Dist. LEXIS 181122, at *2-3 (N.D. Cal. Sept. 29, 2020) (Chen, J.) (denying reconsideration where motion merely rehashed prior arguments in contravention of Civil L.R. 7-9, and where none of the three reasons for reconsideration applied);

- 8 -

DEFENDANTS' OPPOSITION TO END-PAYOR PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER DISMISSING BLUE CROSS BLUE SHIELD ASSOCIATION
CASE NO: 3:19-CV-02573-EMC

*Johnston v. Uber Techs., Inc.*, No. 16-cv-3134, 2019 U.S. Dist. LEXIS 198633, at *2 (N.D. Cal. Nov. 15, 2019) (Chen, J.) ("Nor is reconsideration to be used to ask the Court to rethink what it has already thought.") (quoting *Gray v. Golden Gate Nat'l Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011)); *Great Am. Ins. Co. v. Chang*, No. 12-cv-833, 2013 U.S. Dist. LEXIS 107669, at *8 (N.D. Cal. July 31, 2013) (awarding sanctions against defendants where motion for reconsideration repeated the same arguments in their summary judgment opposition).

For all its rhetoric, EPPs' Motion cannot and does not show that BCBSA used its own money to pay pharmacy claims, or that BCBSA likely will do so in the future, and these are the only issues that matter for purposes of standing. *See, e.g.*, Defs.' Renewed Mot. at 5-11, 15-16; Defs.' Reply in Supp. of Renewed Mot. to Dismiss BCBSA (June 22, 2022), ECF No. 1189 at 4-11 ("Defs.' Reply"). For instance, while EPPs contend that "[a]ll evidence" shows BCBSA bears "the risk of any shortfall of premium dollars" and that "defense counsel acknowledged this truth during oral argument," EPPs are completely incorrect. Defendants have extensively shown that BCBSA does not underwrite or bear any risk, because it offloaded any theoretical risk of paying claims onto the Local Blues. Defs.' Renewed Mot. at 12-15; Defs.' Reply at 3-4. That is precisely what defense counsel explained during oral argument. July 21, 2022 Hr'g Tr. at 21:23-23:18. Moreover, Ms. Holladay testified that even as to the Local Blues this theoretical underwriting risk has never been triggered in the 62-year history of the program, and there is no expectation it would be triggered this year. *See* Holladay Dep. Vol. 1 Tr. at 51:19-52:11, 55:19-56:12, 103:7-13. She also confirmed that "unless and until" "all of the funds associated with the Service Benefit Plan in the U.S. Treasury are exhausted, including the premiums collected for the year and placed in the LOCA, the special reserve in the LOCA, and the contingency reserve that is kept separate from the LOCA (but which is also kept within the U.S. Treasury Fund)," "the federal government's funds are the only funds at stake." Holladay Decl., ¶ 10; *see also* Holladay Dep. Tr. Vol. 1 at 50:16-51:18 (confirming these statements as true). The law is clear that simply stating a risk is borne is insufficient to confer standing for injunctive relief, without establishing a "real and immediate threat of repeated injury." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). EPPs proffer no evidence of a "real and immediate threat of repeated injury" in their Motion, and the Court cited the record evidence showing there is no such risk in its Order.

EPPs also re-raise their unsupported assertion that the funds used to pay benefits "belong" to each specific FEHB plan—not OPM or BCBSA—and that BCBSA must have standing to bring antitrust claims on behalf of the "FEHB Plan." Mot. at 1. These arguments, too, were comprehensively briefed by the parties. As Defendants showed in multiple sets of briefings, EPPs cannot identify any contractual provision authorizing BCBSA to bring an antitrust suit on behalf of the "FEHB Plan" or OPM; nor is the "FEHB Plan" or "FEP" an injured person that has standing to sue itself, and so is able to confer such standing to BCBSA contractually (which also did not occur). *See, e.g.*, Defs.' Supp. Br. at 7. EPPs never had support for this theory and cite nothing that supports it now.

