UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE HIV ANTITRUST LITIGATION

Case No. 19-cv-02573-EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISCLOSE PROTECTED MATERIAL**

Docket No. 1385

Currently pending before the Court is Plaintiffs' motion to disclose protected material (*i.e.*, confidential information at all "levels" as designated by Defendants) to their expert, Dr. Strobos. The Court finds the matter suitable for disposition without oral argument. The hearing is **VACATED**, and the motion is **GRANTED** in part and **DENIED** in part.

Defendants have not shown that disclosure of protected material to Dr. Strobos would cause them any harm or prejudice. Accordingly, the Court orders that Dr. Strobos be allowed to review the information, so long as he signs the acknowledgments in the protective orders and agrees to be bound by those protective orders. Dr. Strobos is permitted to review the material whether to consult with Plaintiffs in preparation for trial or to be able to hear confidential information presented at trial. The Court notes that it is not categorically improper for Dr. Strobos to be both a testifying expert *and* a consulting expert, although this may lead to privilege battles (*i.e.*, if Dr. Strobos were to be shown documents over which Plaintiffs claim privilege). *See SEC v. Rio Tinto PLC*, No. 17cv7994 (AT) (DF), 2021 U.S. Dist. LEXIS 101657, at *15-16 (S.D.N.Y. May 28, 2021) ("Dual-capacity experts, or 'dual hat' experts, are single experts who serve as both non-testifying consulting experts and as testifying experts. When an expert serves in these two roles, courts 'are forced to grapple with what must be disclosed when an expert alternately dons

and doffs the "privileged" hat of a litigation consultant and the "non-privileged hat" of the testifying witness.'").

As for the issue of a supplemental report, it is true that the issue is technically premature as Plaintiffs have not yet had a chance to show Dr. Strobos the protected material. Nevertheless, it makes more sense for the Court to rule on the issue now because the issue has already been briefed and the relevant facts will not change even after Dr. Strobos views the protected material since resolution of the issue turns on whether Plaintiffs were diligent. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *cf. Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("'A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15.' Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

The Court finds that, based on the record submitted, Plaintiffs were not diligent in moving forward with a supplemental report from Dr. Strobos. Plaintiffs did not raise the issue of a supplemental report with Defendants until the day that his rebuttal report was due. Plaintiffs could easily have raised the issue with Defendants earlier. Alternatively, they could have raised the issue with the Court earlier.

This order disposes of Docket No. 1385.

IT IS SO ORDERED.

Dated: October 12, 2022

_____
EDWARD M. CHEN
United States District Judge