IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re HIV Antitrust Litigation* <br><br> _____ <br><br> This Document Relates to: <br> *KPH Healthcare Services, Inc. v. Gilead Sciences, Inc. et al.*, 3:20-cv-06961-EMC | Case No. 3:19-cv-02573-EMC (lead case) <br><br> [PROPOSED] ORDER GRANTING DPPS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT <br><br> Judge: Honorable Edward M. Chen |

Upon review and consideration of the Settlement Agreement by and between Plaintiff KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. ("KPH" or "Plaintiff"), individually and on behalf of the proposed Direct-Purchaser Settlement Class ("DPPs"), and Defendants Bristol-Myers Squibb Company and E.R. Squibb & Sons, LLC (together, "BMS"), dated March 30, 2022, along with the DPPs' Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") (ECF 1002, 1033), DPPs' Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"), DPPs' Motion for Approval of Expense and Service Awards (the "Expense and Service Award Motion") (ECF 1364), and all of their supporting memorandum and exhibits, IT IS HEREBY ORDERED that the motion is GRANTED as follows:

1. This Court incorporates by reference the definitions in the Settlement Agreement between DPPs and BMS filed with this Court (ECF 1002-1, at Exhibit 1), and all capitalized terms used shall have the meanings set forth in the Settlement Agreement.

2. This Court finds that the Settlement, including the Plan of Allocation attached as Exhibit H thereto, is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23.

3. This Court finds that notice of the Settlement has been given to the Direct-Purchaser Settlement Class in substantially the manner approved by this Court in its Preliminary Approval Order (ECF 1159), its Modified Notice Plan Order (ECF 1234), and its Final Approval Extension Order (ECF 1397).

4. This Court finds that the manner and forms of notice given constituted the best notice practicable under the circumstances. The manner and forms of notice were due, adequate, and sufficient, and met the requirements of due process and the Federal Rules of Civil Procedure.

5. This Court finds that Direct-Purchaser Settlement Class Members had a full and fair opportunity to exclude themselves from the Settlement, object to the Settlement, and/or participate in the Final Approval Hearing.

6. This Court directs that, for a period of five years, the Clerk of the Court shall maintain a record of the entities that have timely excluded themselves from the Direct-Purchaser Settlement Class.

7. This Court finds that all Direct-Purchaser Settlement Class Members that did not timely exclude themselves from the Direct-Purchaser Settlement Class shall be bound by the Settlement Agreement and all of its terms.

8. This Court finds that the Releasors shall be bound by the release set forth in Paragraphs 14 and 15 of the Settlement Agreement and shall be forever barred from asserting any claims or liabilities, as defined under Released Claims, against any of the Releasees.

9. This Court directs that this action be dismissed with prejudice as to BMS only, without costs, as provided in the Settlement Agreement.

10. This Court determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay, and thereby directs that the judgment of dismissal with prejudice as to BMS shall immediately be final and appealable in accordance with Fed. R. Civ. P. 54(b). The Clerk of the Court is directed to enter this Order and Final Judgment as to the DPPs' claims against BMS.

11. This Court directs the parties to consummate the Settlement pursuant to its terms.

12. This Court retains exclusive jurisdiction over the Settlement, including the administration and consummation of the Settlement.

13. The Court approves and finds as fair and reasonable the allocation of $2.5 million of the Settlement Fund for reimbursement to Co-Lead Settlement Class Counsel for partial reimbursement of their out-of-pocket costs, as requested in the Expense and Service Award

Motion, in accordance with the terms of the Settlement.

14. The Court approves and finds as fair and reasonable the allocation of $10,000 of the Settlement Fund to KPH for its service in litigating this case so far on behalf of the Direct-Purchaser Settlement Class, as requested in the Expense and Service Award Motion, in accordance with the terms of the Settlement.

15. Upon application, the Court will consider allocation from the Settlement Fund for Settlement Administration expenses and for Notice Expenses to the extent they are not paid by the BMS Notice Fund, in accordance with the terms of the Settlement.

IT IS SO ORDERED

Dated: November 18, 2022

_____
HON. EDWARD M. CHEN
United States District Judge