HILLIARD & SHADOWEN LLP
STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

*Co-Lead Counsel for End-Payor Plaintiff Classes*

(Additional Counsel for Plaintiffs Listed on Signature Page)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE HIV ANTITRUST LITIGATION* | Case No. 3:19-cv-02573-EMC<br><br>**END-PAYOR PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF COMPLERA CLASS DAMAGES CLAIM WITHOUT PREJUDICE** |
| This Document Relates To:<br><br>ALL ACTIONS | Date: March 16, 2023<br>Time: 1:30 PM<br>Ctrm: 5-17th Floor<br>Judge: Honorable Edward M. Chen |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT that on March 2, 2023, or as soon thereafter as this matter may be heard, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102-3489, in Courtroom 5 on the 17th Floor, before the Honorable Edward M. Chen, End-Payor Plaintiffs Ivy Kwan Arce, Gregg S. Gonsalves, Ph.D, Brenda Emily Goodrow, Andrew R. Spieldenner, Ph.D, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Service Employees International Union, Local No. 1 Health Fund, Josh McDonald, Troy Vazquez-Cain, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (together, "EPPs"), will move the Court for an order: (1) granting EPPs' Motion for Voluntary Dismissal of the Complera Class Damages Claim Without Prejudice pursuant to Fed. R. Civ. P. 23(e); (2) permitting EPPs to proceed with the Complera Class Injunctive Claim pursuant to Fed. R. Civ. P. 23(b)(3); and (3) directing that EPPs provide notice in the manner proposed by EPPs to the members of the Complera Class that previously received direct notice of its damages claim, and affording those members an additional opportunity to opt out.

## TABLE OF CONTENTS

STATEMENT OF THE ISSUE TO BE DECIDED ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1

I. INTRODUCTION ........................................................................................................................ 1

II. STANDARD ................................................................................................................................. 2

    A. Voluntary Dismissal of Complera Class Damages Claim ................................................ 2

    B. Continued Pursuit of Complera Class Injunctive Claim ................................................... 4

III. BASIS FOR THE REQUESTED RELIEF .................................................................................. 5

    A. The Summary Judgment Decision and Its Impact ............................................................ 5

    B. The Interests of the Complera Class Are Best Advanced By Allowing the Complera Class to Dismiss Its Damages Claim and Pursue Injunctive Relief Only .......... 6

IV. NOTICE ........................................................................................................................................ 9

V. CONCLUSION ........................................................................................................................... 10

...

# TABLE OF AUTHORITIES

**Cases**

*Alger v. FCA US LLC*, 334 F.R.D. 415 (E.D. Cal. Feb. 18, 2020)...................................................4

*Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378 (E.D. Cal. Oct. 12, 2021) ...............................................................................................................................8

*Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989)..........................2, 3, 8

*In re Toll Roads Litigation*, No. SACV 16-00262 AG (JCGx), consolidated with No. SACV 16-00940 AG (JCGx), 2018 WL 4952594 (C.D. Cal. July 31, 2018)......................4

*Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012)...................................................................................................................................8

*Martinez v. Blu Prods.*, CV-17-2507-GW(AGRx), 2019 WL 12838199 (C.D. Cal. Oct. 3, 2019)........................................................................................................................................5

*Quackenbush v. American Honda Motor Company, Inc.*, No. C 20-05599 WHA, 2021 WL 6116949 (N.D. Cal. Dec. 27, 2021).............................................................................4

*Richards v. Safeway Inc.*, No. 13-cv-04317-JD, 2015 WL 163393 (N.D. Cal. January 12, 2015)........................................................................................................................................3

*Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (Ex), 2019 WL 1940619 (C.D. Cal. Mar. 27, 2019).........................................................................................4

*Schwarm v. Craighead*, No. CIV. 05-01304 WBS GGH, 2011 WL 1232837 (E.D. Cal. March 31, 2011) ....................................................................................................................3

*Stern v. Docircle, Inc.*, No. SACV 12-2005 AG (JPRx), 2014 WL 12558847 (C.D. Cal. May 19, 2014).........................................................................................................................3

*Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048 (N.D. Cal. October 10, 2014)..............................................................................................................3, 8

*Tosti v. City of Los Angeles*, 754 F.2d 1485 (9th Cir. 1985) .......................................................8

**Rules**

Fed. R. Civ. P. 23(e) ...............................................................................................................2, 3, 9

