UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER RE TDF PATENT SETTLEMENT AGREEMENT**<br><br>Docket No. 1757 |

Previously, the Court rejected Defendants' contention (made in its Motion in Limine No. 4) that all evidence or argument related to the TDF patent settlement agreement should be excluded. As the Court noted, "[t]here is evidence suggesting that negotiations related to the TDF patent settlement agreement informed what happened during negotiations related to the FTC patent settlement agreement." Docket No. 1716 (Order at 3). However, the Court added that it did "not intend there to be a mini-trial on the TDF patent settlement agreement, which is no longer part of the reverse payment claims." Docket No. 1716 (Order at 4). The Court further stated that it would not permit evidence or argument as to whether the Federal Trade Commission did or did not approve the TDF patent settlement agreement. This was consistent with the Court's earlier *Daubert* ruling that a defense expert (Dr. Wright) could not opine on whether the Federal Trade Commission implicitly approved of (*i.e.*, found no antitrust problem with) the FTC patent settlement agreement. The Court, however, asked the parties to "meet and confer to determine whether they can reach agreement on a stipulation of fact related to the TDF patent settlement agreement – including the removal of the no-authorized generic provision from the settlement agreement." Docket No. 1716 (Order at 4). That provision was removed based on the Federal Trade Commission's expressed concern about the inclusion of the provision.

The parties have reported back and stated that they were not able to reach agreement. In light of that fact, the Court stands by its earlier rulings. Neither party may present evidence or argument related to discussions with the Federal Trade Commission about either the TDF or FTC patent settlement agreements or about the agency's responses to those agreements. Likewise, the parties may not present evidence or argument related to Gilead and Teva removing the no-authorized generics provision from the TDF patent settlement agreement because of the agency's response. However, if Plaintiffs argue that the TDF or FTC patent settlement agreement was a "secret" (*e.g.*, an anticompetitive agreement secretly negotiated and/or concealed from any public view), then that may open the door to such evidence or argument.

To the extent the parties have raised issues about the TDF patent settlement agreement as related to bellwether exhibits and/or deposition testimony, the Court shall issue separate orders addressing such.

**IT IS SO ORDERED**.

Dated: April 12, 2023

_____
EDWARD M. CHEN
United States District Judge