United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE HIV ANTITRUST LITIGATION.

Case No.  19-cv-02573-EMC

**ORDER RE TAF EVIDENCE**

Docket No. 1744

In the order on in limine motions, the Court addressed Defendants' request to exclude all

evidence and argument related to Gilead's TAF conduct (*e.g.*, delay in the

development/commercialization of TAF, switching patients from TDF-based drugs to TAF-based

drugs, and refusing to seek an HIV indication for TAF).  *See* Docket No. 1716 (Order at 2-3).  The

Court held as follows:

> There is no longer any TAF-based antitrust or consumer protection
> claim.  Therefore, Plaintiffs shall not offer evidence or argument
> that Gilead delayed in developing or commercializing TAF or that
> Gilead engaged in coercive or otherwise improper product
> switching.  Plaintiffs also shall not offer evidence or argument that
> TAF was part of some anticompetitive scheme designed by Gilead.
> However, the Court shall not categorically bar any reference to
> TAF, in particular, neutral evidence of any market reality – *e.g.*, that
> TAF was the "new" tenofovir drug – since the existence of TAF
> seems to have affected Gilead's forecasting and may have impacted
> the relevant market and the price of the HIV drugs at issue (Truvada
> and Atripla which are TDF-based drugs).  The parties are ordered to
> meet and confer on the 6-10 documents that Plaintiffs referred to at
> the conference to see if they can reach agreement on redactions
> which would render any TAF-related dispute moot.

Docket No. 1716 (Order at 2-3).

The parties met and conferred.  As it turns out, there were more than just 6-10 documents

1    at issue.  After a number of exhibits were withdrawn and/or discussed, there still remain 22

2    documents in dispute.  Defendants argue that 4 of the documents should be excluded in their

3    entirety and that the remaining 18 should be redacted.  Plaintiffs oppose.  The joint brief at Docket

4    No. 1744-3 contains each side's respective position.

## I.       EXHIBITS AT ISSUE

The 22 documents issue are as follows:

1.      Ex. 12

2.      Ex. 21

3.      Ex. 24

4.      Ex. 33

5.      Ex. 35

**6.      Ex. 40**

**7.      Ex. 41**

**8.      Ex. 44**

**9.      Ex. 80**

10.     Ex. 92

11.     Ex. 132

12.     Ex. 144

13.     Ex. 145

14.     Ex. 156

15.     Ex. 193

16.     Ex. 194

17.     Ex. 404

18.     Ex. 411

19.     Ex. 703

20.     Ex. 1157

21.     Ex. 1387

22.     Ex. 5722

1    The documents bolded above are those that Gilead seeks to exclude in their entirety.

2    **II.    DISCUSSION**

3    Where possible, the Court shall provide rulings on the above exhibits.  However, the Court

4    shall first give some general guidance as to its approach.  As the Court previously held, the fact of

5    "switching" (from TDF-based drugs to TAF-based drugs) is admissible.  Where the Court draws

6    the line is where there is some suggestion that Gilead had an improper intent in switching patients

7    to TAF-based drugs or that the switching was somehow improper.

8    The Court notes that, in making its rulings below, it is not necessarily approving Plaintiffs'

9    market power argument (which seems to be that Gilead used its market power to switch patients to

10   TAF-based drugs).  There are serious Rule 403 concerns here as well, especially since TAF is no

11   longer a part of the antitrust case.

A.    Disputes re Exhibits 40-41, 44, and 80

13   As indicated above, Defendants assert that Exhibits 40-41, 44, and 80 should be excluded

14   in their entirety.

15        1.    Exhibit 40 (ECF Page 472)

16   The Court rejects Defendants' contention that wholesale exclusion of Exhibit 40 is

17   warranted.  Plaintiffs are allowed to argue to the jury that Gilead was worried about generic

18   competition for TDF and therefore wanted to move patients over to TAF.

19   However, to ensure that there is no prejudice to Defendants, the Court shall, if requested,

20   give a limiting instruction – *e.g.*, informing the jury that it was not illegal or otherwise improper

21   for Gilead to want to move patients over or to TAF-based drugs, for Gilead to delay in introducing

22   TAF until the time that TDF faced generic competition, or for Gilead to take steps to move

23   patients over to TAF-based drugs. The parties should meet and confer to see if they can reach

24   agreement on a **limiting instruction** and jointly file a proposed limiting instruction by **April 19,**

25   **2023**.  If they are not able to reach agreement, then the parties shall jointly file a statement (by the

26   same date) in which each side presents its proposed limiting instruction.

27   In addition, the Court forewarns Plaintiffs that, while they are permitted to argue to the

28   jury that Gilead wanted to move patients over to TAF because of the threat of generic competition

United States District Court
Northern District of California

3

for TDF, they cannot beat a dead horse – *i.e.*, repeatedly tell the jury that TAF was a way to get a patent extension for TDF.  This case is not about TAF and therefore Rule 403 will be implicated if Plaintiffs were to so conduct themselves.

As a final note, it appears that Plaintiffs are willing to do some limited redactions for Exhibit 40.  The parties shall meet and confer regarding redactions.  The Court expects the parties to reach agreement on redactions.  If not, the parties shall (by the same date as above) jointly file a statement in which each side presents its proposed redactions.

2.      Exhibit 41 (ECF Page 493)

The Court's analysis above for Exhibit 40 applies to Exhibit 41 as well.  That is, the Court shall not wholesale exclude Exhibit 41 but shall give a limiting instruction, if requested.

As above, the parties shall meet and confer to determine whether there should be any redactions.

