UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER RE PASS-ON DEFENSE AND DUPLICATIVE RECOVERY DEFENSE**<br><br>Docket Nos. 1727, 1729-2 |

In the Court's order on in limine motions, it deferred ruling on several issues. Two issues that it deferred ruling on arose from Plaintiffs' Motion in Limine No. 6. The two issues are: (1) whether Defendants should be barred from introducing evidence that Plaintiffs "passed on" any overcharge to someone else; and (2) whether Defendants should be barred from arguing that there should not be duplicative direct purchaser and indirect purchaser recovery.

The parties have filed supplemental briefs on these two issues. *See* Docket Nos. 1727, 1729-2. The Court notes that the only Plaintiffs who have a stake here are the indirect purchasers – *i.e.*, the EPPs, the IHPPs, and United.[1] The Court uses the term "Plaintiffs" in this order to refer to only the indirect purchasers.

## I.     DISCUSSION

A.     Pass-On Defense

According to Plaintiffs, Defendants do not have a viable pass-on defense because Plaintiffs

---

[1] United has a stake only to the extent the Court were to hold that its claims are governed by the laws of multiple states, and not the law of Minnesota. The Court shall address the choice-of-law issue for United in a separate order.

1   (as TPPs) are at the end of the distribution chain – *i.e.*, there is no one else for them to pass any

2   overcharge on to. In response, Defendants take the position that Plaintiffs did pass on overcharges

> in the form of higher premiums . . . . According to their witness list, the EPPs, United, and IHPPs may present live fact testimony from 11 plaintiff representatives regarding indirect purchases. Defendants are entitled to examine those witnesses as to Plaintiffs' policies and procedures for setting premiums and passing on costs.

6   Defs.' Br. at 7-8.

7   Courts have disagreed as to whether an antitrust defendant can claim a pass-on of an

8   overcharge via a premium. Most courts have sided with Plaintiffs. The main reasoning is that

> insurance premiums are not a pass on of alleged overcharges because premiums are set by anticipating future projected costs, not to recover money that insurers paid in the past. Moreover, there is no evidence that the defendants would be able to ascertain how the pricing of [the] Products [at issue] affected premiums or the financial status of the EPPs, since EPPs reimburse prescriptions for thousands – if not tens of thousands – of different drugs and dosages. Thus, even ignoring the fact that the overwhelming majority of factors that go into setting contribution rates and premiums have nothing to do with drug prices[,] the defendants would not be able to ascertain the effect of the [the] Products' prices by analyzing premiums or the EPPs' financial status.

16  *In re Asacol Antitrust Litig.*, No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 952, at *17-18 (D. Mass.

17  Jan. 4, 2017) (internal quotation marks omitted).

18  The Court finds the above reasoning persuasive. In addition to the difficulty of allocating

19  the effect on prices, there is no evidence that premiums are backward looking, instead of forward

20  looking, and hence they are not relevant to the assessment of damages. Another problem for

21  Defendants is that, as Plaintiffs point out, Defendants' own expert (Dr. Jena) does not appear to

22  have proposed a specific adjustment to make based on this pass-on theory.

23  Defendants have suggested that they are still entitled to ask *fact* witnesses about passing

24  on. As noted above, Defendants state: "According to their witness list, the EPPs, United, and

25  IHPPs may present live fact testimony from 11 plaintiff representatives regarding indirect

26  purchases. Defendants are entitled to examine those witnesses as to Plaintiffs' policies and

27  procedures for setting premiums and passing on costs." Defs.' Br. at 7-8. But Defendants have

28  the burden of proving what adjustments to damages should be made because of passing on. Even

2

1  if the fact witnesses were to testify that prescription drug costs are taken into account in setting
2  premiums, Defendants have failed to make any showing as to how it would not be speculative for
3  these fact witnesses to talk about and quantify passing on overcharges for Truvada and Atripla
4  specifically.  The jury would have to speculate as to how much to deduct from damages in order to
5  account for this claimed passing on.

      Accordingly, the Court rejects Defendants' attempt to argue that they are entitled to a passing-on defense because TPPs purportedly passed on overcharges via premiums.

