UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE HIV ANTITRUST LITIGATION.

Case No.  19-cv-02573-EMC

**ORDER RE MAY 23, 2023,
CONFERENCE**

This order memorializes rulings made during the conference held on May 23, 2023.  It also provides additional rulings, as necessary.

A.    Opening Statements – Objections to Demonstratives and Exhibits

As an initial matter, the Court notes that the parties have not started matters off on the right foot by lodging at the eleventh hour numerous objections (most without merit) to demonstratives and/or exhibits to be used during opening statements.  If this portends what is to come in this trial, the Court forewarns the parties that it will charge trial time against the losing party(ies) in resolving objections to evidence.  Although the Court's main concern, as previously articulated, was meritless objections based on authenticity and foundation, *see* Docket No. 1842, it emphasizes that *any* objections may be subject to the charging of trial time.  This includes, *e.g.*, objections based on relevance, Rule 403, and hearsay.

1.    Plaintiffs' Objections to Defendants' Slides

All objections are overruled, except as to Gilead 61.  Gilead 61, as it currently stands, is misleading, including, *e.g.*, drugs from well outside the relevant time period and which have no obvious relevance to this case.  Gilead indicated that it will modify the slide and present it to

1   Plaintiffs.

2       The Court also notes that, although it has largely overruled objections based on Rule 403,

3   it expects that Defendants shall not dwell on matters such as industry background or general

4   incentives to innovate. *See, e.g.*, Gilead 18-19 (slides addressing HIV treatments "Saving Lives"

5   and "Improving Lives"). If they do, the Court will entertain objections

6       Finally, the Court notes that it is giving the parties some leeway regarding "legal" matters

7   (*e.g.*, regarding patent law) given the complexity of this case – so long as the law is accurately

8   reflected and not prone to mislead the jury.

9       2.   <u>Plaintiffs' Objections to Defendants' Use of Exhibits</u>

10      Plaintiffs' objections to Defendants' use of exhibits are also overruled. The Court notes

11  that it has not yet adjudicated the admissibility of the exhibits. However, it is more than likely that

12  the exhibits shall be admitted. For example, given that many of the exhibits are internal Gilead or

13  internal Teva emails, the business record exception to hearsay shall likely apply. Also, the Court

14  has already ruled that Teva's subjective beliefs during the relevant time are admissible, even if the

15  ultimate test is an objective one – and this is true even if it is Gilead relying on the evidence.

16  Finally, the Court is skeptical that Rule 403 will be a bar to admissibility.

17      3.   <u>Defendants' Objections to Plaintiffs' Slides</u>

18  All objections are overruled except as to the following:

19      • EPP 25. The Rule 403 objection is sustained in part. Plaintiffs shall be allowed to

20        use the slide so long as they remove from the background the picture of the

21        pleading (the draft joint pretrial conference statement). Plaintiffs shall also modify

22        the slide so that it does not "draw" upon the draft joint pretrial conference

23        statement. Plaintiffs may modify the slide to reflect that Teva's forfeiture is a

24        stipulated fact (as reflected in the jury instructions).

25      • EPP 30, 69, 71, 85, and 86. The verdict form has been changed, and therefore

26        these demonstratives may not be used. However, the Court shall allow Plaintiffs to

27        substitute new slides so long as they track the verdict form.

28      • EPP 52. The Rule 403 and Rule 106 objections are sustained. Plaintiffs shall

United States District Court
Northern District of California

2

1    submit a new slide that provides an accurate quote/context – *i.e.*, a Q&A.

2    B.    Stipulation re Trial Logistics (Docket No. 1876)

3          The Court clarified for the parties the following:

4          • Sequestration of witnesses extends to opening statements, particularly as both

5            parties intend to refer to exhibits during the statements.

6          • Demonstratives for closing arguments shall be filed and submitted to the Court by

7            4:00 p.m. the day before closing.  If closing is on a Monday, then demonstratives

8            shall be filed and submitted by 4:00 p.m. Friday.

9          • The parties shall modify ¶ 5 of the stipulation so that it aligns with ¶ 5(f) – *i.e.*, the

10           Court shall get 24 hours' advance notice of an issue that needs to be resolved.

11         • Notice to the Court is counted by court day, even if the undersigned is not available

12           on a given court day.  Saturdays, Sundays, and holidays are **not** court days.

13         • Once a witness takes the stand, the witness may not consult or communicate off the

14           record with the attorney who represents (1) the witness, (2) the entity(ies) for

15           whom the witness is testifying, and/or (3) the entity(ies) with whom the witness is

16           aligned or affiliated.

17

18         **IT IS SO ORDERED**.

19

20   Dated: May 23, 2023

21

22   _____

23   EDWARD M. CHEN
     United States District Judge

24

25

26

27

28

United States District Court
Northern District of California