UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR DISCLOSURE** <br><br> Docket No. 1882 |

On May 22, 2023, Plaintiffs asked Defendants to disclose "'any arrangement or agreement between Gilead and Teva related to this case or the upcoming trial, including, but not limited to, any agreement related to judgment-sharing, indemnification, contribution limits of the parties, appearance of witnesses, etc.'" Mot. at 1. Defendants refused. Plaintiffs therefore filed the currently pending motion for disclosure. The motion is **DENIED**.

As an initial matter, the motion is untimely. Plaintiffs filed their motion the day before trial. The Court also has concern about the circumstances leading to Plaintiffs' motion for disclosure. According to Defendants, Plaintiffs obtained information during mediation sessions.

But putting these points aside, the Court rejects Plaintiffs' motion on the merits. Plaintiffs' motion is formally styled as one for disclosure but clearly is directed to admissibility as well. Plaintiffs argue that judgment-sharing or indemnification agreements are relevant because they are probative of witness bias. *See, e.g.*, Ann. Manual Complex Lit. § 13.24 (4th ed.) (noting that a judgment-sharing agreement "may be admitted to attack a witness's credibility or demonstrate that formally opposing parties are not in fact adverse, accompanied by a limiting instruction that the agreement is not to be considered proof or disproof of liability or damages"); *Brocklesby v. United*

*States*, 767 F.2d 1288, 1292-93 (9th Cir. 1985) (concluding that lower court did not abuse its discretion in admitting indemnity agreement between defendants; lower court had admitted agreement so that plaintiffs could show "the relationship of the parties" – *i.e.*, that they "were not adverse – and so that the plaintiffs could "attack the credibility of the [defense] witnesses"). But even if such an agreement has some probative value, in the specific circumstances of this case, the probative value of the agreement between Gilead and Teva is minimal. It is clear that Gilead and Teva's interests are aligned: Plaintiffs have charged Defendants with willfully entering into an anticompetitive reverse payment settlement agreement. This is not a situation where a jury might think that Gilead and Teva are adverse to one another, and thus any judgment-sharing or indemnification agreement would have little or no probative value as to credibility. *Cf. Discover Fin. Servs. v. Visa U.S.A., Inc.*, No. 04-CV-7844 (BSJ) (DFE), 2008 U.S. Dist. LEXIS 124344 (S.D.N.Y. Oct. 3, 2008) (in an antitrust case, denying Discover's request to discover judgment-sharing agreement between Visa and MasterCard; noting that Visa and MasterCard's "interests are readily apparent: should damages be awarded, the corporations are liable for the judgment," and "there is little relevance to learning what proportion of an unknown damages amount the corporations may pay").

In contrast, the unfair prejudice should the agreement be admitted is significant. As Defendants argue, a jury would likely infer from the agreement that Defendants are liable because "why would companies agree upfront to allocate damages if they were confident in their defenses? Opp'n at 5. A jury would likely make an improper propensity inference as well – *i.e.*, if Defendants "colluded" now on judgment sharing, they must have "colluded" then at the time of the patent settlement agreement. Defendants also fairly raise the prospect that admission of the judgment-sharing agreement would lead to a waste of time. *See* Opp'n at 6 (maintaining that, if the agreement were admitted, "Defendants would need to introduce evidence explaining whipsaw settlement tactics employed by antitrust plaintiffs and how antitrust defendants seek to protect themselves against such tactics by entering into judgment-sharing agreements"). Thus, the unfair prejudice of the agreement, as well as other Rule 403 considerations, substantially outweigh the limited, if existent, probative value of the evidence.

Accordingly, the Court denies Plaintiffs' motion for disclosure and/or admissibility based on a lack of timeliness as well as Rules 402 and 403. The Court does not make any express ruling on Defendants' contention that the agreement is privileged but does note that there is authority to support Defendants' position. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 94 C 897, MDL 997, 1995 U.S. Dist. LEXIS 4738, at *11 (N.D. Ill. Apr. 10, 1995) (stating that "[j]udgment sharing agreements are, in effect, a form of settlement, and drafts of settlements and settlement negotiations among counsel are generally not discoverable"); *Generac Power Sys. v. Kohler Co.*, No. 11-CV-1120-JPS, 2012 U.S. Dist. LEXIS 160400, at *2-4 (E.D. Wis. Nov. 8, 2012) (emphasizing that there is a difference between a joint defense agreement and an indemnification agreement; the former is an agreement created in anticipation of or after the institution of litigation and "embodies the defendants' legal strategies and coordination with one another in the defense of [the] case, as opposed to some pre-litigation agreement by one party to pay for the legal fees of the other in case of trouble").

To the extent Plaintiffs have asked for in camera review of the agreement, the request is denied.

This order disposes of Docket No. 1882.

**IT IS SO ORDERED**.

Dated: May 24, 2023

_____
EDWARD M. CHEN
United States District Judge