UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No.  19-cv-02573-EMC |
| | **ORDER RE TRIAL WITNESS DISCLOSURES** |
| | Docket No. 1936 |

The Court has reviewed the parties' joint statement located at Docket No. 1936.  It rules as follows.

- Exhibits 328, 334, 796, 2002, 2019, 2026, 2028, 5150, 7921.  Defendants have raised personal knowledge objections.  The Court **defers** ruling on these exhibits. If Mr. Pletcher lacks personal knowledge, he can so testify.  However, that does not automatically preclude Plaintiffs from asking questions about the documents – *e.g.*, if a document is already admitted through another sponsoring witness, Mr. Pletcher might be asked whether he knows about events referenced in the document.

- Exhibit 3258.  The Court shall permit **oral argument** on this exhibit.

- Exhibits 5113, 6388.  The Court shall permit **oral argument** on these exhibits.

- Exhibits 5635, 5636, 5639, 5673, 5675, 5677, 5700, 5744, 5751, 5758, 7011, 7340, 7341, 7343, 7834, 7841, 7965, 9438.  These exhibits are all patents.  The Court **defers** ruling on the exhibits as context may matter.

- Exhibit 5738.  This is a public SEC filing for Teva.  Per an email from Plaintiffs, they do not intend to seek to admit this exhibit – *i.e.*, they intend to use the exhibit for purposes of refreshing recollection or impeachment only.  The objections are

**moot**.

- Exhibits 5745, 5747, 5748. These are transcripts of hearings held in a different case involving Teva (the *Nexium* antitrust trial). Per an email from Plaintiffs, they do not intend to intend to seek to admit these exhibits – *i.e.*, they intend to use the exhibits for purposes of refreshing recollection or impeachment only. The objections are **moot**.

- Exhibit 6270. Because it is not clear how Plaintiffs intend to use this exhibit, the Court shall have **oral argument** on the exhibit.

- Exhibits 6271, 6272. The Court shall have **oral argument** on these exhibits.

- Exhibits 6275, 6277, 6278, 6279, 6280, 6281, 6282, 6284, 6285, 6477, 8085, 8087. These exhibits are mostly pleadings (complaints and answers) that were filed in the FTC patent infringement suit. Two of the exhibits are claim construction briefs (Exhibits 8085 and 8087). The Court **defers** ruling on the exhibits. With respect to Exhibits 8085 and 8087, the Court takes note of Plaintiffs' representation that they intend to use the briefs for nonhearsay purposes.

- Exhibit 6418. Plaintiffs assert that the SEC filing from Gilead is relevant because it contains information about Mr. Pletcher's compensation. However, Plaintiffs can ask Mr. Pletcher about his compensation (which has some probative value, *i.e.*, his bias) without relying on the document. To this extent, the Court **sustains** the Rule 403 objection. Plaintiffs are not precluded from using the document to refresh his recollection or to impeach.

- Exhibits 6426, 6427, 6428, 6430, 6431, 6433, 9437. These are public SEC filings (Gilead). Because the Court shall allow Plaintiffs to use Exhibits 9439 and 9440 (with one exception), Plaintiffs will not need to rely on these exhibits (as Plaintiffs have conceded). The objections to these exhibits are **moot**.

- Exhibit 9439. This is Rule 1006 exhibit – Gilead's product sales revenue for Truvada and Atripla. The Court shall permit the exhibit (so long as Defendants do not dispute the numbers) but limits the exhibit to U.S. sales only. In other words,

United States District Court
Northern District of California

worldwide sales are not relevant; they should also be excluded under a Rule 403 analysis. The objections are therefore **sustained** in part.

- Exhibit 9440. This is another Rule 1006 exhibit – *i.e.*, how much Gilead spent on stock repurchases and how much was paid in shareholder dividends. The objections are **overruled**. The evidence is relevant given Gilead's position that it uses its profits to develop new drugs.

- Exhibit 9441. This is Defendants' motion for summary judgment on the reverse payment claims (including supporting exhibits). Per an email from Plaintiffs, they do not intend to seek to admit this exhibit – *i.e.*, they intend to use the exhibit for purposes of refreshing recollection or impeachment only.

- PDX2, PDX3. It appears that the parties may be able to resolve the disputes on these demonstratives if they meet and confer. The Court orders the parties to **meet and confer** to resolve the disputes.

- PDX4. The Court **sustains** the objections in part. Plaintiffs are permitted to offer their interpretation of a provision in an agreement but they must make more clearly where they are quoting from the agreement and where they are offering their own interpretation. Plaintiffs should submit a revised demonstrative.

- PDX7, PDX8, PDX9, PDX10. The parties should **meet and confer** on these demonstratives because they seem to raise issues similar to those raised with PDX2 and PDX3 – *i.e.*, what is the patent expiration date(s) agreed to by the parties.

- PDX11. This demonstrative summarizes the pleadings that were filed in the FTC patent infringement suit. The Court **defers** ruling consistent with its ruling above on the exhibits related to the patent infringement pleadings.

**IT IS SO ORDERED**.

Dated: June 5, 2023

_____
EDWARD M. CHEN
United States District Judge

3