UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE; AND DEFERRING DEFENDANTS' MOTION TO RECONSIDER**<br><br>Docket Nos. 1930, 1907 |

This order memorializes rulings made by the Court on June 5, 2023.

**Trial time.** The Court set new hours for trial time: 32 total hours for Plaintiffs; 30 total hours for Defendants. The Court may revisit the issue as necessary but the parties should be prepared to litigate the case within this timeframe.

**Gilead's motion to preclude questions re attorney-client privilege (Docket No. 1930).** The Court granted Gilead's motion. Plaintiffs should not ask questions designed to elicit the assertion of attorney-client privilege by Gilead. Nor should Plaintiffs ask questions using the terminology about what "nonprivileged" information Mr. Pletcher has. That being said, the jury should be told about the fact of Teva's waiver and Gilead's nonwaiver. The jury should also be instructed about what the privilege is, that no adverse conclusions are to be drawn based on invocation of privilege, and that there should be no speculation about what testimony might have been (consistent with the Court's preliminary injunction on invocation of attorney-client privilege). The parties are to meet and confer to reach agreement on a stipulation/instruction.

In their opposition to Gilead's motion, Plaintiffs raised the issue of whether Mr. Pletcher should be able to testify about settling cases because of the cost of litigation, the forward-looking certainty that comes with settlement, etc. Defendants stated that they intend to elicit testimony

about what considerations Mr. Pletcher took into account in settling cases both before and after the 2014 FTC settlement in question. According to Defendants, Mr. Pletcher would only provide testimony about these considerations as general matter; he would not testify that these considerations were taken into account in the FTC patent infringement suit (given that Gilead did not waive its attorney-client privilege). The Court bars this testimony as a Rule 403 matter. The probative value of the testimony is limited, especially since Defendants will already have experts who will provide testimony on what a rational economic actor would do under the circumstances when negotiating a settlement of the action – the only relevant legal question at hand. If Mr. Pletcher testifies on such matters, this raises the danger of Gilead waiving its attorney-client privilege – *i.e.*, even if Mr. Pletcher states that these are only general considerations, a jury will likely infer that these considerations in fact played into Gilead's thinking with respect to the FTC patent infringement suit. Should there be evidence (or reasonable inferences drawn from evidence) elicited by Gilead about Gilead's subjective beliefs in settling the FTC case, it would raise serious fairness issues for Plaintiffs and/or could open the door to waiver of Gilead's attorney-client privilege. The prejudicial and confusing nature of this testimony substantially outweighs it extremely limited probative value.

To the extent Plaintiffs raised the issue of Teva's attorney-client privilege (its invocation of the privilege with respect to antitrust advice), the Court deferred ruling but expressed skepticism with respect to Plaintiffs' contention that Teva would waive the privilege by testifying about factors that Teva considered in litigating/settling the FTC patent infringement suit. Judge Beeler's Discovery Order, *see* Docket No. 1128, provides the guide to the scope of Teva's waiver.

**Defendants' motion for leave to file motion to reconsider/Defendants' motion to reconsider (Docket No. 1907).** The Court deferred ruling on Defendants' motion. To the extent Defendants raise an as-applied due process challenge, it is premature to rule on the challenge without knowing what the verdict is, what evidence was introduced into the record on reprehensibility, etc. To the extent Defendants make the off-set argument (based on the settlements made with the direct purchasers), the Court is skeptical. While Defendants assert a plausible analytical approach, there are good arguments why there should be no offset in this case;

2

furthermore, if there were any allocation of the settlement sum to particular offsets where authorized by individual states' laws, the calculations could be highly problematic. Nonetheless, the Court cannot preclude such possibility as a matter of law and further discussion must await the verdict and potential further evidence.

**IT IS SO ORDERED**.

Dated: June 5, 2023

_____
EDWARD M. CHEN
United States District Judge

3