UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER RE INSTRUCTION ON PRIVILEGE LITIGATION**<br><br>Docket No. 1942 |

This order memorializes the Court's rulings on the parties' dispute regarding the instruction on privilege invocation. The Court approved and read to the jury the following instruction:

1. Over the next few days, you will hear live testimony from current or former in-house lawyers from Gilead and Teva.

2. You will see documents and hear testimony by Teva employees and lawyers about Teva's alleged beliefs regarding the strength or weakness of Gilead's patents, the likelihood of winning or losing the emtricitabine (FTC) patent case, and reasons to settle the FTC patent case. You will see and hear this evidence because Teva waived its attorney-client privilege over those subject areas. As with all of the evidence you will see and hear in this case, you must determine what weight to give that evidence.

3. In contrast to Teva, Gilead did not waive privilege over those subject areas. That preservation of the attorney-client privilege is Gilead's right under federal law. Because Gilead is asserting the attorney-client privilege, you will not hear testimony from Gilead employees or lawyers, or see communications between them, on the strength or weakness of Gilead's patents, the likelihood of winning or losing the emtricitabine (FTC) patent case, or reasons to settle the

FTC patent case. That is why the attorneys are not asking certain Gilead witnesses questions on these topics, and why certain Gilead witnesses will not testify on these topics.

4. You should not draw any conclusion adverse to any party because a witness has invoked the privilege. Nor should you speculate on what a party's counsel may have asked a witness, or how a witness may have testified, if the privilege had not been asserted.

**IT IS SO ORDERED**.

Dated: June 6, 2023

_____
EDWARD M. CHEN
United States District Judge