Steve D. Shadowen (*pro hac vice*)
HILLIARD & SHADOWEN LLP
steve@hilliardshadowenlaw.com
1135 W. 6th Street, Suite 125
Austin, TX 78703
Telephone: (855) 344-3298

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
*Co-Lead Counsel for End Payor Plaintiffs*

(Additional Counsel for Plaintiffs Listed on
Signature Page)

Hamish P.M. Hume (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
hhume@bsfllp.com
1401 New York Ave., NW
Washington, DC 20005
Telephone: (202) 237-2727

*Counsel for United HealthCare Services, Inc.*

Daniel A. Sasse (SBN 236234)
CROWELL & MORING LLP
dsasse@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400

*Counsel for Humana Inc.; Blue Cross and Blue
Shield of Florida, Inc. (d/b/a Florida Blue) and
Health Options, Inc. (d/b/a/ Florida Blue HMO);
Centene Corporation; Health Care Services
Corporation, a Mutual Legal Reserve Company;
Triple-S Salud, Inc.; Blue Cross and Blue Shield
Kansas City; and Kaiser Foundation Health Plan,
Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION | Case No. 3:19-cv-02573-EMC (Master Docket) |
| | **PLAINTIFF'S MOTION SEEKING PERMISSION TO ASK A WITNESS LIMITED CLARIFYING QUESTIONS ABOUT THE SCOPE OF TEVA'S PRIVILEGE WAIVER** |
| | Ctrm:   5-17th Floor |
| | Judge:   Honorable Edward M. Chen |
| This Document Relates to:  ALL ACTIONS | |

End-Payor Plaintiffs Brenda Emily Goodrow, Andrew R. Spieldenner, Ph.D., Josh McDonald, Troy Vazquez-Cain, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Service Employees International Union, Local No. 1 Health Fund, Teamsters Local 237 Welfare Fund, Teamsters Local 237 Retirees' Benefit Fund, and Pipe Trades Services MN Welfare Fund (together, "EPPs"); United HealthCare Services, Inc. ("United HealthCare"); Individual Health Plan Plaintiffs Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO), Centene Corporation, Health Care Service Corporation, a Mutual Legal Reserve Company, Humana Inc., Triple-S Salud, Inc., Kaiser Foundation Health Plan, Inc., and Blue Cross and Blue Shield of Kansas City (together, the "Individual Health Plan Plaintiffs" or "IHPPs") (collectively, "Plaintiffs") respectfully seek permission from the Court to ask limited questions of Staci Julie regarding the scope of Teva's waiver of attorney-client privilege. Plaintiffs want to stay within the boundaries of the Court's rulings as to questions related to privilege and its waiver, and this motion is an effort to ensure that Plaintiffs do not stray beyond the Court's guideposts.

Plaintiffs seek the Court's permission to ask the following questions of Ms. Julie during her resumed examination on Friday: "Your counsel asked you about a privilege waiver by Teva, do you recall that? To be clear, Teva did not waive privilege as to all communications, correct? That is why, for example, we still see some redactions in the emails you and your counsel discussed on Wednesday?" These questions are necessary in light of Defendant Teva's questions of Ms. Julie, which left the jury with a misimpression about the scope of Teva's privilege waiver. Ms. Julie's testimony undoubtedly left the jury with the impression that Teva fully waived attorney-client privilege as to all subject matters, at least with regard to Ms. Julie's communications. Regardless of whether counsel's framing was intentional, these questions and answers leave the jury with a misimpression that is prejudicial to Plaintiffs, and Plaintiffs should be allowed to ask very limited questions of Ms. Julie to clear up this misimpression.

On June 5, the Court heard argument regarding whether Plaintiffs would be permitted to ask defense witnesses questions related to Teva's waiver and/or Gilead's maintenance of the attorney-client privilege. The Court barred certain testimony by Defendants' witnesses and determined to issue a jury

instruction as the "most neutral approach and yet informative approach." The parties met and conferred and filed a largely stipulated instruction. Dkt. 1942. The Court modified this instruction and read it to the jury. Dkt. 1943. Plaintiffs did not ask any defense witnesses, Mr. Gibbs, Mr. Pletcher, nor Ms. Julie, about the privilege or ask questions that would elicit the privilege.

