Michael J. Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street
Suite 3700
Los Angeles, California 90071
Tel: (213) 680-8400
michael.shipley@kirkland.com

Jay P. Lefkowitz, P.C. (*pro hac vice*)
Devora W. Allon, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
lefkowitz@kirkland.com
devora.allon@kirkland.com

Bart H. Williams (SBN 134900)
Susan L. Gutierrez (SBN 273980)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel: (310) 557-2900
bwilliams@proskauer.com
sgutierrez@proskauer.com

*Attorneys for Defendants Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*

Christopher T. Holding (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel: (617) 570-1000
Email: cholding@goodwinlaw.com

*Attorney for Defendant Teva Pharmaceuticals USA, Inc.*

*Additional Counsel for Defendants Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Case No. 3:19-cv-02573-EMC (lead case)<br><br>**DEFENDANTS' MOTION TO PRECLUDE UNTIMELY EXPERT OPINIONS FROM EDWARD LENTZ**<br><br>Ctrm:     5-17th Floor<br>Judge:    Honorable Edward M. Chen |

## INTRODUCTION

Pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 26 and 32, Defendants move for an order prohibiting Plaintiffs from eliciting undisclosed expert opinions from Mr. Edward Lentz addressing the trial testimony from a Teva fact witness, Staci Julie, regarding her subjective assessment of the merits of Gilead's patents at issue in this matter.

Mr. Lentz's only disclosed opinions with respect to this subject have been that (1) Mr. Lentz explicitly did not consider or rely upon Ms. Julie's contemporaneous emails from 2013 and 2014 in forming his opinions in this case; (2) Mr. Lentz disagreed with certain statements about European patents and proceedings in Ms. Julie's declaration submitted during pretrial proceedings in this case, and (3) Mr. Lentz believes Ms. Julie's declaration was insufficiently detailed to consider it in forming his opinions. Where Plaintiffs had every opportunity to timely disclose additional opinions from Mr. Lentz engaging with the substance of Ms. Julie's contemporaneous emails, or to elicit deposition testimony from Ms. Julie for Mr. Lentz to timely consider, they should not now be permitted to elicit new and undisclosed expert opinions from Mr. Lentz from the stand based upon Ms. Julie's trial testimony. Defendants sought confirmation from Plaintiffs that they would not do so, and Plaintiffs refused to directly answer the question, instead suggesting that Mr. Lentz may offer new opinions on redirect if challenged with the details of his previously-disclosed opinions. If offered now, mid-way through trial, such new expert opinions would be unjustified and prejudicial to Defendants. Any such opinions should be precluded.

## STATEMENT OF ISSUE TO BE DECIDED

Should a party be permitted to offer new expert opinion at trial in response to testimony from a fact witness who the party elected not to depose despite being able to do so and aware of the witness's significance to the case?

## LEGAL STANDARD

"Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness 'accompanied by a written report prepared and signed by the witness.'" *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Parties are required to disclose any supplemental information. *See id.*; Fed. R. Civ. P. 26(e)(2). Where a party "without substantial

2

justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2)," that party "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." *Yeti by Molly*, 259 F.3d at 1106 n.1; Fed. R. Civ. P. 37.  This includes new opinions offered by expert witnesses. *Id.*; *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6227626, at *4, 6 (N.D. Cal. Nov. 22, 2013) ("experts are required to testify only as to arguments and theories disclosed in their expert reports").  "The sanction is *automatic and mandatory* unless the sanctioned party can show that its violation . . . was either justified or harmless." *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015) (emphasis original).

## ARGUMENT

Under the Federal Rules of Civil Procedure and controlling Ninth Circuit precedent, Plaintiffs are automatically precluded from offering new, previously undisclosed expert opinions. *Yeti by Molly*, 259 F.3d at 1106; Fed. R. Civ. P. 26, 37; *see also Guzik Tech.*, 2013 WL 6227626, at *4, 6.  Plaintiffs' patent expert, Mr. Lentz, has never disclosed any opinion discussing the substance of Ms. Julie's patent analysis as recorded in contemporaneous Teva emails from 2013 and 2014, which were produced during fact discovery prior to Mr. Lentz's expert reports and depositions.  However, Mr. Lentz attended Ms. Julie's June 6 and 7 trial testimony and is likely to attend her June 9 examination.  Concerned that Plaintiffs plan for Mr. Lentz to offer new, undisclosed opinions for the first time on the stand based on Ms. Julie's testimony, Defendants contacted Plaintiffs requesting that they confirm that Mr. Lentz would not be providing any new opinions during trial.  Plaintiffs refused to explicitly confirm, instead "reserv[ing] all rights to ask questions on redirect responsive to defendants cross examination." *See* Ex. 1 (6:12 p.m. email from A. Ognibene).  Defendants' concern is that, if cross-examined with respect to his previously disclosed opinion that he did not consider or rely upon Ms. Julie's contemporaneous emails, Plaintiffs intend for Mr. Lentz to offer for the first time on redirect examination new and undisclosed opinions regarding the substance of Ms. Julie's emails and testimony regarding the same.  Such testimony should be precluded.

