UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER RE TRIAL WITNESS DISCLOSURES**<br><br>Docket No. 1962 |

    The parties have raised a dispute related to an exhibit that Plaintiffs seek to use with their expert Todd Clark.  Plaintiffs have asked for oral argument.  sThat request is denied.

    The exhibit at issue is Exhibit 5281.  The exhibit is a document that was filed in this case – specifically, a stipulation and order regarding (1) Teva's operational readiness to launch generic Atripla and generic Truvada and (2) Teva's reasonable belief at the time of settlement regarding its forfeiture of first-to-file exclusivity.  *See* Docket No. 785 (stipulation and order).  Plaintiffs want the entire document to be given to the jury as an exhibit.  Defendants ask that only the stipulated facts (in paragraph 3) be read out loud to the jury.

    Defendants' 403 objection is sustained.  It will likely be confusing to the jury to see the full language of the stipulation and order.  Moreover, to avoid prejudice, stipulations provided to the jury should be provided in a uniform way.  The Court orders that only the stipulated facts in paragraph 3 of the stipulation shall be read out loud to the jury.  However, the stipulated facts in paragraph 3 should be incorporated into the instructions that are given to the jury at the close of trial.  *See* Docket No. 1881 (Court's Final Instructions, Jury Instruction No. [2.2], Stipulations of Fact, at page 48).  The Court orders the parties to meet and confer to reach agreement on

incorporating the stipulated facts in paragraph (3) into the instructions that will be given at the close of trial.  The parties shall report back within three Court days.

**IT IS SO ORDERED**.

Dated: June 13, 2023

_____
EDWARD M. CHEN
United States District Judge