UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO PRECLUDE RE DR. MCGUIRE** <br><br> Docket No. 1955 |

This order memorializes the Court's June 13, 2023, ruling on Defendants' motion to preclude related to Dr. McGuire. The critical issue was whether Dr. McGuire should be permitted to testify about the "Expanded Version" of Table 3 (*i.e.*, the third column), which addresses the scenario in which the jury finds a rational economic actor in the shoes of the brand and generic manufacturers would have divergent assessments of the likelihood of the generic winning the patent lawsuit. *See* Mot. at 4. Dr. McGuire's reports had always assumed a single convergent percentage. The Court held that Dr. McGuire could not provide such testimony. Such testimony was based on a methodology that was not disclosed to Defendants in, *e.g.*, Dr. McGuire's opening report, his rebuttal report, or his deposition.

Plaintiffs' reliance on Attachment E.1 of the opening report, *see* Opp'n at 2, was unavailing. Although Attachment E.1 has a separate column for Gilead and a separate column for Teva, the columns contain the *same* percentages related to Teva's chance of winning in the FTC patent infringement suit. In other words, Dr. McGuire did not separate out the perspective of Gilead/a brand manufacturer from the perspective of Teva/a generic manufacturer – which makes sense given that Dr. McGuire was relying on percentages provided from Plaintiffs' expert Mr.

Lentz, who never separated out the companies' perspectives.  Nor did he expressly opine as to how the negotiated date would play out in the event of such divergent assessments.

As to Dr. McGuire's rebuttal report, he notably failed to respond to the direct criticism of the defense expert, Dr. Saravia, that a "flaw of using Dr. McGuire's assumed probability based on a 'rational, nonconspiring' party, is that it requires that both parties have the same expectations regarding the probability of a generic manufacturer winning patent litigation."  Saravia Rpt. ¶ 124.  That was Dr. McGuire's opportunity to address this scenario; he failed to do so.

Finally, the deposition testimony on which Plaintiffs relied did not support their position.  Plaintiffs isolated Dr. McGuire's testimony at page 74 but the broader context of the questioning (*e.g.*, in page 73) demonstrated that Dr. McGuire was not testifying about differential perspectives of Gilead and Teva, but rather a sensitivity analysis using a single convergent assessment.

Accordingly, the Court granted the motion to preclude.

**IT IS SO ORDERED**.

Dated: June 13, 2023

_____
EDWARD M. CHEN
United States District Judge