UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC<br><br>**ORDER RE TRIAL WITNESS DISCLOSURES**<br><br>Docket No. 1977 |

The parties have submitted disputes related to exhibits to be used with the defense expert Ms. O'Malley. The Court rules as follows.

- Exhibit 5150. This exhibit is (in effect) the Merchant & Gould opinion. The objections are **overruled**. In her expert report, Ms. O'Malley did give some opinions on the Merchant & Gould opinion, even if she largely relied on Dr. Berkland's evaluation of the Merchant & Gould opinion. *See, e.g.*, O'Malley Rpt. ¶ 246 ("Mr. Lentz's reliance on legal opinion letters from Merchant & Gould does not change my opinion. The Merchant & Gould opinion letters are a legal evaluation of Teva's defenses to infringement of Gilead's patents. They are not a replacement for litigation where both side's arguments and evidence are laid out, nor are they based on a fully developed record. Furthermore, as discussed above, Dr. Berkland analyzed many of the issues discussed in the opinion letters and disagreed. This highlights the fact that the Merchant & Gould opinions would require substantial expert witness support – another consideration that Mr. Lentz ignores.").

- Exhibits 5435, 5436, 8248. These exhibits are expert reports – specifically, of Mr. Lentz and Ms. O'Malley. Defendants state that they do not intend to admit the reports as evidence but they do seek to publish parts of the reports, if necessary or useful. The Court **defers** ruling. It is possible that the Lentz reports could be used to impeach. It is possible that figures or charts may be useful as demonstratives.

- Exhibit 7858. The Court **defers** ruling on the objections. It is not clear what is the relevance of the 2022 version of the Orange Book.

- Exhibit 7883. The Court **defers** ruling on the objections. It appears that Ms. O'Malley did not, in her expert report, refer to the lawsuit that Gilead filed against Mylan in the federal West Virginia court.

- Exhibit 7966. This exhibit relates to litigation that Teva filed against Mylan in the District of New Jersey. "Plaintiffs maintain their position that the proper avenue to explore these issues [*e.g.*, that Teva took positions in the New Jersey suit consistent with Gilead in the FTC patent infringement suit] is through the briefing submitted by Teva and Gilead in the underlying [FTC patent infringement] litigation." Jt. St. at 4. The objections are **overruled**. If necessary, Plaintiffs may ask for a limiting instruction to ensure that there is no jury confusion.

- Exhibit 8054. This exhibit is a declaration (from Stanley M. Roberts) that was submitted in a patent interference proceeding before the PTO. Defendants represent, and Plaintiffs do not appear to contest, that the declaration was a part of the litigation record in the FTC patent infringement suit. Ms. O'Malley does appear to have referenced the declaration in her expert report. *See* O'Malley Rpt. ¶ 110 ("Gilead also refuted Teva's other supposed evidence to the contrary. Gilead first pointed out material weaknesses in Dr. Robert's testimony and that Dr. Roberts had, only a few years earlier, described the state of the art differently and in a manner that was consistent with Gilead's view of the art at trial."). The objections are **overruled**. If necessary, Plaintiffs may ask for a limiting instruction to ensure that there is no jury confusion.

2

- Exhibit 8075. The Court has already addressed this exhibit in a prior order (in conjunction with the testimony of Mr. Lentz). *See* Docket No. 1958 (order). Defendants confirm that they do not intend to admit the exhibit (an opinion issued by the federal New Jersey court in the case that Teva filed against Mylan).

- Mr. Lentz's trial testimony on June 9 and 13, 2023. The objections are **sustained** in part and **deferred** in part. Defendants state that they intend only to publish portions of the testimony; however, publication is not appropriate given the Court's statement to the jury that they would not be provided with any trial transcript. Plaintiffs also argue that Ms. O'Malley should not be permitted to respond to testimony that Mr. Lentz gave at trial (as opposed to that provided in his report). The Court defers ruling on this part of Plaintiffs' objection. The situation with Ms. O'Malley is different from that with Mr. Lentz: Ms. O'Malley was hired to respond to Mr. Lentz's opinion; Mr. Lentz made the decision not to consider Teva's subjective beliefs (Ms. Julie's testimony) in writing his expert report.

