UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO PRECLUDE REBUTTAL TESTIMONY** <br><br> Docket No. 1987 |

At the morning conference on June 26, 2023, the Court **DENIED** Defendants' motion to preclude the rebuttal testimony of Dr. Suryanarayanan. This order memorializes the Court's ruling and provides additional analysis, as necessary.

According to Defendants, "[r]ebuttal evidence – especially expert rebuttal evidence – is subject to stringent limitations on admissibility and may be introduced solely to contradict unanticipated facts brought out in Defendants' case." Mot. at 2. *See, e.g.*, *Terpin v. AT&T Mobility, LLC*, No. 18-cv-06975-ODW-KS, 2023 U.S. Dist. LEXIS 46868, at *17 (C.D. Cal. Mar. 20, 2023) (stating that, "when a rebuttal expert's testimony is offered to 'contradict an expected or anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one'"). Defendants are making, in essence, a sandbagging argument.

Resolution of this issue turns on what notice Defendants were given that Dr. Suryanarayanan would be a rebuttal witness and whether Defendants would be prejudiced if he were permitted to provide rebuttal testimony. This approach is consistent with *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 U.S. Dist. LEXIS 98086 (W.D. Wash. July 18, 2014), which took a view of Rule 26 disclosure of rebuttal experts more forgiving than that urged by Defendants

1   herein. The Court finds *Theoharis* persuasive. In *Theoharis*, the court took note of the "stricter
2   view . . . that expert testimony is not rebuttal testimony where it addresses an anticipated (or
3   reasonably anticipatable) portion of the other party's case." *Id.* at *9. The court rejected that view
4   of Rule 26 for purposes of disclosure, but then added that the view made sense in the context of
5   trial:

> This standard comports more closely to the standard for evaluating rebuttal testimony (expert or percipient) *at trial*, where rebuttal witnesses typically need not be disclosed at all. In that context, a rebuttal witness for the plaintiff is one who testifies during the rebuttal phase of trial, and who may only "meet new facts brought out in her opponent's case in chief."

10  *Id.* at *9-10 (emphasis in original). By noting that, "at trial, . . . rebuttal witnesses typically need
11  not be disclosed at all," *id.* at *10, the *Theoharis* court was implicitly taking notice and prejudice
12  into account in assessing the permissibility of rebuttal expert witness testimony.

13      In the instant case, the notice and prejudice analysis weighs in favor of Plaintiffs, and not
14  Defendants. Plaintiffs expressly designated Dr. Suryanarayanan as a rebuttal witness (to Dr.
15  Berkland specifically) in its trial witness lists from April and May 2023. *See* Docket Nos. 1757
16  (Ex. 6) (Plaintiffs' amended witness summaries, dated 4/6/2023) (at ECF Page 367, listing Dr.
17  Suryanarayanan as an "expect to call" expert witness – he "may rebut the testimony of defendants'
18  expert Cory Berkland"); Docket No. 1864 (Plaintiffs' amended trial witness summaries, dated
19  5/19/2023) (at ECF Page 21, listing Dr. Suryanarayanan as a "will call" expert witness – he "may
20  rebut the testimony of defendants' expert Cory Berkland"). Furthermore, Defendants have long
21  known the sum and substance of Dr. Suryanarayanan's testimony since they received his report
22  during discovery (even if they disputed that he was properly disclosed as a rebuttal witness), he
23  was subject to deposition, and Dr. Berkland was able to review Dr. Suryanarayanan's report
24  before Dr. Berkland himself was deposed (*i.e.*, so that he could respond to the report).

25      The Court, therefore, denies the motion to preclude Dr. Suryanarayanan as a rebuttal
26  witness. However, as the Court stated on the record, Dr. Suryanarayanan's testimony will be
27  restricted to true rebuttal, *i.e.*, it shall not go beyond the scope of Dr. Berkland's testimony.
28  Furthermore, Dr. Suryanarayanan shall not be permitted to exceed the scope of his own rebuttal

report disclosed pursuant to Rule 26.

**IT IS SO ORDERED**.

Dated: June 26, 2023

_____
EDWARD M. CHEN
United States District Judge