IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE HIV ANTITRUST LITIGATION* | Case No. 3:19-cv-02573-EMC (Master Docket)<br><br>[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH GILEAD DEFENDANTS<br><br>Judge: Honorable Edward M. Chen |
| This Document Relates to:<br><br>*KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. v. Gilead Sciences, Inc., et al.*, No. 3:20-cv-06961-EMC | |

Upon review and consideration of the Settlement Agreement by and between Plaintiff KPH Healthcare Services, Inc. a/k/a Kinney Drugs, Inc. ("KPH" or "Plaintiff"), individually and on behalf of the Direct Purchaser Classes previously certified by this Court (the "Direct Purchaser Classes"), and Defendants Gilead Sciences, Inc.; Gilead Holdings, LLC; Gilead Sciences, LLC; Gilead Sciences Ireland UC (together, "Gilead"), dated July 24, 2023, and the Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Gilead, along with its supporting memorandum and exhibits, IT IS HEREBY ORDERED that the motion is GRANTED as follows:

**Jurisdiction**

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over plaintiff class representative KPH and Gilead.

### Previously Certified Classes

2. By order dated September 27, 2022 (ECF No. 1388), the Court previously certified the Direct Purchaser Plaintiff Classes pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), defined as follows:

> **Truvada Class**: All persons or entities in the United States and its territories who purchased Truvada or generic Truvada directly from any of Defendants or any brand or generic drug manufacturer from February 1, 2018, until the date of the class certification order.
>
> **Atripla Class**: All persons or entities in the United States and its territories who purchased Atripla or generic Atripla directly from any of Defendants or any brand or generic drug manufacturer from February 1, 2018, until the date of the class certification order.

The Court excluded from the Direct Purchaser Classes: (1) Defendants and their officers, directors, employees, subsidiaries, and affiliates; (2) federal, state, and local governmental entities; and (3) any judicial officer presiding over the litigation and members of their immediate family and judicial staff. The Retailers Plaintiffs[1] and United Healthcare Services Inc. subsequently opted themselves out of the Direct Purchaser Classes.

3. The Court also previously appointed KPH as representative for the Direct Purchaser Classes and appointed Michael L. Roberts of Roberts Law Firm US, PC and Dianne Nast of NastLaw LLC as Co-Lead Class Counsel for the Direct Purchaser Classes ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

### Preliminary Approval of the Proposed Settlement

4. Federal Rule of Civil Procedure 23(e) provides that the claims of a certified class may be settled only with the Court's approval. As a first step, plaintiffs typically seek preliminary approval of the proposed settlement. *Manual for Complex Litig. (Fourth)* ("*Manual*"), § 21.632 (2015). "A preliminary approval of a settlement and notice to the proposed class is appropriate if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not grant improper preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Cuzick v. Zodiac U.S. Seat*

---

[1] The Retailer Plaintiffs are Walgreen Co.; The Kroger Co.; Albertsons Companies, Inc.; H-E-B, L.P.; Rite Aid Corporation; Rite Aid Hdqtrs. Corp.; and CVS Pharmacy, Inc.

*Shells, LLC,* No. 16-cv-03793, 2017 WL 4536255, at *5 (N.D. Cal. Oct. 11, 2017) (citing *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). Preliminary approval is not a dispositive assessment of the fairness of the proposed settlement, but rather determines whether it falls within the "range of reasonableness." *In re High-Tech Emp. Antitrust Litig.,* No. 11-cv-02509, 2013 WL 6328811, at *1 (N.D. Cal. Oct. 30, 2013) (quoting Alba Conte, *Newburg on Class Actions*, § 11.25 at 11-91 (4th ed. 2002)). Nonetheless, preliminary approval establishes an "initial presumption" of fairness, such that notice may be given to the class and the class may have a "full and fair opportunity to consider the proposed [settlement] and develop a response." *Tableware*, 484 F. Supp. 2d at 1079; *Manual*, § 21.631.

5. All the relevant factors weigh in favor of preliminarily approving the proposed settlement between KPH and Gilead.

6. *First*, the proposed settlement follows full fact and expert discovery and decisions on motions to dismiss, class certification, and summary judgment motions based on extensive briefing and supporting submissions, and rigorous trial preparation. Consequently, when executing the proposed settlement, the parties and their counsel possessed a full discovery record and rulings of the Court sufficient to permit a fully-informed evaluation of the case, including the risks of litigating this action through trial.

7. *Second*, the proposed settlement is the result of prolonged and intensive arm's-length negotiations among sophisticated counsel and of mediation with esteemed mediator Kenneth Feinberg.

