UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC <br><br> **ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE** <br><br> Docket No. 2117 |

Defendants Gilead and Janssen have filed an administrative motion asking for leave to file a motion for summary adjudication related to the NGR claims (Phase II). Specifically, Defendants intend to file a motion in which they would argue that "monetary damages would address Plaintiffs' alleged past and threatened harm – *i.e.*, the purported overcharges on purchases of Complera and Evotaz" and, therefore, "Plaintiffs have an adequate remedy at law and . . . cannot obtain injunctive relief on their Complera and Evotaz claims." Mot. at 2. Defendants suggest that briefing on the motion begin in the near future with a hearing to be set for November 30, 2023.

The Court **DENIES** Defendants' motion for leave to file without prejudice. The Court does not, in principle, take issue with Defendants filing such a motion; however, the timing of the motion is inappropriate. As the indirect purchasers point out, the Court is still wrapping up Phase I of the case (the reverse payment claims). A hearing on the motion for a new trial on Phase I is currently set for October 26, 2023. It makes more sense to resolve Phase I before the Court embarks on Phase II, particularly as resolution of Phase I may impact how any plaintiff chooses to proceed with Phase II. Indeed, the Court notes that, in the wake of the pending motion, the indirect purchasers made an election to *maintain* their damages claims for Phase II. *See* Docket

No. 2119 (stating that "Plaintiffs intend to maintain their NGR-related damages claims at this time" in light of Defendants' intended motion "to preclude Plaintiffs from seeking injunctive relief in connection with their NGR claims").

    Accordingly, the Court denies Defendants' motion for leave to file without prejudice. After Phase I is complete, then the Court shall hold a status conference at which time the parties may address how best to proceed with Phase II.

    **IT IS SO ORDERED**.

Dated: October 17, 2023

_____
EDWARD M. CHEN
United States District Judge