UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE HIV ANTITRUST LITIGATION. | Case No. 19-cv-02573-EMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO FILE CERTAIN DEMONSTRATIVES** <br><br> Docket No. 2155 |

The Court has entered a final judgment with respect to the reverse payment and TAF claims. Now pending before the Court is Plaintiffs'[1] motion for permission to file certain demonstratives that were used during the trial on the reverse payment claims so that they will be part of the record on appeal to the Ninth Circuit. The demonstratives at issue (nine total) are ones used during the testimonies of Dr. McGuire (Plaintiffs' expert) and Dr. Wu (Defendants' expert). Having considered the parties' briefs and accompanying submissions, other evidence of record, and the oral argument of counsel and other evidence of record, the Court hereby **GRANTS** Plaintiffs' motion.

Federal Rule of Appellate Procedure 10 provides that a district court has the authority to address certain issues related to the record on appeal. *See, e.g.*, Fed. R. App. P. 10(e)(1)(-2) (providing that, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly"; further providing that, "[i]f anything material to either party is omitted

---

[1] Plaintiffs are the indirect purchasers who litigated the reverse payment claims at trial.

from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: . . . (B) by the district court before or after the record has been forwarded").

With respect to the composition of the record on appeal, Rule 10 states as follows:

> (a) Composition of the Record on Appeal. The following items constitute the record on appeal:
>
>   (1) the original papers and exhibits filed in the district court;
>
>   (2) the transcript of proceedings, if any; and
>
>   (3) a certified copy of the docket entries prepared by the district clerk.

Fed. R. App. P. 10(a).

Consistent with the above, Ninth Circuit Rule 10-2 provides:

> Pursuant to FRAP 10(a), the complete record on appeal consists of:
>
>   (a) the official transcript of oral proceedings before the district court ("transcript"), if there is one; and
>
>   (b) the district court clerk's record of original pleadings, exhibits and other papers filed with the district court ("clerk's record").

9th Cir. 10-2.

Plaintiffs admit that the demonstratives at issue are not, *e.g.*, exhibits but argue that they should nevertheless be included as part of the record on appeal. Plaintiffs emphasize that they simply want the demonstratives to be available as an aid for appellate review; otherwise, it would be difficult for the Ninth Circuit to understand, for instance, some of the testimony of Dr. McGuire. *See, e.g.*, Reply at 2 (providing example where Dr. McGuire's testimony was keyed to a demonstrative, *i.e.*, PDX16.32).

In response, Defendants argue that Plaintiffs are effectively trying to convert their demonstratives into evidence – particularly because Plaintiffs "failed at trial to introduce evidence (beyond fleeting expert testimony) in support of arguments on dispositive issues." Opp'n at 3. Defendants assert that, if the demonstratives were so important, then Plaintiffs could have sought

2

to introduce the demonstratives as exhibits under Federal Rule of Evidence 1006 which allows for summaries. *See* Fed. R. Evid. 1006 ("The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."). .

Defendants' position is not without any support. *See, e.g.*, *Corbett v. Beseler*, 635 Fed. Appx. 809, 815 (11th Cir. 2015) (noting that "Corbett's brief includes Attachments 2a and 2b, which appear to be demonstrative exhibits summarizing trial Exhibits 69, 70, and 135" but refusing to consider the attachments as "[i]t is well settled that the record on appeal is limited to '(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk'"); *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-cv-11758, 2015 U.S. Dist. LEXIS 192105, *3-4 (E.D. Mich. June 29, 2015) (stating that "the Court [is] hesitant to break new ground to allow the wholesale, unsolicited filing of nearly 400 demonstratives[,] [p]articularly in light of the fact that [plaintiff] includes demonstratives used during its opening and closing arguments, which contain pure attorney argument"; adding that "[t]he Federal Rules of Appellate Procedure do not define the appellate record to include demonstratives," and "[d]emonstratives are not included as part of the appellate record because it is undisputed that they are not evidence").