Finally, EPPs complain that "the Court erred in determining that BCBSA has no standing because federal government entities are excluded from the proposed classes," because "[t]he Court failed to engage" with EPPs' arguments that the "FEHB program is a non-federal government health care program administered by non-governmental entities" and the funds used to pay pharmacy claims are partially derived from federal government employees. Mot. at 7-8 (citing Order at 7). But the Court specifically engaged counsel for BCBSA on these issues during the July 21, 2022 hearing, asking counsel to state the basis for BCBSA's "ability and standing to sue on behalf of the plan, even though they [BCBSA] don't have any money directly at stake here." July 21, 2022 Hr'g Tr. at 28:8-19. EPPs failed to identify any such basis at the hearing, during the supplemental briefing, and in this Motion as well. *See In re TracFone*, 2015 U.S. Dist. LEXIS 105512, at *7-8 (denying motion for reconsideration when plaintiff did "not make any additional showing that he has found (or is likely to ever find) evidence that demonstrates that he is a class member").

\*   \*   \*

The parties have addressed the lack of BCBSA's standing exhaustively over four sets of briefing (not including this Motion) and three hearings over the last ten months. *See supra* Background. Every issue identified by EPPs in their Motion has been litigated by the parties, often repeatedly, and has been fully addressed by the Court. *Id.* The Court's decision was well-reasoned and amply supported by the undisputed discovery record. Nothing in EPPs' Motion warrants reconsideration.

### IV. THE TIMING OF EPPS' MOTION SUGGESTS IT HAS BEEN BROUGHT IN AN EFFORT TO FIX DEFICIENCIES WITH THEIR PROPOSED CLASSES, AND NOT OUT OF DILIGENCE TO CORRECT ANY ERROR BY THE COURT

A party seeking leave to move for reconsideration must show it exercised "reasonable diligence in bringing the motion" to correct an error by the court. N.D. Cal. Civ. L.R. 7-9(b). Here, however, EPPs waited nearly a month to file their Motion, doing so only after the class-certification hearing. At that hearing, Defendants emphasized that the putative class representatives purchased class products in only a few of the 35 states at issue, and "this District consistently has applied" the rule against certifying classes that include members in states where no representative made purchases. *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-2420, 2014 U.S. Dist. LEXIS 141358, at *106-08 (N.D. Cal. Oct. 2, 2014) (collecting cases and finding the rule against certifying headless damages classes applies regardless of whether the defect is one of a lack of standing, a lack of adequacy and typicality, or both).

As shown above, EPPs' stated rationale for bringing the instant Motion appears to be pretextual, because EPPs already tried and failed to convince the Court that the evidence here contradicts the Ninth Circuit's recognition in *Goncalves* that carriers like BCBSA do not pay claims with their own funds or bear actual risk. Thus, EPPs' late-breaking Motion appears to be merely a transparent effort to hedge their bets on their request that this Court depart from unanimous authority and certify headless damages classes, despite unanimous authority holding that no such classes may be certified. *See, e.g.*, *In re Glumetza Antitrust Litig.*, No. 19-cv-05822, 2020 U.S. Dist. LEXIS 39649, at *38-40 (N.D. Cal. Mar. 5, 2020) (holding this is a standing defect that requires dismissal under *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015) (Chen, J.) (dismissing such claims as a standing defect); *Sultanis v. Champion Petfoods U.S. Inc.*, No. 21-cv-162, 2021 U.S. Dist. LEXIS 145293, at *23-27 (N.D. Cal. Aug. 3, 2021) (Chen, J.) (dismissing such claims as an adequacy/typicality defect).

As Defendants observed, the Ninth Circuit has treated the issue of headless damages classes as an Article III standing defect, and vacated a certified class bringing Fourth and Eighth Amendment claims because the only appointed representative was a convicted prisoner and, thus, lacked standing to represent class members who could only bring Fourth Amendment claims. *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). EPPs ignored *Hawkins* in their class certification reply