**STATEMENT OF THE ISSUE TO BE DECIDED**

The issues to be decided are whether the Court should: (1) under Federal Rule of Civil Procedure Rule 23(e), approve the voluntary dismissal without prejudice of the Complera Class' damages claim, (2) under Federal Rule of Civil Procedure Rule 23(b)(3), permit the Complera Class to pursue the Complera purchaser's injunctive claim, and (3) under Federal Rule of Civil Procedure 23(e), direct notice to all of the entities that previously received direct notice of the Complera Class damages claim, affording those who are members of the Complera Class an additional opportunity to opt out.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This motion for approval of the voluntary dismissal of the Complera Class' damages claim and to seek only injunctive relief for that class is a counterpart to EPPs' proposed trial structure. As set forth in detail in Class Plaintiffs' and United's Brief on Trial Structure, EPPs seek a two-phase trial: in the first phase, the reverse-payment damages claims on Truvada and Atripla will be tried to a jury, and in the second phase, the Court will conduct a bench trial for injunctive relief on Complera and Evotaz. This motion to dismiss EPPs' damages claim on Complera is an adjunct to that trial structure. If the Court does not adopt that proposed trial structure, EPPs reserve the right to withdraw this motion to dismiss the Complera damages claims.

Pursuant to Fed. R. Civ. P. 23(e), EPPs seek this Court's approval to dismiss without prejudice the damages claim of the Complera Class certified by this Court on September 27, 2022. *See* ECF No. 1388. As set forth below, the summary judgment order issued by this Court on January 5, 2023, ECF No. 1599 ("SJ Order"), changed the factual terrain and context in which the Complera Class damages claim would be presented to a jury. Rather than being presented as an element of an overall monopolistic scheme, the Complera Class' damages claim would be tried focusing narrowly on a single No-Generics Restraint ("NGR"). Nor is Defendants' liability for the Complera NGR dependent upon the reverse payment claims of the Truvada and Atripla damages classes. As a result, it is the judgment of Class Counsel that the interests of the Complera Class members (99.32% of which are also members of the

Truvada or Atripla Class or both), as well as those of the Truvada Class and Atripla Class members, would be best served if the Complera Class damages claim is dismissed pursuant to Rule 23(e), with approval of the Court following notice and a second opportunity for Complera Class members to opt out.[1] *See* Declaration of Laura Craft, MPH, OnPoint Analytics, Inc. ("Craft Decl."), attached hereto as Exhibit A, at ¶ 2. Importantly, EPPs will continue to pursue injunctive relief for the Complera Class, including the elimination of the NGR and its effects, as permitted by this Court's SJ Order. *See* ECF No. 1599. This will provide significant relief to the Complera Class.

The certified Complera Class seeking damages consists only of TPP and government entities. Accordingly, should the Court preliminarily approve dismissal of the Complera Class damages claim, EPPs propose that all TPPs and the government entities that originally received direct notice, and had the opportunity at that time to opt out of the damages classes certified by the Court, receive a second notice advising of the proposed dismissal. This second notice would provide those class members with another opportunity to opt out of the certified Complera Class or to object to the dismissal of the damages claim. EPPs therefore seek an Order preliminarily approving the Complera Class damages claim dismissal and directing notice to the Complera Class in the manner proposed below.

## II.     STANDARD

### A.     Voluntary Dismissal of Complera Class Damages Claim

Rule 23(e) governs here and provides that the claims of a certified class may be voluntarily dismissed with the court's approval. Fed. R. Civ. P. 23(e). The court may approve such voluntary dismissal after finding that it is fair, reasonable, and adequate. *Id*. In considering a voluntary dismissal whether before or after a class has been certified, the court must "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). The court should inquire into

---

[1] We expect that other Plaintiffs that have Complera (or Evotaz) damages claims will voluntarily dismiss those claims if the Court dismisses EPPs' Complera damages claim.

possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it due to publicity or other circumstances; (2) lack of adequate time for class members to file other actions because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests. *Id*.

While such inquiries are required both before and after the class has been certified, more "substantive oversight" is required when reviewing a dismissal that is binding upon the class. *Richards v. Safeway Inc.*, No. 13-cv-04317-JD, 2015 WL 163393, at *2 (N.D. Cal. January 12, 2015) (citing *Diaz*, 876 F.2d at 1408. Courts in this district have described such oversight as a "full-bore fairness review." *Richards*, 2015 WL 163393, at *2 (N.D. Cal. January 12, 2015); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. October 10, 2014). As such, Rule 23(e) requires consideration of the adequacy of representation, the risks and benefits attendant to the proposed dismissal, and whether the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

Where a class action was previously certified under Rule 23(b)(3), the court may refuse to approve a dismissal unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so. Fed. R. Civ. P. 23(e)(4).