3.      Exhibit 44 (ECF Page 496)

The Court's analysis above for Exhibit 40 applies to Exhibit 44 as well.  That is, the Court shall not wholesale exclude Exhibit 44 but shall give a limiting instruction, if requested.

As above, the parties shall meet and confer to determine whether there should be any redactions.

4.      Exhibit 80 (ECF Page 509)

The Court defers ruling on Exhibit 80.  It is skeptical of Defendants' position that the exhibit has no relevance whatsoever, especially since pricing considerations for a TAF-based drug may shed insight into pricing for TDF-based dugs.  However, since context may matter, the Court defers ruling.

B.      Disputes re Scope of Redactions

For the remaining exhibits, the parties dispute what the scope of the redactions should be.[1]

---

[1] It is not clear from the parties' submissions whether the specific examples discussed are exhaustive or illustrative only.  Even if only illustrative, the parties should have guidance from the Court's rulings herein.

United States District Court
Northern District of California

1.      Exhibit 12 (ECF Page 168)

The disputed redactions are at pages 12.0009 and 12.0036.  The information should not be redacted.  However, Plaintiffs shall not make any argument that Gilead manipulated the pricing of its TDF- and/or TAF-based drugs so as to move patients over from the former to the latter.  The Court rejected Plaintiffs' price argument at summary judgment.  *See* Docket No. 1656 (Order at 14).

2.      Exhibit 21 (ECF Page 227)

The disputed redaction is at page 21.0013.  The information should not be redacted but, again, Plaintiffs shall not make any argument regarding manipulation of pricing.

3.      Exhibit 24 (ECF Page 265)

The disputed redactions are at pages 24.0004, 24.0006, and 24.0009.  The information should not be redacted.  If requested, the Court is willing to give a **limiting instruction** on the term "cannibalize" – *e.g.*, the term should not be given either a positive or negative connotation and that the term has no relevance as to whether there was anticompetitive conduct.  The Court also warns Plaintiffs' counsel that, even if the term appears in exhibits, counsel themselves should generally avoid use of that term in questioning and argument, unless necessary.

The parties should meet and confer to see if they can reach agreement on a limiting instruction and jointly file a proposed limiting instruction by **April 19, 2023**.  If they are not able to reach agreement, then the parties shall jointly file a statement (by the same date) in which each side presents its proposed limiting instruction.

4.      Exhibit 33 (ECF Page 289)

The disputed redactions are at pages 33.0004, 33.0010, 33.0011, 33.0020, 33.0022, and 33.0068.  The information should not be redacted, except for those portions that suggest price manipulation to move patients over from TDF- to TAF-based drugs.  *See, e.g.*, page 33.0020 ("Viread and Truvada [TDF-based drugs] not discounted, in order to convert these patients to TAF-based equivalents.").  The parties should meet and confer to reach agreement on what portions should be redacted based on this guidance.

United States District Court
Northern District of California

1    5.    Exhibit 35 (ECF Page 420)

2    The disputed redactions are at pages 35.0005, 35.0006, 35.0012, and 35.0027.  The

3    information should not be redacted but, again, Plaintiffs shall not make any argument regarding

4    manipulation of pricing.

5    6.    Exhibit 92 (ECF Page 541)

6    The disputed redactions are at pages 92.0006 and 92.0011.  The information should not be

7    redacted.

8    7.    Exhibit 132 (ECF Page 559)

9    The disputed redactions are at pages 132.0005, 132.0011, 132.0012, 132.0013, 132.0016,

10   132.0019, and 132.0024.  The information should not be redacted.

11   8.    Exhibit 144 (ECF Page 600)

12   The disputed redactions are at pages 144.0049 and 144.0072.  The information should not

13   be redacted, except for those portions that suggest price manipulation to move patients over from

14   TDF- to TAF-based drugs.  *See, e.g.*, page 144.0049 ("or ~15% lower than Stribild").  The parties

15   should meet and confer to reach agreement on what portions should be redacted based on this

16   guidance.

17   9.    Exhibit 145 (ECF Page 6)

18   The disputed redaction is at page 145.0048.  The information should not be redacted.

19   10.   Exhibit 156 (ECF Page 260)

20   The disputed redaction is at page 156.0007.  The information should be redacted since it

21   suggests price manipulation.

22   11.   Exhibit 193 (ECF Page 301)

23   The disputed redaction is at page 193.0004.  The information should not be redacted.

24   12.   Exhibit 194 (ECF Page 317)

25   The disputed redaction is at page 194.0001.  The information should not be redacted.

26   13.   Exhibits 404, 411, and 703 (ECF Pages 320, 329, and 373)

27   It is not clear what the disputed redactions are for these documents.  The rulings on the

28   other exhibits, however, should give the parties guidance to resolve any disputes.  The Court does

1  have concern that Exhibit 411 in particular contains information that presents a Rule 403 problem

2  – *e.g.*, even discussing withdrawal of TDF-based drugs to move patients over to TAF-based drugs

3  (page 411.0002) which implicitly suggests coercive product hopping.

4        14.     Exhibit 1157 (ECF Page 415)

5  The disputed redaction is at page 1157.0018.  The information should not be redacted.

6        15.     Exhibit 1387 (ECF Page 476)

7  The disputed redaction is at pages 1387.0003 and 1387.0005.  The information should not

8  be redacted.

9        16.     Exhibit 5722 (ECF Page 499)

10  The disputed redaction is at page 5722.0001.  The information should not be redacted.

11

12  **IT IS SO ORDERED**.

13

14  Dated: April 12, 2023

15

16  _____

17  EDWARD M. CHEN
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28