B.    <u>Duplicative Recovery/Offset Defense</u>

      The next issue for the Court to consider is whether Defendants should be barred from arguing that there should not be duplicative direct purchaser and indirect purchaser recovery. Defendants assert that there are 13 jurisdictions that "either prohibit or limit potential damages to indirect purchasers where direct purchasers also seek damages for the same injury." Defs.' Br. at 2.  Those jurisdictions are:

(1)    D.C.
(2)    Hawaii.
(3)    Illinois.
(4)    Maine.
(5)    Minnesota.
(6)    Nebraska.
(7)    New Mexico.
(8)    New York.
(9)    Rhode Island.
(10)    South Dakota.
(11)    Utah.
(12)    Vermont.
(13)    Wisconsin.

*See* Defs.' Br. at 2.  Defendants contend that 6 of the 13 jurisdictions require that there be an offset against indirect purchaser damages, with the remaining 7 jurisdictions making it a discretionary

3

decision.[2]

Plaintiffs initially assert that the Court should not consider Defendants' argument because it was not timely made. *See* Pls.' Br. at 4 (arguing that "it is too late for Defendants to raise this issue" because, *e.g.*, "[t]hey did not include any such set-off in any of the pretrial filings (proposed jury instructions, verdict form, pre-trial memorandum, etc.), including in their MIL 6 opposition, which merely cited the Utah statute referencing such a possibility"; "[n]or have they offered any expert testimony as to how an offset would work"). The Court rejects this contention. Defendants' position was timely raised in the opposition to Plaintiffs' Motion in Limine No. 6.

On the merits, Plaintiffs' main argument in response is that the state statutes identified by Defendants are concerned about duplicative recovery only where *both* the direct purchaser and the indirect purchaser are suing under state law. In other words, Plaintiffs take the position that, where a direct purchaser sues under federal law, and the indirect purchaser sues under state law, the state law provisions addressing duplicative recovery are not implicated. Plaintiffs contend that this must be the case because, otherwise, an indirect purchaser could never recover anything under state law since the direct purchaser, under federal law, would be entitled to claim the entire overcharge regardless of any pass-on. Plaintiffs maintain:

> To interpret any of those state laws to apply where direct purchasers assert a federal claim would effectively negate the purpose of the repealer statute, denying the remedy to indirect purchasers the states expressly provide by law. More pointedly, if a set off defense or apportionment under state law allows or requires direct purchaser damages obtained on a federal claim to be offset against indirect purchaser damages, any adjustment to avoid duplicative recoveries could effectively wipe out indirect purchaser damages.

Pls.' Br. at 6; *cf. In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1156 (N.D. Cal. 2009) ("'States . . . which have repealed *Illinois Brick* and allowed indirect purchasers to sue for antitrust violations, have necessarily made the policy decision that duplicative recovery may permissibly occur. Duplicative recovery is, in many if not all cases alleging a nationwide conspiracy with both direct and indirect purchaser classes, a necessary consequence that flows from indirect purchaser

---

[2] In their brief, Plaintiffs have addressed only 7 out of the 13 jurisdictions identified by Defendants.

4

recovery. Accordingly, it is no bar against standing, and this factor does not weigh against standing.'").[3]

> Consider, for example, manufacturers of a product that collude to raise prices to retailers from $50 to $90, who then raise their prices to consumers from $100 to $135. Retailers incur an overcharge of $40 and pass along $35 of that overcharge to their customers. Under federal law, the retailers are entitled to the full amount of the $40 overcharge. Apportioning the overcharge damages to avoid duplication would mean that consumers, who actually paid $35 of the overcharge, get nothing.

Pls.' Br. at 6 n.5.

The Court finds Plaintiffs' position persuasive. Thus, absent a clear indication (*e.g.*, from the text of a state statute, legislative history, and/or case law) that duplicative recovery is barred even where the direct purchaser obtains 100% recovery under federal antitrust law, leaving nothing for the indirect purchasers, the Court will resolve any ambiguities in a state statute in favor of Plaintiffs.