During Defendant Teva's direct examination of Ms. Julie, the following exchange occurred:

> Q. Remind us the date of the e-mail that's up on the screen, please, Ms. Julie.
> A. February 4, 2014.
> Q. So let's look at what you wrote. **Your e-mail says "Privileged" at the top in bold underline. Why did you add that?**
> A. **Because I was providing attorney advice.**
> Q. Now, **we haven't seen that heading, that "Privileged" heading in all your other e-mails** about Gilead's patent. **Is that because they were not privileged?**
> A. **No.**
> Q. When you wrote this February 4 e-mail, and the other ones we've seen about Gilead's patents, **were you expecting that they would ever become public**?
> A. **Definitely not**.
> Q. Why not?
> A. Because **privileged communications are generally protected against disclosure**, so we want candor between clients and attorneys; right? We want clients to tell attorneys facts we need to know, and we want attorneys to give the advice that clients need to hear. So we generally protect them so that they're not disclosed publicly.
> Q. But do you have an understanding in this case that **the reason we're looking at and talking about your privileged e-mails is that Teva has waived privilege to share them**?
> A. **That is my understanding; correct.**
> Q. Now, Ms. Julie, whenever you **give legal advice** to businesspeople at Teva in your job, do you **do so honestly**?
> A. **Absolutely**.
> Q. And when you gave Mr. Montalvo **this privileged legal advice** on February 4, did you tell him your **true and honest beliefs**?
> A. **Without question, yes**.

Trial Tr. 1049:16-1050:23. And:

> Q. Why did your team advise Mr. Montalvo -- strike that. Why did you, in **your privileged advice**, advise Mr. Montalvo that the most likely launch date for the Quatera product including emtricitabine was Q1 2024?
> A. Because I believed we would not be able to launch in advance of the combination patents.

Trial Tr. 1051:20-25.

It is problematic that counsel injected privilege into Ms. Julie's testimony[1] in a manner that

---

[1] As the above example demonstrates, counsel literally stopped and restarted a question ("Why did your

suggested her communications should be found credible *because* Teva waived privilege to produce them. But more importantly, this line of questions and answers suggested to the jury—incorrectly—that Teva waived privilege as to <u>all</u> of Ms. Julie's communications. That is not true; Teva did not waive attorney-client privilege as to all of Ms. Julie's communications.

The Court's supplemental privilege instruction appropriately addressed the issue of Defendants' one-sided, partial privilege waiver in the abstract and provided a path forward in which neither side needed to talk about privilege or its waiver. But Teva then used the fact of its (partial) waiver in an effort to bolster its case (*i.e.*, as a sword), after insisting to the Court that Plaintiffs should not be permitted to elicit that Teva's waiver was only partial (*i.e.*, as a shield). *See* June 5, 2023 Tr. at 635-43[2]; *see also Apple, Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241-44 (N.D. Cal. 2015) ("The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword). Teva cannot be permitted to suggest that it is being open and honest by waiving privilege over all communications when it did no such thing, and now that Teva has given the jury that misimpression, it is important that it be corrected. Anything less prejudices Plaintiffs.

While Plaintiffs believe that Teva has crossed the line, Plaintiffs still do not intend to seek privileged communications or suggest an adverse inference from Teva's partial assertion of the privilege. Instead, Plaintiffs should be permitted to correct the record by asking the limited questions set forth above. Alternatively, Plaintiffs ask that the Court consider a brief further instruction on privilege—without having to broach the subject of what it was that Teva continues to conceal behind the wall of privilege—along the following lines:

> On Wednesday, during examination by Teva's counsel, Ms. Julie testified that she understood Teva waived the attorney-client privilege over her communications. To clarify, Teva waived privilege as to certain subjects, but it did not waive privilege as to all subjects. That is why you may see redactions in some of the Teva documents that have been or will be shown to you during trial.

---

team advise Mr. Montalvo…") to re-inject privilege into the discussion ("Why did you, *in your privileged advice*, advise Mr. Montalvo…").

[2] When the Court asked for a proffer of what Teva intended to elicit from Ms. Julie, Teva did not disclose that it intended to affirmatively call attention to its (partial) privilege waiver. *See* June 5, 2023 Tr. at 639-40.