To the extent Plaintiffs intend to elicit untimely new opinions from Mr. Lentz as to any opinions he formed after the close of expert discovery with respect to Ms. Julie's 2013 and 2014 emails, or during trial to her testimony that were not timely, Defendants request that the Court preclude Plaintiffs from doing so. Mr. Lentz authored two expert reports and provided deposition testimony twice in this case. With respect to Ms. Julie's personal analysis of Gilead's patents, Mr. Lentz's only disclosed opinions were that (1) he did not rely upon Ms. Julie's contemporaneous emails from 2013 and 2014 and that those emails did not inform Mr. Lentz's opinions in this matter; (2) Ms. Julie's declaration submitted in this case was insufficiently detailed for Mr. Lentz to take it into consideration; and (3) he disagreed with certain statements in Ms. Julie's declaration with respect to European law and certain EPO proceedings. *See* Ex. 2 (July 15, 2022 Lentz Dep. Tr.) at 23:7–24:2; Ex. 3 (Lentz Rebuttal Rpt.) at ¶¶ 52–60; Ex. 4 (Sept. 1, 2022 Lentz Dep. Tr.) at 215:6–9. For Mr. Lentz to ***now*** provide additional or contradictory opinions on the stand based on Ms. Julie's testimony would be a violation of the requirements of Federal Rules of Civil Procedure 26 and 37.

Rule 37(c)(1) provides, in relevant part, that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly*, 259 F.3d 1101 at 1106 ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). Mr. Lentz's opinions were required to be disclosed under Rule 26(a) and supplemented under Rule 26(e)(2). On the face of the Federal Rules alone, Plaintiffs are prohibited from offering new opinions through Mr. Lentz's testimony.

Any potential violation of Rule 26 by Plaintiffs offering new opinions through Mr. Lentz's testimony would result in "a 'self-executing,' 'automatic' sanction to 'provide[] a strong inducement for disclosure of material." *Yeti by Molly*, 259 F.3d 1101 at 1106 (citing Fed. R. Civ. P. 37 advisory committee's notes (1993)). As such, courts in this district have routinely held that experts, like Mr. Lentz, "are required to testify only as to arguments and theories disclosed in their expert reports." *See, e.g.*, *Guzik Tech.*, 2013 WL 6227626, at *4, 6. The disclosure requirements of Rule 26 for expert opinions

4

mean that Mr. Lentz is "limited to [the opinions] discussed in his expert report or at his deposition." *See id.* at *6.

Plaintiffs have no justifications to otherwise avoid the preclusion of new testimony. Sanctioned parties who fail to properly disclose expert opinions under Rule 26 can only avoid preclusion of new opinions if they can show that the new opinions are "either justified or harmless." *Yeti by Molly*, 259 F.3d 1106. Even where the "exclusion of an expert [or their opinions] would prevent [Plaintiffs] from making out a case," preclusion is still proper absent a showing of substantial justification. *Id.* ("Courts have upheld the use of the sanction even when a litigant's cause of action or defense has been precluded."). Plaintiffs cannot justify any potential new opinions by Mr. Lentz. Mr. Lentz was in possession of Ms. Julie's 2013 and 2014 emails and documents showing her personal patent analysis before his opening report, depositions, and rebuttal report. However, he declined to consider her emails in forming his opinions. Plaintiffs also noticed the 30(b)(6) deposition of Teva—to which Defendants informed Plaintiffs that Ms. Julie would serve as Teva's 30(b)(6) deponent as it relates to Teva's patent assessments—and Plaintiffs declined to proceed with her deposition. *See* Trial Tr. at 952:1–2. Teva identified Ms. Julie as an individual likely to have discoverable information in its October 29, 2021 Initial Disclosures. Ms. Julie was also a custodian for Teva's document production. At any time after serving the original 30(b)(6) notice, Plaintiffs could have deposed Ms. Julie. Plaintiffs did not. Plaintiffs could have also noticed Ms. Julie to be deposed in her personal capacity. Plaintiffs did not.