- Sanofi-Synthelabo v. Apotex, Inc., 550 F.3d 1075 (Fed. Cir. 2008). The objections are **overruled**. Defendants do not intend to admit the opinion into evidence. Mr. Lentz was already questioned about the case during his testimony on June 13.

- Sanofi-Synthelabo v. Apotex, Inc., 492 F. Supp. 2d 353 (S.D.N.Y. 2007). The objections are **overruled**. Given that Ms. O'Malley considered the Federal Circuit case above, it is a reasonable inference that she was also aware of the lower court opinion. Defendants do not intend to admit the opinion into evidence.

- Immunex Corp. v. Sandoz Inc., 964 F.3d 1049 (Fed. Cir. 2020). The objections are **overruled**. Mr. Lentz gave testimony on some general parameters regarding patent law (that are not in dispute); it is not unfair for Ms. O'Malley to do the same. Defendants do not intend to admit the opinion into evidence.

- Eli Lilly & Co. v. Teva Parenteral Medicines, Inc., 689 F.3d 1368 (Fed. Cir. 2012). The Court **defers** ruling on the objections. Ms. O'Malley does not appear to have cited this case in her expert report.

3

- Aventis Pharma Deutschland GmbH v. Lupin, Ltd., 499 F.3d 1293 (Fed. Cir. 2007). The objections are **overruled**. Ms. O'Malley testified about this case in her expert report because Mr. Lentz had relied on it. Defendants do not intend to admit the opinion into evidence.
- Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheum. Trust, 764 F.3d 1366 (Fed. Cir. 2014). The Court **defers** ruling on the objections. Ms. O'Malley does not appear to have cited this case in her expert report.
- In re Adamson, 47 C.C.P.A. 839 (1960). The objections are **overruled**. Ms. O'Malley testified about this case in her expert report because Mr. Lentz had relied on it. Defendants do not intend to admit the opinion into evidence.
- DDX5.0002-.0004 (demonstrative). The objections are **overruled**.
- DDX5.0007. The objections are **overruled**. As indicated above, Defendants may refer to Ms. O'Malley as a "patent law expert."
- DDX5.0012, .0015, .0031, .0041. The objections are **sustained**. See the Court's comments above on the trial testimony of Mr. Lentz (June 9 and 13). Ms. O'Malley may still testify about her response to Mr. Lentz's testimony.
- DDX5.0021, .0026. The objections are **sustained**. See above.
- DDX5.0030, .0039, .0050. The objections are **sustained**. See above.
- DDX5.0036. The objections are **overruled**.
- DDX5.0014. The objections are **overruled**.
- DDX5.0027-.0028. The objections are **overruled**.
- DDX5.0040. The objections are **overruled**.
- DDX5.0043-.0044. The objections are **overruled**.
- DDX5.0060-.0062. The objections are **overruled**.
- DDX5.0052-.0053. Ruling on the objections are **deferred**. The Court overruled the objections with respect to Exhibit 5150 (see above). Arguably, here, Defendants have positioned Ms. O'Malley to testify about the Merchant & Gould

opinion in a way not disclosed in her expert report. However, in her report, Ms. O'Malley did indicate that she agreed with the analysis of Dr. Berkland.

- DDX5.0057-.0058. The objections are **overruled**.
- DDX5 (all trial stickers). The objections are **sustained** in part and **overruled in part**. So long as Defendants are making reference to exhibits that have been admitted, the trial stickers may be used.
- Exhibits 660, 791, 2005, 2025, 5754. The objections are **overruled**. The litigations/settlement agreements between Gilead and other generic manufacturers have, at least, some probative value with respect to Ms. O'Malley's credibility.
- Exhibit 5665. The Court **defers** ruling on the objections. It is not clear that the prescribing information for FTC has probative value with respect to Ms. O'Malley's testimony specifically.
- Exhibit 6470. The objections are **overruled**.
- Exhibits 9450, 9451, 9453, 9454. The Court **defers** ruling on the objections.
- PDX24.7 (demonstrative). The objections are **sustained**. The middle column is outside the scope of Ms. O'Malley's testimony.

**IT IS SO ORDERED**.

Dated: June 20, 2023

_____
EDWARD M. CHEN
United States District Judge