8. *Third*, KPH's agreement to dismiss with prejudice its and the Direct Purchaser Classes' claims against Gilead in exchange for the agreed-upon consideration to be paid by Gilead pursuant to the Settlement Agreement is, upon preliminary review, within the range of reasonableness based on the circumstances. The proposed settlement provides that Gilead will pay $246,750,000 into a Settlement Fund for the benefit of the Class Members.

9. *Fourth*, the parties' releases, as defined in the Settlement Agreement, are, upon preliminary review, within the range of reasonableness based on the circumstances.

**Approval of Forms and Manner of Notice**

10. The Court finds that the proposed forms of notice attached to the Settlement Agreement, and the proposed methods of disseminating notice, satisfy Federal Rule of Civil Procedure 23(e) and principles of due process and are otherwise fair and reasonable. For these reasons, the Court approves the proposed forms and methods of notice and provides the following directives regarding implementation.

11. The Court finds that because the prior notice of class certification disseminated by U.S. First-Class Mail, digital notice (*i.e.*, notice headlines and class action website URL published in various online publications), and the class action website satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed on February 3, 2023, there is no need for an additional opt-out period pursuant to Federal Rule of Civil Procedure 23(e)(4). *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615, 635 (9th Cir. 1982) ("[T]o hold that due process requires a second opportunity to opt out after the terms of the settlement have been disclosed to the class would impede the settlement process so favored in the law."); *In re Lidoderm Antitrust Litig.*, No. 14-md-02521, 2018 WL 11293766, at *2 (N.D. Cal. May 3, 2018) ("[B]ecause prior notice of class certification . . . satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that [had] closed, there is no need for an additional opt-out period."); *Low v. Trump Univ.*, LLC, 246 F. Supp. 3d 1295, 1306 (S.D. Cal. 2017) (objector who chose not to opt-out after receiving notice of class certification "cannot now belatedly argue that due process compels a further opt-out opportunity").

12. The Court appoints KCC Class Action Services LLC ("KCC") as Claims Administrator to disseminate settlement notice to the Classes, process and engage in follow-up communications relating to the Claim Forms of Class Members, and, if the settlement is approved, administer distribution of the applicable portion of the Settlement Fund to Class Members.

13. The Court appoints The Huntington National Bank to serve as Escrow Agent for the purpose of receiving and investing the Settlement Fund in accordance with the terms of the Escrow Agreement attached as Exhibit I to the Settlement Agreement.

4

[PROPOSED] ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH GILEAD DEFENDANTS
NO. 3:19-CV-02573-EMC / RELATED CASE NO. 3:20-CV-06961-EMC

14. Within 10 days after the Direct Purchaser Plaintiffs file their Motion for Preliminary Approval of Class Action Settlement with Gilead, Gilead shall serve notice of the proposed settlement on the appropriate federal and state officials as required by the Class Action Fairness Act, 28 U.S.C. § 1715, and contemporaneously provide an electronic copy of the notice to Class Counsel.

15. By _____, 2023 (14 days after entry of this Order), KCC shall:

   a. cause a Detailed Notice substantially in the form attached as Exhibit D to the Settlement Agreement and a pre-populated version of the Claim Form substantially in the form attached as Exhibit G to the Settlement Agreement to be sent via U.S. First-Class mail to the last-known mailing address of each known Class Member;

   b. cause a press release substantially in the form attached as Exhibit E of the Settlement Agreement to appear in the PR Newswire; and

   c. cause a the case-specific Settlement Website to be updated live with links to copies of the Settlement Agreement, a Detailed Notice substantially in the form attached as Exhibit D to the Settlement Agreement, a static blank Claim Form substantially in the form attached as Exhibit F to the Settlement Agreement, a dynamic Claim Form for use by Direct Purchaser Plaintiff Class Members with pre-populated versions of the Claim Form, the Allocation Plan attached as Exhibit H to the Settlement Agreement, the Escrow Agreement attached as Exhibit I to the Settlement Agreement, and instructions on how to submit a Claim Form.

16. By _____, 2023, (28 days after entry of this Order), KCC shall cause:

   a. a Leaderboard substantially in the form illustrated in ¶ 10 of the Peak Declaration to appear in *Becker's Pharmacy Report*;

   b. a Billboard Banner substantially in the form illustrated in ¶ 10 of the Peak Declaration to appear in *NAW SmartBrief*; and

   c. a Notice Headline and website URL substantially in the form illustrated in ¶ 10 of the Peak Declaration to appear in *Pharmaceutical Commerce Direct*.