Nevertheless, the Court finds inclusion of certain demonstratives is appropriate here given the underlying purpose behind Rule 10. The Seventh Circuit has explained that the purpose of Rule 10

> is to ensure that the record on appeal *accurately reflects the proceedings in the trial court* (thereby allowing us to review the decision that the trial court made in light of the information that was actually before it), not to enable the losing party to add new material to the record in order to collaterally attack the trial court's judgment.

*United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001) (emphasis added).

The Third Circuit is in accord, stating that "[t]he basic purpose behind the rule is to prevent parties from supplementing the record on appeal with items never *presented to the district court*." *Waldorf v. Shuta*, 142 F.3d 601, 620 (3d Cir. 1998) (emphasis added; holding that plaintiff's "videotapes should be included in the appellate record, because he presented them to the district

3

1    court and the jury saw them"); *see also United States v. Burke*, 781 F.2d 1234, 1245-46 (7th Cir.
2    1985) (allowing transcripts of tapes to be part of the record on appeal as the tapes themselves
3    "were admitted and played to the jury"; "[a]ppellate judges are entitled to see all the materials that
4    the district judge considered"). *Compare Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116,
5    1127 n.5 (9th Cir. 2009) (holding that documents attached to proposed sur-reply were not part of
6    record on appeal; proposed sur-reply was never filed with the district court but rather was simply
7    lodged with the court, and plaintiff did "not appeal the rejection of her sur-reply by the district
8    court").

9    　　　Here, there is no dispute that the demonstratives at issue were presented to the jury, even if
10   the demonstratives were not admitted as exhibits and did not go into the jury room for the jury's
11   deliberations.  Furthermore, Plaintiffs have not asked for permission to file all demonstratives used
12   during the trial.  Rather, Plaintiffs have asked for permission to file a limited number of
13   demonstratives for inclusion into the record available for the Court of Appeal's review because,
14   without the demonstratives, the testimonies of witnesses would be difficult for the appellate court
15   to fully understand.  *See, e.g.*, Tr. (Vol. 9) at 1636 (testimony of Dr. McGuire) (describing
16   demonstrative as a "timeline that shows, in this case, the number of monthly prescriptions that you
17   see on the left of Truvada over the period of January '18 to January '22" and "there are several
18   segments of this that I want to talk about separately"); Tr. (Vol. 9) at 1637-38 (testimony of Dr.
19   McGuire) (describing a purple line shown on the demonstrative: "[W]hat you see [from the purple
20   line] is that the total usage of Truvada is going up after generic entry").

21   　　　The Court acknowledges that, if Plaintiffs were arguing for the demonstratives to be given
22   to the jury during deliberations, that might be a different matter.  But that is not the case.
23   Plaintiffs are simply asking for the demonstratives to be filed to aid appellate review.  It is difficult
24   to see how Defendants would be prejudiced because the Ninth Circuit, of course, will be aware
25   that the demonstrative is simply an aid, and not evidence; in other words, the appellate court will
26   not be misled into looking at the demonstratives as an independent source of information, but
27   simply as an aid to understand the record testimony.

28   　　　Accordingly, the Court grants Plaintiffs' motion.  Plaintiffs have leave to file into the

4

record the demonstratives at issue.

To the extent Defendants now ask the Court for permission to file demonstratives into the record themselves (*i.e.*, to be given the same relief afforded Plaintiffs), the Court orders the parties to meet and confer. Plaintiffs have agreed that Defendants should be given leave so long as they adhere to the Court's guidelines expressed herein: to wit, that the demonstratives will be limited in number and to those which will aid appellate review by, *e.g.*, helping the appellate court to understand a witness's testimony. By March 7, 2024, the parties shall submit a stipulation regarding the demonstratives that Defendants seek leave to file into the record.[2]

This order disposes of Docket No. 2155.

**IT IS SO ORDERED**.

Dated: March 1, 2024

_____
EDWARD M. CHEN
United States District Judge

---

[2] The Court also ordered the parties to meet and confer on the issue raised by Janssen – *i.e.*, whether Janssen can file a motion addressing injunctive relief with respect to the NGR/collaboration agreement claims that have not yet been tried and, if so, what the briefing schedule should be.

5