- 11 -

1   brief, and during the hearing only attempted to distinguish it by arguing that Fourth and Eighth
2   Amendment claims have somewhat different elements.  But *Hawkins* did not turn on any difference in
3   the elements of the claims; instead, *Hawkins* held that "[a] named plaintiff cannot represent a class
4   alleging [] claims that the named plaintiff does not have standing to raise"—it did not matter that the
5   plaintiff proposed to use common proof for all claims or even that he and the class members "share[d]
6   other claims in common." *Id.*  Further, EPPs' oral-argument attempt to distinguish *Hawkins* fails
7   because EPPs invoke a plethora of antitrust and consumer protection claims that, like Fourth and Eighth
8   Amendment claims, also have differing elements.  *See, e.g.*, *In re Intel Corp. Microprocessor Antitrust
9   Litig.*, No. 05-md-1717, 2010 U.S. Dist. LEXIS 144511, at *172-73 (D. Del. July 28, 2010) (holding
10  that, even among *Illinois Brick* repealer states, potentially applicable "antitrust and/or consumer
11  protection laws . . . differ as to the elements of the claim, who has standing, the procedural devices
12  available to plaintiffs, the amount of damages recoverable, the requisite proof of damages," and other
13  issues); *see also In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 99 (S.D.N.Y. 2017) (declining to
14  certify classes under the antitrust laws of nine states because citing harmonization provisions alone did
15  not "demonstrate, through an extensive analysis of state law variances, that class certification does not
16  present insuperable obstacles" given differences with the requisite proof of injury, threshold for
17  damages, who can recover, and what damages (*i.e.*, actual, enhanced, or treble) are recoverable).

18      While Defendants believe the headless-class problem is an Article III defect that precludes
19  certification here in all but a few states, this Court has held that adequacy and typicality also bar a
20  plaintiff from bringing claims on behalf of class members in states where the plaintiff made no
21  purchases, given differences among states' consumer protection laws (many of which EPPs invoke).
22  *Sultanis*, 2021 U.S. Dist. LEXIS 145293, at *23-27.  Not only does BCBSA lack standing—as the
23  Court found based on the record in this case—but EPPs' desire to avoid the same outcome here is not
24  a valid basis to seek reconsideration, or to wait to do so until after EPPs were confronted again with
25  the headless-class defect that is dispositive of most of EPPs' class claims.

26
27
28

# CONCLUSION

For the foregoing reasons, and as detailed in Defendants' briefing in support of their motions to dismiss, the Court should deny EPPs' Motion for Leave to File Motion for Reconsideration of Order Granting Defendants' Motion to Dismiss BCBSA.

Dated:   September 6, 2022        Respectfully submitted,

WHITE & CASE LLP

By:   */s/ Heather M. Burke*
Heather M. Burke (SBN 284100)
Jeremy K. Ostrander (SBN 233489)
**WHITE & CASE** LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com
jostrander@whitecase.com

Christopher M. Curran (*pro hac vice*)
Peter J. Carney (*pro hac vice*)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005-3807
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
ccurran@whitecase.com
pcarney@whitecase.com

Heather K. McDevitt (*pro hac vice*)
Bryan D. Gant (*pro hac vice*)
Michael E. Hamburger (*pro hac vice*)
Kristen O'Shaughnessy (*pro hac vice*)
Raj S. Gandesha (*pro hac vice*)
**WHITE & CASE** LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
hmcdevitt@whitecase.com
bgant@whitecase.com
mhamburger@whitecase.com
kristen.oshaughnessy@whitecase.com
rgandesha@whitecase.com

1
2
        Attorneys for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC

3
        */s/ Paul J. Riehle*
        PAUL J. RIEHLE (SBN 115199)
4
        Paul.Riehle@faegredrinker.com
        FAEGRE DRINKER BIDDLE & REATH LLP
5
        Four Embarcadero Center, 27th Floor
        San Francisco, CA 94111-4180
6
        Telephone: (415) 591-7500
        Facsimile: (415) 591-7510

7
8
        PAUL H. SAINT-ANTOINE (*pro hac vice*)
        Paul.Saint-Antoine@faegredrinker.com
        JOANNE C. LEWERS (*pro hac vice*)
9
        Joanne.Lewers@faegredrinker.com
        FAEGRE DRINKER BIDDLE & REATH LLP
10
        One Logan Square, Ste. 2000
        Philadelphia, PA 19103
11
        Telephone: (215) 988-2990

12
        Attorneys for Defendants
        JANSSEN R&D IRELAND,
13
        JANSSEN PRODUCTS, LP, and
        JOHNSON & JOHNSON

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) of the Northern District of California, regarding signatures, I, Heather M. Burke, attest that concurrence in the filing of this document has been obtained.

Executed:    September 6, 2022         */s/*          *Heather M. Burke*
                                                 Heather M. Burke