Where, as here, the proposal is to dismiss the claim without prejudice and the class is not bound by any determination, notice may not be required. *Stern v. Docircle, Inc.*, No. SACV 12-2005 AG (JPRx), 2014 WL 12558847, at *2 (C.D. Cal. May 19, 2014); *see also Schwarm v. Craighead*, No. CIV. 05-01304 WBS GGH, 2011 WL 1232837, at *4 (E.D. Cal. March 31, 2011) ("While Rule 23(e) does not provide exceptions to its notice requirements, courts have excused compliance with the notice requirements when doing so would not prejudice the class."). However, as set forth below, notwithstanding that EPPs seek to dismiss the Complera Class damages claim without prejudice, they propose that notice of such dismissal be provided to the members of the Complera Class who originally

received direct notice of the class certification, and that those class members be afforded "a new opportunity to request exclusion" pursuant to Rule 23(e)(4), giving them the opportunity to make clear their desire to preserve their individual damages claims. Additionally, should this Court find that a hearing is required on the issue of approval of the voluntary dismissal, EPPs propose to provide notice of the hearing directly to any objectors and on the class website. As explained further below, all of this can be accomplished well in advance of the scheduled late May trial date.

B.  **Continued Pursuit of Complera Class Injunctive Claim**

While EPPs propose to dismiss the damages claim of the Complera Class, EPPs will continue to pursue injunctive relief for the Complera Class to invalidate the Complera NGR and ensure entry of generic Complera. This Court certified the Complera Class consisting of TPPs under Rule 23(b)(3), which permits class members to "seek remedies at law and in equity for the claims that the Court has certified." *In re Toll Roads Litigation*, No. SACV 16-00262 AG (JCGx), consolidated with No. SACV 16-00940 AG (JCGx), 2018 WL 4952594, at *8 (C.D. Cal. July 31, 2018); *see also Quackenbush v. American Honda Motor Company, Inc.*, No. C 20-05599 WHA, 2021 WL 6116949, at *3, 9 (N.D. Cal. Dec. 27, 2021) (where plaintiffs sought damages class under Rule 23(b)(3) and alternatively, sought injunctive relief class under Rule 23(b)(2), the court denied without prejudice the request for an injunctive class after finding the 23(b)(3) class suitable for certification); *Alger v. FCA US LLC*, 334 F.R.D. 415, 431 (E.D. Cal. Feb. 18, 2020) (where plaintiffs sought damages class under Rule 23(b)(3) and injunctive class under Rule 23(b)(2), the court declined to certify a separate 23(b)(2) class at the time "because the certified 23(b)(3) class may seek injunctive relief"); *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (Ex), 2019 WL 1940619, at *14 (C.D. Cal. Mar. 27, 2019) (the court finding it "unnecessary [] to address whether certification under Rule 23(b)(2) [was] appropriate here since the court [was] certifying a class under Rule 23(b)(3)").

Thus, the Complera Class may obtain "any injunctive, declaratory, or other necessary relief they

might be entitled to in a Rule 23(b)(3) class action." *Martinez v. Blu Prods.*, CV-17-2507-GW(AGRx), 2019 WL 12838199, at *7 n.7 (C.D. Cal. Oct. 3, 2019). Complera purchasers had sought injunctive relief as part of the cART Foundation Drug Class, the principal claims of which (those other than the request for injunctive relief as to Complera) the Court has essentially dismissed. *See* ECF No. 1388; *see also* ECF No. 1599, at 43 and 70.

## III.     BASIS FOR THE REQUESTED RELIEF

### A.     The Summary Judgment Decision and Its Impact

EPP's proposal to pursue only injunctive relief with respect to Complera comes in the wake of the Court's January 5, 2023 SJ Order. ECF No. 1599. That decision has shifted the legal and practical terrain in several respects.

First, a jury trial on the Complera NGR made sense as one piece of a broader jury trial on what the plaintiffs had originally contended was an overall scheme to monopolize the cART Foundation Drug market. The summary judgment ruling has effectively gutted that claim, and the plaintiffs will not be pursuing it at trial. As the Court noted, "given the Court's ruling . . . on the TAF claims, it is not clear that the cART Foundation Drug Class has any claim remaining to pursue." ECF No. 1599 at 18 n. 12.