1. D.C.

D.C. Code § 28-4509 provides as follows:

> (a) Any indirect purchaser in the chain of manufacture, production, or distribution of goods or services, upon proof of payment of all or any part of any overcharge for such goods or services, shall be deemed to be injured within the meaning of this chapter.
>
> (b) In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages.
>
> (c) *In any case in which claims are asserted by both direct purchasers and indirect purchasers, the court may transfer and consolidate cases, apportion damages and delay disbursement of damages to avoid multiplicity of suits and duplication of recovery of damages, and to obtain*

---

[3] There are several rationale underlying *Illinois Brick*. *See Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1524 (2019) ("The *Illinois Brick* Court listed three reasons for barring indirect-purchaser suits: (1) facilitating more effective enforcement of antitrust laws; (2) avoiding complicated damages calculations; and (3) eliminating duplicative damages against antitrust defendants.").

5

*substantial fairness.*

D.C. Code § 28-4509 (emphasis added).

In the instant case, Defendants rely on the italicized language above (*i.e.*, in subsection (c)) to argue that a court has discretion to take steps to avoid duplicative recovery between direct and indirect purchasers. In response, Plaintiffs rely on their primary argument as noted above – *i.e.*, that the statute is implicated only where both the direct and indirect purchasers sue under state law. Textually, Plaintiffs assert that subsection (c) must be read contextually – *i.e.*, taking into account the surrounding language. Plaintiffs point to the preceding subsection (b). According to Plaintiffs, under (b), "direct purchasers must mean direct purchasers [suing] under state law because *Hanover Shoe* precludes a defendant from proving pass on as to direct purchasers under federal law." Pls.' Br. at 8. Plaintiffs then argue that "there is no reason that direct purchasers should be interpreted differently [in subsection (c) that follows]." Pls.' Br. at 8.

Plaintiffs' interpretation is persuasive. In addition to the fact that subsection (b) contemplate actions under state, not federal, law, the fact subsection (c) refers to the possibility of a court transferring and consolidating cases to avoid duplicative recovery strongly suggests that the legislature was contemplating both the direct and indirect purchasers suing under D.C. law.[4] It is therefore not surprising that Defendants have failed to point any other authority to support their position that subsection (c) applies where direct purchasers recover full damages under *Illinois Brick*. Accordingly, the Court concludes that Defendants cannot argue that any damages awarded to the indirect purchasers should be offset by damages awarded to the direct purchasers who sue and recover under federal antitrust law. The Court does not address the contention that Defendants raised for the first time at the pretrial conference – *i.e.*, that there could be a due process violation if Defendants were subject to treble damages under federal law for the direct purchasers' claims and then treble damages under state law for the indirect purchasers' claims.

---

[4] A federal antitrust claim cannot be brought in state court. *See Rosenman v. Facebook Inc.*, No. 21-CV-02108-LHK, 2021 U.S. Dist. LEXIS 163171, at *17 (N.D. Cal. Aug. 27, 2021) ("Under federal law, 'federal antitrust claims are within the exclusive jurisdiction of the federal courts.' Thus, Congress has determined that federal courts should decide federal antitrust claims.") (quoting *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1437 (9th Cir. 1985)).

2. <u>Hawaii</u>

Hawaii Revised Statute § 480-13 provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c), any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter:

(1) May sue for damages sustained by the person, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit; provided that indirect purchasers injured by an illegal overcharge shall recover only compensatory damages, and reasonable attorney's fees together with the costs of suit in actions not brought under section 480-14(c) . . . .

. . . .

(c) The remedies provided in subsection[] (a) . . . shall be applied in class action and de facto class action lawsuits or proceedings, including actions brought on behalf of direct or indirect purchasers; provided that:

. . . .

(2) In class actions or de facto class actions where both direct and indirect purchasers are involved, or where more than one class of indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for compensatory damages that the illegal overcharge has been passed on or passed back to others who are themselves entitled to recover so as to avoid the duplication of recovery of compensatory damages;

. . . .