1

2                                           Respectfully submitted,

3   Dated:  June 8, 2023                    SPERLING & SLATER, LLC

4                                   By:  */s/ Trevor K. Scheetz*
                                          TREVOR K. SCHEETZ (*pro hac vice*)
5                                         tscheetz@sperling-law.com
                                          PAUL E. SLATER (*pro hac vice*)
6                                         pes@sperling-law.com
                                          JOHN P. BJORK (*pro hac vice*)
7                                         jbjork@sperling-law.com
                                          EAMON P. KELLY (*pro hac vice*)
8                                         ekelly@sperling-law.com
                                          ALBERTO RODRIGUEZ (*pro hac vice*)
9                                         arodriguez@sperling-law.com
                                          DAVID P. GERMAINE (*pro hac vice*)
10                                        dgermaine@sperling-law.com
                                          JOSEPH M. VANEK (*pro hac vice*)
11                                        jvanek@sperling-law.com
                                          55 West Monroe, Suite 3200
12                                        Chicago, IL 60603
                                          Telephone: (312) 641-3200
13
                                          HILLIARD & SHADOWEN LLP
14                                        STEVE D. SHADOWEN (*pro hac vice*)
15                                        steve@hilliardshadowenlaw.com
                                          RICHARD BRUNELL (*pro hac vice*)
16                                        rbrunell@hilliardshadowenlaw.com
                                          NICHOLAS WILLIAM SHADOWEN (*pro hac vice*)
17                                        nshadowen@hilliardshadowenlaw.com
                                          TINA JOANN MIRANDA (*pro hac vice*)
18                                        tmiranda@hilliardshadowenlaw.com
                                          MATTHEW C. WEINER (*pro hac vice*)
19                                        matt@hilliardshadowenlaw.com
                                          1135 W. 6th Street, Suite 125
20                                        Austin, TX 78703
21                                        Telephone:  (855) 344-3298

22                                        HAGENS BERMAN SOBOL SHAPIRO LLP
23                                        STEVE W. BERMAN (*pro hac vice*)
                                          steve@hbsslaw.com
24                                        1301 Second Avenue, Suite 2000
25                                        Seattle, WA 98101
                                          Telephone: (206) 623-7292
26

27

28
                                          5

HAGENS BERMAN SOBOL SHAPIRO LLP
THOMAS M. SOBOL (*pro hac vice*)
tom@hbsslaw.com
GREGORY T. ARNOLD (*pro hac vice*)
grega@hbsslaw.com
ABBYE R. K. OGNIBENE (SBN 311112)
abbyeo@hbsslaw.com
LAUREN G. BARNES (*pro hac vice*)
lauren@hbsslaw.com
1 Faneuil Hall Square, 5th Floor
BOSTON, MA 02109
Telephone: (617) 482-3700

*Co-Lead Counsel for End-Payor Plaintiffs*


KESSLER TOPAZ MELTZER & CHECK, LLP
JOSEPH H. MELTZER (*pro hac vice*)
jmeltzer@ktmc.com
TERENCE S. ZIEGLER (*pro hac vice*)
tziegler@ktmc.com
DONNA S. MOFFA (*pro hac vice*)
dmoffa@ktmc.com
JORDAN E. JACOBSON (*pro hac vice*)
jjacobson@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

SPECTOR ROSEMAN & KODROFF P.C.
JEFFREY L. KODROFF (*pro hac vice*)
jkodroff@srkattorneys.com
DIANA J. ZINSER (*pro hac vice*)
dzinser@srkattorneys.com
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300

MILLER SHAH LLP
JAYNE A. GOLDSTEIN (*pro hac vice*)
jagoldstein@millershah.com
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Telephone: (954) 515-0123

MILLER SHAH LLP
NATALIE FINKELMAN BENNETT (*pro hac vice*)
nfinkelman@millershah.com
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (610) 891-9880

LOCKRIDGE GRINDAL NAUEN PLLP
HEIDI M. SILTON (*pro hac vice*)
hmsilton@locklaw.com
KAREN H. RIEBEL (*pro hac vice*)
khriebel@locklaw.com
JESSICA N. SERVAIS (*pro hac vice*)
jnservais@locklaw.com
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

PRITZKER LEVINE LLP
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
BETHANY CARACUZZO (SBN 190687)
bc@pritzkerlevine.com
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772

GLANCY PRONGAY & MURRAY
KEVIN F. RUF (SBN 136901)
kruf@glancylaw.com
LIONEL Z. GLANCY (SBN 134180)
lglancy@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

GLANCY PRONGAY & MURRAY
LEE ALBERT (*pro hac vice*)
lalbert@glancylaw.com
BRIAN D. BROOKS (*pro hac vice*)
bbrooks@glancylaw.com
230 Park Avenue, Suite 530
New York, NY 10169
Telephone: (212) 682-5340

7

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM (*pro hac vice*)
lnussbaum@nussbaumpc.com
BART D. COHEN (*pro hac vice*)
bcohen@nussbaumpc.com
PETER E. MORAN (*pro hac vice*)
pmoran@nussbaumpc.com
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9189

RADICE LAW FIRM, P.C.
JOHN RADICE (*pro hac vice*)
jradice@radicelawfirm.com
DAN RUBENSTEIN (*pro hac vice*)
drubenstein@radicelawfirm.com
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502