To the extent Plaintiffs claim that Mr. Lentz's opinions would serve as rebuttal testimony to Ms. Julie's testimony, Plaintiffs are similarly precluded from doing so. *See Clear-View Techs.*, 2015 WL 3509384, at *4 ("Permitting Defendants to backdoor such expert testimony under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless, and permit Defendants to engage in substantial gamesmanship—something Rule 26 was designed to combat, not foster."). There is no justification for Plaintiffs to now change course and attempt to provide new opinions.

Any new opinions provided by Mr. Lentz on the stand would be prejudicial to Defendants because it would unfairly require Defendants to attempt to address those new opinions in the middle of trial—providing Defendants with no notice at all and flouting the disclosure requirements of Rule 26. It would

also encourage a troubling pattern of behavior by Plaintiffs. If Plaintiffs are not precluded from eliciting new opinions from Mr. Lentz, Plaintiffs will only be encouraged to continue with this pattern of behavior. "Enabling this pattern of behavior 'would surely circumvent the full disclosure requirement implicit in Rule 26." *Cousyn for Cousyn Grading & Demo, Inc. v. Ford Motor Co.*, No. EDCV 17-2051-DOC(KKx), 2019 WL 6434922, at *5 (C.D. Cal. July 17, 2019) (citing to *Jarrow Formulas, Inc. v. Now Health Grp., Inc.*, No. CV 10-8301-PSG (JCx), 2012 WL 3186576, at *15 (C.D. Cal. Aug. 2, 2012)).

As such, Defendants request that the Court preclude Plaintiffs from eliciting any new opinions from Mr. Lentz regarding Ms. Julie's 2013 and 2014 emails or in response to Ms. Julie's trial testimony.

Dated: June 8, 2023

**PROSKAUER ROSE LLP**

By: /s/ Bart H. Williams
Bart H. Williams (SBN 134900)
Susan L. Gutierrez (SBN 273980)
Christina Maria Assi (SBN 311992)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel: (310) 557-2900
bwilliams@proskauer.com
sgutierrez@proskauer.com
cassi@proskauer.com

Jay P. Lefkowitz, P.C. (*pro hac vice*)
Devora W. Allon, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
lefkowitz@kirkland.com
devora.allon@kirkland.com

James F. Hurst, P.C. (*pro hac vice*)
Kevin T. Van Wart, P.C. (*pro hac vice*)
Nicholas F. Wasdin (*pro hac vice*)
Kevin M. Jonke (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
james.hurst@kirkland.com
kevinvanwart@kirkland.com
nick.wasdin@kirkland.com
kevin.jonke@kirkland.com

Michael J. Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street
Suite 3700
Los Angeles, California 90071
Tel: (213) 680-8400
michael.shipley@kirkland.com

*Counsel for Defendants*
*Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC*

| | | |
|---|---|---|
| Dated: June 8, 2023 | | **GOODWIN PROCTER LLP** |
| | By: | /s/ Christopher T. Holding |
| | | Christopher T. Holding (*pro hac vice*) |
| | | Daryl L. Wiesen (*pro hac vice*) |
| | | Joseph Rockers (*pro hac vice*) |
| | | Molly R. Grammel (*pro hac vice*) |
| | | Tucker DeVoe (*pro hac vice*) |
| | | Jordan Bock (SBN 321477) |
| | | GOODWIN PROCTER LLP |
| | | 100 Northern Avenue |
| | | Boston, MA 02210 |
| | | Telephone: (617) 570-1000 |
| | | Facsimile: (617) 523-1231 |
| | | CHolding@goodwinlaw.com |
| | | DWiesen@goodwinlaw.com |
| | | JRockers@goodwinlaw.com |
| | | MGrammel@goodwinlaw.com |
| | | TDeVoe@goodwinlaw.com |
| | | JBock@goodwinlaw.com |
| | | |
| | | Brian T. Burgess (*pro hac vice*) |
| | | GOODWIN PROCTER LLP |
| | | 1900 N Street, NW |
| | | Washington, DC 20036 |
| | | Telephone: (202) 346-4000 |
| | | Facsimile: (617) 523-1231 |
| | | BBurgess@goodwinlaw.com |
| | | |
| | | Ariel E. Rogers (SBN 316910) |
| | | GOODWIN PROCTER LLP |
| | | 601 Marshall Street |
| | | Redwood City, CA 94063 |
| | | Telephone: (650) 752-3100 |
| | | Facsimile: (650) 853-1038 |
| | | ARogers@goodwinlaw.com |
| | | |
| | | *Attorneys for Defendant* |
| | | *Teva Pharmaceuticals USA, Inc.* |

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I Christopher T. Holding attest that concurrence in the filing of this document has been obtained.

*/s/ Christopher T. Holding*
Christopher T. Holding

**CERTIFICATE OF SERVICE**

On June 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Christopher T. Holding*
Christopher T. Holding