17. By _____, 2023 (42 days after entry of this Order), KCC shall cause a Reminder Notice substantially in the form attached as Exhibit C to the Settlement Agreement to be sent via U.S. First-Class mail to the last-known mailing address of each known Class Member that has not yet submitted a Claim Form.

18. By _____, 2023 (56 days after entry of this Order), Class Counsel shall begin following up by phone with any Class Member that has not yet submitted a completed Claim Form.

19. By _____, 2023 (70 days after entry of this Order), KCC shall cause a Second Reminder Notice substantially in the form attached as Exhibit C to the Settlement Agreement to be sent via U.S. First-Class mail to the last-known mailing address of each known Class Member that has not yet submitted a Claim Form.

20. The notices shall list _____, 2023 (98 days after entry of this Order) as the deadline for filing a Claim Form, and _____, 2023 (21 days prior to the Final Approval Hearing) as the deadline to object to the settlement or requests for awards for litigation costs and expenses, attorneys' fees, and a class representative service award.

21. Class Counsel shall have until _____, 2023 (14 days prior to the Final Approval Hearing) to respond to any objections to the settlement or requests for awards for litigation costs and expenses, attorney's fees, and a class representative service award.

22. KCC shall review all submitted Claim Forms and determine whether each is timely, properly completed, supported by appropriate documentation, or properly signed, and shall communicate with the claimant via U.S. First-Class Mail, email, or telephone regarding any deficiencies. The claimant will then have 28 days from the date it is contacted by KCC regarding the deficiencies to cure the deficiencies. If the claimant fails to cure the deficiencies within that period, KCC shall reject the claim, and shall notify the claimant of the rejection by letter. KCC's determination regarding the validity of a claim shall be final.

23. KPH's expert economist, Dr. Russell Lamb, shall be responsible for using available transactional data to prepare a separate, individualized, pre-populated Claim Form for each known Class Member, with assistance from KCC, and using that available transactional data and any

additional documentation submitted by Class Members to calculate each Class Member's percentage share of the Net Settlement Fund. The Net Settlement Fund is the Gilead Settlement Fund, plus any interest earned, minus the costs of notice and claims administration and any class representative service award, attorneys' fees, costs, and expenses, as approved by the Court.

### Final Approval Hearing

24. The Final Approval Hearing shall be held before this Court at 1:30 PM [TIME] on 1/18/2024, ~~2023~~ [DATE] (at least 112 days after entry of this Order, at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 – 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102. At the Final Approval Hearing, the Court will consider, among other matters: (1) the fairness, reasonableness and adequacy of the proposed settlement; (2) the proposed Allocation Plan; (3) Class Counsel's request for attorneys' fees and reimbursement of costs and expenses; (4) Class Counsel's request for a service award to KPH; (5) any objections; and (6) whether to grant final approval to the proposed settlement and final judgment terminating this litigation.

25. The Final Approval Hearing may be rescheduled or continued. In that event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Classes by posting conspicuous notice on the settlement website.

26. Any persons or entities that fail to file a timely objection shall not be entitled to contest any of the terms of the proposed settlement. They will not be heard at the Final Approval Hearing; their objections (if any) shall not be considered; and they shall be deemed to have waived any objections by appeal, collateral attack, or otherwise.

27. By _____, 2023 (56 days prior to the Final Approval Hearing), Class Counsel shall file a motion for approval of an award for costs, expenses, and attorneys' fees to Class Counsel and a service award to the class representative.

28. By _____, 2023 (56 days prior to the Final Approval Hearing), Class Counsel shall file a motion for final approval of the settlement.

29. Pending final approval of the settlement and the entry of final judgment in this action

against Gilead, any and all proceedings in this action (other than those incident to the settlement process) by the Classes against Gilead are stayed.

30. In the event the settlement is terminated in accordance with the Settlement Agreement or the Court does not grant final approval to the settlement, the settlement shall become null and void, the Classes and Gilead will revert to their positions *ex ante* without prejudice to their claims and defenses, and the litigation of their claims will resume in a reasonable manner to be approved by the Court upon joint application of the parties hereto, or upon application by one party if a joint application is not forthcoming.

31. Nothing in the Settlement Agreement, any settlement-related document, or this Order shall constitute, be construed as, or deemed to be evidence of, or an admission or concession by Gilead, as to the validity of any claim that has been or could have been asserted against Gilead or any liability of Gilead in relation to those claims. Nor shall any such matter constitute, be construed as, or deemed to be evidence of, or an admission or concession by KPH as to the absence of merit in any of their allegations or claims against Gilead.

IT IS SO ORDERED.

Dated: September 25, 2023

HON. EDWARD M. CHEN
United States District Judge