Second, the Court's ruling on the NGRs made the NGR claims less amenable to determination by a jury. In moving for partial summary judgment, plaintiffs sought to avoid jury confusion on the defendants' proffered procompetitive justifications for the NGRs by showing that they were either not cognizable or not plausible, or both, under a "quick look." ECF No. 1501 at 25-32. The Court denied that motion, but left alive for factual resolution several subtle issues, including: (1) whether the NGRs are prima facie anticompetitive, (2) "whether the NGRs prevent free riding or protect know-how," and (3) "whether there are alternatives less restrictive than the NGRs (e.g., a confidentiality provision)." ECF No. 1599 at 35, 41. These issues may now be difficult for a jury to resolve, especially when divorced from the context in which the plaintiffs contend they actually arose, *i.e.*, in the now-disallowed overall monopolistic scheme. Moreover, these issues are important not only for Complera purchasers, but also

(insofar as they may be different) for purchasers of the other FDCs protected by NGRs between Gilead and Janssen (*i.e.*, Odefsey, Smytuza, and Prezcobix). Those purchasers have a substantial interest in the outcome of the Complera litigation, which would likely establish an important precedent for their future claims.

Third, it is clear that the same jury should not be tasked with deciding the reverse-payment claims and the Complera NGR damages claim—the jury would be confused about both claims. The rule of reason operates somewhat differently with respect to each of the claims, requiring different jury instructions. And the market power inquiry, involving a "battle of the experts," ECF No. 1599 at 25, revolves around somewhat different considerations. *See* Plaintiffs' Omnibus Br. in Opp. to Defs.' Mtns. for Summary Judgment, ECF No. 1407-3, at 63-64. Any confusion would be to the detriment of Complera purchasers, as well as of the Truvada and Atripla damages classes. Notably, nearly all Complera Class members—approximately 99.32% of them—are also members of the Truvada and/or Atripla classes. Craft Declaration ¶ 2. Indeed, of the 441 TPPs that purchased Complera, **only three TPPs purchased only Complera.** *Id.*[2] Dismissing the Complera Class's damages claim will prevent potential jury confusion and strengthen the Truvada and Atripla claims, conferring a substantial benefit on all the classes, including the Complera Class.

### B. The Interests of the Complera Class Are Best Advanced By Allowing the Complera Class to Dismiss Its Damages Claim and Pursue Injunctive Relief Only

As discussed in detail above, Rule 23(b)(3) permits plaintiffs to pursue injunctive relief as well as damages. The Complera Class members were already also seeking injunctive relief for the Complera NGR as members of the cART Foundation Drug Class, which class satisfied the less stringent certification criteria of Rule 23(b)(2). Throughout this litigation, EPPs have been clear that they are seeking injunctive relief, including under the rubric of the cART Foundation Drug class, to eliminate the

---

[2] 438 also purchased either Truvada, Atripla, or both. Craft Declaration ¶ 2.

Complera NGR and its effects. *See, e.g.*, First Amended Consolidated Class Action Compl., ECF No. 347, ¶ 625D (seeking injunctive relief to prevent Defendants from "enforc[ing] the No-Generics Restraints that would otherwise prohibit Janssen or BMS from making or marketing competing FDCs after the expiration of Gilead's relevant patents"); EPP Reply Mem. in Support of EPPs' Amended Mtn. for Class Cert., ECF No. 1198, at 24 (refuting Defendants' arguments that "an injunctive relief class cannot include purchasers of drugs (Atripla, Truvada, and Complera) who are also seeking damages"); Expert Report of Danield L. Rubinfeld (June 23, 2022), ECF No. 1197-7 at ¶ 204-206 (making case for injunctive relief to at least "invalidat[e] . . . the anticompetitive NGRs"). As such, the Complera Class is well-suited to continue the EPPs' pursuit of such relief.  The Complera Class's single damages (before accounting for opt outs) are about $25-$50 million. Richard G. Frank Supplemental Expert Report, ECF No. 1197-9 at ¶ 151.  Injunctive relief to eliminate the Complera NGR (and ensure the entry of generic Complera) is valuable, with recent relevant Complera sales at about $50 million per year. *Id*. at E.1 (data through Feb. 2022).

As demonstrated above, dismissing the damages claim will benefit the Complera Class and the other classes in the wake of the Court's SJ Order. Accordingly, it is EPP Class Counsel's judgment that judicial efficiency and the interests of all the classes, including the Complera Class, would be best advanced by dismissing the Complera Damages claim and trying the Complera NGR injunctive claim to the Court rather than a jury. Moreover, the Court is now fully immersed in the NGR issues and is practically best suited to resolve them as the factfinder.