(4) In no event shall an indirect purchaser be awarded less than the full measure of compensatory damages attributable to the indirect purchaser;

(5) *In any lawsuit or lawsuits in which claims are asserted by both direct purchasers and indirect purchasers, the court is authorized to exercise its discretion in the apportionment of damages, and in the transfer and consolidation of cases to avoid the duplication of the recovery of damages and the multiplicity of suits, and in other respects to obtain substantial fairness*;

(6) In any case in which claims are being asserted by a part of the claimants in a court of this State and

>
> another part of the claimants in a court other than of this State, where the claims arise out of same or overlapping transactions, the court is authorized to take all steps reasonable and necessary to avoid duplication of recovery of damages and multiplicity of suits, and in other respects, to obtain substantial fairness;
>
> (7) In instances where indirect purchasers file an action and obtain a judgment or settlement prior to the completion of a direct purchaser's action in courts other than this State, the court shall delay disbursement of the damages until such time as the direct purchaser's suits are resolved to either final judgment, consent decree or settlement, or in the absence of a direct purchaser's lawsuit in the courts other than this State by direct purchasers, the expiration of the statute of limitations, or in such manner that will minimize duplication of damages to the extent reasonable and practicable, avoid multiplicity of suit, and obtain substantial fairness . . . .

Haw. Rev. Stat. § 480-13 (emphasis added).

Defendants rely on the italicized language above (*i.e.*, in subsection (c)(5)) in support of their argument that duplicative recovery between direct and indirect purchasers is to be avoided. In response, Plaintiffs rely on their primary argument stated above. Plaintiffs also point to the language surrounding subsection (c)(5) to support their position. For example, they rely on subsection (c)(2) to argue that duplicative recovery is a concern only where both the direct and indirect purchasers sue under state law for the same reasons stated above. Plaintiffs also rely on subsection (c)(4) which expressly provides that an indirect purchaser must always be fully compensated.

The text of the statute favors Plaintiffs. Furthermore, any ambiguity weighs in Plaintiffs' favor given Hawaii's decision to be a repealer state. Therefore, as above, the Court precludes Defendants from asserting that any damages awarded to the indirect purchasers should be offset by damages awarded to the direct purchasers.

3. Illinois[5]

The relevant provision under Illinois law is 740 Ill. Comp. Stat. 10/7. It provides in

---

[5] The EPPs specifically did not bring an Illinois antitrust claim because an antitrust class action is barred by Illinois law. See 740 Ill. Comp. Stat. 10/7(2) ("[N]o person shall be authorized to

relevant part as follows:

> No provision of this Act shall deny any person who is an indirect purchaser the right to sue for damages. Provided, however, that in any case in which claims are asserted against a defendant by both direct and indirect purchasers, the court shall take all steps necessary to avoid duplicate liability for the same injury including transfer and consolidation of all actions.

740 Ill. Comp. Stat. 10/7(2).

Unlike the statutes above, there is little surrounding language. However, Plaintiffs have their primary argument that the *Illinois Brick* repealer would be undermined by Defendants' interpretation. And there is some ambiguity in the Illinois statute as it refers to the transfer and consolidation of actions which suggests direct and indirect purchasers both suing under state law. Accordingly, absent a clear indication in the statute to the contrary, Defendants cannot argue that, under Illinois law, any damages awarded to the indirect purchasers should be offset by damages awarded to the direct purchasers.

4. Maine

Defendants do not rely on a Maine statute to argue that duplicative recovery is to be avoided. Rather, they cite a decision from the Maine Supreme Court which noted as follows:

> In 2008, the United States Court of Appeals for the First Circuit recognized [in *Brown v. Am. Honda*, 522 F.3d 6 (1st Cir. 2008)] that Maine's antitrust law, 10 M.R.S. § 1104, specifically permits recovery for an indirect injury, but noted that the Maine trial courts have held that in seeking damages, indirect purchasers are required to present proof that they paid higher prices as a result of the antitrust activity, *as opposed to the possibility that increases in price were absorbed at the retail level*. Those trial court cases have correctly construed Maine law as requiring proof that higher prices were paid as a result of the antitrust activity.