*Counsel for End-Payor Plaintiffs*

Dated:  June 8, 2023                    ZELLE LLP

By:  */s/ Judith A. Zahid*
                    JUDITH A. ZAHID (SBN 215418)
                    jzahid@zellelaw.com
                    ERIC W. BUETZOW (SBN 253803)
                    ebuetzow@zellelaw.com
                    JAMES S. DUGAN (SBN 325565)
                    jdugan@zellelaw.com
                    555 12th Street, Suite 1230
                    Oakland, CA 94607
                    Telephone: (415) 693-0700

                    ZELLE LLP
                    WILLIAM BORNSTEIN (*pro hac vice*)
                    wbornstein@zellelaw.com
                    500 Washington Avenue South, Suite 4000
                    Minneapolis, MN 55415
                    Telephone: (612) 339-2020

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOIES SCHILLER FLEXNER LLP
HAMISH P.M. HUME (*pro hac vice*)
hhume@bsfllp.com
ERIC MAURER (*pro hac vice*)
emaurer@bsfllp.com
MICHAEL S. MITCHELL (*pro hac vice*)
mmitchell@bsfllp.com
1401 New York Ave, NW
Washington, DC 20005
Telephone: (202) 237-2727

BOIES SCHILLER FLEXNER LLP
BEKO O. REBLITZ-RICHARDSON (SBN 238027)
brichardson@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800

*Counsel for United HealthCare Services, Inc.*

Dated:  June 8, 2023                            CROWELL & MORING LLP

By:  */s/ Daniel A. Sasse*
DANIEL A. SASSE (SBN 236234)
dsasse@crowell.com
JOANNA M. FULLER (SBN 266406)
jfuller@crowell.com
TIFFANIE L. MCDOWELL (SBN 288946)
tmcdowell@crowell.com
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile:  (949) 263-8414

KENT A. GARDINER (*pro hac vice*)
kgardiner@crowell.com
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile:  (202) 628-5116

PLAINTIFF'S MOTION SEEKING PERMISSION TO ASK A WITNESS LIMITED CLARIFYING
QUESTIONS ABOUT THE SCOPE OF TEVA'S PRIVILEGE WAIVER/ CASE NO. 3:19-CV-02573-EMC

1

2

3

4

LAURA A. LYDIGSEN (*pro hac vice*)
llydigsen@crowell.com
455 N. Cityfront Plaza Drive, Ste. 3600
Chicago, IL 60611
Telephone: (312) 321-4200
Facsimile:  (312) 321-4299

5

6

7

8

*Counsel for Humana Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO); Centene Corporation; Health Care Service Corporation, a Mutual Legal Reserve Company; Triple-S Salud, Inc.; Blue Cross and Blue Shield Kansas City; and Kaiser Foundation Health Plan, Inc.*

9

10

Dated:  June 8, 2023

BERRY SILBERBERG STOKES PC

11

12

13

14

15

By:  */s/ Joshua C. Stokes*

JOSHUA C. STOKES (SBN 220214)
jstokes@berrysilberberg.com
CAROL M. SILBERBERG (SBN 217658)
csilberberg@berrysilberberg.com
11600 Washington Place, Suite 202C
Los Angeles, CA 90066
Telephone: (213) 986-2690
Facsimile:  (213) 986-2677

16

17

18

19

*Counsel for Humana Inc.; Blue Cross and Blue Shield of Florida, Inc. (d/b/a Florida Blue) and Health Options, Inc. (d/b/a Florida Blue HMO); Centene Corporation; Triple-S Salud, Inc.; Blue Cross and Blue Shield of Kansas City; and Kaiser Foundation Health Plan, Inc.*

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION SEEKING PERMISSION TO ASK A WITNESS LIMITED CLARIFYING QUESTIONS ABOUT THE SCOPE OF TEVA'S PRIVILEGE WAIVER/ CASE NO. 3:19-CV-02573-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, Trevor K. Scheetz, attest that concurrence in the filing of this document has been obtained.


Dated:  June 8, 2023                                          */s/ Trevor K. Scheetz*

PLAINTIFF'S MOTION SEEKING PERMISSION TO ASK A WITNESS LIMITED CLARIFYING
QUESTIONS ABOUT THE SCOPE OF TEVA'S PRIVILEGE WAIVER/ CASE NO. 3:19-CV-02573-EMC

## CERTIFICATE OF SERVICE

On June 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

Dated:  June 8, 2023

/s/ Trevor K. Scheetz