Dismissing the damages claim without prejudice will allow those who wish to pursue damages to do so. Further, no prejudice results from any class member's reliance on this action, of which they received direct notice in December 2022, because the proposed notice of the dismissal of the Complera Class damages claim will be promptly distributed after March 15, 2023 which is the close of the opt-out period pursuant to the original notice. *See Diaz*, 876 F.2d at 1408 (directing courts to consider whether

there is prejudice from "class members' possible reliance on the filing of the action if they are likely to know of it due to publicity or other circumstances"). As such, given that: (1) the applicable statute of limitations is tolled as to class members' individual claims while the class action is pending prior to opting out and (2) the action was filed in May 2019, ECF No. 1, seeking damages under statutes with no less than a 2-year statute of limitations, ECF No. 1198 at 6-7, and (3) the damages sought are for purchases made after February 1, 2018, there is no imminent statute of limitations that will bar Complera class members from filing suit and they will not be prejudiced by lack of adequate time to file their own actions. *See Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985) (holding that when class certification has been granted, the statute of limitations "begins running anew from the date when the class member exercises the right to opt out because before this time, the class member is deemed to be actively prosecuting her rights"); *Casey v. Medcursor, Inc.*, No. 1:21-cv-00711-DAD-SAB, 2021 WL 4751378, at *2 (E.D. Cal. Oct. 12, 2021) (noting that any individual claims of putative class members had been tolled since the commencement of the class action claim) (citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804) (2018)); *Tombline*, No. 13-cv-04567-JD, 2014 WL 5140048, at *3 (N.D. Cal. October 10, 2014) (holding that the filing of the class action complaint tolled the statute of limitations); *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 WL 5940846, at *2 (N.D. Cal. Nov. 27, 2012) (holding that because the parties intended to dismiss the class claims without prejudice, absent class members could still bring suit against defendants and the claims would not be time-barred because of the class action tolling doctrine; *see also Diaz*, 876 F.2d at 1408 (instructing district courts to inquire into possible prejudice from class members' possible reliance on the filing of the action).

    Nor is this dismissal proposed as a result of collusion, or in furtherance of counsel or the class representatives' own interests. *See Diaz*, 876 F.2d at 1408 (instructing district courts to ensure a dismissal is not collusive). EPP's proposed voluntary dismissal is sought only because it is Class Counsel's judgment that dismissing the Complera damages claim is in the best interests of the Complera

purchasers.[3]

For all these reasons, the voluntary dismissal of the Complera Class damages claim is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2).

## IV.     NOTICE

Consistent with Rule 23(e)(1) and Rule 23(e)(4), Class Counsel believe that it is in the best interests of the Complera Class members that were previously advised of the certification of the damages classes to receive notice of the proposed voluntary dismissal of the Complera Class damages claim, so that class members are provided "a new opportunity to request exclusion." Fed. R. Civ. P. 23(e)(1); Fed. R. Civ. P. 23(e)(4). Because dismissal of the Complera Class damages claim is requested to be without prejudice, class members would not be precluded from pursuing their damages claims on an individual basis if they choose to do so. Class Counsel believe it to be in class members' interests to be advised that the claim will not be litigated on a class basis so that they may act on their own if they so choose. If the Court deems dismissal with prejudice to be appropriate, then the notice with an additional opportunity to opt out would allow class members to act to preserve their individual damages claim. Providing this second notice with an additional opt out opportunity to the Complera Class members who received the December 5, 2022 notice of the action (with an opt out deadline of March 15, 2023), ensures that (even if the dismissal was with prejudice), any class member who relied on Complera Class to pursue its damages claim will timely receive information and an opportunity to preserve that claim.

Additionally, pursuant to Rule 23(e)(5), notice would allow class members to be heard should they have objections to the proposed dismissal. Fed. R. Civ. P. 23(e)(5).

Accordingly, EPPs submit a notice process that follows the Court's prior order on notice. ECF No. 1550. Direct notice via first-class mail of the voluntary dismissal of the Complera Class damages

---

[3] As noted above, we expect the opt out end payor plaintiffs will also dismiss their claims for NGR damages. The DPPs and retailers do not have Complera claims.

claim will be sent to the Complera Class after the close of the current opt out period (March 15, 2023). These direct mail notices will be in the form of a Postcard for TPPs, a special Postcard for local government entity TPPs, and a cover letter to the Attorneys General of the Specified States.[4] The notices will provide information about the voluntary dismissal of the Complera Class damages claim and the fact that the Complera Class injunctive claim will proceed, and will provide a second opportunity for Complera Class members to opt out by early May 2023 (with instructions should they wish to do so), well in advance of the trial date of May 30, 2023.