*McKinnon v. Honeywell Int'l, Inc.*, 977 A.2d 420, 427 (Me. 2009) (emphasis added). However, the language above does not clearly support Defendants' position with respect to duplicative recovery, especially in the absence of any statutory underpinning. Furthermore, when the First

---

maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General, who may maintain an action parens patriae as provided in this subsection.").

9

Circuit's *Brown* decision is considered, it seems relatively clear that the First Circuit's only point was that an indirect purchaser had to have, in fact, suffered an overcharge. The Court, therefore, rejects Defendants' position on Maine law.

     5.    Minnesota

The Minnesota Antitrust Act provides in relevant part as follows:

> Any person, any governmental body, or the state of Minnesota or any of its subdivisions or agencies, injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees. *In any subsequent action arising from the same conduct, the court may take any steps necessary to avoid duplicative recovery against a defendant.*

Minn. Stat. § 325D.57 (emphasis added).

Defendants rely on the italicized language to support their position; in turn, Plaintiffs rely on the surrounding language to support theirs. The statute refers to state law as a basis for recovery, but also refers more broadly to an "action arising from the same conduct." Given the ambiguity, the statute does not clearly apply to suits where the direct purchaser brings suit under federal law. Moreover, the Minnesota statute expresses a concern about duplicative recovery only where there is a "subsequent action." Here, direct and indirect purchasers are part of the same suit.

     6.    Nebraska

Nebraska Revised Statute § 59-821.01 provides that:

> In an illegal overcharge or undercharge case in which claims are asserted by both parties who dealt directly with the defendant and parties who dealt indirectly with the defendant or any combination thereof:
>
> (1)    A defendant may prove, as a partial or complete defense to a claim for damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or undercharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of such damages; and
>
> (2)    *The court may transfer and consolidate such claims, apportion damages, and delay disbursement of damages to avoid multiplicity of suits and duplication of recovery of damages and to obtain substantial fairness.*

1   Neb. Rev. Stat. § 59-821.01 (emphasis added).

2         Defendants rely on the italicized language above to support their position on duplicative
3   recovery. Plaintiffs argue that Defendants' position must be rejected because subsection (1)
4   expressly refers "a claim for damages under [state law]" and then subsection (2) uses the phrase
5   "such claims" – *i.e.*, "such claims" must refer back to "a claim for damages under [state law]."
6   Furthermore, that interpretation is supported by the reference to the transfer and consolidation of
7   "such claims," something the court could not do with a federal antitrust claim. On the other hand,
8   "such claims" in subsection (2) could be interpreted as referring back to the preamble – *i.e.*, "[i]n
9   an illegal overcharge case in which claims are asserted by both [direct purchasers and indirect
10  purchasers]." As Nebraska has been chosen to be a repealer state, there is no clear indication that
11  the statute should apply where, as here, the DPP sue under federal law.

12       7.    <u>New Mexico</u>

13   New Mexico Statute Annotated § 57-1-3 provides in relevant part as follows:

> In any action under this section, any defendant, as a partial or complete defense against a damage claim, may, in order to avoid duplicative liability, be entitled to prove that the plaintiff purchaser or seller in the chain of manufacture, production, or distribution who paid any overcharge or received any underpayment, passed on all or any part of such overcharge or underpayment to another purchaser or seller in such chain.

18   N.M. Stat. Ann. § 57-1-3(C). It is not clear how this provision supports Defendants' position on
19   duplicative recovery – *i.e.*, using a direct purchaser's damages as a set-off against an indirect
20   purchaser's damages. The provision above relates to the pass-on defense only and obviously
21   applies to state claims. Therefore, there is no basis for Defendants' argument, and the Court
22   rejects it.

23       8.    <u>New York</u>

24   New York General Business Law § 340 provides in relevant part as follows:

> In any action pursuant to this section, the fact that the state, or any political subdivision or public authority of the state, or any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery; provided, however, that *in any action in which claims are asserted against a defendant by both direct and indirect purchasers, the court shall take all steps necessary to avoid duplicate liability,*

> *including but not limited to the transfer and consolidation of all related actions.* In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages.