As previously ordered by the Court, ECF No. 1426, EPPs will provide drafts of the proposed form and manner of notice, including copies of the proposed notices themselves for Defendants' review within a week of this Court's ruling and then have a meet and confer with Defendants within a week. The Plaintiffs will file a final Motion for Approval of Notice to the Court.

## V.   CONCLUSION

EPPs therefore respectfully request an Order: (1) dismissing the damages claim of the Complera Class without prejudice pursuant to Fed. R. Civ. P. 23(e); (2) permitting EPPs to proceed with the Complera Class injunctive claim pursuant to Fed. R. Civ. P. 23(b)(3); and (3) directing that EPPs provide notice in the manner proposed by EPPs to the members of the Complera Class that previously received direct notice of its damages claim, and affording those members an additional opportunity to opt out.

---

[4] The Specified States are the 31 states that this Court certified. *See* ECF No. 1388 at 32, 60.

Dated: February 6, 2023

Respectfully submitted,

**HILLIARD & SHADOWEN LLP**

By: *s/ Steve D. Shadowen*

STEVE D. SHADOWEN (*pro hac vice*)
steve@hilliardshadowenlaw.com
RICHARD BRUNELL (*pro hac vice*)
rbrunell@hilliardshadowenlaw.com
TINA JOANN MIRANDA (*pro hac vice*)
tmiranda@hilliardshadowenlaw.com
MATTHEW C. WEINER (*pro hac vice*)
matt@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN (*pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
ABBYE R. K. OGNIBENE (SBN 311112)
abbyeo@hbsslaw.com
LAUREN G. BARNES (*pro hac vice*)
lauren@hbsslaw.com
1 Faneuil Hall Square, 5th Floor
BOSTON, MA 02109
Telephone: (617) 482-3700

*Co-Lead Counsel for End-Payor Plaintiffs*

KESSLER TOPAZ MELTZER & CHECK, LLP
JOSEPH H. MELTZER (*pro hac vice*)
jmeltzer@ktmc.com
TERENCE S. ZIEGLER (*pro hac vice*)
tziegler@ktmc.com
DONNA S. MOFFA (*pro hac vice*)
dmoffa@ktmc.com
JORDAN E. JACOBSON (*pro hac vice*)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

SPECTOR ROSEMAN & KODROFF P.C.
JEFFREY L. KODROFF (*pro hac vice*)

jkodroff@srkattorneys.com
DIANA J. ZINSER (*pro hac vice*)
dzinser@srkattorneys.com
2001 Market Street, Suite 3420
Philadelphia, Pennsylvania 19103
Telephone: (215) 496-0300

MILLER SHAH LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jagoldstein@millershah.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123

MILLER SHAH LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880

SPERLING & SLATER, P.C.
PAUL E. SLATER (*pro hac vice*)
pes@sperling-law.com
JOHN P. BJORK (*pro hac vice*)
jbjork@sperling-law.com
EAMON P. KELLY (*pro hac vice*)
ekelly@sperling-law.com
ALBERTO RODRIGUEZ (*pro hac vice*)
arodriguez@sperling-law.com
DAVID P. GERMAINE (*pro hac vice*)
dgermaine@sperling-law.com
55 West Monroe, Suite 3200
Chicago, IL 60603
Telephone: (312) 641-3200

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON (*pro hac vice*)
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
180 Grand Avenue, Suite 1390
Oakland, CA 94612

Telephone: (415) 692-0772

GLANCY PRONGAY & MURRAY
KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

GLANCY PRONGAY & MURRAY
LEE ALBERT (*pro hac vice*)
lalbert@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice*)
bcohen@nussbaumpc.com
PETER E. MORAN (*pro hac vice*)
pmoran@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502

*Counsel for End-Payor Plaintiffs*

# FILER'S ATTESTATION

Pursuant to Local Rule 5-1(h)(3) of the Northern District of California, regarding signatures, I, Steve D. Shadowen, attest that concurrence in the filing of this document has been obtained.

Dated: February 6, 2023                                                      */s/ Steve D. Shadowen*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2023 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

>　　　　　　　　　　　　　　　　　　　　*/s/ Steve D. Shadowen*
>　　　　　　　　　　　　　　　　　　　　STEVE D. SHADOWEN