N.Y. Gen. Bus. Law § 340(6) (emphasis added).

Similar to above, Defendants rely on the italicized language whereas Plaintiffs rely on the surrounding language – specifically, the sentence that follows the italicized language. *See* Pls.' Br. at 9 ("New York's Donnelly Act is similar, providing for a pass-on defense and permitting the court to take steps to 'avoid duplicate liability.' The reference to direct purchasers in both provisions is the same: direct purchasers under state law."). Since the latter language cannot apply to federal claims and the statute refers to transfer and consolidation, the Court rules in Plaintiffs' favor, especially since New York has repealed *Illinois Brick*.

### 9. Rhode Island

Rhode Island General Law § 6-36-11 provides in relevant part as follows:

> Any person or public body, including the United States, injured in his or her business or property by reason of a violation of the provisions of this chapter may sue in superior court and shall recover threefold the damages sustained by him or her, together with reasonable costs of suit and any reasonable attorneys' fees that may be granted at the discretion of the court. The reasonable costs of suit may include, but shall not be limited to, the expenses of discovery and document reproduction. In any action under this section the fact that a person or public body has not dealt directly with the defendant shall not bar or otherwise limit recovery. *Provided, however, that the court shall exclude from the amount of the damages awarded in the action, any amount of monetary relief that duplicates amounts that have been awarded for the same injury, but shall not exclude reasonable costs and attorneys' fees.*

R.I. Gen. Law § 6-36-11(a) (emphasis added). Despite the apparent breadth of the italicized language above, the first sentence of the statute authorizing suit in superior court contemplates state, not federal, claims. While a closer call, this language together with the fact that Rhode Island is a repealer state counsels against Defendants' interpretation.

### 10. South Dakota

South Dakota Codified Law § 37-1-33 provides as follows:

> No provision of this chapter may deny any person who is injured

> directly or indirectly in his business or property by a violation of this chapter the right to sue for and obtain any relief afforded under § 37-1-14.3. In any subsequent action arising from the same conduct, the court may take any steps necessary to avoid duplicative recovery against a defendant.

S.D. Cod. Law § 37-1-33. The Court's analysis here is essentially the same as its analysis above for Minnesota law. The statute makes reference to suits under state law. Moreover, duplicative recovery is expressed as a concern only where there is a "subsequent action," and, here, there is no subsequent action since direct and indirect purchasers are part of the same suit.

11. <u>Utah</u>

Utah Code § 76-10-3109 provides in relevant part as follows:

> (1)
>
> > (a) A person who is a citizen of this state or a resident of this state and who is injured or is threatened with injury in his business or property by a violation of the Utah Antitrust Act may bring an action for injunctive relief and damages, regardless of whether the person dealt directly or indirectly with the defendant. . . .
>
> . . . .
>
> (6) When a defendant has been sued in one or more actions by both direct and indirect purchasers, whether in state court or federal court, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the damages incurred by the plaintiff or plaintiffs have been passed on to others who are entitled to recover so as to avoid duplication of recovery of damages. *In an action by indirect purchasers, any damages or settlement amounts paid to direct purchasers for the same alleged antitrust violations shall constitute a defense in the amount paid on a claim by indirect purchasers under this chapter so as to avoid duplication of recovery of damages.*
>
> (7) It shall be presumed, in the absence of proof to the contrary, that the injured persons who dealt directly with the defendant incurred at least 1/3 of the damages, and shall, therefore, recover at least 1/3 of the awarded damages. It shall also be presumed, in the absence of proof to the contrary, that the injured persons who dealt indirectly with the defendant incurred at least 1/3 of the damages, and shall, therefore, recover at least 1/3 of the awarded damages. The final 1/3 of the damages shall be awarded by the court to those injured persons determined by the court as most likely to have absorbed the damages.

13

Utah Code Ann. § 76-10-3109 (emphasis added).

Defendants have relied on the italicized language above to argue that duplicative recovery is not permitted. In response, Plaintiffs rely on their primary argument that Utah is a repealer state. In addition, they rely on the language surrounding the italicized language to argue that duplication is a concern only where the direct purchaser has brought a state law claim as opposed to a federal one. *See, e.g.*, Pls.' Br. at 7-08 (arguing that, in the *preceding* sentence, "[i]n referring to direct purchasers, the statute must mean direct purchasers suing under state law because a pass-on defense as to direct purchasers is precluded by federal law", adding that, in the italicized sentence, "there is no reason to think that direct purchasers means something different from purchasers in the previous sentence," especially since the italicized sentence uses the phrase "same alleged antitrust violations"); Pls.' Br. at 7-8 (contending that the *subsequent* provision – *i.e.*, subsection (7) above – makes no sense unless direct purchasers are suing under state law: "If the statute referred to direct purchasers suing under federal law, they would be entitled to the full amount of their overcharges").

Plaintiffs' interpretation affords full effect to all of the language in the statute. The Court rules in Plaintiffs' favor.

### 12. Vermont

Title 9 Vermont Statute Annotated § 2465 provides in relevant part as follows:

> In any action for damages or injury sustained as a result of any violation of State antitrust laws, pursuant to section 2453 of this title, the fact that the State, any public agency, political subdivision, or any other person has not dealt directly with a defendant shall not bar or otherwise limit recovery. The court shall take all necessary steps to avoid duplicate liability, including the transfer or consolidation of all related actions.

9 Vt. Stat. Ann. § 2465.

The Vermont statute addresses the application of state antitrust laws and refers to the transfer and consolidation of actions which only applies if direct and indirect purchasers both sue under state law. Defendants, therefore, are barred from arguing that, under Vermont law, any damages awarded to the indirect purchasers should be offset by damages awarded to the direct purchasers.

14

13. <u>Wisconsin</u>

Defendants have not cited any statute to support their position on duplicative recovery. Rather, Defendants have cited a state court decision, *Strang v. Visa U.S.A., Inc.*, No. 03 CV 011323, 2005 WL 1403769 (Wis. Cir. Ct. Feb. 8, 2005). In *Strang*, the state circuit court – which is a trial level court only, *see* https://www.wicourts.gov/courts/overview/overview.htm (last visited 3/31/2023); https://www.wicourts.gov/courts/circuit/index.htm (last visited 3/31/2023) – concluded that the plaintiff-indirect purchaser lacked standing to bring her state antitrust claim based on multiple factors, one of which was that there was a risk of duplicative recovery. *See id.* at *5 ("The risk of duplicative recovery could not be more acute. Merchants have sued and recovered. Assuming the plaintiff can overcome the daunting task of proving a causal connection and quantifying the overarching injury caused by the prohibited conduct, there remains the difficult process of determining a nonduplicative measure of damages between the ultimate consumers and the merchants."). The state circuit court noted that it "share[d] the concern of the plaintiff that [the various] factors could be read to simply reinstate the rule of *Illinois Brick* as law in Wisconsin, *i.e.* no indirect purchaser standing, [but added that] I suspect that if faced with this issue, our appellate courts would look to these factors for guidance in assessing an indirect or remote purchaser's standing." *Id.* at *3.

*Strang*, however, is of limited support to Defendants for several reasons: (1) it is the decision of a trial court only; (2) the trial court addressed the issue of standing, not damages, and Defendants' here have not made an argument that Plaintiffs lack standing; and (3) there is no statutory underpinning for using direct purchaser damages as a set-off against indirect purchaser damages. Given Wisconsin's enactment of a repealer and the lack of clear legislative intent to compromise or abrogate that repeal, the Court rejects Defendants' position on Wisconsin law.

///

///

///

///

///

## II.  CONCLUSION

For the foregoing reasons, the Court rejects Defendants' contention that it may assert a pass-on defense.  The Court also rejects Defendants' position that it may assert a duplicative recovery defense (*i.e.*, using direct purchasers' damages as a set-off).

**IT IS SO ORDERED**.

Dated: April 18, 2023

_____
EDWARD M. CHEN
United States District Judge